## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

In re:                                    :          Case No: 25-12607
    Raymond Joseph Schneider,          :          Chapter 11
                                          :
    Debtor and Debtor in Possession. :          Judge Beth A. Buchanan

## APPLICATION TO EMPLOY CUMMINS LAW, LLC, AS SPECIAL COUNSEL

Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"), applies to the Court for an order pursuant to 11 U.S.C. § 327(e) and Bankruptcy Rule 2014 authorizing the employment of Cummins Law, LLC ("Cummins Law"), and attorney James R. Cummins in particular, as special counsel for the Debtor. As detailed below, the Debtor requires the litigation services and experience of Cummins Law in the continued pursuit of the Debtor's claims against The Huntington National Bank ("Huntington") in the case of *Schneider v. Huntington National Bank, et al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas (the "State Court").

In support of this application, attached as Exhibit A is the *Declaration of James R. Cummins in Support of Application to Employ Cummins Law, LLC, as Special Counsel* (the "Cummins Declaration"). A proposed order is attached as Exhibit B (the "Proposed Order").

## I.      BACKGROUND

### A.      Procedural Posture of Bankruptcy Case; Filing Circumstances

1.      This Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

1

3.      On October 17, 2025 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage his affairs as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No trustee, examiner, or statutory creditors' committee has been appointed in this case.

4.      This is the second Chapter 11 bankruptcy filing for the Debtor. The first case—Case No. 23-10337 (the "First Case")—was filed on March 2, 2023, and dismissed on February 27, 2024, after the Debtor moved for a voluntary dismissal. *See Memorandum Opinion Granting Debtor's Amended Motion to Voluntarily Dismiss Chapter 11 Case*, First Case Doc. 344 (the "Dismissal Opinion"), and *Order Dismissing Chapter 11 Case*, First Case Doc. 345.

5.      The Debtor's primary reason for dismissing the First Case was that the judgment in favor of Huntington had been overturned on appeal to the Ohio First District Court of Appeals. Dismissal Opinion at pg. 6. However, on August 20, 2025, the Ohio Supreme Court reversed, reinstating the judgment in favor of Huntington. *Huntington Natl. Bank v. Schneider*, 2025-Ohio-2920, *reconsideration denied sub nom. Huntington Natl. Bank v. Schneider*, 2025-Ohio-3266, 179 Ohio St. 3d 1478.

6.      After its judgment was revived, Huntington reinitiated its collection efforts, including filing over a dozen garnishments against the Debtor's accounts, filing for charging orders, instructing the local Sheriff to seize personal assets, filing a fraudulent transfer complaint, and seeking the appointment of a receiver. Like the First Case, this second chapter 11 filing was initiated to stop collection actions by Huntington and to provide the Debtor with an opportunity to submit a plan of reorganization to restructure his financial affairs under the protections offered by the Bankruptcy Code.

7.      The background of the Debtor is familiar to the Court and the parties to this case. The Court has heard testimony regarding the Debtor's background and financial affairs and has written opinions detailing those facts in the First Case. *See* Dismissal Opinion; *see also Order Denying Emergency Motion of The Huntington National Bank for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)*, First Case Doc. 78.

8.      Since the dismissal of the First Case, there have been certain changes to the financial affairs of the Debtor, and the Debtor has advanced his interests in the State Court Lawsuit.

9.      The Debtor intends to complete his schedules and related documents, devise an appropriate manner for the liquidation of assets to pay his debts, and eventually propose a plan of reorganization for the Court's consideration.

**B.      The Lawsuit**

10.      The Lawsuit was brought in February 2023 against Huntington and twelve of its employees for the following claims: (1) Breach of Good Faith and Ordinary Care, (2) Breach of Ohio Civil Racketeering, and (3) Civil Liability for Criminal Acts.

11.      The Debtor's complaint alleges that Huntington and several of its employees missed eleven of the twelve red flags identified by the Office of the Comptroller of the Currency ("OCC")[1] as signs of check kiting by the Debtor's former partner, Harold Sonsa, which kiting scheme led to the massive losses experienced by the bank. Additionally, the complaint alleges that Huntington and its employees purposely ignored these signs of check kiting and, at times, actively participated in the kiting scheme to meet personal compensation goals and generate fees for the bank. Since the filing of the Complaint, Huntington has challenged the validity of the claims in a motion to dismiss and motion for summary judgment (filed on June 20, 2023, and October 3, 2023,

---

[1] The OCC is a bureau of the U.S. Department of the Treasury that supervises national banks and federal savings associations

respectively). The Debtor defeated those motions; they were denied by the State Court on August 18, 2023, and February 12, 2024, respectively.

12.     Throughout the discovery phase of the Lawsuit, there have been twenty-six depositions taken by the Debtor's counsel with twenty of the deponents being current or former Huntington employees. Five noticed depositions requested by the Debtor are pending, with a deposition of Stephen Steinour now ordered to take place on November 17, 2025, in Columbus, Ohio.

13.     Mr. Steinour is the Chief Executive Officer, President, and Chairman of the Board of Huntington. Huntington filed a motion seeking a protective order to prevent the deposition of Mr. Steinour. After motion practice and oral argument, the State Court denied that request and ordered that Mr. Steinour appear for his deposition.

14.     In addition to the depositions, extensive documentary discovery has been ongoing and is still being conducted by the Debtor's counsel and selected third-party resources. To date, the Debtor's counsel has received and reviewed over 77,000 documents throughout the discovery phase of the Lawsuit.

15.     For more than thirteen months, the Debtor's state court counsel has engaged and has been working with several experts in banking practices, accounting and regulatory agency policies. On September 25, 2025, the Debtor filed in the Lawsuit the expert report of Bobby Winstead—former bank examiner and regulator for the OCC. The Debtor will file at least two additional expert reports in support of his litigation claims. Huntington and its employees, according to their disclosures, have engaged three experts, but their reports have not been filed or provided to the Debtor yet.

16.     Pending in the Lawsuit is a new motion by Huntington seeking summary judgment on the basis of *res judicata* allegedly arising from its own lawsuit against the Debtor. On October 15, 2025, counsel had a conference with the State Court to set a briefing schedule for that motion, which is as follows:

    a.  October 31, 2025: Debtor's Memorandum in Opposition due

    b.  November 14, 2025: Huntington's Reply in Support due

    c.  December 17, 2025: Oral Argument

17.     Finally, there is a status conference with the State Court set for the first week of February 2026. At this status conference, the Debtor expects to have all other deadlines for the Lawsuit (including the trial date) set by the State Court.

### C.     Background of the Cummins Law employment

18.     The Debtor engaged Cummins Law in early 2023 to advise the Debtor in relation to the Huntington debt and eventually pursue the Lawsuit.

19.     When the First Case was filed, the Debtor sought approval of the employment of Cummins Law as litigation counsel. *See* First Case Doc. 55, *Application for Order Authorizing Employment of James Cummins as Attorney for the Debtor*. Although the original employment application sought to employ Cummins Law as general litigation counsel under 11 U.S.C. § 327(a), when the application was approved, the Debtor was ultimately authorized to employ Cummins Law as special counsel under 11 U.S.C. § 327(e). *See* First Case Doc. 159, *Order Granting Application for Order Authorizing the Employment of James Cummins as Attorney for the Debtor*.

20.     On March 2, 2024, after dismissal of the First Case, the Debtor entered into a revised engagement agreement with Cummins Law which was in effect as of the petition date (as revised, the "Engagement Agreement"). The Engagement Agreement set forth the terms under

which Cummins Law would continue to represent the Debtor in the Lawsuit. The Engagement Agreement outlined that Cummins Law would provide its services with a reduced hourly rate for Mr. Cummins, and further outlined the need for payment of litigation expenses. Specifically, Mr. Cummins' hourly rate was reduced from $625 per hour to $425 per hour.

21.     In addition to the Debtor, the Engagement Agreement outlines that Cummins Law would represent "various affiliated business entities as their interests may appear" in the Lawsuit, which are defined in the Engagement Agreement as the "Interests." Those business entities that make up the Interests are Euclid Health Care, Inc.; Kenwood Terrace Health Care Center, Inc.; Southbrook Healthcare Center, Inc.; and Beechwood Terrace Center, Inc. (together, the "Affiliated Businesses").[2]

22.     In the Lawsuit, the Debtor has made claims both on an individual level and derivatively on behalf of the Affiliated Businesses. Therefore, to the extent that the Debtor is pursuing the derivative claims of the Affiliated Businesses in the Lawsuit, the Engagement Agreement indicates that Cummins Law will also act to represent the interests of the Affiliated Businesses.

23.     Cummins Law has been assisted in the Lawsuit by attorney Emmett E. Robinson of the Robinson Law Firm, LLC (the "Robinson Firm"). Mr. Robinson has acted as co-counsel in the Lawsuit, and it is the Debtor's intention to continue to employ the Robinson Firm in that capacity. A separate application to employ the Robinson Firm is being filed.

24.     As set forth below, billing for Cummins Law and the Robinson Firm has been handled such that the Robinson Firm would be paid through Cummins Law. Both this application and the Robinson Firm application detail the flow of funds. The Debtor does not propose

---

[2] These are not active businesses being operated by the Debtor. To the best of the Debtor's knowledge, except for the claims in the Lawsuit, the Affiliated Businesses have been liquidated.

continuing with that arrangement and will be directly paying both firms after Court approval on a

going forward basis.

25.     By this application, the Debtor seeks entry of an order pursuant to 11 U.S.C. §

327(e), substantially in the form of the Proposed Order, authorizing it to employ and retain

Cummins Law as special counsel to continue pursuit of the State Court Lawsuit.

## II.     STANDARD FOR RETENTION

26.     Under § 327(e), the Court may approve the Debtor's engagement "for a specified

special purpose, other than to represent the [debtor] in conducting the case, an attorney that has

represented the debtor, if in the best interest of the estate, and if such attorney does not represent

or hold any interest adverse to the debtor or to the estate with respect to the matter on which such

attorney is to be employed." 11 U.S.C. § 327(e). Bankruptcy Rule 2014 and Local Bankruptcy

Rule 2014-1 set forth the required contents of an application to employ counsel under § 327(e).

27.     To support its request to retain Cummins Law as special counsel, the Debtor will

show:

  a.  that employment of the professional serves a specified, special purpose (11 U.S.C. § 327(e));

  b.  Cummins Law has previously represented the Debtor (*Id.*);

  c.  employing the professional is in the best interest of the Debtor's estate (*Id.*);

  d.  that the professional does not hold or represent an interest adverse to the Debtor or to the estate with respect to the matter on which such attorney is to be employed (*Id.*);

  e.  that the employment is necessary (Rule 2014(a));

  f.  the reasons for selecting Cummins Law (*Id.*);

  g.  the professional services to be rendered (*Id.*);

  h.  the proposed arrangement for compensation of the professional (*Id.*);

      i.       any connections Cummins Law has to the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee (*Id.*);

      j.       the professional's customary and proposed hourly rates (LBR 2014-1);

      k.      the amount, date paid, and source of any fees paid to the professional from a period of one year prior to the Petition Date through the time of the application (*Id.*); and

      l.       the amount, date paid, and source of any retainer sought or received by the professional within such time-period (*Id.*).

28.      In addition to the required contents of the application, the application must also be accompanied by a verified statement from the professional:

      a.      setting forth the professional's connections with the Debtor, equity service holders of the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee (Rule 2014(a));

      b.      establishing the lack of any adverse interest to the estate with respect to the matter on which such attorney is to be employed; and

      c.      establishing that the proposed employment is not improper under or prohibited by Rule 5002.

## III.    RETENTION & EMPLOYMENT OF CUMMINS LAW

29.      The Debtor desires to employ Cummins Law because, among other reasons, Cummins Law has served as the Debtor's litigation counsel for over two and a half years in the Lawsuit against Huntington. This prior attorney-client relationship between the Debtor and Cummins Law not only reflects the Debtor's trust in Cummins Law's professionalism and the efficacy of the legal services it provides as a firm, but also reflects Cummins Law's familiarity with the Debtor, his claims within the Lawsuit, and the Debtor's goals in the Lawsuit.

30.     As set forth in the description of the Lawsuit, above, Cummins Law has been instrumental in advancing the Debtor's claims, defending against actions of Huntington, and conducting substantial discovery through many depositions and review of tens of thousands of pages of documents. The Debtor believes that, through the work of Cummins Law, he has a strong case against Huntington through which he will be able to recover a substantial judgment. Cummins Law has extensive experience in handling complex litigation, making it uniquely suited to represent the Debtor in the Lawsuit.

31.     While the Debtor does not anticipate having his eventual plan of reorganization rely at all on the outcome of the Lawsuit, the Lawsuit is potentially the largest asset of the Debtor. The Debtor has made substantial progress in furthering the lawsuit through the work of Cummins Law, to the point where in the coming weeks the Debtor has been authorized, over Huntington's objection, to take the deposition of Huntington's President, a rare occurrence in corporate litigation. There are also ongoing dates and deadlines in the Lawsuit that are important to preserve. The Debtor believes it is imperative to keep the Lawsuit moving, and employing Cummins Law is central to his goals. Having been litigation counsel in the Lawsuit for over two years, Cummins Law has a massive amount of institutional knowledge that would be nearly impossible to replace on short notice or without massive cost.

32.     Debtor seeks to employ Cummins Law for the special purpose of providing Debtor with litigation counsel in the Lawsuit. Cummins Law will not be assisting with litigation within this chapter 11 proceeding and will instead focus solely on the Lawsuit in the State Court. This is the same relationship that was approved by the Court in the First Case. Any recovery from the Lawsuit will be managed in accordance with the Bankruptcy Code and the terms of any plan confirmed by this Court. Cummins Law may be relied upon by the Debtor to provide information

related to the Lawsuit to satisfy disclosure requirements related to the confirmation of a plan but will otherwise not be assisting in this case.

33.     Subject to approval of this application, Cummins Law has confirmed its desire and willingness to act as special counsel for the Debtor in the Lawsuit and to render the necessary professional services as attorneys for the Debtor in that matter.

34.     All attorneys who will appear in the Lawsuit are duly admitted to practice in the State of Ohio and are willing and able to serve as special counsel for the Debtor, as set forth in the Cummins Declaration.

35.     To the best of the Debtor's knowledge, information, and belief, Cummins Law does not represent any other creditor or entity involved in this case, as set forth in the Cummins Declaration, other than to the extent that the Lawsuit involves derivative claims of the Affiliated Businesses. The Debtor's individual claims and the derivative claims of the Affiliated Businesses are fully aligned, as they arise from the same alleged misconduct by Huntington, and do not create any conflict of interest in Cummins Law's dual representation (to the extent there is any representation created by advancing derivative claims).

36.     Prior to filing this application, Cummins Law was provided with a list of the creditors from this proceeding, and it has further reviewed the list of entities affiliated with the Debtor. It has confirmed that it does not represent any creditor or party in interest, and that there are no conflicts with its representation of the Debtor.

37.     Cummins Law does not hold or represent any interest adverse to the estate with respect to the Lawsuit as required by 11 U.S.C. § 327(e). *See In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987) (unlike a § 327(a) employment with its disinterestedness standard, employment under § 327(e) requires a "factual evaluation of actual or potential conflicts

only as related to the particular matters for which representation is sought."). *See also In re Dayton Dev. Partners, LLC*, No. 25-30699, 2025 WL 2253528, at *8 (Bankr. S.D. Ohio Aug. 4, 2025; Crist, T.) (comparing requirements of § 327(a) and § 327(e)). As of the date that the bankruptcy case was filed, Cummins Law was owed a total of $77,651.19 from the debtor. Of that amount, $3,051.50 was owed for fees and the remainder was for expense advancements. This debt does not create a conflict between the Debtor and Cummins Law "with respect to the matter on which [Cummins Law] is to be employed." 11 U.S.C. § 327(e). *See, e.g. In re EBW Laser, Inc.*, 333 B.R. 351, FN 3 (Bankr. M.D.N.C. 2005) ("An entitlement to pre-petition attorney's fees, which renders the special counsel a creditor of the estate, is not a sufficient basis for disqualifying counsel under Section 327(e)." Citing: *In re Henlar, Ltd.,* 1997 WL 4567 at *1, 3–4, 1997 U.S. Dist. LEXIS 134 at *2, 10–11 (E.D.La. Jan. 6, 1997) (holding that special counsel became a creditor of the estate once he signed a contract to represent the debtor, and that status was not sufficient to disqualify special counsel because there was no conflict of interest in the special matter for which the special counsel was employed); *Buckley v. TransAmerica Inv. Corp. (In re Southern Kitchens),* 216 B.R. 819, 826 n. 11 (Bankr.D.Minn.1998) ("[T]he large unsatisfied claim that F & W holds, for attorney fees incurred during the Debtor's Chapter 11 case, prevents from it being a 'disinterested person.' This is of no real moment, as the Plaintiff did not hire F & W to handle legal matters generally for the estate [but only hired F & W as special counsel under § 327(e)]."); *DeVlieg–Bullard, Inc. v. Natale (In re DeVlieg, Inc.),* 174 B.R. 497, 503 (N.D.Ill.1994) ("[S]ection 327(e) does not require that counsel be a 'disinterested person,' as section 327(a) does, permitting counsel to have claims for prior fees.").[3]

---

[3] Cummins Law was not included on the creditor matrix at the time this case was filed. When the Debtor reviewed the creditor matrix and executed the petition, it was anticipated that Cummins Law would be paid in full in advance of filing. However, the case was filed sooner than anticipated and a debt remains. The creditor list will be amended in conjunction with the filing of the Debtor's schedules.

38.     Cummins Law is neither related to nor connected with a judge of the United States

District Court or the Bankruptcy Court for the Southern District of Ohio. Cummins Law is not

affiliated with any officer or employee of the judicial branch of the United States or the United

States Department of Justice.

39.     The employment of Cummins Law is proper and satisfies the provisions of Rule

5002.

40.     Other than as set forth herein, to the best of Debtor's knowledge, information, and

belief, and except as otherwise disclosed in the Cummins Declaration, Cummins Law has no

connection, past or present, with the Debtor, any general or limited partner therein, or any director,

member, or trustee of any such general or limited partner, or any other party in interest or their

respective attorneys and accountants, the United States Trustee, or any person employed in the

office of the United States Trustee.

## IV.    PROPOSED COMPENSATION FOR CUMMINS LAW

### A.    Hourly Rates

41.     Subject to this Court's approval, Cummins Law will charge the Debtor for its

services on an hourly basis with a mixture of reduced rates and customary hourly rates as in effect

on the date such services are rendered. The following individuals with Cummins Law will render

services in this case, and their hourly rates of compensation are:

| Name | Proposed Rate |
|------|---------------|
| James R. Cummins | $425<br>Standard rate is $625 |
| Ethan Losier | $300 |
| Rebecca Rhein | $275 |
| Law Clerks | $125 |
| Paralegals | $155 |

### B.    Reimbursement of Expenses

42.    The Debtor further understands that Cummins Law will bill its customary reimbursements as charged generally to bankruptcy and non-bankruptcy clients alike, and in accordance with applicable guidelines. Cummins Law is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in any given manner. Such expenses include, without limitation, travel costs, express mail, special or hand deliveries, copying costs, computer legal research, court fees, filing fees, transcript costs, and, in general, all identifiable expenses that would not have been incurred but for representation of a particular client.

43.    In particular, Cummins Law has engaged on behalf of the Debtor three expert witnesses that have provided services related to the Lawsuit. Those expert witnesses are (a) Bruce Crutcher, an expert on commercial real estate banking industry practices, including but not limited to loan workouts and compensation of loan department employees; (b) Bobby Winstead, an expert in banking regulation, risk management, credit and lending practices, and requirements for banks; and (c) Steven Lindsey, an expert in financial crime, consumer compliance regulations, bank secrecy and anti-money laundering, banking practices, and regulatory requirements related thereto

44.    In its engagement of the expert witnesses, Cummins Law has advanced the payment of the fees for the expert witnesses and charged those amounts back to the Debtor. A summary of those transactions is below. As of the petition date, the primary amount owed to Cummins Law from the Debtor was for unpaid expert reimbursement fees. In particular, Cummins Law has advanced payment to Bobby Winstead in the amount of $13,650.00 and to Steven Lindsey in the amount of $54,862.50 which remain pending for reimbursement (and which the Debtor is not seeking authority to pay at this time). The remaining expense amounts owed to Cummins Law are

for litigation tools and services that have been used in the Lawsuit (i.e. discovery database, press release distribution tool).

### C.   Payments to Cummins Law within the Prior Year

45.   Cummins Law's representation of the Debtor began in January 2023. Since that date, Cummins Law has received payment from the Debtor as compensation for services rendered and reimbursement of expenses. Within the year prior to the Petition Date, Cummins Law has received the following payments from the Debtor as payment of fees and costs for prior services rendered:

| Date | Payment | Source |
|---|---|---|
| 10/24/2024 | $ 143,393.75 | Debtor |
| 12/6/2024 | $ 65,000.00 | Debtor |
| 1/17/2025 | $ 64,000.00 | Debtor |
| 2/7/2025 | $ 71,695.40 | Debtor |
| 3/20/2025 | $ 101,000.00 | Debtor |
| 4/16/2025 | $ 54,000.00 | Debtor |
| 5/20/2025 | $ 57,220.00 | Debtor |
| 6/23/2025 | $ 117,932.51 | Debtor |
| 7/18/2025 | $ 76,014.99 | Debtor |
| 8/28/2025 | $ 84,810.50 | Debtor |
| 9/16/2025 | $ 65,000.00 | Debtor |
| 10/1/2025 | $ 50,000.00 | Debtor |
| 10/17/2025 | $ 60,000.00 | Debtor[4] |
| **TOTAL** | $ 1,010,067.15 | |

46.   In addition, the Debtor has reimbursed Cummins Law for expenses advanced by Cummins Law in the following amounts and on the following dates:

| Date | Payment | Source |
|---|---|---|
| 10/24/2024 | $ 36,000.00 | Debtor |
| 12/13/2024 | $ 34,880.00 | Debtor |
| 2/7/2025 | $ 38,926.60 | Debtor |
| 3/19/2025 | $ 29,000.00 | Debtor |
| 3/19/2025 | $ 30,000.00 | Debtor |

[4] The payment on October 17, 2025, was paid from the trust account of attorney Brian Giles with funds from the Debtor.

| 5/22/2025 | $      20,000.00 | Debtor |
| 7/18/2025 | $      30,000.00 | Debtor |
| 7/18/2025 | $      29,484.06 | Debtor |
| **TOTAL** | $    248,290.66 | |

47.     Other than those payments set forth above, no other fees or expenses have been paid by the Debtor to Cummins Law from a period of one year prior to the filing of this case through the date of this application.

48.     Cummins Law is not presently holding any retainer.

49.     As set forth above, Cummins Law has been working with Robinson Law as co-counsel in the Lawsuit. Invoicing for and payment to Robinson Law has been handled through Cummins Law. In so doing, Cummins Law received invoices from Robinson Law and advanced payment for the Debtor. Reimbursement was received from the Debtor as expenses set forth in the table above. To the extent that Robinson Law has received any direct payments from the Debtor, those are being disclosed in the separate application to employ Robinson Law that is being filed.

**D.      Payments during the Bankruptcy Proceeding**

50.     Cummins Law intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code and any other applicable procedures and orders of the Court.

51.     As to the pre-petition amount owed to Cummins Law, the Debtor reserves the right to seek Court approval for the payment of the same under the appropriate circumstances, or to propose payment of the same under a plan, but the Debtor is not seeking authority to pay those amounts through this application. Cummins Law has indicated its willingness to continue to represent the Debtor notwithstanding the amounts owed, in anticipation of payment through the plan or otherwise.

## V.    CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ Cummins Law as special counsel to represent him in the Lawsuit, effective as of the date of this application, upon the terms and conditions set forth herein, and granting such other and further relief as is appropriate.

Respectfully submitted,

 /s/  James A. Coutinho
Thomas R. Allen        (0017513)
Richard K. Stovall      (0029978)
James A. Coutinho      (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
T: (614) 221-8500; F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

## DECLARATION OF JAMES R. CUMMINS IN SUPPORT OF APPLICATION TO EMPLOY CUMMINS LAW, LLC, AS SPECIAL COUNSEL

STATE OF OHIO                }
COUNTY OF FRANKLIN    } SS:

I, James R. Cummins, being first duly sworn, state:

1.      I make this affidavit in support of the *Application to Employ Cummins Law, LLC, as Special Counsel* (the "Application").

2.      I am the principal of Cummins Law, LLC ("Cummins Law"), the law firm named in the Application. I am authorized to make this affidavit on behalf of Cummins Law. I have personal knowledge of the matters set forth herein.

3.      Raymond Joseph Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), desires to engage Cummins Law as special counsel under 11 U.S.C. § 327(e) to represent him in the case of *Schneider v. Huntington National Bank, et. al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas (the "State Court").

4.      Attached as <u>Exhibit A-1</u> is a true and accurate copy of the current engagement letter between the Debtor and Cummins Law that sets forth the terms of the engagement.

5.      I am an attorney licensed and in good standing to practice in the State of Ohio. All attorneys at Cummins Law are in good standing with the appropriate court admissions.

6.      The representations in the Application are true to the best of my knowledge.

# EXHIBIT A

7.      In connection with its proposed retention by Debtor in this case, Cummins Law conducted a conflict check to determine whether it had any relationships with the Debtor, his family, his secured and unsecured creditors, and his companies and related creditors, members or managers. In particular, Cummins Law checked for conflicts among all of the creditors listed in the Debtor's first bankruptcy filing and the updated creditor list attached to the current petition. The research conducted by Cummins Law indicates that it has not represented any of those parties and does not have a conflict. Cummins Law did previously represent Henry Schneider, a co-debtor of one of the Debtor's obligations, in an unrelated matter but has no ongoing engagement with him at this point.[5]

8.      Notwithstanding the foregoing, in the Lawsuit, the Debtor has made claims which are derivative in nature to claims held by certain business entities he owns. Those business entities are Euclid Health Care, Inc.; Kenwood Terrace Health Care Center, Inc.; Southbrook Healthcare Center, Inc.; and Beechwood Terrace Center, Inc. (together, the "Affiliated Businesses"). The engagement of Cummins Law by the Debtor includes the representation of the Affiliated Businesses to the extent that we are advancing those derivative claims in the Lawsuit. The Debtor's interests and the interests of the Affiliated Businesses are aligned in the Lawsuit and there is no conflict between them and the Debtor.

9.      During the course of the representation of the Debtor, Cummins Law has advanced payments for expert witness services as set forth in the Application. Further, Cummins Law has facilitated the payment of fees and expenses to the Robinson Law Firm, LLC, as set forth in the Application. The information set forth in the Application regarding those matters is true and accurate to the best of my knowledge.

---

[5] The creditor list also includes Three Notes, LLC, with which Cummins Law previously had but no longer has a business dealing; Cummins Law has never represented Three Notes, LLC.

EXHIBIT A

10.     As of the date that the bankruptcy case was filed, Cummins Law was owed a total of $77,651.19 from the debtor. Of that amount, $3,051.50 was owed for fees and the remainder was for expense advancements. These amounts do not create a conflict in relation to the matters in which Cummins Law seeks to represent the Debtor.

11.     Other than in connection with the Lawsuit, neither I nor Cummins Law have any past or present relationship to the Debtor, the Debtor's family, the Debtor's companies (or any owner, member or manager thereof), nor any creditors of the Debtor. Further, neither I nor Cummins Law have any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee.

12.     None of the attorneys at Cummins Law are either related to or connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. Cummins Law is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

13.     The employment of Cummins Law and me is not prohibited by or improper under Fed.R.Bankr.P. 5002.

14.     No understanding or agreement exists for a division of fees or compensation between me, the firm of Cummins Law or any other person or entity except for such division of compensation as exists among partners of Cummins Law.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

# EXHIBIT A

15.    I declare under penalty of perjury that the foregoing is true and correct.

James R. Cummins

Sworn to before me and subscribed in my presence on October  22 , 2025.

Notary Public

REBECCA S. RHEIN, ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 O.R.C.

## CUMMINS LAW LLC
**Attorneys and Counselors at Law**
**Scripps Center**
**312 Walnut Street, Suite 1530**
**Cincinnati, Ohio 45202**

TELEPHONE
513-721-9000

FACSIMILE
513-721-9001

January 15, 2023 as Amended Effective  March 2, 2024

Raymond Schneider Interests
c/o Raymond Schneider
ray@circledev.com
Cincinnati, OH

VIA ELECTRONIC MAIL AND US MAIL

Re:  Amended Engagement of Cummins Law for Legal Services

Dear Ray:

This letter contains our amended agreement with respect to the representation of the interests of Raymond Schneider and various affiliated business entities as their interests may appear (the "Interests". The  engagement relates to legal services Cummins Law LLC has rendered and will render to you in  your formulation of and continuing execution of legal and economic strategies (the "Exit") to resolve claims made by you  against The Huntington National Bank and a judgment against you  (the judgment now  vacated and on appeal) obtained by The Huntington National Bank originated in the Court of Common Pleas, Hamilton County, Ohio,  The amended fee structure is effective as of March 1. 2024.  For the amended fee structure, our firm and you have agreed that you will be charged an hourly rate as set forth below as well as the creation of  a Special Retainer for Expenses under the conditions described in a later  paragraph below.

We will bill twice monthly at the following agreed rates (the "Charged Rate") :

| Attorney | Hourly Rate |
|---|---|
| **James R Cummins** | **$425** |
| **Ethan Losier** | **$300** |
| **Rebecca Rhein** | **$275** |
| **Law Clerk(s)** | **$125** |
| **Paralegal(s)** | **$155** |

With respect to expenses to be incurred for the remainder of this project, we will also bill any expenses we have advanced on your behalf because you are responsible for all out-of-pocket costs and expenses that may be incurred during the engagement, including but not limited to expert fees, deposition costs, travel, long distance telephone, photocopying, computer research costs, etc. These are in addition to, and not part of, the hourly fee described above

We will send you invoices for services rendered and charges and disbursements incurred on the basis discussed above. The invoices are due when received. A Special Expense Retainer for expenses, as detailed below is being set up to cover  pretrial discovery expenses including depositions and document review expenses.  These will be paid from the Special Expense Retainer when and as billed to you.  You will replenish upon request the amount in the Special Expense Retainer so the initial level of $30,000 is always maintained at the on hand  amount.

Special Expense Retainer.   As the case enters the discovery, deposition and further document analysis phase, there will be a need for some arrangement in a trust account for the availability of immediate funds as the discovery expenses are incurred.   To cover those expenses, we request a Special Expense Retainer in the amount of $30,000 to cover the anticipated deposition and other costs incurred on your behalf.   We think there will be at least 15 depositions to be taken, transcribed and videotaped for possible use at trial.. Each of those depositions will cost approximately $4,000 to include the transcript and the videography.  In addition, we are incurring on your behalf monthly document search software charges of about $2,000, which will increase as documents are added to around $3,500 per month.  That software service will be needed until the end of the trial and appeals if any.  We can put that service on hold at a reduced monthly rate if we won't need access to the data for a few months after trial..
The discovery as planned will proceed without interruption so long as the Special Expense Retainer is funded for expenses as described and bills for fees are paid promptly  In order to get the document data base running as fast as possible and to arrange the maintenance level for the Special Expense retainer, please deliver a check to Cummins Law IOLTA account for $30,000 to fund these expenses; please replenish this fund when requested to the $30,000 level.  At the conclusion of this representation, any balance in that IOLTA shall be returned to you or applied to any outstanding amount owed to our Firm as directed by you.

**Rights of Withdrawal and Termination**.  We are reserving our right to withdraw from this engagement and terminate our services if the facts turn out to be other than we have understood from you, or  if you fail to assist us as we may request in the course of this engagement or if you fail to keep current on our billing for costs and expenses.

You have the right to terminate our services at any time.  If our services are terminated by you or us, then we shall be entitled to the reasonable value of our services and all expenses incurred on hour behalf.  on the effective date of the termination

If this agreement of representation meets with your approval, please sign below to indicate your agreement with the terms herein and return by electronic mail to us via jcummins@cumminslaw.us.  You will also get two hard copies of this Engagement letter in the mail; please sign two copies of the hard copy, keep one copy of this letter for your files, and return the other signed copy to me in the enclosed addressed, stamped envelope.

We look forward to our continuing representation in this matter.

Sincerely yours,

CUMMINS LAW LLC

By _____
James R. Cummins

JRC:asv

**AGREED TO:**

_____
Raymond Schneider

-and-

_____
Raymond Schneider , On behalf of the Schneider Interests

WIRE INSTRUCTIONS TO CUMMINS LAW IOLTA ACCOUNT:

Name of Account:    Cummins Law LLC IOLTA Account
Bank:
Routing Number:     ███████████████
Account Number:

Attn: James R. Cummins      jcummins@cumminslaw.us

Telephone:    513.721.9000

EXHIBIT B
PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

<u>**ORDER GRANTING APPLICATION TO EMPLOY CUMMINS LAW, LLC, AS SPECIAL COUNSEL (DOC.    )**</u>

This matter is before the Court upon the *Application to Employ Cummins Law, LLC, as Special Counsel* (the "Application") (Doc. ___). Through the Application, Raymond Joseph Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), seeks to employ the law firm of Cummins Law, LLC ("Cummins Law") as special counsel under 11 U.S.C. § 327(e) to represent him in the case of *Schneider v. Huntington National Bank, et. al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas.

The Application was served on the Debtor, the Office of the United States Trustee, the twenty largest unsecured creditors, and those other parties requesting notice. The time for filing an objection to the Application has lapsed and no objection was filed.

# EXHIBIT B
# PROPOSED ORDER

Based upon the matters contained in the Application, and the Declaration of James R. Cummins attached to the Application, proper service of the Application having been completed and no objections to the Application having been filed, the Court finds that the employment of Cummins Law as special counsel should be, and it hereby is, approved.

It is therefore ORDERED as follows:

1.     The employment of Cummins Law as special counsel to the Debtor is approved effective as of date the Application was filed on the terms and conditions set forth in the Application.

2.     All compensation of Cummins Law is subject to Court approval in accordance with 11 U.S.C. §§ 330 and 331.

SO ORDERED.

SUBMITTED BY:

 /s/  James A. Coutinho
Thomas R. Allen       (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho       (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500     F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

Copies to Default List plus Top 20 an additional party:

James R. Cummins, Esq.
Cummins Law, LLC
312 Walnut Street, Suite 1530
Cincinnati, OH 45202

## **NOTICE OF APPLICATION TO EMPLOY CUMMINS LAW, LLC, AS SPECIAL COUNSEL AND CERTIFICATE OF SERVICE**

The Debtor has filed an application seeking to employ the law firm of Cummins Law, LLC, as special counsel for the Debtor and Debtor in Possession.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Application, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Application**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

Office of The United States Trustee          James A. Coutinho, Esq.
550 Main Street                              Allen Stovall Neuman & Ashton, LLP
Suite 4-812                                  10 West Broad Street, Suite 2400
Cincinnati, OH 45202                         Columbus, Ohio 43215

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without further notice or hearing.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Application to Employ Cummins Law, LLC, as Special Counsel* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on October 28, 2025, addressed to the following:

See attached mailing matrix containing the Debtor, Office of the United States Trustee, Top 20 Unsecured Creditors, and those parties requesting notice.

Also mailed to:

James R. Cummins, Esq.
Cummins Law, LLC
312 Walnut Street, Suite 1530
Cincinnati, OH 45202

   /s/  James A. Coutinho           
James A. Coutinho    (0082430)

**Asst US Trustee**
Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202-5212
*United States Trustee*

**BMW Financial Services NA,
LLC**
PO Box 3608
Dublin, OH 43016
*Secured Creditor*

**Christopher P. Schueller, Esq.**
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington
National Bank*

**David Mullen, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**First Federal Savings Bank**
PO Box 250
Washington Court House, OH
43160
*Top 20*

**General Electric Credit Union**
10485 Reading Road
Cincinnati, OH 45241
*Top 20*

**Jon J. Lieberman, Esq.**
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
*Counsel for Heritage Bank*

**Minnesota Life Insurance**
400 Robert Street North
Saint Paul, MN 55101
*Top 20*

**Partick Hruby, Esq.**
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
*Counsel for First Merchants Bank*

**Patricia B. Fugée, Esq.**
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551
*Counsel for Civista Bank*

**Paul T. Saba, Esq.**
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, OH 45208
*Counsel for Stock Yards Bank &
Trust Company*

**Raymond Joseph Schneider**
3515 Tiffany Ridge Lane
Cincinnati, OH 45241
*Debtor*

**Richard Boydston, Esq.**
Dentons Bingham Greenebaum
LLP
312 Walnut Street #2450
Cincinnati, OH 45202
*Counsel for First Merchants Bank*

**Rockland Trust Company**
288 Union Street
Rockland, MA 02370
*Top 20*

**Rudy J. Cerone, Esq.**
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
*Counsel for Bank of America, N.A.*

**Stefanie L. Deka, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**Susan M. Argo, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Three Notes, LLC*

**The Huntington National Bank**
7 Easton Oval (EA4W67)
Columbus, OH 43219
*Top 20*

**Transamerica Life Insurance
Company**
c/o Aegon USA Realty Advisory
Services, LLC
Mortgage Loan Dept. - 3B-CR
6300 C Street SW
Cedar Rapids, IA 52499
*Top 20*

**Tricia Morra, Esq.**
ALDRIDGE PITE, LLP
3333 Camino del Rio South, Suite
225
San Diego, CA 92108
*Counsel for Nationstar Mortgage,
LLC*

**Truist Bank**
PO Box 79041
Baltimore, MD 21279
*Secured Creditor*

**Whitney L. Mosby, Esq.**
Dentons Bingham Greenebaum
LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
*Counsel for First Merchants Bank*