**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Beth A. Buchanan
United States Bankruptcy Judge

**Dated: November 3, 2025**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In Re ) | |
| ) | |
| **RAYMOND JOSEPH SCHNEIDER** ) | **Case No. 25-12607** |
| ) | **Chapter 11** |
| ) | **Judge Buchanan** |
| **Debtor** ) | |
| ) | |

### ORDER DETERMINING AUTOMATIC STAY TO APPLY IN THIS CASE TO ALL CREDITORS AND PARTIES IN INTEREST [Docket Number 7]

This matter is before this Court on Debtor Raymond Joseph Schneider ("Debtor")'s *Motion (1) To Determine that the Termination of the Automatic Stay under 11 U.S.C. § 362(c)(3) Is Inapplicable to this Case, or (2) In the Alternative, to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)* (the "Motion") [Docket Number 7].

No objections or responses were filed to the Motion.

The Debtor filed his current bankruptcy case on October 17, 2025. He had one prior bankruptcy filing, Bankruptcy Case Number 23-10337, that was dismissed on February 27, 2024 although the case was not administratively closed until August 12, 2025. This Court concludes that the Debtor's prior bankruptcy case was not "pending," as that term is used in 11 U.S.C. § 362(c)(3), within the year prior to his current bankruptcy filing. *See Windcrest Park Townhome Association v. Walker (In re Walker)*, Case No. 19-62221, 2019 Bankr. LEXIS 2465, at *3-5 (Bankr. N.D. Ga. Aug. 8, 2019); *In re Linares*, Case No. 10-26453-BKC-JKO, 2010 Bankr. LEXIS

2259, at *2-3, 2010 WL 2788248, at *1 (Bankr. S.D. Fla. July 12, 2010*)*; *In re Lundquist*, 371 B.R. 183, 188-90 (Bankr. N.D. Tex. 2007); *In re Williams*, 363 B.R. 786, 788 (Bankr. E.D. Va. 2006); *In re Easthope*, Case No. 06-20366, 2006 Bankr. LEXIS 826, at *7-10, 2006 WL 851829, at *2-3 (Bankr. D. Utah March 28, 2006); *In re Moore*, 337 B.R. 79, 81 (Bankr. E.D.N.C. 2005). Accordingly, § 362(c)(3) is inapplicable and does not cause the automatic stay to terminate in this case.

Alternatively, if § 362(c)(3) would be held to apply, this Court concludes that the Debtor has satisfied the burden to demonstrate that the case was filed in good faith.

Accordingly, the Debtor's Motion is granted. The automatic stay does not terminate and continues to apply to all creditors and parties in interest in this case beyond the 30-day period described in 11 U.S.C. § 362(c)(3)(A).

The hearing previously scheduled is hereby VACATED.

SO ORDERED.

Distribution List:

All Creditors and Parties in Interest