**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| IN RE: | Case No. 25-12607 |
| **RAYMOND JOSEPH SCHNEIDER** | Chapter 11 |
| **Debtor and Debtor in Possession** | Chief Judge Beth A. Buchanan |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF GOERING & GOERING, LLC AS ATTORNEYS FOR THE DEBTOR**

Debtor, Raymond Joseph Schneider (hereinafter "Debtor or Schneider") requests this Court enter an Order pursuant to 11 U.S.C. Sec. 327(a) authorizing him to employ Goering & Goering, LLC (the "Goering Firm") as his attorneys to co-counsel with Allen Stovall Neuman & Ashton LLP ("ASNA"). In support of this Application, the Debtor submits the Affidavit of Eric W. Goering, a member of the Goering Firm, (the "Goering Affidavit") attached hereto as <u>Exhibit A,</u> and states as follows:

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. This is the second Chapter 11 bankruptcy filing for the Debtor. The first case—Case No. 23-10337 (the "First Case")—was filed on March 2, 2023, and dismissed on February 27, 2024, after the Debtor moved for a voluntary dismissal. *See Memorandum Opinion Granting Debtor's Amended Motion to Voluntarily*

1

*Dismiss Chapter 11 Case*, First Case Doc. 344 (the "Dismissal Opinion"), and *Order Dismissing Chapter 11 Case*, First Case Doc. 345.

4. The Debtor's primary reason for dismissing the First Case was that the judgment in favor of The Huntington National Bank ("Huntington") had been overturned on appeal to the Ohio First District Court of Appeals. Dismissal Opinion at pg. 6. However, on August 20, 2025, the Ohio Supreme Court reversed, reinstating the judgment in favor of Huntington. *Huntington Nat'l Bank v. Schneider*, 2025-Ohio-2920, *reconsideration denied sub nom. Huntington Natl. Bank v. Schneider*, 2025-Ohio-3266, 179 Ohio St. 3d 1478.

5. Huntington has now reinitiated its collection efforts, including filing over a dozen garnishments against the Debtor's accounts. Like the First Case, this second chapter 11 filing has been initiated to stop collection actions by Huntington and to provide the Debtor with an opportunity to submit a plan of reorganization to restructure his financial affairs under the protections offered by the Bankruptcy Code.

6. The background of the Debtor is familiar to the Court and the parties to this case. The Court has heard testimony regarding the Debtor's background and financial affairs and has written opinions detailing those facts in the First Case. *See* Dismissal Opinion; *see also Order Denying Emergency Motion of The Huntington National Bank for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)*, First Case Doc. 78.

7. Since the dismissal of the First Case, there have been certain changes to the financial affairs of the Debtor, and the Debtor has advanced his own litigation against Huntington that is pending in the Hamilton County, Ohio, Court of

2

Common Pleas. *See Schneider v. Huntington*, A2300849.

8. The Debtor intends to complete his schedules and related documents, devise an appropriate manner for the liquidation of assets to pay his debts, and eventually propose a plan of reorganization for the Court's consideration.

9. In the First Case, the Debtor's lead bankruptcy counsel was the Goering Firm. The Goering Firm, however, suffered a recent loss with the passing of Robert A. Goering. Given the contentious nature of the First Case, the amount of litigation in that matter, and the loss of Robert A. Goering, the Goering Firm informed the Debtor that it did not have the capacity to take on a second bankruptcy filing, and that the Debtor would need to obtain new lead counsel. ASNA has been retained for that purpose, and, as set forth below, will be assisted in the transition by the Goering Firm.

10. On October 17, 2025, Debtor filed this individual Chapter 11 bankruptcy.

11. The Debtor is an individual with approximately 60 corporations who operate multiple businesses and land development projects.

## THE RELIEF REQUESTED

12. Debtor seeks to retain the Goering Firm as his attorney to assist ASNA in this Chapter 11 case. Pursuant to sections 327 (a) and (d) of the Bankruptcy Code, Debtor requests that this Court approve the employment of the Goering Firm as his counsel to perform the extensive legal services that will be necessary during this Chapter 11 case.

13. The Goering Firm employs two (2) attorneys practicing in a variety of legal fields, primarily financial litigation and bankruptcy. In particular, the Goering Firm's bankruptcy practice enjoys recognized expertise in the representation of Debtors

3

under the bankruptcy code. The Goering Firm is both well qualified and uniquely able to represent the Debtor in this Chapter 11 case in a most efficient and timely manner.

14. Debtor anticipates that the Goering Firm will be required to render the following professional services:

(a) to take all necessary actions to protect and preserve the Estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor or the Estate, negotiations concerning all litigation in which the Debtor may currently be involve, and objections to claims filed against the Estate;

(b) to assist in preparing on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of the Estate herein;

(c) to negotiate and prepare on behalf of the Debtor and the Estate a plan, or plans, of Reorganization and all related documents; and

(d) to perform all other necessary legal services in connection with this Chapter 11 case.

15. The Goering Firm has stated its desire and willingness to act in this case and to render the necessary professional services. '

16. To the best of the Debtor's knowledge, the Goering Firm does not have any connection with the Debtor, his creditors, any party in interest, or their respective attorneys, except as set forth in the Goering Affidavit.

17. It is contemplated that the Goering Firm will only be assisting ASNA in this matter and therefore a single fee application will be made at the end of the case.

18. In the event that a more extended time is required for completion, counsel may apply for partial fees on 120 day intervals.

19. The pendency of the hearing on the Interim or Final Fee Application shall not disqualify the Goering Firm from the future payment of compensation or reimbursement of expenses as set forth above unless otherwise ordered by the Court.

20. Debtor, subject to the provision of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court, proposes to pay the Goering Firm its customary hourly rates. These rates are subject to change, usually on a yearly basis, and the Goering Firm shall provide notice of updated rates on a yearly basis. The attorneys primarily responsible for this case will be Eric W. Goering ($ 600.00/hr) and Alexis Mize ($350.00/hr). The Goering Firm has received for pre- petition work $ 13,400.00, and a $ 11,600.00 retainer in contemplation of its services on this case.

## CO-COUNSEL ARRANGEMENT WITH ASNA

21. During the course of the First Case, the attorneys at the Goering Firm, Eric Goering in particular, obtained a substantial amount of "institutional knowledge" about the Debtor, his assets and financial affairs, his companies, and the interplay of each of the Debtor's creditors. Mr. Goering has further developed a trust and rapport with the Debtor over years of representation.

22. Although the Goering Firm does not have the capacity to serve as lead counsel in this matter, losing its history and knowledge base would be a detriment to the Debtor. Even though ASNA is intended to be lead bankruptcy counsel, the Debtor believes that the Goering Firm can still play an important role in this case,

5

especially at its inception, in communicating with the Debtor and his creditors, identifying issues, and bringing the attorneys at ASNA fully up to speed. It is anticipated that as the case progresses, the involvement of the Goering Firm in day-to-day matters related to the case will substantially decrease.

23. In addition, with the Goering Firm being located in Cincinnati, it can provide a valuable resource as local attorneys to meet with the Debtor quickly in person, and to appear at Court for appropriate hearings.

24. The Debtor, therefore, is filing a separate application seeking authority to employ the ASNA as lead counsel and the Goering Firm as co-counsel in this matter. The arrangement of having the Goering Firm as co-counsel has been the subject of much discussion between the firms, who are cognizant of the prohibition against duplicative work and the need to ensure that costs for the Debtor are contained. The attorneys for both firms have committed to the Debtor that they will endeavor to refrain from unnecessary duplicative work, that the bills for both firms will be carefully monitored for unneeded duplication, and that appropriate adjustments will be made when both firms are engaged on a certain matter.

25. Notice of this Application has been given to the United States Trustee, all creditors and parties registered to receive notice of filings via this Court's ECF notice service and all creditors on the attached matrix.

26. No previous requests for the relief requested herein have been made to the Court in this case.

WHEREFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein and granting Debtor such other and further relief as may be just and proper in these proceedings.

Respectfully submitted,

*/s/ Eric W. Goering*
Eric W. Goering, #0061146
Alexis Mize, #0090723
GOERING & GOERING, LLC
220 West Third Street
Cincinnati, Ohio 45202
(513) 621-0912
Proposed Attorneys for Chapter 11 Debtor

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| IN RE: | Case No. 25-12607 |
| **RAYMOND JOSEPH SCHNEIDER** | Chapter 11 |
| **Debtor and Debtor in Possession** | Chief Judge Beth A. Buchanan |

### NOTICE ON APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF GOERING & GOERING, LLC AS ATTORNEYS FOR DEBTOR

Attorney for the debtor has entered with the court an Application for Order authorizing the employment of Goering & Goering at attorneys for Debtor.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion/objection, then on or before twenty-one (21) days from the date set forth in the certificate of service for the motion/objection, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

    Clerk, U.S. Bankruptcy Court
    Atrium Two, Suite 800
    221 E. Fourth St.
    Cincinnati, Ohio 45202

OR: your attorney must file a response using the court's ECF System.
Date: 12/4/2025

The court must receive your response on or before the date above.
You must also send a copy of your response either by
   1) the court's ECF System or by
   2) regular U.S. Mail to:

    Goering & Goering
    Attorney for Debtor(s)
    220 West Third Street
    Cincinnati, Ohio 45202

8

        Assistant U. S. Trustee
        Office of the U.S. Trustee
        36 E. 7th St.
        Cincinnati, Ohio 45202

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in this motion/objection and may enter an order granting the relief.

Date: 11/12/2025                      GOERING & GOERING
                                      Attorneys for Debtor
                                      220 West Third Street
                                      Cincinnati, Ohio 45202
                                      (513) 621-0912

                                      */s/ Eric W. Goering*
                                      Eric W. Goering, # 0061146

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing was electronically filed on November 12, 2025, and served automatically through the Court's CM/ECF system on the parties who receive automatic service in this case and by first class mail, postage prepaid on the following:

U.S. Attorney – **Cincinnati**
Office of the United States Trustee
Patricia B. Fugee
Richard Boydston
Thomas Allen
James Coutinho
Andrew Robholz
Richard K. Stovall
Steven Hartman
Brian Green
Christopher Schueller
Austin Baurichter
Susan Argo
Kelly Neal
Timothy Palmer
Jon Lieberman
Patrick Hruby
Paul Saba
Tricia Morra
Stefanie Deka
David Mullen


Raymond Schneider
3515 Tiffany Ridge Lane
Cincinnati, Ohio 45241

And on all attached creditors by ordinary U.S. Mail addressed to the following:

Respectfully submitted,

*/s/ Eric W. Goering*
Eric W. Goering, #0061146
Alexis Mize, #0090723
Attorney for Debtor and Debtor in Possession
220 W. Third Street
Cincinnati, Ohio 45202