## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

## APPLICATION TO EMPLOY ROBINSON LAW FIRM, LLC, AS SPECIAL COUNSEL

Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"), applies to the Court for an order pursuant to 11 U.S.C. § 327(e) and Bankruptcy Rule 2014 authorizing the employment of Robinson Law Firm, LLC ("Robinson Law"), and attorney Emmett E. Robinson in particular, as special counsel for the Debtor. As detailed below, the Debtor requires the litigation services and experience of Robinson Law in the continued pursuit of the Debtor's claims against The Huntington National Bank ("Huntington") in the case of *Schneider v. Huntington National Bank, et al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas (the "State Court"). Robinson  Law has served in the State Court Lawsuit as co-counsel to James R. Cummins of Cummins Law, LLC ("Cummins Law"), whose application to employ as special counsel is also pending. *See Application to Employ Cummins Law, LLC, as Special Counsel* (Doc. 30) (the "Cummins Application").

In support of this application, attached as <u>Exhibit A</u> is the *Declaration of Emmett E. Robinson in Support of Application to Employ Robinson Law Firm, LLC, as Special Counsel* (the "Robinson Declaration"). A proposed order is attached as <u>Exhibit B</u> (the "Proposed Order").

## I.      BACKGROUND

### A.      Procedural Posture of Bankruptcy Case; Filing Circumstances

1.      This Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.      On October 17, 2025 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage his affairs as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No trustee, examiner, or statutory creditors' committee has been appointed in this case.

4.      This is the second Chapter 11 bankruptcy filing for the Debtor. The first case— Case No. 23-10337 (the "First Case")—was filed on March 2, 2023, and dismissed on February 27, 2024, after the Debtor moved for a voluntary dismissal. *See Memorandum Opinion Granting Debtor's Amended Motion to Voluntarily Dismiss Chapter 11 Case*, First Case Doc. 344 (the "Dismissal Opinion"), and *Order Dismissing Chapter 11 Case*, First Case Doc. 345.

5.      The Debtor's primary reason for dismissing the First Case was that the judgment in favor of Huntington had been overturned on appeal to the Ohio First District Court of Appeals. Dismissal Opinion at pg. 6. However, on August 20, 2025, the Ohio Supreme Court reversed, reinstating the judgment in favor of Huntington. *Huntington Natl. Bank v. Schneider*, 2025-Ohio-2920, *reconsideration denied sub nom. Huntington Natl. Bank v. Schneider*, 2025-Ohio-3266, 179 Ohio St. 3d 1478.

6.      After its judgment was revived, Huntington reinitiated its collection efforts, including filing over a dozen garnishments against the Debtor's accounts, filing for charging orders, instructing the local Sheriff to seize personal assets, filing a fraudulent transfer complaint, and seeking the appointment of a receiver. Like the First Case, this second chapter 11 filing was initiated to stop collection actions by Huntington and to provide the Debtor with an opportunity to submit a plan of reorganization to restructure his financial affairs under the protections offered by

the Bankruptcy Code.

7.      The background of the Debtor is familiar to the Court and the parties to this case. The Court has heard testimony regarding the Debtor's background and financial affairs and has written opinions detailing those facts in the First Case. *See* Dismissal Opinion; *see also Order Denying Emergency Motion of The Huntington National Bank for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)*, First Case Doc. 78.

8.      Since the dismissal of the First Case, there have been certain changes to the financial affairs of the Debtor, and the Debtor has advanced his interests in the State Court Lawsuit.

9.      The Debtor intends to complete his schedules and related documents, devise an appropriate manner for the liquidation of assets to pay his debts, and eventually propose a plan of reorganization for the Court's consideration.

**B.      The Lawsuit**

10.     The Lawsuit was brought in February 2023 against Huntington and twelve of its employees for the following claims: (1) Breach of Good Faith and Ordinary Care, (2) Breach of Ohio Civil Racketeering, and (3) Civil Liability for Criminal Acts.

11.     The Debtor's complaint alleges that Huntington and several of its employees missed eleven of the twelve red flags identified by the Office of the Comptroller of the Currency ("OCC")[1] as signs of check kiting by the Debtor's former partner, Harold Sonsa, which kiting scheme led to the massive losses experienced by the bank. Additionally, the complaint alleges that Huntington and its employees purposely ignored these signs of check kiting and, at times, actively participated in the kiting scheme to meet personal compensation goals and generate fees for the bank. Since the filing of the Complaint, Huntington has challenged the validity of the claims in a

---

[1] The OCC is a bureau of the U.S. Department of the Treasury that supervises national banks and federal savings associations.

motion to dismiss and motion for summary judgment (filed on June 20, 2023, and October 3, 2023, respectively). The Debtor defeated those motions; they were denied by the State Court on August 18, 2023, and February 12, 2024, respectively.

12.     Throughout the discovery phase of the Lawsuit, there have been twenty-six depositions taken by the Debtor's counsel with twenty of the deponents being current or former Huntington employees. Five noticed depositions requested by the Debtor are pending, with a deposition of Stephen Steinour now ordered to take place on November 17, 2025, in Columbus, Ohio.

13.     Mr. Steinour is the Chief Executive Officer, President, and Chairman of the Board of Huntington. Huntington filed a motion seeking a protective order to prevent the deposition of Mr. Steinour. After motion practice and oral argument, the State Court denied that request and ordered that Mr. Steinour appear for his deposition.

14.     In addition to the depositions, extensive documentary discovery has been ongoing and is still being conducted by the Debtor's counsel and selected third-party resources. To date, the Debtor's counsel has received and reviewed over 77,000 documents throughout the discovery phase of the Lawsuit.

15.     For more than thirteen months, the Debtor's state court counsel has engaged and has been working with several experts in banking practices, accounting and regulatory agency policies. On September 25, 2025, the Debtor filed in the Lawsuit the expert report of Bobby Winstead—former bank examiner and regulator for the OCC. The Debtor will file at least two additional expert reports in support of his litigation claims. Huntington and its employees, according to their disclosures, have engaged three experts, but their reports have not been filed or provided to the Debtor yet.

16.     Pending in the Lawsuit is a new motion by Huntington seeking summary judgment on the basis of *res judicata* allegedly arising from its own lawsuit against the Debtor. On October 15, 2025, counsel had a conference with the State Court to set a briefing schedule for that motion. The Debtor's response was filed on October 31, 2025, and the remaining schedule is as follows:

    a.  November 14, 2025: Huntington's Reply in Support due

    b.  December 17, 2025: Oral Argument

17.     Finally, there is a status conference with the State Court set for the first week of February 2026. At this status conference, the Debtor expects to have all other deadlines for the Lawsuit (including the trial date) set by the State Court.

### C.     Background of the Robinson Law employment

18.     The Debtor engaged Robinson Law in July 2023 to assist as co-counsel to the Cummins Firm in the Lawsuit. Specifically, based on the background and experience of Mr. Robinson, the Debtor sought to engage Robinson Law to assist Cummins Law with case strategy and briefing issues. In that role, Mr. Robinson has generally been the lead author of major or dispositive briefs, and he also advises on the writing and editing of other filings. His role has been instrumental in helping the Debtor defeat multiple motions filed by Huntington and to otherwise advance his claims.

19.     When the First Case was filed, the Debtor sought approval of the employment of Robinson Law as co-counsel in the same manner as is being sought here. *See* First Case Doc. 154, *Application for Order Authorizing Employment of Emmett E. Robinson as Attorney for the Debtor*. The Debtor was ultimately authorized to employ Robinson Law as special counsel under 11 U.S.C. § 327(e). *See* First Case Doc. 246, *Order Granting Application for Order Authorizing the Employment of Emmett Robinson as Attorney for the Debtor*.

20.     On July 6, 2023, the Debtor entered into an engagement agreement with Robinson Law which was in effect as of the petition date (the "Engagement Agreement"). The Engagement Agreement set forth the terms under which Robinson Law would to represent the Debtor in the Lawsuit as co-counsel. The Engagement Agreement outlined that Robinson Law would provide its services at the rate of $400.00 per hour for Mr. Robinson in addition to reimbursement to Robinson Law of all expenses incurred in the representation.

21.     As set forth in the Cummins Application, representation of the Debtor in the Lawsuit also involves various affiliated business entities as their interests appear in the Lawsuit. Those affiliated business entities are Euclid Health Care, Inc.; Kenwood Terrace Health Care Center, Inc.; Southbrook Healthcare Center, Inc.; and Beechwood Terrace Center, Inc. (together, the "Affiliated Businesses").[2]

22.     In the Lawsuit, the Debtor has made claims both on an individual level and derivatively on behalf of the Affiliated Businesses. Therefore, to the extent that the Debtor is pursuing the derivative claims of the Affiliated Businesses in the Lawsuit, Robinson Law will also act to represent the interests of the Affiliated Businesses.

23.     As set forth below, billing for Robinson Law has been handled recently such that Robinson Law was paid through by Cummins Law as a reimbursable expense. The Cummins Application Firm application also details the flow of funds to Robinson Law in this manner. The Debtor does not propose continuing with that arrangement and will be directly paying both firms after Court approval on a going forward basis.

---

[2] These are not active businesses being operated by the Debtor. To the best of the Debtor's knowledge, except for the claims in the Lawsuit, the Affiliated Businesses have been liquidated.

24.     By this application, the Debtor seeks entry of an order pursuant to 11 U.S.C. § 327(e), substantially in the form of the Proposed Order, authorizing it to employ and retain Robinson Law as special counsel to continue pursuit of the State Court Lawsuit.

## II.     STANDARD FOR RETENTION

25.     Under § 327(e), the Court may approve the Debtor's engagement "for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1 set forth the required contents of an application to employ counsel under § 327(e).

26.     To support its request to retain Robinson Law as special counsel, the Debtor will show:

a.    that employment of the professional serves a specified, special purpose (11 U.S.C. § 327(e));

b.    Robinson Law has previously represented the Debtor (*Id.*);

c.    employing the professional is in the best interest of the Debtor's estate (*Id.*);

d.    that the professional does not hold or represent an interest adverse to the Debtor or to the estate with respect to the matter on which such attorney is to be employed (*Id.*);

e.    that the employment is necessary (Rule 2014(a));

f.    the reasons for selecting Robinson Law (*Id.*);

g.    the professional services to be rendered (*Id.*);

h.    the proposed arrangement for compensation of the professional (*Id.*);

i.    any connections Robinson Law has to the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee (*Id.*);

j.     the professional's customary and proposed hourly rates (LBR 2014-1);

k.     the amount, date paid, and source of any fees paid to the professional from a period of one year prior to the Petition Date through the time of the application (*Id.*); and

l.     the amount, date paid, and source of any retainer sought or received by the professional within such time-period (*Id.*).

27.     In addition to the required contents of the application, the application must also be accompanied by a verified statement from the professional:

a.     setting forth the professional's connections with the Debtor, equity service holders of the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee (Rule 2014(a));

b.     establishing the lack of any adverse interest to the estate with respect to the matter on which such attorney is to be employed; and

c.     establishing that the proposed employment is not improper under or prohibited by Rule 5002.

## III.    RETENTION & EMPLOYMENT OF ROBINSON LAW

28.     The Debtor desires to employ Robinson Law because, among other reasons, Robinson Law has served as co-counsel for over two years in the Lawsuit against Huntington. This prior attorney-client relationship between the Debtor and Robinson Law not only reflects the Debtor's trust in Robinson Law's professionalism and the efficacy of the legal services it provides as a firm, but also reflects Robinson Law's familiarity with the Debtor, his claims within the Lawsuit, and the Debtor's goals in the Lawsuit.

29.     As set forth in the description of the Lawsuit, above, Robinson Law has been instrumental in advancing the Debtor's claims, defending against actions of Huntington, and conducting substantial discovery through many depositions and review of tens of thousands of pages of documents. Mr. Robinson, in particular, has been critical in preparing the case strategy

and working through major briefing issues, as well as assisting in general brief writing and editing. The Debtor believes that, through the work of Robinson Law and Cummins Law, he has a strong case against Huntington through which he will be able to recover a substantial judgment.

30.    While the Debtor does not anticipate having his eventual plan of reorganization rely at all on the outcome of the Lawsuit, the Lawsuit is potentially the largest asset of the Debtor. The Debtor has made substantial progress in furthering the lawsuit through the work of Robinson Law and Cummins Law, to the point where in the coming weeks the Debtor has been authorized, over Huntington's objection, to take the deposition of Huntington's President, a rare occurrence in corporate litigation. There are also ongoing dates and deadlines in the Lawsuit that are important to preserve. The Debtor believes it is imperative to keep the Lawsuit moving, and employing Robinson Law is central to his goals. Having been litigation co-counsel in the Lawsuit for over two years, Robinson Law has a massive amount of institutional knowledge that would be nearly impossible to replace on short notice or without massive cost.

31.    Debtor seeks to employ Robinson Law for the special purpose of providing Debtor with litigation co-counsel in the Lawsuit. Robinson Law will not be assisting with litigation within this chapter 11 proceeding and will instead focus solely on the Lawsuit in the State Court. This is the same relationship that was approved by the Court in the First Case. Any recovery from the Lawsuit will be managed in accordance with the Bankruptcy Code and the terms of any plan confirmed by this Court. Robinson Law may be relied upon by the Debtor to provide information related to the Lawsuit to satisfy disclosure requirements related to the confirmation of a plan but will otherwise not be assisting in this case.

32.     Subject to approval of this application, Robinson Law has confirmed its desire and willingness to act as special counsel for the Debtor in the Lawsuit and to render the necessary professional services as attorneys for the Debtor in that matter.

33.     Mr. Robinson is the only attorney at Robinson Law, and he is duly admitted to practice in the State of Ohio and is willing and able to serve as special counsel for the Debtor, as set forth in the Robinson Declaration.

34.     To the best of the Debtor's knowledge, information, and belief, Robinson Law does not represent any other creditor or entity involved in this case, as set forth in the Robinson Declaration, other than to the extent that the Lawsuit involves derivative claims of the Affiliated Businesses. The Debtor's individual claims and the derivative claims of the Affiliated Businesses are fully aligned, as they arise from the same alleged misconduct by Huntington, and do not create any conflict of interest in Robinson Law's dual representation (to the extent there is any representation created by advancing derivative claims).

35.     Prior to filing this application, Robinson Law was provided with a list of the creditors from this proceeding, and it has further reviewed the list of entities affiliated with the Debtor. It has confirmed that it does not represent any creditor or party in interest, and that there are no conflicts with its representation of the Debtor.

36.     Robinson Law does not hold or represent any interest adverse to the estate with respect to the Lawsuit as required by 11 U.S.C. § 327(e). *See In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987) (unlike a § 327(a) employment with its disinterestedness standard, employment under § 327(e) requires a "factual evaluation of actual or potential conflicts only as related to the particular matters for which representation is sought."). *See also In re Dayton Dev. Partners, LLC*, No. 25-30699, 2025 WL 2253528, at *8 (Bankr. S.D. Ohio Aug. 4, 2025;

Crist, T.) (comparing requirements of § 327(a) and § 327(e)). As of the date that the bankruptcy

case was filed, Robinson Law was owed a total of $2,560.00 from the Debtor for fees incurred

from October 7, 2025, through the petition date. This debt does not create a conflict between the

Debtor and Robinson Law "with respect to the matter on which [Robinson Law] is to be

employed." 11 U.S.C. § 327(e). *See, e.g. In re EBW Laser, Inc.*, 333 B.R. 351, FN 3 (Bankr.

M.D.N.C. 2005) ("An entitlement to pre-petition attorney's fees, which renders the special counsel

a creditor of the estate, is not a sufficient basis for disqualifying counsel under Section 327(e)."

Citing: *In re Henlar, Ltd.,* 1997 WL 4567 at *1, 3–4, 1997 U.S. Dist. LEXIS 134 at *2, 10–11

(E.D.La. Jan. 6, 1997) (holding that special counsel became a creditor of the estate once he signed

a contract to represent the debtor, and that status was not sufficient to disqualify special counsel

because there was no conflict of interest in the special matter for which the special counsel was

employed); *Buckley v. TransAmerica Inv. Corp. (In re Southern Kitchens),* 216 B.R. 819, 826 n.

11 (Bankr.D.Minn.1998) ("[T]he large unsatisfied claim that F & W holds, for attorney fees

incurred during the Debtor's Chapter 11 case, prevents from it being a 'disinterested person.' This

is of no real moment, as the Plaintiff did not hire F & W to handle legal matters generally for the

estate [but only hired F & W as special counsel under § 327(e)]."); *DeVlieg–Bullard, Inc. v. Natale

(In re DeVlieg, Inc.),* 174 B.R. 497, 503 (N.D.Ill.1994) ("[S]ection 327(e) does not require that

counsel be a 'disinterested person,' as section 327(a) does, permitting counsel to have claims for

prior fees.").[3]

      37.     Mr. Robinson is neither related to nor connected with a judge of the United States

District Court or the Bankruptcy Court for the Southern District of Ohio. Robinson Law is not

---

[3] Robinson Law was not included on the creditor matrix at the time this case was filed. When the Debtor reviewed the creditor matrix and executed the petition, it was anticipated that Robinson Law would be paid in full in advance of filing. However, the case was filed sooner than anticipated and a debt remains. The creditor list will be amended in conjunction with the filing of the Debtor's schedules.

affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

38.     The employment of Robinson Law is proper and satisfies the provisions of Rule 5002.

39.     Other than as set forth herein, to the best of Debtor's knowledge, information, and belief, and except as otherwise disclosed in the Robinson Declaration, Robinson Law has no connection, past or present, with the Debtor, any general or limited partner therein, or any director, member, or trustee of any such general or limited partner, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

## IV.     PROPOSED COMPENSATION FOR ROBINSON LAW

### A.     Hourly Rate

40.     Subject to this Court's approval, Robinson Law will charge the Debtor for the services of Mr. Robinson at his customary hourly rate as in effect on the date such services are rendered. Mr. Robinson's rate is presently $400.00 per hour.

### B.     Reimbursement of Expenses

41.     The Debtor further understands that Robinson Law will bill its customary reimbursements as charged generally to bankruptcy and non-bankruptcy clients alike, and in accordance with applicable guidelines. Robinson Law is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in any given manner. Such expenses include, without limitation, travel costs, express mail, special or hand deliveries, copying costs, computer legal research, court fees, filing fees, transcript costs, and, in general, all identifiable expenses that would not have been incurred but for representation of a particular client.

C.      **Payments to Robinson Law within the Prior Year**

42.     Robinson Law's representation of the Debtor began in July 2023. Since that date,
Robinson Law has received payment from the Debtor as compensation for services rendered and
reimbursement of expenses. Within the year prior to the Petition Date, Robinson Law has received
the following payments from the Debtor as payment of fees and costs for prior services rendered:

| Date | Payment | Source |
|---|---|---|
| 11/24/24 | $ 3,400.00 | Debtor |
| 2/11/25 | $ 5,040.00 | Debtor via Cummins Law |
| 3/24/25 | $ 9,200.00 | Debtor via Cummins Law |
| 4/16/25 | $ 4,640.00 | Debtor via Cummins Law |
| 7/3/25 | $ 1,280.00 | Debtor via Cummins Law |
| 8/8/25 | $ 5,240.00 | Debtor via Cummins Law |
| 9/5/25 | $ 4,200.00 | Debtor via Cummins Law |
| **TOTAL** | $ 33,000.00 | |

43.     There have not been any expense reimbursements in the last year.

44.     Other than those payments set forth above, no other fees or expenses have been
paid by the Debtor to Robinson Law from a period of one year prior to the filing of this case
through the date of this application.

45.     Robinson Law is not presently holding any retainer.

46.     As set forth above, Robinson Law has been working with Cummins Law as co-
counsel in the Lawsuit. Invoicing for and payment to Robinson Law has been handled through
Cummins Law. In so doing, Cummins Law received invoices from Robinson Law and advanced
payment for the Debtor. Reimbursement was received by Cummins Law from the Debtor as
expenses as set forth in the Cummins Application. This arrangement has been discontinued as of
the bankruptcy filing.

D.       **Payments during the Bankruptcy Proceeding**

47.      Robinson Law intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code and any other applicable procedures and orders of the Court.

48.      As to the pre-petition amount owed to Robinson Law, the Debtor reserves the right to seek Court approval for the payment of the same under the appropriate circumstances, or to propose payment of the same under a plan, but the Debtor is not seeking authority to pay those amounts through this application. Robinson Law has indicated its willingness to continue to represent the Debtor notwithstanding the amounts owed, in anticipation of payment through the plan or otherwise.

V.       **CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ Robinson Law as special counsel to represent him in the Lawsuit, effective as of the date of this application, upon the terms and conditions set forth herein, and granting such other and further relief as is appropriate.

Respectfully submitted,

 /s/  James A. Coutinho
Thomas R. Allen       (0017513)
Richard K. Stovall     (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
T: (614) 221-8500; F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

## DECLARATION OF EMMETT E. ROBINSON IN SUPPORT OF APPLICATION TO EMPLOY ROBINSON LAW FIRM, LLC, AS SPECIAL COUNSEL

STATE OF OHIO              }
COUNTY OF FRANKLIN    } SS:

I, Emmett E. Robinson, being first duly sworn, state the following as a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I make this declaration in support of the *Application to Employ Robinson Law Firm, LLC, as Special Counsel* (the "Application").

2.      I am the principal of Robinson Law Firm, LLC ("Robinson Law"), the law firm named in the Application. I am authorized to make this declaration on behalf of Robinson Law. I have personal knowledge of the matters set forth herein.

3.      Raymond Joseph Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), desires to engage Robinson Law as special counsel under 11 U.S.C. § 327(e) to represent him as co-counsel in the case of *Schneider v. Huntington National Bank, et. al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas (the "State Court").

4.      Attached as <u>Exhibit A-1</u> is a true and accurate copy of the current engagement letter between the Debtor and Robinson Law that sets forth the terms of the engagement.

5.      I am an attorney licensed and in good standing to practice in the State of Ohio and I am the only attorney at Robinson Law.

EXHIBIT A

6.      The representations in the Application are true to the best of my knowledge.

7.      In connection with its proposed retention by Debtor in this case, Robinson Law conducted a conflict check to determine whether it had any relationships with the Debtor, his family, his secured and unsecured creditors, and his companies and related creditors, members or managers. In particular, Robinson Law checked for conflicts among all of the creditors listed in the Debtor's first bankruptcy filing and the updated creditor list attached to the current petition. The research conducted by Robinson Law indicates that it has not represented any of those parties and does not have a conflict. Through its work with Cummins Law, Robinson Law did previously represent Henry Schneider, a co-debtor of one of the Debtor's obligations, in unrelated matters but has no ongoing engagement with him at this point.

8.      Notwithstanding the foregoing, in the Lawsuit, the Debtor has made claims which are derivative in nature to claims held by certain business entities he owns. Those business entities are Euclid Health Care, Inc.; Kenwood Terrace Health Care Center, Inc.; Southbrook Healthcare Center, Inc.; and Beechwood Terrace Center, Inc. (together, the "Affiliated Businesses"). The engagement of Robinson Law by the Debtor includes the representation of the Affiliated Businesses to the extent that we are advancing those derivative claims in the Lawsuit. The Debtor's interests and the interests of the Affiliated Businesses are aligned in the Lawsuit and there is no conflict between them and the Debtor.

9.      As of the date that the bankruptcy case was filed, Robinson Law was owed a total of $2,560.00 from the Debtor for unpaid fees from October 7, 2025 through October 15, 2025. These amounts do not create a conflict in relation to the matters in which Robinson Law seeks to represent the Debtor.

10.     Other than in connection with the Lawsuit, neither I nor Robinson Law have any

EXHIBIT A

past or present relationship to the Debtor, the Debtor's family, the Debtor's companies (or any owner, member or manager thereof), nor any creditors of the Debtor. Further, neither I nor Robinson Law have any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee.

11.    I am not related to or connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. Robinson Law is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

12.    The employment of Robinson Law and me is not prohibited by or improper under Fed.R.Bankr.P. 5002.

13.    No understanding or agreement exists for a division of fees or compensation between me, Robinson Law or any other person or entity.

14.    I declare under penalty of perjury that the foregoing is true and correct.

_____

Emmett E. Robinson

11/11/25
_____

Date of Execution

EXHIBIT A-1
Page 1 of 1

### ROBINSON LAW FIRM LLC

6600 Lorain Ave. #731
Cleveland, Ohio  44102

erobinson@robinsonlegal.org
(216) 505-6900

July 6, 2023

Raymond Schneider
ray@circledev.com

Re:   Representation in *Schneider v. Huntington National Bank*, Hamilton
County Court of Common Pleas case number A-2300849

Dear Mr. Schneider:

This letter confirms that I have been retained by you, effective February 15, 2023, to act as co-counsel with Cummins Law LLC in the affirmative lawsuit that you are prosecuting against Huntington National Bank and certain Huntington employees.  That lawsuit is presently pending in Hamilton County Common Pleas Court under the case number captioned above. Cummins Law LLC is lead counsel in the matter.  You have agreed to pay me, when billed, at an hourly rate of $400 plus all costs and expenses incurred by Robinson Law Firm in connection with this representation.  You and I both retain the right, consistent with the governing rules of professional conduct, to terminate the representation at any time.

If the foregoing correctly states the terms of our engagement, please sign below and return a scanned copy to me at the email address listed in the header above.

Thanks again for the opportunity to work with you and Cummins Law on this important matter.

Very Truly Yours,

Emmett E. Robinson

Raymond Schneider

EXHIBIT B
PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**ORDER GRANTING APPLICATION TO EMPLOY ROBINSON LAW FIRM, LLC, AS**
**SPECIAL COUNSEL (DOC.    )**

This matter is before the Court upon the *Application to Employ Robinson Law Firm, LLC,*
*as Special Counsel* (the "Application") (Doc. ___). Through the Application, Raymond Joseph
Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), seeks to
employ the law firm of Robinson Law Firm, LLC ("Robinson Law") as special counsel under 11
U.S.C. § 327(e) to represent him as co-counsel in the case of *Schneider v. Huntington National*
*Bank, et. al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of
Common Pleas.

The Application was served on the Debtor, the Office of the United States Trustee, the
twenty largest unsecured creditors, and those other parties requesting notice. The time for filing
an objection to the Application has lapsed and no objection was filed.

# EXHIBIT B
# PROPOSED ORDER

Based upon the matters contained in the Application, and the Declaration of Emmett E. Robinson attached to the Application, proper service of the Application having been completed and no objections to the Application having been filed, the Court finds that the employment of Robinson Law as special counsel should be, and it hereby is, approved.

It is therefore ORDERED as follows:

1.      The employment of Robinson Law as special counsel to the Debtor is approved effective as of date the Application was filed on the terms and conditions set forth in the Application.

2.      All compensation of Robinson Law is subject to Court approval in accordance with 11 U.S.C. §§ 330 and 331.

SO ORDERED.

SUBMITTED BY:

 /s/  James A. Coutinho
Thomas R. Allen       (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz     (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

Copies to Default List plus Top 20 an additional party:

Emmett E. Robinson, Esq.
Robinson Law Firm, LLC
6600 Lorain Ave. #731
Cleveland, Ohio 44102

## NOTICE OF APPLICATION TO EMPLOY ROBINSON LAW FIRM, LLC, AS SPECIAL COUNSEL AND CERTIFICATE OF SERVICE

The Debtor has filed an application seeking to employ the law firm of Robinson Law Firm, LLC, as special counsel for the Debtor and Debtor in Possession.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Application, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Application**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

Office of The United States Trustee  James A. Coutinho, Esq.
550 Main Street       Allen Stovall Neuman & Ashton, LLP
Suite 4-812         10 West Broad Street, Suite 2400
Cincinnati, OH 45202     Columbus, Ohio 43215

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without further notice or hearing.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Application to Employ Robinson Law Firm, LLC, as Special Counsel* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on November 14, 2025, addressed to the following:

See attached mailing matrix containing the Debtor, Office of the United States Trustee, Top 20 Unsecured Creditors, and those parties requesting notice.

Also mailed to:

Emmett E. Robinson, Esq.
Robinson Law Firm, LLC
6600 Lorain Ave. #731
Cleveland, Ohio 44102

  /s/  James A. Coutinho
James A. Coutinho      (0082430)

**Asst US Trustee**
Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202-5212
*United States Trustee*

**Austin Z. Baurichter, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Park National Bank*

**Brian Green, Esq.**
Shapero & Green, LLC
25101 Chagrin Boulevard
Beechwood, OH 44122
*Counsel for First Federal Savings
& Loan Association of Lakewood*

**Christopher P. Schueller, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington
National Bank*

**David Mullen, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**First Federal Savings Bank**
PO Box 250
Washington Court House, OH
43160
*Top 20*

**General Electric Credit Union**
10485 Reading Road
Cincinnati, OH 45241
*Top 20*

**Jon J. Lieberman, Esq.**
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
*Counsel for Heritage Bank*

**Kelly M. Neal, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington
National Bank*

**Partick Hruby, Esq.**
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
*Counsel for First Merchants Bank*

**Patricia B. Fugée, Esq.**
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551
*Counsel for Civista Bank*

**Paul T. Saba, Esq.**
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, OH 45208
*Counsel for Stock Yards Bank &
Trust Company*

**Raymond Joseph Schneider**
3515 Tiffany Ridge Lane
Cincinnati, OH 45241
*Debtor*

**Richard Boydston, Esq.**
Dentons Bingham Greenebaum
LLP
312 Walnut Street #2450
Cincinnati, OH 45202
*Counsel for First Merchants Bank*

**Rockland Trust Company**
288 Union Street
Rockland, MA 02370
*Top 20*

**Rudy J. Cerone, Esq.**
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
*Counsel for Bank of America, N.A.*

**Stefanie L. Deka, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**Steven M. Hartmann, Esq.**
Smith, Gambrell & Russell, LLP
155 North Wacker Drive, Stuite
3000
Chicago, IL 60606
*Counsel for Transamerica Life
Insurance Company*

**Susan M. Argo, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Three Notes, LLC &
Park National Bank*

**Timothy P. Palmer, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington
National Bank*

**Tricia Morra, Esq.**
ALDRIDGE PITE, LLP
3333 Camino del Rio South, Suite
225
San Diego, CA 92108
*Counsel for Nationstar Mortgage,
LLC*

**Truist Bank**
PO Box 79041
Baltimore, MD 21279
*Secured Creditor*

**Whitney L. Mosby, Esq.**
Dentons Bingham Greenebaum
LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
*Counsel for First Merchants Bank*