## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
|     Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
|     Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**MOTION FOR EXTENSION OF TIME UNDER BANKRUPTCY RULE 2015.3(d) TO FILE REPORTS OF FINANCIAL INFORMATION ABOUT ENTITIES IN WHICH DEBTOR HOLDS A SUBSTANTIAL OR CONTROLLING INTEREST**

Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"), moves pursuant to Bankruptcy Rule 2015.3(d) for an extension of time to file the initial financial reports (Official Form 426) for entities in which the Debtor holds a substantial or controlling interest (the "Financial Reports") as required by Bankruptcy Rule 2015.3(a). The Debtor has just filed his Schedules of Assets and Liabilities (the "Schedules") in which he identified at least 31 entities that may be subject to the Rule 2015.3(a) reporting requirements. Due to the substantial amount of information required to be compiled, recent business delays in completion of company financials, and the need to provide the required notice under Rule 2015.3(e) to certain entities, cause exists for this extension. The Debtor seeks an extension of 31 days to file the Financial Reports, through Monday, December 15, 2025. The current deadline for filing the Financial Reports is November 14, 2025, which is seven days prior to the first date set for the § 341 Meeting of Creditors. This is the first request for an extension.

A memorandum in support follows, and a proposed order is attached as <u>Exhibit A</u>.

        Respectfully submitted,

    <u>/s/ James A. Coutinho</u>
Thomas R. Allen    (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho    (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

**MEMORANDUM IN SUPPORT**

I.     **BACKGROUND INFORMATION**

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. This is the second chapter 11 bankruptcy filing for the Debtor. The first case—Case No. 23-10337 (the "First Case")—was filed on March 2, 2023, and dismissed on February 27, 2024, after the Debtor moved for a voluntary dismissal. *See Memorandum Opinion Granting Debtor's Amended Motion to Voluntarily Dismiss Chapter 11 Case*, First Case Doc. 344 (the "Dismissal Opinion"), and *Order Dismissing Chapter 11 Case*, First Case Doc. 345.

4. The Debtor's primary reason for dismissing the First Case was that the judgment in favor of The Huntington National Bank ("Huntington") had been overturned on appeal to the Ohio First District Court of Appeals. Dismissal Opinion at p. 6. However, on August 20, 2025, the Ohio Supreme Court reversed, reinstating the judgment in favor of Huntington. *Huntington Natl. Bank v. Schneider*, 2025-Ohio-2920, *reconsideration denied sub nom. Huntington Natl. Bank v. Schneider*, 2025-Ohio-3266, 179 Ohio St.3d 1478.

5. Huntington reinstated its collection efforts, including filing over a dozen garnishments against the Debtor's accounts, filing for charging orders, instructing the local Sheriff to seize personal assets, filing a fraudulent transfer complaint, and seeking the appointment of a receiver. Like the First Case, this second chapter 11 filing was initiated to stop collection actions by Huntington and provide the Debtor with an opportunity to submit a plan of reorganization to restructure his financial affairs under the protections offered by the Bankruptcy Code.

6. The background of the Debtor is familiar to the Court and the parties to this case. The Court has heard testimony regarding the Debtor's background and financial affairs and has written opinions detailing those facts in the First Case. *See* Dismissal Opinion; *see also Order Denying Emergency Motion of The Huntington National Bank for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)*, First Case Doc. 78.

7. Since the dismissal of the First Case, there have been certain changes to the financial affairs of the Debtor, and the Debtor has advanced his own litigation against Huntington that is pending in the Court of Common Pleas of Hamilton County, Ohio. *See Schneider v. Huntington*, A2300849.

8. Upon the filing of this case, the Debtor began compiling information regarding his assets, liabilities and financial affairs to allow him to complete his Schedules and his Statement of Financial Affairs (the "SOFA") and further to prepare for the United States Trustee's initial debtor interview (the "IDI") and the § 341 Meeting of Creditors. Notwithstanding the fact that the Debtor had previously filed Schedules and a SOFA in the First Case, the undertaking to complete these filings was substantial. The Debtors' business and financial interests are complex, and new bankruptcy counsel has been engaged for this case. Substantial efforts were made to ensure that the Schedules and SOFA are complete and accurate. The Schedules and SOFA ultimately spanned 124 pages.

9. In particular, a great deal of time was spent ensuring that there was a complete disclosure of the Debtor's current and historical business interests, including updating records related to business transactions, formations, and dissolutions that have occurred since the dismissal of the First Case. As reflected in the Debtor's recent filings, there are 71 entities that were disclosed

4

on the SOFA as having been active within the last four years, and 43 entities that were disclosed on the Schedules in which the Debtor presently has an interest.

10. The 43 entities that were disclosed on the Schedules fall into four categories:

a. First, there are 12 entities in which the Debtor's interest is less than 20%, which excludes them from the presumption of the Debtor holding a substantial or controlling interest under Rule 2015.3(c), and therefore *may* exclude them from the financial reporting requirements under Rule 2015.3(a).[1] Those entities are as follows (the "Minority Interest Entities"):

| Entity Name | Debtor's Interest |
|---|---|
| Corporate Park Investors, Ltd | 5.50% |
| Delhi Plaza Associates, Ltd. | 10.00% |
| Executive Park Investors, Ltd. | 5.00% |
| Glidden House Partners, Ltd. | 3.56% |
| Grasshopper Investments, LLC | 0.50% |
| Hamilton II, LLC | 6.00% |
| KPT7 Holding Company, LLC | 0.50% |
| Montclair Investors, Ltd. | 5.00% |
| TheCard, LLC | 2.32% |
| To Life, Ltd. | 8.42% |
| Topco America, LLC dba Range USA | 0.48% |
| Waldorf Partners, LP | 6.25% |

b. Second, there are 15 entities in which the Debtor holds a substantial or controlling interest, but the entities are defunct or have never been active, and they have no assets and operations to report. Those entities are as follows: (the "No Asset Entities")[2]:

---

[1] Through this motion, the Debtor is not asking the Court for a determination as to whether the Financial Reports are required for any of these entities; rather, the Debtor is only indicating the presumption of there being a substantial or controlling interest does not apply. That presumption is for entities in which a debtor owns more than 20%. *See* Bankruptcy Rule 2016.3(c)(1).

[2] Certain of the No Asset Entities are among the entities through which the Debtor is making derivative claims against Huntington in a state court lawsuit. The designation of those entities as having "no assets" is not meant to infer that the derivative claims do not exist or do not have any value, but rather that there are no operations or tangible assets.

| Entity Name | Debtor's Interest |
|---|---|
| 54 Realty, Ltd. | 50.00% |
| 72 Ventures, Ltd. | 50.00% |
| East Galbraith Health Care Center, Inc. | 33.33% |
| Euclid Health Care, Inc. | 50.00% |
| IF2, LLC | 100.00% |
| Keller Road Realty Co., LLC | 50.00% |
| Kenwood Terrace Health Care Center, Inc. | 50.00% |
| Lebanon RD, LLC | 100.00% |
| Loveland RD Realty, LLC | 100.00% |
| Loveland RD, LLC | 100.00% |
| R & T Development, LLC | 100.00% |
| Seminole Avenue Realty, LLC | 50.00% |
| Southbrook Health Care Center, Inc. | 50.00% |
| Steiger Road Realty, LLC | 50.00% |
| The Red at Madison Circle, LLC | 100.00% |

c. Third, there are 12 entities in which the Debtor is the sole owner that have assets and ongoing operations. Financial Reports are required for those entities, which are as follows (the "Wholly Owned Entities"):

| Entity Name | Debtor's Interest |
|---|---|
| Boston RD, LLC | 100.00% |
| Circle Development of Cincinnati, LLC | 100.00% |
| Grasshopper Investments II, LLC | 100.00% |
| Hyde Park Circle, LLC | 100.00% |
| Madison Warehouse, LLC | 100.00% |
| Marson RD, LLC | 100.00% |
| North Short RD, LLC | 100.00% |
| Northern Kentucky Retirement Community, LLC | 100.00% |
| Schneider-Grasshopper, Inc. | 100.00% |
| The Gatherings of Blue Ash, LLC | 100.00% |
| The Red Corner, LLC | 100.00% |
| To Life III, LLC | 100.00% |

d. Fourth, there are 4 entities in which the Debtor owns more than 20%, but in which there are other owners that are entitled to receive notice under Rule 2015.3(e). Those entities are as follows: (the "Substantial Interest Entities"):

6

| Entity Name | Debtor's Interest |
|---|---|
| 5150 East Galbraith Road, LLC | 33.33% |
| HRM Realty Holding, Ltd. | 33.33% |
| Northern Kentucky Assisted Living, LLC | 85.00% |
| RH Real Estate Investments, LLC | 50.00% |

11.     For the Minority Interest Entities, the Debtor does not believe Financial Reports need to be filed, however, there may be required Financial Reports for three of the entities in which the Debtor's voting rights provide control (Grasshopper Investments, LLC; To Life, Ltd; and KPT7 Holding Company, LLC). The Debtor intends to discuss with the UST whether its interpretation of the organizational documents of those entities requires the Financial Reports, with a reservation of the right to seek Court authority to excuse those entities from the reporting requirements in accordance with Rule 2015.3(c)(2).

12.     For the No Asset Entities, the Debtor intends to provide sufficient information to the UST and any interested parties as to the status of those entities and will separately move the Court for authority to be excused from reporting requirements in accordance with Rule 2015.3(d).

13.     For the Substantial Interest Entities, the Debtor does not have ready access to the financial information of some of the entities and is working to obtain necessary information. In addition, under Rule 2015.3(e), the Debtor was required to send notice to the co-owners of the Substantial Interest Entities at least 14 days in advance of filing the first Financial Report. Due to the press of preparing for the IDI and completing the Schedules and SOFA, on the heels of this being an emergency filing to stop collection activities, the Debtor's professionals have not yet sent the Rule 2015.3(e) notices. Those notices will be sent forthwith, but the Debtor requires additional time for that notice period to run and to obtain necessary information about the Substantial Interest Entities.

14. Finally, as to the Wholly Owned Entities, the Debtor began the process of collecting information needed for the Financial Reports several weeks ago but has not been able to focus on those matters while the press of other case requirements were handled. In particular, the Debtor instructed the accounting staff at the Wholly Owned Entities to begin pulling the financial statements for each of the entities in preparation for completing the Financial Reports. For each of the entities, the initial Financial Reports require a substantial amount of information, including 2024 and 2025 financial statements, balance sheets, cash flow statements, and tax returns. This is, of course, a substantial amount of information to collect at a time when the Debtor was also focused on transitioning into Chapter 11, preparing and providing information for the IDI, completing the Schedules and SOFA, and preparing for the § 341 Meeting of Creditors.

15. Complicating the completion of the initial Financial Reports is recent turnover that the Debtor's Wholly Owned Entities have experienced with their accounting personnel. In early 2025, the Debtor's Wholly Owned Entities relied upon the work of a Controller and an accounting staff of four individuals. Unfortunately, in Spring 2025, the Controller was affected by a medical condition that left him unable to continue work. A new Controller was engaged, but it was found that the prior person handling the finances of the Wholly Owned Entities had fallen substantially behind. The new Controller has been working for months to update and correct 2024 and 2025 financials for the entities, but the work has been slow both due to the volume and complexity, as well as due to the accounting team now only being two individuals instead of the prior four. The Controller's focus was turned toward preparing the Financial Reports, but the quick filing of this case did not provide much time to complete preparations.

16. The Debtor's intent was to meet the Rule 2015.3(a) deadline for the filing of the initial Financial Reports, but he simply has been unable to meet that deadline. For example, of the 12 Wholly Owned Entities, the Debtor has only today received the needed draft financial statements for 4 of them, and due to finalizing the Schedules and SOFA, neither the Debtor nor his professionals have had the ability to review them.

17. With there being so many entities needing reporting, and with the complications of certain entities not having assets or operations, and the need to send out required notices, the Debtor believes that he needs another 31 days to file the initial Financial Reports. This additional timeline will further help reduce the burden on the UST and creditors in this case as it will permit the Debtor time needed to ensure that the Financial Reports are complete and accurate. The Debtor is rightly concerned that incomplete or inaccurate reports will generate unneeded litigation and discovery in this case, and time to be thorough will be paid back and more.

18. Finally, although the § 341 Meeting of Creditors is set for November 21, 2025, the Debtor will be providing as much information as possible to the UST about the various entities in advance of the meeting, and the UST has the ability to adjourn the meeting until additional needed information is provided. The Debtor will, to the extent possible, provide information and file Financial Reports on a rolling basis to limit delays. Further, the extended timeline for filing the Financial Reports will line up with the timeline for document production that has been proposed by Huntington in its request for a Rule 2004 examination of the Debtor. *See* Doc. 41.

## II. RELIEF REQUESTED & BASIS FOR RELIEF

19. Bankruptcy Rule 2015.3(a) requires the Debtor to file periodic Financial Reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a).

20. Bankruptcy Rule 2015.3(d), however, provides that after notice and a hearing, the Court may alter the reporting requirements established by subdivision (a) of Bankruptcy Rule 2015.3 for cause, including a debtor's inability, after a good faith effort, to comply with such requirements. Fed. R. Bankr. P. 2015.3(d). In addition, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 9006(b)(1), the Court may, "for cause shown," enlarge the period of time within which an act is required to be done. Fed. R. Bankr. P. 9006(b)(1).[3]

21. The Debtor has only been able to identify one case (unreported) that addressed a request for extension of time to file Financial Reports under Rule 2015.3: *In re Wellington*, 2020 WL 3125278 (Bankr. M.D.NC). In that case, the debtor asked to be excused from certain reporting requirements and also asked for an extension of time to file reports. While the Court did not excuse the reporting requirements, it did find that had "discretion to extend the time for filing under Federal Bankruptcy Rule 9006(b)(1)." *In re Wellington*, 2020 WL 3125278 at *4. It provided the debtor with an extension of approximately 50 days from the filing of the debtor's request. *Id.*

---

[3] Pursuant to Local Bankruptcy Rule 9006-1, when a motion to extend a deadline is filed before the expiration of such deadline, such deadline is automatically extended until the Court resolves the motion to the extend time, without requiring the issuance or entry of a bridge order extending time. See Local Rule 9006-1.

22. Although there are no other reported decisions that the Debtor can find, a search of other Chapter 11 filings shows that extensions of time for filing Financial Reports appears routine. For example, in the Murray Energy Holdings Co. cases, Judge Hoffman approved on a first day basis an extension of time for the debtors to file their Financial Reports until the later of 30 days after the 341 Meeting or 44 days from the petition date, without prejudice to further extensions. *See In re Murray Energy Holdings Co., et al.*, No. 19-56885, *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Granting Related Relief* (Doc. 108). In seeking this relief, the Murray Energy debtors pointed to multiple other cases where similar relief was granted. *See, also, In re Windstream Holdings, Inc.*, No. 19-22312 (Bankr. S.D.N.Y. Feb. 28, 2019) (granting debtors an extension to the later of 30 days after the 341 meeting and 44 days from the petition date to file 2015.3 Reports); *In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (Bankr. S.D.N.Y. Nov. 16, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Armstrong Energy, Inc.*, No. 17-47541 (Bankr. E.D. Mo. Nov. 8, 2017) (granting debtors an extension to the later of 15 days after the 341 meeting or 45 days after the petition date to file 2015.3 Reports); *In re Alpha Natural Resources, Inc.*, No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (granting debtors an extension until 45 days after the petition date to file 2015.3 Reports)[4].

23. As set forth above, the Debtor has attempted in good faith to comply with the requirements of Rule 2015.3(a) but has been unable to complete the reporting. The Debtor instructed the current Controller and accounting staff at the Wholly Owned Subsidiaries to begin

---

[4] Although the Debtor's affairs are certainly not as complex as the Murray Energy debtors, the Debtor also does not have the resources of large capital debtors and is relying on a limited staff.

11

compiling the required financial statements several weeks ago, but to date has only received reporting information needed on one-third of those entities. The Debtor relies upon individuals employed by the Wholly Owned Subsidiaries to provide this information, and it is not information that the Debtor could himself compile. Even if he could do so, the Debtor and his professionals have been engaged over the past several weeks in managing the transition into chapter 11, preparing for the IDI and § 341 Meeting, and completing his Schedules and SOFA (which were a massive undertaking despite the First Case filings). The press of initial bankruptcy matters has not left sufficient time to focus entirely on the Financial Reports, and the Debtor needs additional time to complete them.

24. In addition, the Debtor believes there is cause for extending the deadline to address issues related to the Minority Interest Entities, No Asset Entities, and Substantial Interest Entities. As to the Minority Interest Entities, although the presumption under Rule 2015.3(c) does not exist, the Debtor will need to provide information about those entities to the UST and interested parties so a determination can be made as to whether certain entities require reporting (or so a motion can be filed with the Court to make that determination). Similarly, for the 15 No Asset Entities, the Debtor anticipates providing sufficient information to the UST and interested parties to show that those entities have no operations on which to report and will thereafter seek relief from having to file blank reports for each of those entities.

25. As to the Substantial Interest Entities, the Debtor's undersigned professional failed, with regret, to recognize the need to send the Rule 2015.3(e) notice to the co-owners of those four businesses, which is required before the Financial Reports can be filed. That notice will be sent forthwith, but additional time is needed to complete that process. Moreover, while the Debtor is presumed to have a controlling interest in the Substantial Interest Entities, he and his team only

12

manage one of the entities (Northern Kentucky Assisted Living, LLC). The Debtor will need to obtain the information needed for the Financial Reports from the managers of the other Substantial Interest Entities and needs additional time to do so.

26. Finally, the requested relief will not prejudice any party in interest. The Debtor intends to work cooperatively with the UST and any interested creditor to provide access to relevant information regarding the business and financial affairs of the Debtor. Notably, Huntington has already filed for a Rule 2004 examination, and its requests (proposed to be due 45 days after the 2004 motion is granted) call for a great deal of the information that the Financial Reports will contain. And while the UST will be conducting the initial § 341 Meeting of Creditors prior to the filing of the Financial Reports, it also has the ability to adjourn the meeting if needed so as to reconvene as the reports are filed. In the meantime, the Debtor will provide what information he can that is available and, to the extent possible, will file the Financial Reports on a rolling basis to limit delays.

27. Ultimately, the Debtor's control over multiple businesses adds a substantial reporting burden to the start of his case that he had hoped to meet but simply could not. With an additional 31 days, the Debtor anticipates being able to resolve the questions about which entities require the reporting, provide the required notices under Rule 2015.3(e), and complete the initial required Financial Reports in a manner that allows them to be as complete and accurate as possible.

### III. CONCLUSION

The Debtor is working on a daily basis to ensure that he is in compliance with all applicable filing requirements, but his resources are limited while he still runs multiple businesses. He is acting in good faith to provide information quickly but believes there is cause to provide the additional time requested in this motion. Therefore, based upon the foregoing, it is respectfully

requested that the Court issue an order granting the Debtor an extension of time through December 15, 2025, to file the initial Financial Reports required under Rule 2015.3(a), and that the Court grant such other and further relief as is appropriate.

    Respectfully submitted,

    /s/ James A. Coutinho
    Thomas R. Allen   (0017513)
    Richard K. Stovall   (0029978)
    James A. Coutinho   (0082430)
    Andrew D. Rebholz   (0102192)
    Allen Stovall Neuman & Ashton LLP
    10 West Broad Street, Suite 2400
    Columbus, OH 43215
    allen@asnalaw.com; stovall@asnalaw.com
    coutinho@asnalaw.com; rebholz@asnalaw.com
    *Proposed Counsel for Debtor / Debtor in Possession*

# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
|     Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
|     Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME UNDER BANKRUPTCY RULE 2015.3(d) TO FILE REPORTS OF FINANCIAL INFORMATION ABOUT ENTITIES IN WHICH DEBTOR HOLDS A SUBSTANTIAL OR CONTROLLING INTEREST (DOC. \_\_\_\_)**

This matter comes before the Court on the *Motion for Extension of Time Under Bankruptcy Rule 2015.3(d) to File Reports of Financial Information About Entities in Which Debtor Holds a Substantial or Controlling Interest* (the "Motion") (Doc. \_\_\_), filed by Raymond Joseph Schneider, the debtor and debtor in possession in this case (the "Debtor"). Through the Motion, the Debtor requests an extension of the deadline for filing the initial financial reports (Official Form 426) for entities in which the Debtor holds a substantial or controlling interest (the "Financial Reports") as required by Bankruptcy Rule 2015.3(a).

15

The Motion was served on the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and those parties requesting notice in this case. The time period for filing an objection to the Motion has passed and no objection to the Motion has been filed.

Based on the matters contained in the Motion, proper service of the Motion having been completed, and no objection to the Motion having been filed, the Court finds the Motion to be well-taken and it is approved. The Debtor has demonstrated that cause exists under Rule 2015.3(d) to extend the deadline for the filing of the initial Financial Reports.

It is therefore ORDERED that the deadline for the Debtor to file the initial Financial Reports as required by Rule 2015.3(a) is hereby extended to December 15, 2025.

SO ORDERED.

SUBMITTED BY:

/s/ James A. Coutinho
Thomas R. Allen       (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz     (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Proposed Counsel for Debtor / Debtor in Possession*

**NOTICE OF MOTION FOR EXTENSION OF TIME UNDER BANKRUPTCY RULE 2015.3(d) TO FILE REPORTS OF FINANCIAL INFORMATION ABOUT ENTITIES IN WHICH DEBTOR HOLDS A SUBSTANTIAL OR CONTROLLING INTEREST**

The Debtor has filed a motion seeking an extension of time to file initial financial reports required by Bankruptcy Rule 2015.3.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

| | |
|---|---|
| Office of The United States Trustee | James A. Coutinho, Esq. |
| 550 Main Street | Allen Stovall Neuman & Ashton, LLP |
| Suite 4-812 | 10 West Broad Street, Suite 2400 |
| Cincinnati, OH 45202 | Columbus, Ohio 43215 |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further notice or hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion for Extension of Time Under Bankruptcy Rule 2015.3(d) to File Reports of Financial Information About Entities in Which Debtor Holds a Substantial or Controlling Interest* was served (i) electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court, and (ii) by ordinary U.S. Mail on November 14, 2025, addressed to the following:

See attached mailing matrix containing the Debtor, Office of the United States Trustee, Top 20 Unsecured Creditors, all secured creditors, and those parties requesting notice.

    /s/ James A. Coutinho
James A. Coutinho     (0082430)

**Asst US Trustee**
Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202-5212
*United States Trustee*

**Austin Z. Baurichter, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Park National Bank*

**Branden P. Moore, Esq.**
McGuireWoods LLP
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
*Counsel for Merrill Lynch, Pierce, Fenner & Smith Inc.*

**Brian Green, Esq.**
Shapero & Green, LLC
25101 Chagrin Boulevard
Beechwood, OH 44122
*Counsel for First Federal Savings & Loan Association of Lakewood*

**Christopher P. Schueller, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

**David Mullen, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**First Federal Savings Bank**
PO Box 250
Washington Court House, OH 43160
*Top 20*

**General Electric Credit Union**
10485 Reading Road
Cincinnati, OH 45241
*Top 20*

**Jon J. Lieberman, Esq.**
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
*Counsel for Heritage Bank*

**Kelly M. Neal, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

**Partick Hruby, Esq.**
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
*Counsel for First Merchants Bank*

**Patricia B. Fugée, Esq.**
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551
*Counsel for Civista Bank*

**Paul T. Saba, Esq.**
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, OH 45208
*Counsel for Stock Yards Bank & Trust Company*

**Raymond Joseph Schneider**
3515 Tiffany Ridge Lane
Cincinnati, OH 45241
*Debtor*

**Richard Boydston, Esq.**
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, OH 45202
*Counsel for First Merchants Bank*

**Rockland Trust Company**
288 Union Street
Rockland, MA 02370
*Top 20*

**Rudy J. Cerone, Esq.**
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
*Counsel for Bank of America, N.A.*

**Stefanie L. Deka, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**Steven M. Hartmann, Esq.**
Smith, Gambrell & Russell, LLP
155 North Wacker Drive, Stuite 3000
Chicago, IL 60606
*Counsel for Transamerica Life Insurance Company*

**Susan M. Argo, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Three Notes, LLC & Park National Bank*

**Timothy P. Palmer, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

| **Tricia Morra, Esq.** | **Truist Bank** | **Whitney L. Mosby, Esq.** |
|---|---|---|
| ALDRIDGE PITE, LLP | PO Box 79041 | Dentons Bingham Greenebaum LLP |
| 3333 Camino del Rio South, Suite 225 | Baltimore, MD 21279 | 2700 Market Tower |
| San Diego, CA 92108 | *Secured Creditor* | 10 West Market Street |
| *Counsel for Nationstar Mortgage, LLC* | | Indianapolis, IN 46204 |
| | | *Counsel for First Merchants Bank* |