**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
|     Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
|     Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

### MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS

Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"), moves to establish a standard process for monthly payment of compensation for attorneys and other professionals who have been or may be retained under 11 U.S.C. § 327. Specifically, the Debtor seeks to have the Court adopt the procedures contained in the Court's *Procedures for Complex Chapter 11 Cases* (the "Complex Rules"). The Complex Rules permit monthly payment of 90% of fees and 100% of expenses incurred by professionals on a monthly basis, with interim and final compensation subject to approval under 11 U.S.C. §§ 330 and 331. Given the complexity of this case and the amounts anticipated to be incurred by professionals, the Debtor believes that it is appropriate to adopt the same procedures in this case as found in the Complex Rules.

A memorandum in support follows, and a proposed order is attached as <u>Exhibit A</u>.

                                                        Respectfully submitted,

                                                        /s/ James A. Coutinho
                                                      Thomas R. Allen    (0017513)
                                                      Richard K. Stovall  (0029978)
                                                      James A. Coutinho (0082430)
                                                      Andrew D. Rebholz (0102192)
                                                      Allen Stovall Neuman & Ashton LLP
                                                      10 West Broad Street, Suite 2400
                                                      Columbus, Ohio 43215
                                                      allen@asnalaw.com; stovall@asnalaw.com
                                                      coutinho@asnalaw.com; rebholz@asnalaw.com
                                                      *Counsel for Debtor / Debtor in Possession*

**MEMORANDUM IN SUPPORT**

**I.   BACKGROUND INFORMATION**

1.   This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.   Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.   This is the second chapter 11 bankruptcy filing for the Debtor. The first case—Case No. 23-10337 (the "First Case")—was filed on March 2, 2023, and dismissed on February 27, 2024, after the Debtor moved for a voluntary dismissal. *See Memorandum Opinion Granting Debtor's Amended Motion to Voluntarily Dismiss Chapter 11 Case*, First Case Doc. 344 (the "Dismissal Opinion"), and *Order Dismissing Chapter 11 Case*, First Case Doc. 345.

4.   The Debtor's primary reason for dismissing the First Case was that the judgment in favor of The Huntington National Bank ("Huntington") had been overturned on appeal to the Ohio First District Court of Appeals. Dismissal Opinion at p. 6. However, on August 20, 2025, the Ohio Supreme Court reversed, reinstating the judgment in favor of Huntington. *See Huntington Natl. Bank v. Schneider*, 2025-Ohio-2920, *reconsideration denied sub nom. Huntington Natl. Bank v. Schneider*, 2025-Ohio-3266, 179 Ohio St.3d 1478.

5.   Huntington reinstated its collection efforts, including filing over a dozen garnishments against the Debtor's accounts, filing for charging orders, instructing the local Sheriff to seize personal assets, filing a fraudulent transfer complaint, and seeking the appointment of a receiver. Like the First Case, this second chapter 11 filing was initiated to stop collection actions by Huntington and provide the Debtor with an opportunity to submit a plan of reorganization to restructure his financial affairs under the protections offered by the Bankruptcy Code.

6. The background of the Debtor is familiar to the Court and the parties to this case. The Court has heard testimony regarding the Debtor's background and financial affairs and has written opinions detailing those facts in the First Case. *See* Dismissal Opinion; *see also Order Denying Emergency Motion of The Huntington National Bank for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)*, First Case Doc. 78.

7. Since the filing of this case, the Debtor has completed and filed his schedules, participated in the § 341 Meeting of Creditors, and begun efforts to formulate a plan. The Debtor intends to devise an appropriate manner for the liquidation of assets to pay his debts, and eventually propose a plan of reorganization for the Court's consideration.

8. The Debtor has filed applications to employ the following professionals, and may seek to employ other professionals during this case (together, the "Professionals"):

   a. Allen Stovall Neuman & Ashton LLP ("ASNA") as lead bankruptcy counsel (application at Doc. 6; approved by order at Doc. 61);

   b. Goering & Goering, LLC, the Debtor's bankruptcy counsel from the First Case, in a limited capacity as co-counsel and local counsel (application at Doc. 47 is still pending);

   c. Cummins Law, LLC, as special counsel to represent the Debtor in the continued pursuit of the Debtor's claims against Huntington in the case of *Schneider v. Huntington National Bank, et al.*, Case No. A2300849 (the "Lawsuit"), pending before the Hamilton County Court of Common Pleas (the "State Court") (application at Doc. 30; amended application at Doc. 71 is still pending); and

   d. Robinson Law Firm, LLC, as special counsel to assist as co-counsel in the State Court Lawsuit (application at Doc. 48 is still pending).

9. The order approving the ASNA employment (Doc. 61) approved the payment of 85% of fees and 100% of expenses on a monthly basis, but the other applications did not seek the same relief. For consistency, and to ensure fees are maintained through a standard procedure, the Debtor seeks to have all professionals compensated through the procedures outlined in this motion (that is, 90% of fees and 100% of expenses each month, consistent with the Complex Rules).

## II. PROPOSED COMPENSATION PROCEDURES

10. Pursuant to section 331 of the Bankruptcy Code, all professionals employed under sections 327 of the Bankruptcy Code are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more frequently if the Court so permits. The Debtor requests that procedures be established for compensating and reimbursing Professionals appointed in this case on a monthly basis.

11. The purpose of the monthly compensation procedure is two-fold: First, the monthly compensation procedures will enable parties in interest to monitor the professional fees and expenses incurred in this chapter 11 case on a regular basis. Second, the procedures will minimize the financial risk and burden on the Professionals of having to wait months between payment, while still ensuring interim and final compensation under 11 U.S.C. §§ 330 and 331 is reviewed by the Court.

12. The Debtor proposes that the procedures outlined in the Complex Rules be followed. Those procedures are as follows:

   a. On or before the 15th day of each month, each of the Professionals employed in this case shall deliver to the Debtor a statement of services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to Debtor's counsel, the Debtor, and the Office of the United States Trustee (collectively, the "Notice Parties"). The Debtor shall pay 90% of fees and 100% of expenses in each statement within ten (10) days of receipt, provided sufficient funds are available, and provided further that the Debtor does not object to the fees and expenses. These payments shall be

     subject to the Court's review as part of the standard fee application process, which shall take place approximately every 120 days (as described below).

  b. Every 120 days, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months, and (ii) payment of the 10% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before March 31, 2026, and shall cover the period from the Petition Date through February 28, 2026. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as such application is submitted. Nothing in these procedures alters the notice requirements for interim and final fee applications.

  c. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

  d. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

13. If approved, these procedures will enable parties in interest to monitor the Debtor's costs of administration and allow the Debtor to avoid accruing, but not paying, significant professional fees.

14. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. This section expressly permits the Court to reduce the time for filing fee applications.

5

15. Section 105(a) of the Bankruptcy Code further provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, it is within the Court's equitable power to grant the relief requested herein.

16. Interim compensation on a monthly basis is generally allowed when the case meets certain standards. *See U.S. Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668, 672-673 (9th Cir. B.A.P. 1988); *In re Stein*, 502 B.R. 81, fn. 1 (Bankr. E.D. Pa. 2013) ("…courts will permit the interim payment of fees conditioned on later approval by the bankruptcy court."), citing *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723 (Bankr. D. Del. 2000); *In re Truong*, 259 B.R. 264, 268-269 (Bankr. D. N.J. 2001). Courts in this district and elsewhere have allowed such compensation in comparable, complex chapter 11 cases.[1]

17. Courts have permitted counsel and professionals to be compensated on an interim monthly basis, and even through other atypical compensation procedures, when the following criteria are met: (i) the case is unusually large, such that a large amount of fees accrue each month; (ii) waiting an extended amount of time for payment would place an undue burden on counsel; (iii) the court believes that counsel will be able to respond to reassessment; and (iv) that the compensation procedure is subject to notice and a hearing. *In re Golden Fleece Beverages, Inc.*, 2021 WL 6015422, at *4-5 (Bankr. N.D. Ill. Nov. 24, 2021), citing *Knudsen Corp.*, 84 B.R. at 672-673.

---

[1] *See, e.g., In re Murray Metallurgical Coal Holdings, LLC*, Case No. 20-10390, Doc. 235 (JEH) (Bankr. S.D. Ohio Mar. 11, 2020) (order authorizing the retention and monthly compensation of certain professionals); *In re Murray Energy Holdings Co.*, Case No. 19-56885, Doc. 383 (JEH) (Bankr. S.D. Ohio Dec. 10, 2019); *In re Johnson*, Case No. 14-57104, Doc. 78 (JEH) (Bankr. S.D. Ohio Dec. 8, 2014) (agreed order establishing procedures for monthly compensation and reimbursement of expenses for professionals); *see also In re The Bellevue Hospital*, Case No. 25-30191, Doc. 174 (MAW) (Bankr. N.D. Ohio Mar. 6, 2025) (order establishing procedures for interim compensation and reimbursement of expenses for professionals on a monthly basis); *In re TOMS King (Ohio), LLC*, Case No. 23-50001, Doc. 245 (AMK) (Bankr. N.D. Ohio Feb. 1, 2023) (same).

18. Courts have also acknowledged that there are other important factors that should be considered, such as the payment plan's economic impact on the debtor's ongoing business operations, the ability of the debtor to reorganize, the debtor's ability to monitor and control its administrative costs, and the reputation of the debtor's professionals. *See In re Kearney*, 2025 WL 1949468, at *3 (Bankr. N.D. N.Y. July 15, 2025), citing *Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676, 680 (Bankr. D. Colo. 1992); *see also Mariner Post-Acute Network*, 257 B.R. at 731.

19. Small law firms face the same—if not greater—challenges, burdens, costs, and/or inconveniences as larger firms when they are unable to receive regular payments. Therefore, smaller firms should receive the same treatment. *See Jefferson Bus. Ctr. Assocs.*, 135 B.R. at 680; *see also Truong*, 259 B.R. at 268.

20. The factors listed above apply to the instant case and suggest that the Professionals should be permitted to be paid in accordance with the requested payment schedule outlined in this motion. This case is large, such that a large amount of fees will accrue each month, and an undue burden would be placed on the Debtor and his Professionals if monthly compensation is not allowed.

21. The procedure for fees and expenses outlined above will be subject to adequate notice, as well as a hearing before the Court in conjunction with the interim fee application process, and there is no reason for the Court to believe that any Professionals will not be able to respond to reassessment. All creditors and parties in interest will retain the ability to object to interim and final fee applications, and the Professionals remain subject to adjustments being made (either out of the 10% holdback or through repayment). Further, the Debtor's ongoing business operations would be compromised if monthly compensation were not allowed, along with the Debtor's ability to reorganize in this case and its ability to monitor and control its administrative costs. In particular,

the Debtor needs to be able to assess ongoing costs of litigation in the State Court Lawsuit to know the costs and benefits of that litigation, and he needs to be able to pay litigation expenses on a monthly basis to ensure that his Professionals are properly supported.

22. As for the reputation of the Debtor's Professionals, the Debtor would submit that, given that the Court will have approved an application for the Debtor to employ and retain each of the Professionals in this case, that should suffice in terms of convincing the Court of the Professionals' respective reputations.

23. Finally, the fact that the Debtor is merely proposing to mimic the Complex Rules is another factor for approval here. The Complex Rules apply to non-individual chapter 11 debtors with at least $10 million in debt. In those cases, the Complex Rules allow the particular debtor to opt into complex case treatment and no order from the Court is required for adoption of these monthly compensation procedures. Here, the Debtor has many times the minimum debt requirements set forth in the Complex Rules; the only reason those rules do not apply to him is that they do not apply to individual debtors.

24. While the Complex Rules expressly exclude individual debtors, this exclusion does not reflect a substantive barrier to the relief sought here. The Bankruptcy Code's provisions governing professional compensation and retention—sections 327, 330, and 331—apply uniformly to all Chapter 11 cases, making no distinction between individual and non-individual debtors. See 11 U.S.C. §§ 327, 330, 331. The policy animating the Complex Rules, including streamlined monthly compensation procedures, is to facilitate efficient administration in large, intricate reorganizations by attracting qualified professionals, enabling regular monitoring of fees, and alleviating undue financial burdens that could hinder case progress. These objectives are equally compelling in this individual Chapter 11 case, which involves debts far exceeding the $10

million threshold, multiple retained professionals, ongoing state court litigation, and the need for structured asset liquidation, all of which are hallmarks of complexity typically associated with non-individual debtors. To be sure, the Court already approved a monthly compensation process for ASNA, and through this motion the Debtor seeks to standardize it for all professional.

25. Accordingly, the Debtor's request that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis should be granted.

### III. CONCLUSION

For the foregoing reasons, granting the relief requested is appropriate and in the best interests of all parties in interest. The Debtor respectfully requests that the Court enter an order, substantially in the form of <u>Exhibit A</u>, adopting the professional compensation procedures from the Complex Rules, and granting such other relief as is appropriate.

Respectfully submitted,

/s/ James A. Coutinho
Thomas R. Allen      (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho    (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
|    Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
|    Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

### ORDER GRANTING MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS (DOC. \_\_\_\_)

This matter comes before the Court on the *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis* (the "Motion") (Doc. \_\_\_), filed by Raymond Joseph Schneider, the debtor and debtor in possession in this case (the "Debtor"). Through the Motion, and pursuant to sections 105(a) and 331 of the Bankruptcy Code, the Debtor seeks an order establishing an orderly process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by the Debtor's attorneys and other professionals.

The Motion was served on the Office of the United States Trustee, the twenty largest unsecured creditors, and those parties requesting notice in this case.

Upon review of the matters presented in the Motion, the Court is satisfied that the relief sought in the Motion is in the best interests of the Debtor, his estate, his creditors, and all other parties in interest. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The Court finds the Motion to be well-taken and it is approved.

It is therefore ORDERED as follows:

1. The following procedures for interim compensation and reimbursement of expenses of Professionals[2] on a monthly basis shall be, and hereby are, established:

   a. On or before the 15th day of each month, each of the Professionals employed in this case shall deliver to the Debtor a statement of services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to Debtor's counsel, the Debtor, and the Office of the United States Trustee (collectively, the "Notice Parties"). The Debtor shall pay 90% of fees and 100% of expenses in each statement within ten (10) days of receipt, provided sufficient funds are available, and provided further that the Debtor does not object to the fees and expenses. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every 120 days (as described below).

   b. Every 120 days, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months, and (ii) payment of the 10% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before March 31, 2026, and shall cover the period from the Petition Date through February 28, 2026. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as such application is submitted. Nothing in these procedures alters the notice requirements for interim and final fee applications.

---

[2] Capitalized terms not defined herein shall be given the meaning set forth in the Motion.

      c.      The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

      d.      Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

2. All fees paid to the Professionals retained in this case pursuant to this order are subject to final approval of the Court. Nothing herein shall be construed to in any way limit the ability of the Court, the United States Trustee, or any other party in interest to review and evaluate the reasonableness or propriety of any fees and expenses requested or paid pursuant to this order.

SO ORDERED.

SUBMITTED BY:

/s/ James A. Coutinho
Thomas R. Allen    (0017513)
Richard K. Stovall   (0029978)
James A. Coutinho  (0082430)
Andrew D. Rebholz  (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

## NOTICE OF MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS

The Debtor has filed a motion seeking to establish procedures for interim compensation and reimbursement of expenses for its professionals on a monthly basis.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the Court's ECF system.

The Court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by (1) the Court's ECF system, or (2) regular U.S. Mail to:

| | |
|---|---|
| Office of the United States Trustee | James A. Coutinho, Esq. |
| 550 Main Street, Suite 4-812 | Allen Stovall Neuman & Ashton, LLP |
| Cincinnati, OH 45202 | 10 West Broad Street, Suite 2400 |
| | Columbus, OH 43215 |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further notice or hearing.

13

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis* was served (i) electronically on the date of filing through the Court's ECF system on all ECF participants registered in this case at the email address registered with the Court, and (ii) by ordinary U.S. Mail on December 12, 2025, addressed to the following:

    See attached mailing matrix containing the Debtor, the Office of the United States Trustee, the Top 20 Unsecured Creditors, all secured creditors, and those other parties requesting notice.

                                  /s/ James A. Coutinho
                                  James A. Coutinho     (0082430)