**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Beth A. Buchanan
United States Bankruptcy Judge

**Dated: January 13, 2026**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**ORDER GRANTING MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS (DOC. 73)**

This matter comes before the Court on the *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis* (the "Motion") (Doc. 73), filed by Raymond Joseph Schneider, the debtor and debtor in possession in this case (the "Debtor"). Through the Motion, and pursuant to sections 105(a) and 331 of the Bankruptcy Code, the Debtor seeks an order establishing an orderly process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by the Debtor's attorneys and other professionals.

The Motion was served on the Office of the United States Trustee, the twenty largest unsecured creditors, and those parties requesting notice in this case.

1

Upon review of the matters presented in the Motion, the Court is satisfied that the relief sought in the Motion is in the best interests of the Debtor, his estate, his creditors, and all other parties in interest. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The Court finds the Motion to be well-taken and it is approved.

It is therefore ORDERED as follows:

1. The following procedures for interim compensation and reimbursement of expenses of Professionals[1] on a monthly basis shall be, and hereby are, established:

    a. On or before the 15th day of each month, each of the Professionals employed in this case shall deliver to the Debtor a statement of services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to Debtor's counsel, the Debtor, and the Office of the United States Trustee (collectively, the "Notice Parties"). The Debtor shall pay 90% of fees and 100% of expenses in each statement within ten (10) days of receipt, provided sufficient funds are available, and provided further that the Debtor does not object to the fees and expenses. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every 120 days (as described below).

    b. Every 120 days, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months, and (ii) payment of the 10% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before March 31, 2026, and shall cover the period from the Petition Date through February 28, 2026. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as such application is submitted. Nothing in these procedures alters the notice requirements for interim and final fee applications.

    c. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

---

[1] Capitalized terms not defined herein shall be given the meaning set forth in the Motion.

2

d.      Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

2.      All fees paid to the Professionals retained in this case pursuant to this order are subject to final approval of the Court. Nothing herein shall be construed to in any way limit the ability of the Court, the United States Trustee, or any other party in interest to review and evaluate the reasonableness or propriety of any fees and expenses requested or paid pursuant to this order.

SO ORDERED.

SUBMITTED BY:

 /s/ James A. Coutinho
Thomas R. Allen       (0017513)
Richard K. Stovall     (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

3