**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**APPLICATION TO EMPLOY GBQ CONSULTING, LLC, AS APPRAISER**

Raymond Joseph Schneider, debtor and debtor in possession (the "Debtor"), applies to the Court for an order authorizing, as of the date this application was filed, the employment of GBQ Consulting, LLC ("GBQ") as an appraiser for the Debtor pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio. The Debtor further seeks authorization to provide GBQ with a post-petition retainer pursuant to 11 U.S.C. § 328(a), with all compensation subject to the procedures established in this case and ultimate approval by the Court.

In support of this Application, the Debtor submits the affidavit of Rebekah A. Smith of GBQ, which is attached as Exhibit A (the "Affidavit"). The proposed engagement letter for GBQ is attached as Exhibit B. A proposed order granting this Application is attached as Exhibit C.

In support of this application, the Debtor respectfully represents as follows:

**I.    JURISDICTION AND BACKGROUND INFORMATION**

1.    This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.    Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.    In the Debtor's Schedules of Assets and Liabilities (the "Schedules"), he disclosed 43 entities in which he currently has an interest. The valuation of those entities is going to be

important as the Debtor prepares a chapter 11 plan of reorganization, as the Debtor must, among other things, satisfy the best interest of creditors test in 11 U.S.C. § 1129(a)(7). Further, if the Debtor is to liquidate any business interests in advance of confirmation of a chapter 11 plan, he will need to establish valuation in conjunction with any sale proceeding under 11 U.S.C. § 363.

4. The 43 business interests owned by the Debtor can be split into three categories. First, there are 16 active entities in which the Debtor does not own the entire business. Those are as follows:

| Entity Name | Debtor's Interest |
|---|---|
| 5150 East Galbraith Road, LLC | 33.33% |
| Corporate Park Investors, Ltd | 5.50% |
| Delhi Plaza Associates, Ltd. | 10.00% |
| Executive Park Investors, Ltd. | 5.00% |
| Glidden House Partners, Ltd. | 3.56% |
| Grasshopper Investments, LLC | 0.50% |
| Hamilton II, LLC | 6.00% |
| HRM Realty Holding, Ltd. | 33.33% |
| KPT7 Holding Company, LLC | 0.50% |
| Montclair Investors, Ltd. | 5.00% |
| Northern Kentucky Assisted Living, LLC | 85.00% |
| RH Real Estate Investments, LLC | 50.00% |
| TheCard, LLC | 2.32% |
| To Life, Ltd. | 8.42% |
| Topco America, LLC dba Range USA | 0.48% |
| Waldorf Partners, LP | 6.25% |

5. Second, there are 15 entities in which the Debtor holds a substantial or controlling interest, but the entities are defunct or have never been active, and they have no assets and operations to report. Those entities are as follows:

| Entity Name | Debtor's Interest |
|---|---|
| 54 Realty, Ltd. | 50.00% |
| 72 Ventures, Ltd. | 50.00% |
| East Galbraith Health Care Center, Inc. | 33.33% |
| Euclid Health Care, Inc. | 50.00% |
| IF2, LLC | 100.00% |
| Keller Road Realty Co., LLC | 50.00% |

2

| | |
|---|---|
| Kenwood Terrace Health Care Center, Inc. | 50.00% |
| Lebanon RD, LLC | 100.00% |
| Loveland RD Realty, LLC | 100.00% |
| Loveland RD, LLC | 100.00% |
| R & T Development, LLC | 100.00% |
| Seminole Avenue Realty, LLC | 50.00% |
| Southbrook Health Care Center, Inc. | 50.00% |
| Steiger Road Realty, LLC | 50.00% |
| The Red at Madison Circle, LLC | 100.00% |

6. Finally, there are 12 entities in which the Debtor is the sole owner that have assets and ongoing operations:

| Entity Name | Debtor's Interest |
|---|---|
| Boston RD, LLC | 100.00% |
| Circle Development of Cincinnati, LLC | 100.00% |
| Grasshopper Investments II, LLC | 100.00% |
| Hyde Park Circle, LLC | 100.00% |
| Madison Warehouse, LLC | 100.00% |
| Mason RD, LLC | 100.00% |
| North Short RD, LLC | 100.00% |
| Northern Kentucky Retirement Community, LLC | 100.00% |
| Schneider-Grasshopper, Inc. | 100.00% |
| The Gatherings of Blue Ash, LLC | 100.00% |
| The Red Corner, LLC | 100.00% |
| To Life III, LLC | 100.00% |

7. The business affairs and operations of these entities are wide ranging, but some are less complex than others. For example, several companies are nothing but real estate holding companies that do not have active operations. The valuation of those entities, especially when wholly owned, is likely as simple as valuing the real property they own.

8. However, the operating businesses require a more complex valuation of the Debtor's ownership interest in the company, which is often less than a complete ownership interest. For that, the Debtor will need an appraiser to evaluate the business affairs of each entity and to determine an accurate value for the Debtor's interest, including by reviewing the corporate governance documents to determine any limitations on the Debtor's ability to monetize his interest.

3

9. This appraiser may need to be available to testify at sale hearings and at a confirmation hearing regarding its findings.

10. The Debtor proposes using GBQ, and its partner Rebekah Smith in particular, for these important services.

## II. STANDARD FOR RETENTION

11. The standards for the retention of a professional are set forth in 11 U.S.C. §327(a), Fed.R.Bankr.P. 2014, and LBR 2014-1. To retain a professional, the Debtor must show:

   a. that the professional does not hold or represent an interest adverse to the estate 11 U.S.C. 327(a);

   b. that, as defined by 11 U.S.C. §101(14), the professional is a "disinterested person", *Id.*;

   c. that the employment is necessary and the reasons for selecting the professional, Fed.R.Bankr.P. 2014(a);

   d. the professional services to be rendered, *Id.*;

   e. the proposed arrangement for compensation of the professional, *Id.*;

   f. any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, *Id.*;

   g. the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

   h. the amount, date paid, and source of any fees paid to the professional from a period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2); and

   i. the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

12. In addition to the required contents of the application, the application must also be accompanied by a verified statement from the professional:

   a. setting forth the professional's connections with the debtor, equity security holders of the debtor, creditors, any other party in interest, their respective

4

      attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, Fed R.Bankr.P. 2014(a);

    b. establishing the lack of any adverse interest to the estate; and

    c. establishing that the proposed employment is not prohibited by or improper under Fed.R.Bankr.P. 5002.

**III.    RETENTION AND EMPLOYMENT OF GBQ**

13.    Through this Application and pursuant to 11 U.S.C. 327(a), the Debtor seeks to employ and retain GBQ to serve as a business appraiser to assist the Debtor in obtaining business valuations.

14.    The Debtor selected GBQ because of its reputation for high-quality appraisal services, its knowledge of the industry, the licensing of its professionals, and its ability to deliver the reports needed by the Debtor in this case. GBQ further has professionals with extensive experience in acting as expert witnesses, which will be needed in this proceeding. Accordingly, the Debtor believes that GBQ is well-qualified and able to serve in this capacity and GBQ has agreed to this engagement.

15.    The professional services to be rendered by GBQ include the following:

    a. obtaining and reviewing substantial documentation related to the Debtor's various businesses in order to assess the nature of their financial affairs and the interest of the Debtor in those entities;

    b. using industry standard methods to appraise those entities that the Debtor deems are in need of appraisals;

    c. prepare such appraisal reports as the Debtor deems necessary during the course of this case;

    d. prepare expert reports in litigation and provide testimony at depositions and hearings, if needed; and

    e. performing other similar services on behalf of the Debtor that are typical for an appraiser in a chapter 11 case.

16. It is necessary and essential that Debtor, as debtor in possession, employ and retain GBQ to render the foregoing professional services.

17. GBQ has informed the Debtor that, to the extent any of its professionals are required to hold licenses for the work that they are anticipating completing for the Debtor, those licenses are active and in good standing.

18. As set forth in the Affidavit, GBQ is not engaged by any other entity involved in this case. GBQ has completed a conflict check in accordance with its professional standards, including by reviewing the list of creditors from this case and a list of all of the entities that the Debtor owns. It did not identify any conflict.

19. GBQ does not hold or represent any interest adverse to the estate as required by 11 U.S.C. §327(a). GBQ is a disinterested person as required by 11 U.S.C. 327(a) and as defined in 11 U.S.C. 101(14). GBQ is neither related to nor connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. GBQ is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

20. The employment of GBQ is proper under and satisfies the provisions of Bankruptcy Rule 5002.

21. Other than as set forth herein, to the best of Debtor's knowledge, information and belief, and except as otherwise disclosed in the Affidavit, GBQ has no connection, past or present, with the Debtor, any of the companies owned by the Debtor, any general or limited partner therein, or any director, member, or trustee of any such general or limited partner, or any other party-in-interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. In the interest of full disclosure, GBQ has

disclosed that it has been engaged by the Debtor's legal counsel, Allen Stovall Neuman & Ashton LLP ("ASNA"), and by other clients of ASNA in past legal matters to serve in various professional capacities, including as an expert witness. There are not presently any such engagements ongoing.

22. The Debtor requests that the employment and retention of GBQ be effective as of the date of this application.

V. **PROPOSED COMPENSATION OF GBQ**

  A. **Hourly Rates**

23. Subject to this Court's approval, GBQ will charge the Debtor for its services using its standard hourly rates in effect on the date such services are rendered. The 2026 standard hourly rates for GBQ are as follows:

| Title | Hourly Rates |
|---|---|
| Rebekah Smith | $575 |
| Director/Partner | $400 – $525 |
| Senior Manager | $275 – $350 |
| Manager | $215 – $270 |
| Senior | $150 – $210 |
| Intern/Staff | $115 – $145 |

  B. **Reimbursement of Expenses**

24. The Debtor further understands that GBQ will bill its customary reimbursements as charged generally to its clients. GBQ is customarily reimbursed for all expenses incurred by it in connection with the work it undertakes for a client in any given manner.

  C. **Retainer**

25. GBQ has not received any payment or compensation from the Debtor yet.

26. It is the standard practice of GBQ to obtain a retainer from clients in advance of providing services. As such, GBQ has requested from the Debtor that it be paid a $15,000.00 retainer at the outset of its engagement.

27. The Court is permitted to approve the compensation of professionals "on any reasonable terms and conditions of employment, including on a retainer…." 11 U.S.C. § 328(a); *In re Kearney*, 2025 WL 1949468, at *2 (Bankr. N.D.N.Y.) ("[C]ourts across the country have generally concluded that post-petition retainers are governed by, and permitted under, § 328(a).") (citing cases); *In re Golden Fleece Beverages, Inc.*, 2021 WL 6015422, at *3 (Bankr. N.D. Ill.) ("Nothing in the Code prohibits a chapter 11 debtor from providing its chosen professional with a postpetition retainer; indeed, the Code supports it.").

28. Here, given the large number of entities that GBQ will potentially be evaluating and the complexities of this case in general, the Debtor believes that it is appropriate to protect GBQ's business interests by providing a reasonable retainer. The Debtor believes the amount requested is appropriate in this instance, especially in light of the established compensation procedures in the case. GBQ is aware that all of its compensation is still subject to Court approval.

## VII. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests the Court enter an order authorizing the Debtor to employ GBQ as an appraiser, effective as of the date of this application, upon the terms and conditions set forth herein, including the ability to pay a post-petition retainer, and granting such other and further relief as is appropriate.

Respectfully submitted,

/s/ James A. Coutinho
James A. Coutinho (0082430)
Andrew D. Rebholz (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500  F: (614) 221-5988
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

8

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**AFFIDAVIT OF REBEKAH A. SMITH IN SUPPORT OF**
**APPLICATION TO EMPLOY GBQ CONSULTING, LLC, AS APPRAISER**

STATE OF OHIO           }
COUNTY OF FRANKLIN  } SS:

I, Rebekah A. Smith, being first duly sworn, state:

1. I make this affidavit in support of the *Application to GBQ Consulting as Appraiser* (the "Application").

2. I am a partner with GBQ Consulting, LLC ("GBQ") the proposed appraiser named in the Application. I am authorized to make this affidavit on behalf of GBQ. I have personal knowledge of the matters set forth herein.

3. Raymond Joseph Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), desires to engage GBQ as an appraiser in this case pursuant to 11 U.S.C. § 327(a) to assist with valuation matters.

4. Each person at GBQ that will be working on the Debtor's matters holds licenses for the work that they are anticipating completing for the Debtor, and those licenses are active and in good standing.

5. The representations in the Application are true to the best of my knowledge.

6. In connection with its proposed retention by Debtor in this case, GBQ conducted a conflict check to determine whether it had any relationships with the Debtor, his family, his secured and unsecured creditors, and his companies and related creditors, members or managers.

**EXHIBIT A**

In particular, GBQ checked for conflicts among all of the creditors listed in the Debtor's bankruptcy filing and further reviewed a list of the Debtor's entities and their various co-owners. The research conducted by GBQ indicates that it does not have a conflict.

7. Neither I nor GBQ have any past or present relationship to the Debtor, the Debtor's family, the Debtor's companies (or any owner, member or manager thereof), nor any creditors of the Debtor. Further, neither I nor GBQ have any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee. In the interest of full disclosure, GBQ has been engaged by the Debtor's legal counsel, Allen Stovall Neuman & Ashton LLP ("ASNA"), and by other clients of ASNA in past legal matters to serve in various professional capacities, including as an expert witness. There are not presently any such engagements ongoing.

8. GBQ and I are disinterested persons as required by 11 U.S.C. § 327 and as defined in 11 U.S.C. § 101(14). No one at GBQ is either related to or connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. GBQ is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

9. The employment of GBQ and me is not prohibited by or improper under Fed.R.Bankr.P. 5002.

10. No understanding or agreement exists for a division of fees or compensation between me, the firm of GBQ or any other person or entity except for such division of compensation as exists among partners of GBQ.

11. GBQ and I have been provided a copy of the order establishing professional compensation procedures in this case and agree to abide by those procedures. We are aware that

# EXHIBIT A

all compensation for GBQ is subject to Court approval, and any application of a retainer is subject to the foregoing.

12. I declare under penalty of perjury that the foregoing is true and correct.

_____
Rebekah A. Smith

Sworn to before me and subscribed in my presence on February 11, 2026.

_____
Notary Public

AUTUMN CRIST BORDERS
Notary Public
State of Ohio
My Comm. Expires
January 2, 2028

EXHIBIT C
PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
|     Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
|     Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

## ORDER GRANTING APPLICATION TO EMPLOY GBQ CONSULTING, LLC, AS APPRAISER (DOC. ___)

This matter is before the Court upon the *Application to Employ GBQ Consulting, LLC as Appraiser* (the "Application") (Doc. ___). Through the Application, Raymond Joseph Schneider, the chapter 11 debtor and debtor in possession in this case (the "Debtor"), seeks to employ GBQ Consulting, LLC ("GBQ") as an appraiser for the Debtor pursuant to 11 U.S.C. § 327(a). The Debtor further seeks authorization to provide GBQ with a post-petition retainer pursuant to 11 U.S.C. § 328(a), with all compensation subject to the procedures established in this case and ultimate approval by the Court.

The Application was served on the Debtor, the Office of the United States Trustee, the twenty largest unsecured creditors, and those other parties requesting notice. The time for filing

**EXHIBIT C**
**PROPOSED ORDER**

an objection to the Application has lapsed and no objection was filed.

Based upon the matters contained in the Application, and the Affidavit of Rebekah A. Smith attached to the Application, proper service of the Application having been completed and no objections to the Application having been filed, the Court finds that the employment of GBQ as an appraiser should be, and it hereby is, approved.

It is therefore ORDERED as follows:

1. The employment of GBQ as an appraiser for the Debtor is approved effective as of date the Application was filed, on the terms and conditions set forth in the Application.

2. The Debtor is authorized to pay to GBQ a post-petition retainer in the amount of $15,000.00, which will be held in trust by GBQ to be applied as permitted in this proceeding.

3. GBQ's compensation is subject to the professional compensation procedures in this case, subject to final Court approval.

SO ORDERED.

SUBMITTED BY:

/s/ James A. Coutinho
James A. Coutinho  (0082430)
Andrew D. Rebholz  (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500   F: (614) 221-5988
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

Copies to Default List plus Top 20 and additional party:

GBQ Consulting LLC
c/o Rebekah A. Smith
230 West Street, Suite 700
Columbus, OH 43215

## **NOTICE OF APPLICATION TO EMPLOY GBQ CONSULTING, LLC, AS APPRAISER AND CERTIFICATE OF SERVICE**

The Debtor has filed an application seeking to employ GBQ Consulting, LLC, as an appraiser to assist with valuing the Debtor's business interests.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Application, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Application**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

| | |
|---|---|
| Office of The United States Trustee | James A. Coutinho, Esq. |
| 550 Main Street | Allen Stovall Neuman & Ashton, LLP |
| Suite 4-812 | 10 West Broad Street, Suite 2400 |
| Cincinnati, OH 45202 | Columbus, Ohio 43215 |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without further notice or hearing.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Application to Employ GBQ Consulting, LLC, as Appraiser* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on February 12, 2026, addressed to:

      See attached mailing matrix containing the Debtor, the Office of the United States Trustee, the twenty largest unsecured creditors, all notice parties, and GBQ Consulting, LLC.

      /s/ James A. Coutinho  
      James A. Coutinho     (0082430)

**Asst US Trustee**
Office of the US Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202-5212
*United States Trustee*

**Austin Z. Baurichter, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Park National Bank*

**Branden P. Moore, Esq.**
McGuireWoods LLP
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
*Counsel for Merrill Lynch, Pierce, Fenner & Smith Inc.*

**Brian Green, Esq.**
Shapero & Green, LLC
25101 Chagrin Boulevard
Beechwood, OH 44122
*Counsel for First Federal Savings & Loan Association of Lakewood*

**Christopher P. Schueller, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

**David Mullen, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**Donald W. Mallory, Esq.**
WOOD + LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202
*Counsel for General Electric Credit Union*

**First Federal Savings Bank**
PO Box 250
Washington Court House, OH 43160
*Top 20*

**Jon J. Lieberman, Esq.**
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
*Counsel for Heritage Bank*

**Kelly M. Neal, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

**Partick Hruby, Esq.**
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
*Counsel for First Merchants Bank*

**Patricia B. Fugée, Esq.**
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551
*Counsel for Civista Bank*

**Paul T. Saba, Esq.**
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, OH 45208
*Counsel for Stock Yards Bank & Trust Company*

**Raymond Joseph Schneider**
3515 Tiffany Ridge Lane
Cincinnati, OH 45241
*Debtor*

**Richard Boydston, Esq.**
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, OH 45202
*Counsel for First Merchants Bank*

**Rockland Trust Company**
288 Union Street
Rockland, MA 02370
*Top 20*

**Rudy J. Cerone, Esq.**
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
*Counsel for Bank of America, N.A.*

**Stefanie L. Deka, Esq.**
McGlinchey Stafford, PLLC
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
*Counsel for Bank of America, N.A.*

**Steven M. Hartmann, Esq.**
Smith, Gambrell & Russell, LLP
155 North Wacker Drive, Stuite 3000
Chicago, IL 60606
*Counsel for Transamerica Life Insurance Company*

**Susan M. Argo, Esq.**
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
*Counsel for Three Notes, LLC & Park National Bank*

**Timothy P. Palmer, Esq.**
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
*Counsel for The Huntington National Bank*

**Tricia Morra, Esq.**
ALDRIDGE PITE, LLP
3333 Camino del Rio South
Suite 225
San Diego, CA 92108
*Counsel for Nationstar Mortgage, LLC*

**Truist Bank**
Bankruptcy Department
306-40-04-95
PO Box 27767
Richmond, VA 23261
*Secured Creditor - PoC Notice Address*

**Whitney L. Mosby, Esq.**
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
*Counsel for First Merchants Bank*

**GBQ Consulting LLC**
c/o Rebekah A. Smith
230 West Street, Suite 700
Columbus, OH 43215