**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 25-12607 |
| RAYMOND JOSEPH SCHNEIDER, | ) Judge Beth A. Buchanan |
| | ) |
| Debtor. | ) |
| | ) |

**MOTION OF THE HUNTINGTON NATIONAL BANK
FOR AUTHORIZATION TO CONDUCT RULE 2004 DISCOVERY
WITH RESPECT TO THIRD PARTY CANDACE J. SALAZAR CPA**

The Huntington National Bank, as Administrative Agent ("**Huntington**"), respectfully

submits this Motion for Authorization to Conduct Rule 2004 Discovery ("**2004 Motion**") with

Respect to Third Party Candace J. Salazar CPA.

## INTRODUCTION

1.      Huntington seeks permission to conduct 2004 discovery as it relates to information

available to third party Candace J. Salazar CPA.  The debtor Raymond Schneider ("**Debtor**") and

his businesses (the "**Businesses**") have retained Candace J. Salazar CPA to prepare financial

statements and tax returns.  Upon information and belief, Candace J. Salazar CPA has information

about said financial statements and tax returns, which is relevant for purposes of this case and a

complete understanding of the Debtor's financial affairs.

## BACKGROUND

2.      On October 17, 2025, (the "Petition Date"), Raymond Schneider (the "Debtor")

filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§ 101 *et seq.* (the "Bankruptcy Code").  This is the Debtor's second bankruptcy case.  His first

case was filed before the Court as Case 23-10337 (the "First Bankruptcy Case").  A detailed history

of the case and Huntington's efforts to obtain full and accurate disclosures from the Debtor is set forth in Huntington's *Motion for Authorization to Conduct Rule 2004 Discovery with Respect to the Debtor and Third Parties*.  [ECF 41]

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue in this Court is proper under 28 U.S.C. § 1409(a).

4.  Huntington is a creditor of the Debtor based on a pre-petition judgment, the current balance of which exceeds $36 million.  (Claim 11).

5.  Candace J. Salazar CPA has information directly related to the Debtor's assets and liabilities and financial affairs.  The Debtor and his Businesses have retained the services of Candace J. Salazar CPA to prepare financial statements and tax returns.  Based on preliminary review, Candace J. Salazar CPA is in possession of information that is fundamental to perform a thorough analysis of the Debtor's financial affairs.

6.  A detailed list of information requests is attached to the proposed subpoena, a copy of which is attached hereto as **Exhibit A** (the "Subpoena").

## <u>ARGUMENT</u>

7.  Bankruptcy Rule 2004 provides for the examination of entities to obtain information pertaining to the bankruptcy debtor. The Rule provides, in part:

> 1.  Examination on motion. On motion of any party in interest, the court may order the examination of any entity.
>
> 2.  Scope of examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt

adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

3. Compelling attendance and production of documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

8. The purpose of Rule 2004 is to provide a tool to parties involved in a bankruptcy to obtain information concerning "the acts, conduct, or property" of the debtor, "the liabilities and financial condition of the debtor," "any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge," and in a Chapter 11, 12, or 13 case, "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b) ; *See also In re GYPC, Inc.*, No. 17-31030 (Bankr. S.D. Ohio June 24, 2020).

9. Bankruptcy courts have discretion in determining whether to order a 2004 examination. *Bank One, Columbus NA v. Hammond (In re Hammond )*, 140 B.R. 197 , 201 (S.D. Ohio 1992); *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702 , 708-09 (Bankr. S.D.N.Y. 1991); *In re Fearn*, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989).

10. The permitted scope of a Rule 2004 examination is broad:

> It is well-established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted. The scope of examination permitted pursuant to Rule 2004 is wider than that allowed under Federal Rules of Civil Procedure and can legitimately be in the nature of a "fishing expedition". Although the primary purpose of a Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.

*In re Fearn*, 96 B.R. at 137-38 (citations omitted).

11.     Upon an objection, the party seeking the Rule 2004 examination must establish "good cause," taking into consideration the totality of the circumstances, including the importance of the information to the examiner and the costs and burdens on the creditor. *In re Countrywide Home Loans*, 384 B.R. 373 , 393 (Bankr. W.D. Pa. 2008). The level of good cause required to be established varies depending on the potential intrusiveness. *Id.* (citing *Fearn*, 96 B.R. at 138 ); See also *Official Cmte. Of Unsecured Creditors v. Eagle-Pitcher Indus., Inc. (In re Eagle-Pitcher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (citation omitted) (examination should not be so broad as to be more disruptive and costly to the party to be examined than beneficial to the party seeking discovery).

12.     The Motion should be granted and Huntington given leave to serve the Subpoena. The matters set forth in the Subpoena directly relate to the Debtor's assets, liabilities, business holdings and affairs, and pre-petition transfers, including without limitation, transfers to and for the benefit of his family members and trusts.  This scope is well within the boundaries of Rule 2004 which authorizes discovery on "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

13. Counsel will work with counsel for Candace J. Salazar CPA to avoid duplication of production of documents that were previously produced in the First Case, if any.

WHEREFORE, based on the foregoing, Huntington respectfully requests that the 2004 Motion be granted and Huntington granted leave to serve the Subpoena, together with such other and further relief as is just and proper.

Dated: March 17, 2026          Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ *Christopher P. Schueller*
Christopher P. Schueller (OH Id. No. 0086170)
Timothy P. Palmer (OH Id. No. 86166)
Kelly M. Neal (OH Id. No. 100889)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax:  412-562-1041
E-mail: christopher.schueller@bipc.com
E-mail: timothy.palmer@bipc.com
E-Mail: kelly.neal@bipc.com

*Attorneys for The Huntington National Bank*