## EXHIBIT A

## [PROPOSED SUBPOENA]

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ Ohio _____

In re  Raymond Joseph Schneider _____          Case No. _____ 23-10337 _____
_____
Debtor

Chapter _____ 11 _____

### SUBPOENA FOR RULE 2004 EXAMINATION

To:  Candace J. Salazar CPA _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.  Responses to be produced within fourteen (14) days of the date of this Subpoena.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/17/2026 _____

CLERK OF COURT

OR

_____          /s/ Christoper P. Schueller
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Huntington National Bank _____ ,  who issues or requests this subpoena, are:
Christopher P. Schueller (OH Id. No. 0086170) Kelly M. Neal (OH Id. No. 100889) Union Trust Building 501 Grant Street, Suite 200 Pittsburgh, PA 15219 Telephone: 412-562-8800 E-mail: christopher.schueller@bipc.com kelly.neal@bipc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## REQUESTS FOR PRODUCTION OF DOCUMENTS CANDACE J. SALAZAR CPA

1. Produce copies of all financial statements for the Debtor and Debtor's Businesses from January 1, 2018, through the present.

2. Produce copies of all appraisals, valuations or opinions of value of any property of the Debtor's Businesses from January 1, 2018, through the present.

3. Produce copies of all bank account statements or other bank information for the Debtor and the Debtor's Businesses from January 1, 2018 to the present.

4. Produce copies of all tax returns and supporting documents for the Debtor and the Debtor's Businesses from January 1, 2018 to the present, including documents used for the preparation of the 2025 tax returns, whether or not such return(s) have been filed.

5. Produce copies of all communications, all invoices, and all payment records relating to the person(s) or entity(ies) which performed the appraisals, valuations or opinions of value of the Debtor's Businesses.

6. Produce copies of all operating agreement, management agreements, and voting agreements for the Debtor's Businesses from January 1, 2018, through the present.

7. Produce copies of all governing documents and agreements, including any amendments, modifications and restatements, for the Debtor's Businesses from January 1, 2018, through the present.

8. Produce all electronic versions of the documents created, modified or used in connection with any transfers of assets by the Debtor's Businesses to the Debtor, the Debtor's family, or any other of the Debtor's Business(es) from January 1, 2018, through the present, including the unaltered metadata included in the documents.

9. Produce copies of all documents and communications related to disbursements made by the Debtor's Businesses to, or for the benefit of, the Debtor, Debtor's Family, and/or the Trusts from January 1, 2018, to the present.

10. Produce copies of all tax returns and supporting documents for the Debtor and the Debtor's Businesses from January 1, 2018 to the present, including documents used for the preparation of the 2025 tax returns, whether or not such return(s) have been filed.

11. Produce copies of the entire accounting file for Debtor and Debtor's Businesses, including but not limited to, internal and external communications, reports, drafts, financial statements, income statements, balance sheets, and cash flows reports.

1

## DEFINITIONS

1.      "**Communication**" means any disclosure, transfer or exchange of information, by any means, and whether orally or by document, or whether face-to-face, by telephone, mail, electronic mail, text message, or personal delivery.

2.      "**Document**" shall include, without limitation, all written, typewritten, handwritten, recorded or printed matter of any kind, including, without limitation, the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intra-office communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; emails, text messages and all other similar material.

2

3.  "**Debtor**" means Raymond Schneider, and his agents, representatives, attorneys and all other persons acting or purporting to act on his behalf.

4.  "**Debtor's Businesses**" means the entities set forth on the attached Schedule.

5.  "**Family Member**" means any person related to Schneider by marriage or blood and any trust (revocable or otherwise) in which a person related to Schneider by marriage or blood is a beneficiary.

6.  "**All documents**" shall mean every document, whether an original or copy, as defined herein, known to you, and every such document of which you have knowledge, or which you can locate or discover by reasonable diligent efforts.

7.  "**Each**" shall mean each and every.

8.  "**Or**" shall mean and/or.

9.  "**Entity**" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, limited liability companies, limited liability partnerships, sole proprietorships, partnerships, joint owners, associations, companies, governmental bodies or agencies and joint ventures.

10.  "**Refer**," "**relate**," "**reflect**," "**regard**," "**refer to**," "**relate to**," "**relating to**," and "**concerning**" (or forms thereof) shall mean directly or indirectly (in whole or in part) referring to, relating to, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, evaluating, recording, noting, analyzing, reflecting, or constituting.

11.  "**You**" or "**your**" refer to defendant Schneider, and his agents, representatives, attorneys and all other persons acting or purporting to act on his behalf.

3

12.     "**Trust**" means the Raymond Schneider 2019 Gift Trust, the Patricia B. Schneider 2020 Gift Trust, the Joseph Schneider Trust, as well as any trust into which Schneider has transferred any of his assets or in which Schneider is Trustee or beneficiary.

13.     "**Wife**" means Schneider's current wife, if any.

14.     "**Identify**" and "**identification**" shall mean, when used in reference to:

(a)     A natural person:  his or her full name; home address; business address; home and business telephone number; present or last known position, job description, and the identity of his or her business affiliation; his or her position, job description, and the identity of his or her business affiliation at the time and in the context in which he or she is identified; and the relationship, business or otherwise, between such person and yourself.

(b)     A company, corporation, association, partnership, or legal entity other than a natural person:  its full name; a description of the type of organization or entity; the address and telephone number of its principal place of business; the jurisdiction of incorporation or organization; the date of its incorporation or organization; and the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified.

(c)     A document:  its description (i.e., letter, memorandum, report, etc.); its title; its date; the number of pages thereof; its subject matter; the identity of its author(s), creator(s), originator(s), signer(s), and any person(s) who participated in its preparation; the identity of its addressee(s) or recipient(s); the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its custodian(s).  If any such document was but is no longer in your possession or control, state what disposition was made of it and when.

(d)     A communication:  the type and/or mode of the communication; the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made, by whom such communication was made, and who was present when such communication was made; and the identity of all documents memorializing, referring, or relating in any way to the communication or its subject matter.

(e)     An assertion action:  the date and time when it occurred; the place where it occurred; a detailed description of the action; the identity of each person taking and/or witnessing such action; and the identity of all documents

memorializing, referring, or relating in any way to the subject matter of the action.

## INSTRUCTIONS

A.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not answering a Request or any part of a Request, set forth all facts upon which such claim of privilege is based and all other non-privileged information responsive to the Request.

B.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying or disclosing the contents of documents in response to a Request, set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, set forth  (i) the date of the document, (ii) the date upon which the document was prepared, (iii) the title or caption of the document, (iv) the form of the document (e.g. letter, memorandum, chart, etc.), (v) the subject matter of the document, (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document, (vii) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody or control, and (viii) all non-privileged information concerning the document which is responsive to the Request.

C.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying requested oral communications in response to any Request, set forth all facts upon which such claim of privilege is based, and for each oral communication as to which you claim any form of privilege, set forth (i) the date upon which the oral communication took place, (ii) the subject matter of the oral communication, (iii) the person who made the oral communication, (iv) the identity of all persons to whom the oral communication was made or who have knowledge of the contents of the oral communication, and (v) all non-privileged information concerning the oral communication which is responsive to the Request.

D.      If any document responsive to any Request has been destroyed, set forth (i) the

6

identity of all persons who participated in, or who were involved in, the decision to destroy such document, (ii) any document retention or destruction policy under which such document was destroyed and any and all persons who participated in, or who were involved in, the formulation of any such policy, (iii) the reason for the destruction of such document, and (iv) the date (or approximate date if precise date is not known) of the destruction of such document.

E.     Whenever a date, amount or other computation or figure is requested by a Request, the exact date, amount or other computation or figure is to be given, unless it is not known.  If the exact date, amount or other computation or figure is not known, the approximate date, amount, or other computation or figure should be given or the best estimate thereof and the answer should state that the date, amount, or other computation or figure provided is an estimate or approximation.

F.     Where facts are set forth in the answer to a Request or a portion thereof, and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief.  Should you not be able to answer any Request, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.  Whenever a full and complete answer to any Request or any subpart thereof is contained in a document identified as answering a specific numbered Request or subpart thereof, the document may be supplied in lieu of a written answer.

G.     Whenever a Request calls for information which is not available to you in the form requested, but is available in another form or can be obtained at least in part from other sources in your possession or control, so state and either supply the information requested in the form in which it is available, or supply the sources from which the information can be obtained.

H.     If a precise value, amount, or date cannot be supplied in response to a Request, an

approximate value, amount, or date should be provided along with an explanation of how that approximation was determined.

I.      Unless otherwise stated, the relevant time period for these Requests shall be from January 1, 2018 through the present.

J.      These responses are continuing in nature and when new knowledge or information comes to your attention, responses shall be supplemented forthwith.

K.      Your response to this Subpoena is due within fourteen (14) days of the date of this Subpoena.

**SCHEDULE OF ENTITIES**

| 1. | Northern Kentucky Assisted Living, LLC |
|---|---|
| 2. | Northern Kentucky Retirement Community, LLC |
| 3. | Grasshopper Investments, LLC |
| 4. | Grasshopper Investments II, LLC |
| 5. | Schneider-Grasshopper, Inc. |
| 6. | Circle Storage Operating Company I, LLC |
| 7. | To Life, Ltd. |
| 8. | Red Dog Operations Holding Company, LLC |
| 9. | Mason Red Dog Pet Resort & Spa, LLC |
| 10. | North Shore Red Dog Pet Resort & Spa, LLC |
| 11. | Red Dog Management Company, LLC |
| 12. | Red Dog Resort & Spa, LLC |
| 13. | Springdale Red Dog Pet Resort & Spa, LLC |
| 14. | West Chester Pet Resort & Spa, LLC |
| 15. | Boston Red Dog Pet Resort & Spa, LLC |
| 16. | Atlanta Red Dog Pet Resort & Spa, LLC |
| 17. | Boston Animal Hospital, LLC |
| 18. | 54 Realty, Ltd |
| 19. | 72 Ventures, Ltd |
| 20. | 82 Lafayette Road LLC |
| 21. | 747 LLC |
| 22. | 9617 Kenwood Road Development, LLC |
| 23. | Boston RD, LLC |
| 24. | Boston Self Storage, LLC |
| 25. | Circle Development of Cincinnati, LLC |
| 26. | Corporate Park Investors, LTD |
| 27. | Dana Ventures, LTD |
| 28. | Delhi Plaza Associates, LTD |
| 29. | Executive Park Investors, LTD |
| 30. | Framingham RD, LLC |
| 31. | Framingham Red Dog, LLC |
| 32. | Hamilton II, LLC |
| 33. | Hyde Park Circle, LLC |
| 34. | JDE Holdings, LLC |
| 35. | Lebanon RD, LLC |
| 36. | Loveland Red Dog Pet Resort & Spa, LLC |
| 37. | Madison Warehouse, LLC |
| 38. | Mason RD, LLC |
| 39. | Monarch RD, LLC |
| 40. | Montclair Investors LTD |
| 41. | New England Self-Storage |
| 42. | Northwest Self Storage, LLC |
| 43. | North Shore RD, LLC |
| 44. | R&T Development, Inc. |
| 45. | RD Realty I, LLC |

| 46. | The Red Corner, LLC |
| 47. | Red Cup Espresso, LLC |
| 48. | RH Real Estate Investments, LLC |
| 49. | Shaya B, LLC |
| 50. | Skipton Kennel and Pet Center, Inc. |
| 51. | Soft Pouch Equipment, Ltd. |
| 52. | Sterling Glen Health Center, Ltd. |
| 53. | Sterling Manor, Ltd. |
| 54. | Techwoods Circle RD, LLC |
| 55. | The Cambridge Health Care Center, Ltd. |
| 56. | The Gatherings of Blue Ash, LLC |
| 57. | The Red Kitchen, LLC |
| 58. | Circle Health Care Operating Company I, LLC |
| 59. | Circle Health Care Operating Company II, LLC |
| 60. | Circle Health Care Operating Company III, LLC |
| 61. | Circle Health Care Operating Company IV, LLC |
| 62. | Circle Health Care Operating Company V, LLC |
| 63. | Circle Health Care Operating Company VI, LLC |
| 64. | Circle Health Care Real Estate Acquisition Co, LLC |
| 65. | Keller Road Realty Co., LLC |
| 66. | Pleasant Ridge Realty, LLC |
| 67. | Pleasant Ridge Care Center, Inc. |
| 68. | Seminole Avenue Realty, LLC |
| 69. | Southbrook Health Care Center, Inc. |
| 70. | Steigler Road Realty, LLC |
| 71. | Euclid Health Care, Inc. |
| 72. | Kenwood Terrace Health Care Center, Inc. |
| 73. | Beechwood Terrace Care Center, Inc. |
| 74. | 5150 East Galbraith Road, LLC |
| 75. | East Galbraith Health Care Center, Inc. |
| 76. | EGHC Holdings, Inc. |
| 77. | Horizon Health Management, LLC |
| 78. | Horizon Health Management II, LLC |
| 79. | HRM Realty Holdings LTD |
| 80. | Ivy Knoll |
| 81. | R&H Realty Company |
| 82. | Alternative Home Care and Staffing Incorporated |
| 83. | Columbus Health Care Partners Inc. |
| 84. | Harmony Health Care Inc. |
| 85. | The Blue Development Company LLC |
| 86. | IF2 LLC |
| 87. | The Red at Madison Circle LLC |
| 88. | To Life III |
| 89. | Loveland RD Realty, LLC |
| 90. | Loveland RD, LLC |

| 91. | 5027 and 5055 Madison Road, LLC |
|---|---|
| 92. | Omni Drive Development, LLC |
| 93. | 82 Lafayette Road Development, LLC |
| 94. | All Realty Of Blue Ash, LLC |
| 95. | Boston Pet Rehabilitation Center LLC |
| 96. | Circle Ads And Storage Jde Holdings LLC |
| 97. | Circle Home Theater |
| 98. | F2, Ltd. |
| 99. | Glen Sterling Health Center Ltd |
| 100. | North Station Animal Hospital, LLC |
| 101. | Northeast Self Storage, LLC |
| 102. | Peabody Rd, LLC |
| 103. | Principal Sterling Manor Ltd |
| 104. | Topco America, LLC d/b/a Shoot Point |
| 105. | Glidden House Partners |
| 106. | Waldorf Partners Limited Partnership |
| 107. | Joseph Schneider Trust |