**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: April 23, 2026**

Beth A. Buchanan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| In re: | ) | Case No. 1:25-bk-12607 |
| | ) | |
| Raymond Joseph Schneider | ) | Chapter 11 |
| | ) | |
| Debtor | ) | **Hon. Beth A. Buchanan** |

**<u>AGREED ORDER DIRECTING THE APPOINTMENT OF EXAMINER (Doc. 115)</u>**

This matter is before the Court on Huntington National Bank's ("Huntington") Motion for the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104 (Doc. 115) (the "Motion") and Raymond Joseph Schneider's (the "Debtor") Limited Objection (Doc. 134). A hearing on the Motion was to be held before this Court on April 28, 2026.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Having reviewed the record and recognizing the agreement of Huntington and the Debtor in consultation with the United States Trustee ("UST") to the nature of the relief requested, this Court finds there is cause to appoint an examiner pursuant to 11 U.S.C. § 1104(c). This Court hereby **ORDERS** the following:

1

1.      The UST is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c).

2.      The Examiner shall be empowered to investigate and report on the Debtor and otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. Specifically, the Examiner shall:

    a.  in accordance with section 1106(a)(3), investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses and the desirability of the continuance of such businesses, and any other matter relevant to the case or to the formulation of a plan as required by section 1106(a)(3); and

    b.  in accordance with section 1106(a)(4), investigate any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor, or to a cause of action available to the estate; and

    c.  file a report summarizing the Examiner's investigation.

3.  The Examiner's investigation shall have the following scope and cover the following topics: (collectively the "Investigation"):

    a.  The Debtor's assets, liabilities, and financial affairs, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

    b.  Transactions involving the Debtor, his family, all trusts associated with the Debtor or his family, the Debtor's businesses owned in whole or in part, directly or through a trust, now or after January 1, 2018, by the Debtor, and any transaction with any other party which may materially impact this bankruptcy

case, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

c. The Debtor's reporting in this bankruptcy case, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

d. The Debtor's reporting in his prior bankruptcy case, Case No. 23-10337, insomuch as it relates to (i) the accuracy of the schedules in the prior case and the Debtor's schedules in this case, (ii) the identification and investigation of any potential estate causes of action in this case, and (iii) the identification and investigation of any matter that the Examiner is required to report on under section 1106(a)(4) in this case;

e. The Debtor's tax returns and financial statements (including any personal financial statements and other financial information sent by the Debtor to any of his lenders) for the purpose of ensuring (i) the accuracy of the Debtor's tax returns, financial statements, and bankruptcy schedules, (ii) the identification and investigation of any potential estate causes of action, and (iii) the identification and investigation of any matter that the Examiner is required to report on under section 1106(a)(4);

f. The alleged irregularities identified in the Motion, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4). *See* Doc. 115 at 5-18.

4. Unless noted otherwise, the timeframe for the Investigation shall cover January 1, 2018 through the present.

5. The Examiner shall, in his or her reasonable business and professional judgment, conduct the Investigation in a manner that is proportional to the needs of the case and that does not inordinately interfere with the Debtor's ongoing business operations or reorganization efforts.

6.      The Examiner may, in his or her sole discretion, only upon agreement of the Debtor, avail himself/herself of non-privileged work product created by the Debtor in connection with the Investigation.

7.      The Examiner shall report his or her findings to the Court after completing all due diligence in the course of the Investigation.

8.      The Debtor shall fully cooperate with the Examiner in the performance of the Examiner's duties and the Investigation, and the Debtor shall use his best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

9.      For any trust or any business entity from 2018 through the present in which the Debtor has or had  an equity interest,  beneficial interest, controlling interest or management control the Debtor shall cause that entity or trust to cooperate with the Examiner in the production of information requested by the Examiner  to the full extent of the Debtor's rights to obtain information from that entity or trust.

10.     The Debtor will use his best efforts to coordinate between the Examiner and any individual insiders of the Debtor (as defined in 11 U.S.C. § 101(31)) to assist in the Examiner's investigation and to urge such insiders to cooperate in full with the investigation.

11.     The Examiner will have the power to issue subpoenas for documents and information related to the Investigation under Bankruptcy Rule 9016 without the need first seek Court approval or file a motion under Bankruptcy Rule 2004. The Examiner, as a party in interest, may seek relief under Bankruptcy Rule 2004 to examine any entity in relation to the Investigation. Except to the extent that the Examiner's subpoenas or Rule 2004 examinations exceed the authority and scope of this Order, the Debtor will not object to the subpoenas or Rule 2004 examination motions. Notwithstanding the foregoing, for the purpose of avoiding cost, delay, and

unnecessary burden on third parties, the Examiner shall confer in good faith with the Debtor prior to issuing any subpoena or filing a Rule 2004 motion, and shall provide the Debtor at least five (5) business days' notice of any such action.

12. Within two business days of the appointment of the Examiner, the Debtor will provide the Examiner with all documents and information that the Debtor has produced in this case to Huntington or to the United States Trustee. The Debtor and/or Huntington will also provide to the Examiner the various document requests, any correspondence related to the same, and any known outstanding matters, including any remaining discovery matters addressed at the discovery conference scheduled between the parties on April 27, 2026.

13. The Examiner may thereafter request that the Debtor produce such non-privileged documents and information within the Debtor's or any Controlled Affiliate's possession that the Examiner deems relevant to perform the Investigation, and shall coordinate and assist in the collection of documents and information from insiders and Non-Controlled Affiliates. The Debtor shall timely provide to the Examiner all requested documents and information other than those to which the Debtor asserts a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is beyond the scope of the Investigation. If the Examiner and the Debtor or the producing party are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution only after exhausting reasonable efforts.

14. Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until the Examiner's report is filed with the Court, including to the Debtor or Huntington.

15.     The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above), including, but not limited to, any remaining federal, state or local government agency, if any, that may be investigating the Debtor or his financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

16.     The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

17.     The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to 11 U.S.C. §§ 330, 331 and any administrative order governing interim compensation and reimbursement of expenses of professionals which may be entered in these cases.

18.     Within fifteen (15) business days after entry of the order approving the identity and appointment of the Examiner is entered on the docket in this case, the Examiner shall propose a work plan (the "Work Plan") and shall provide his or her estimated costs for the Investigation (the "Budget") consistent with this Order to be served on all parties that have requested notice pursuant to Bankruptcy Rule 2002. Notwithstanding the foregoing, the parties required to receive notice may waive such requirement in writing. The Work Plan and Budget shall be subject to the approval of the Court absent any objection filed within ten (10) calendar days of service.

19.     The Examiner shall prepare and file a written report of his or her findings with respect to the Investigation (the "Report") pursuant to 11 U.S.C. §§ 1106(a)(4) within ninety (90) days following the Court's approval of the Work Plan and Budget, unless such time shall be

extended by order of this Court for cause shown. If any part of the Report contains sensitive information that would not be appropriate to file on the public docket (i.e. confidential information provided by third parties), the Examiner is directed to use his or her best efforts to separate the parts of the Report with sensitive information, file the main Report on the docket, and then file a supplement with the confidential information under seal. The Debtor, Huntington, and the United States Trustee shall have access to the confidential portion. No further order is required for the Examiner to file the confidential portion of the Report under seal. Notwithstanding the foregoing, the United States Trustee, Huntington, and the Debtor may object within ten (10) calendar days of the filing of the Report to the redaction of any portion(s) of the Report and ask the Court to unseal those portion(s).   Further, the sealing of any portion(s) of the Report will not, in any way, impair, impede, or obstruct the United States Trustee's ability to use the sealed portion(s) of the Report in connection with his statutory and other duties and responsibilities in a manner consistent with applicable statutes and rules of court regarding the handling of sensitive or confidential information.

20.     The Debtor, Huntington, or any other party in interest shall each be entitled to obtain production of non-privileged documents and information that are obtained by the Examiner during the course of the Investigation for use during these proceedings after the Examiner's report is filed. The Examiner will coordinate with the parties to complete that production within ten (10) business days after the filing of the Examiner's report.

21.     Within 21-days after the Examiner files the Report, any party in interest may file a response or statement regarding the Report. The Court may schedule a hearing on the Report if requested by any party or if the Court deems it appropriate.

22.     The Examiner shall be deemed a "party in interest" with respect to all matters that

are within the scope of the Investigation and shall be entitled to appear and be heard at any and all hearings in this case.

23.     This Order is without prejudice to the right of any party-in-interest to seek relief from the Court, including modification of the scope of the Investigation. This Order is also without prejudice to the Examiner's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

24.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Agreed to by:

   /s/ James A. Coutinho               (by email authorization on 4/22/26)
Thomas R. Allen       (0017513)
Richard K. Stovall     (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz   (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*


BUCHANAN INGERSOLL & ROONEY PC

   /s/ Christopher P. Schueller          (by email authorization on 4/22/26)
Christopher P. Schueller (OH Id. No. 0086170)
Timothy P. Palmer (OH Id. No. 86166)
Kelly M. Neal (OH Id. No. 100889)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041
E-mail: christopher.schueller@bipc.com

E-mail: timothy.palmer@bipc.com
E-Mail: kelly.neal@bipc.com
*Attorneys for The Huntington National Bank*


Andrew R. Vara, United States Trustee

  /s/   David T.   Austin          (by email authorization on 4/22/26)
David T. Austin (CT #435157)
Attorney for the United States Trustee
United States Department of Justice
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202
Telephone: (513) 684-6989
Facsimile: (513) 684-6994
E-mail: david.austin2@usdoj.gov


Copies to all creditors and parties in interest.