**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

| | |
|---|---|
| In re:<br>RAYMOND JOSEPH SCHNEIDER,<br>　　　　　　　　　　　Debtor. | )<br>) Chapter 11<br>) Case No. 1:25-bk-12607<br>) Judge Beth A. Buchanan<br>)<br>)<br>) |

**DISCOVERY STATUS REPORT OF HUNTINGTON NATIONAL BANK FOR REVIEW
AT THE STATUS CONFERENCE ON APRIL 27, 2026**

Huntington National Bank ("**Huntington**") respectfully submits this Discovery Status Report in anticipation of the Status Conference before the Court on April 27, 2026.

1.　　　Huntington and its financial advisor are still analyzing the April 17, 2026 document production of Raymond J. Schneider (the "**Debtor**") and the chart attached to the Debtor's status report which he filed with the Court on April 22, 2026 [ECF 161].　Huntington will be prepared to discuss the open discovery issues at the conference before the Court on April 27, 2026.

2.　　　As a high-level preview, Huntington respectfully submits that the Debtor continues to obstruct and delay the discovery process.　At the conference, Huntington will present to the Court updated spreadsheets which confirm that the Debtor has still not produced many of the requested documents.　Furthermore, the Debtor has not produced any e-mail communications or provided responses to any interrogatories.

3.　　　On the interrogatories, the Debtor argues for the first time in his status report on April 22, 2026 that he should not be required to answer any interrogatories because, according to him,　interrogatories are not permitted under Bankruptcy Rule 2004.　The Debtor never raised this objection previously in this case, or in his first bankruptcy case (though he failed to answer any interrogatories in his first case for approximately a year).　This is a completely new objection.　In

any event, the Debtor is wrong on the law.  Interrogatories are considered a type of examination under Rule 2004 and are permitted under Rule 2004.  *In re Boy Scouts of America and Delaware BSA, LLC*, 20-10343, n.35 (Bankr.D..Del Jan. 22, 2021) ("Bankruptcy Courts in this district have permitted the use of interrogatories under Rule 2004"); *In re Discovery Zone, Inc.*, No. 99-941 (PJW), 2001 WL 1819994 at *1 (Bankr. D. Del. Sept. 14, 2001); *In re McClain Feed Yard, Inc.,* 661 B.R. 136 (Bankr. N.D. Tex. 2024).  Debtor cites *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28–29 (Bankr.N.D.N.Y.1996) in support of his position, but this case has nothing to do with the use interrogatories under Rule 2004 and does not even mention the term interrogatory.   The Debtor should be required to respond to the interrogatories.

4. Debtor further argues that under Federal Rule of Civil Procedure 33(d) he is not required to respond to interrogatories because Huntington can find answers to the interrogatories in the Debtor's documents just as easily as Huntington can.  However, the Debtor ignores the fact that this is not true for all the interrogatories.  Moreover, the Debtor ignores his obligation in his interrogatory responses to at least identify the documents which contain the information which is responsive to each particular interrogatory.  *In re Johnson*, 408 B.R. 115, n.3 (Bankr. S.D. Ohio 2009) ("The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them.... Rather, the responding party has a 'duty to specify, by category and location' the records from which he knows the answers ... can be found") (quoting earlier decision).

5. Huntington looks forward to the conference before the Court on April 27, 2026. Huntington continues to need the Court's assistance to secure discovery responses which were served on the Debtor approximately **6 months ago**.  Insufficient progress has been made to date.

2

Dated:  April 24, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Christopher P. Schueller
Christopher P. Schueller (OH Id. No. 0086170)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax:  412-562-1041
E-mail: christopher.schueller@bipc.com

*Attorneys for The Huntington National Bank*