**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



*Beth A. Buchanan*
Beth A. Buchanan
United States Bankruptcy Judge

**Dated: May 11, 2026**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**ORDER GRANTING FIRST INTERIM FEE APPLICATION OF CUMMINS LAW, LLC (DOC. 151)**

This matter is before the Court on the *First Interim Fee Application of Cummins Law, LLC* (the "Application") (Doc. 151) filed by Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"). Through the Application and pursuant to 11 U.S.C. § 330 and 331, Fed.R.Bankr.P. 2016 and LBR 2016-1, the Debtor applies for approval of an interim award of compensation to Cummins Law, LLC (the "Applicant"), special counsel for the Debtor, earned for the period of October 17, 2025, to February 25, 2026 (the "Application Period"). The Debtor seeks approval of attorney fees for the Application Period in the amount of $241,351.25 and expenses in the amount of $6,772.77 for a total of $248,124.02 (the "Compensation Amount"). Pursuant to the *Order Granting Motion to Establish Procedures for Interim Compensation and*

1

*Reimbursement of Expenses of Professionals on a Monthly Basis* (Doc. 93), the Applicant has already been paid 90% of the requested fees and 100% of the expenses, and the Debtor seeks authority to pay the 10% fee holdback in the amount of $24,135.13.

The Application was served on all creditors and parties in interest. The time period for objecting to the Application has lapsed and no objection to the Application has been filed.

Based on the matters contained in the Application, proper service of the Application having been filed, and no objection to the Application having been filed, the Court finds the Application to be well-taken and it is approved. The Court finds that the services rendered by the Applicant were actual and necessary, and that the compensation requested is reasonable in light of the time expended, the work completed, and the results achieved

It is therefore ORDERED that pursuant to 11 U.S.C. § 331 the Applicant is awarded interim compensation in the amount of the Compensation Amount. The Debtor is authorized to pay the remaining holdback portion of the Compensation Amount as soon as is reasonably practicable.

**SO ORDERED.**

SUBMITTED BY:

 /s/  James A. Coutinho
James A. Coutinho     (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, OH 43215
T: (614) 221-8500     F: (614) 221-5988
coutinho@asnalaw.com,
rebholz@asnalaw.com
*Counsel for Debtor and Debtor in Possession*

Copies to Default List plus additional party:

2

James R. Cummins, Esq.
Cummins Law LLC.
312 Walnut Street, Suite 1530
Cincinnati, Ohio 45202