**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Raymond Joseph Schneider | ) | Case No. 25-12607 |
|  | ) |  |
| Debtor. | ) | Judge Beth A. Buchanan |
|  | ) |  |

**NOTICE OF PRELIMINARY WORK PLAN**
**OF WILLIAM G. KRIEGER, EXAMINER**

PLEASE TAKE NOTICE that, on April 23, 2026, the Court entered the *Agreed Order Directing the Appointment of Examiner* (Doc. 165) (the "Examiner Order")[1], which, among other things, directed the United States Trustee (the "UST") to appoint an examiner in the above-captioned bankruptcy case (the "Chapter 11 Case") pursuant to 11 U.S.C. § 1104.

PLEASE TAKE FURTHER NOTICE that, on May 8, 2026, the UST filed the *Notice of Appointment of Examiner* (Doc. 178), appointing William Krieger as examiner (the "Examiner") this Chapter 11 Case, which appointment was approved by order of this Court entered on May 19, 2026. *See* Doc. 191.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 18 of the Examiner Order, the Examiner hereby files and provides notice of the *Preliminary Work Plan of William G. Krieger, Examiner*, which is attached hereto as Exhibit 1 (the "Work Plan").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Examiner Order, any objection to the Work Plan must be filed with the Court **on or before June 19, 2026**, which is ten (10)

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Examiner Order.

calendar days after service hereof.  If no objections to the Work Plan are timely filed, the Court

may enter an order approving the Work Plan without further notice or opportunity to be heard.

Respectfully submitted,


*/s/ Philip K. Stovall*
Philip K. Stovall (0090916)
**HAHN LOESER & PARKS LLP**
65 E. State Street, Suite 2500
Columbus, Ohio 43215
Phone: (614) 221-0240
Fax:    (614) 221-5909
Email: pstovall@hahnlaw.com
*Proposed Counsel to William Krieger,*
*Examiner*

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the *Notice of Preliminary Work Plan of William G. Krieger, Examiner*, together with exhibits, was served on June 9, 2026, (a) electronically through the court's ECF System on all ECF participants registered in this case at the email address registered with the court; and (b) by regular US Mail upon all parties identified on the attached mailing list.

/s/ Philip K. Stovall
Philip K. Stovall  (0090916)

David T. Austin, Esq.
Office of the US Trustee
JW Peck Federal Building
550 Main Street, Suite 4-812

Austin Z. Baurichter, Esq.
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202

Branden P. Moore, Esq.
McGuireWoods LLP
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222

Brian Green, Esq.
Shapero & Green, LLC
25101 Chagrin Boulevard
Beachwood, OH 44122

Christopher P. Schueller, Esq.
Buchanan Ingersoll & Rooney PC
Union Trust Building
601 Grant Street, Suite 200
Pittsburgh, PA 15219

David Mullen, Esq.
McGlinchey Stafford, PLLC
3401 Tuttle Rd., Ste. 200
Cleveland, OH 44122

Donald W. Mallory, Esq.
Wood + Lamping, LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202

First Federal Savings Bank
PO Box 250
Washington Court House, OH 43160

Karolina F. Perr, Esq.
Wood + Lamping, LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202

Kelly M. Neal, Esq.
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Gant Street, Suite 200
Pittsburgh, PA 15219

Patrick Hruby, Esq.
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103

Patricia B. Fugee, Esq.
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551

Paul T. Saba, Esq.
SSP Laws Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208

Raymond Joseph Schneider
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

Richard Boydston, Esq.
Dentons Bingham Greenbaum LLP
312 Walnut Street #2450
Cincinnati, OH 45202

John J. Lieberman, Esq.
McCalla Yamer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076

Rockland Trust Company
288 Union Street
Rockland, MA 02370

Steven M. Hartmann, Esq.
Smith, Gambrell & Russell, LLP
155 North Wacker Dr., Suite 3000
Chicago, IL 60606

Susan M. Argo, Esq.
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202

Timothy P. Palmer, Esq.
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219

Tricia Morra, Esq.
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108

Truist Bank
1001 Semmes Ave.
Richmond, VA 23224

Robert McIntosh, Esq.
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103

Whitney L. Mosby, Esq.
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

# EXHIBIT 1

## Work Plan

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| In re: | ) | Case No:  25-12607 |
| | ) | |
| RAYMOND JOSEPH SCHNEIDER, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **Hon. Beth A. Buchanan** |
| | ) | U.S. Chief Bankruptcy Judge |

## <u>PRELIMINARY WORK PLAN OF WILLIAM G. KRIEGER, EXAMINER</u>

William G. Krieger, in his capacity as the duly appointed Chapter 11 Examiner (the "Examiner"), hereby submits this Preliminary Work Plan and Budget in accordance with this Court's Order Approving the Appointment of a Chapter 11 Examiner by the United States Trustee (Doc. 191) as put forth in the Agreed Order Directing the Appointment of Examiner (Doc. 165) ("Examiner Order") and the Motion of the Huntington National Bank for the Appointment of an Examiner Pursuant to 11 U.S.C. §1104 (Doc. 115). This Preliminary Work Plan is submitted in accordance with Paragraph 18 of the Examiner Order, which requires the Examiner to propose a Work Plan and estimated costs for the Examiner's investigation (the "Investigation").

## INTRODUCTION

1.      Pursuant to the Agreed Order Directing the Appointment of Examiner ("Agreed Order") filed on April 23, 2026, and approved on May 18, 2026, this Bankruptcy Court ordered the United States Trustee ("UST") to appoint the Examiner with the power to investigate and report on Raymond Joseph Schneider (the "Debtor") and otherwise perform duties of an examiner as set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. Specifically, the Examiner was ordered to:

a. Investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses and the desirability of the continuance of such businesses, and any other matter relevant to the case or to the formulation of a plan;

b. Investigate any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor, or to a cause of action available to the estate; and

c. File a report summarizing the Investigation.

2. The Investigation shall have the following scope and cover the following topics (except as otherwise noted):

a. The Debtor's assets, liabilities, and financial affairs, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

b. Transactions involving the Debtor, his family, all trusts associated with the Debtor or his family, the Debtor's businesses owned in whole or in part, directly or through a trust, now or after January 1, 2018, by the Debtor, and any transaction with any other party which may materially impact this bankruptcy case, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

c. The Debtor's reporting in this bankruptcy case, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4);

d. The Debtor's reporting in his prior bankruptcy case, Case No. 23-10337, insomuch as it relates to (i) the accuracy of the schedules in the prior case and the Debtor's schedules in this case, (ii) the identification and investigation of any potential estate causes of action in this case, and (iii) the identification and investigation of any

matter that the Examiner is required to report on under section 1106(a)(4) in this case;

e.  The Debtor's tax returns and financial statements (including any personal financial statements and other financial information sent by the Debtor to any of his lenders) for the purpose of ensuring (i) the accuracy of the Debtor's tax returns, financial statements, and bankruptcy schedules, (ii) the identification and investigation of any potential estate causes of action, and (iii) the identification and investigation of any matter that the Examiner is required to report on under section 1106(a)(4);

f.  The matters identified in the Motion, investigating for all purposes set forth in sections 1106(a)(3) and (a)(4). See Doc. 115 at 5-18.

3.      The objective of the Investigation is to provide the Court and parties in interest with a clear and supportable understanding of the Debtor's financial condition, the flow of funds between the Debtor and related parties, and any material discrepancies or omissions in the Debtor's reporting that may affect the administration of the estate or the evaluation of potential claims. The Investigation will also evaluate the completeness and accuracy of the Debtor's bankruptcy schedules, statements, and monthly operating reports, including matters raised in the record in this case, including Doc. 115.

4.      The Examiner shall prepare and file a written report of his findings with respect to the Investigation (the "Report") pursuant to 11 U.S.C. § 1106(a)(4) within ninety (90) days following the Court's approval of the Preliminary Work Plan and Budget, unless such time shall be extended by order of Court for cause.

**The Examiner's Activities to Date**

5.      Following his appointment as the Examiner, the Examiner's initial priority was to develop an understanding of the case background and issues, volume of data, the availability of financial schedules and supporting records, the quality of the information produced to date, and the scope of documentation already made available to the Court. Based on the current record, including Doc. 115, the Examiner understands that the available personal financial records may consist primarily of tax filings and financial account records, which contain numerous inter-account transfers. The Examiner further understands that the Debtor's financial affairs involve more than 100 entities and that certain information in the record has been described as incomplete, omitted, or not yet characterized, which may increase the complexity of the Investigation.

6.      Since the Examiner's appointment, the Examiner has met with the United States Trustee, Debtor's counsel, and Huntington National Bank's ("Huntington") counsel and financial advisor to understand case background and issues, review each party's expectations and concerns regarding the Examination, to obtain documents relevant to the Examination, and discuss schedules and summaries already prepared to analyze Debtor's financial condition and historical transfers. In addition, the Examiner has reviewed the Debtor's proposed Plan of Reorganization and Disclosure Statement. Based on those discussions and limited analysis of the information currently available, the Examiner has prepared a Preliminary Work Plan and Budget which includes, but is not limited to, the following:

   **A.  Phase I: Information Gathering, Review, and Request**

7.      During the initial phase of the Investigation, the Examiner and his forensic accounting staff will complete a thorough review of the financial documents produced by the Debtor, which, based

on a cursory review of information supplied by the Debtor and Huntington's financial advisor, includes over 100 entities associated with the Debtor. After reviewing, cataloging, and conducting a high-level analysis of information produced to date, as well as meeting (in person) with the Debtor's accounting and finance staff, the Examiner will create a mapping of Debtor's entities and begin identifying potential transactions for use and analysis in subsequent phases of the examination. Based on this analysis, the Examiner may identify and request additional financial information regarding Debtor's business activities, as needed, to complete subsequent phases of the Investigation.

8.      At the conclusion of Phase I, the Examiner expects to (i) prepare a comprehensive index of documents produced to date, (ii) develop an initial mapping of all identified entities and relationships associated with the Debtor, (iii) identify key gaps in the available financial information to inform targeted follow-up requests, (iv) begin to identify potential transactions for use/analysis in subsequent phases of the examination, and (v) review, reassess, and (as necessary) revise the Examiner's Preliminary Work Plan and Budget for the remaining phases of the Examination.

### B.  Phase II: Cash Flow Analysis, Income Reporting Reconciliation and Analysis

9.      Given the current unknown nature of Phase I findings, the time required to conduct a more detailed analysis, reconciliation, summarization, and identification of unusual transactions makes it difficult to estimate the full scope and extent of Phase II at this time. Likewise, the inherent nature of forensic investigation is that initial observations and analysis oftentimes result in the expansion of scope to address unanticipated issues. During Phase II, expected to primarily occur during July 2026, the Examiner will review and reconcile the Debtor's reported assets, reported

income, and transfers involving the Debtor's spouse, other entities, and other creditors, including matters described in Doc. 115. These procedures are intended to further evaluate differences, if any, between the Debtor's reported income in bankruptcy filings, financial statements, and tax returns, as reflected in the record in this case.

10.     The volume of data and level of detail required to complete such analyses will require significant time and effort. During Phase II, the Examiner will independently review and, as appropriate, make use of prior analyses prepared by Huntington's financial advisor, together with other information obtained during the Investigation, in evaluating issues reflected in the record and any additional matters identified during the course of the Investigation. These procedures will also assess transactions and financial activity reflected in the available records, including matters described in Doc. 115.

11.     Based on the information currently available, the Examiner anticipates that the Investigation will focus primarily on (i) the identification and tracing of transfers between the Debtor and related parties or affiliated entities, (ii) the reconciliation of reported income and financial disclosures to underlying financial records, and (iii) the evaluation of the completeness and accuracy of the Debtor's schedules and prior disclosures to this Court.

12.     During Phase II, the Examiner will prepare summary schedules and detailed workpapers which explain the Debtor's financial condition and flow of funds. During Phase II, the Examiner expects to (i) prepare a reconstructed cash flow analysis based on available banking and financial records, (ii) develop schedules reconciling reported income, assets, and liabilities to underlying documentation, and (iii) produce summary schedules reflecting the flow of funds between the Debtor, related parties, and affiliated entities.

### C. Phase III: Investigative Analysis of Specific Issues Concerning Debtor's Finances Uncovered During Phase II

13. To the extent warranted by Phase II of the Investigation, Phase III will occur in late July 2026 through August 2026. Given the current unknown nature of Phase II findings, the time required to conduct a more detailed investigation into specific issues, such as related-party transactions, loans, disclosure issues, and other matters that may be identified during the Investigation, makes it difficult to estimate the full scope and extent of Phase III at this time. Depending on the nature and extent of the transactions and relationships identified during the Investigation, Phase III may require significant time and effort to examine, trace, and document transactions of interest and to provide the Court with a more complete factual record.

14. During Phase III, the Examiner expects to (i) prepare detailed schedules and analyses of related-party transactions, loans, and transfers, (ii) identify and document transactions or disclosures that warrant further review based on the available records, and (iii) perform targeted investigative procedures to evaluate specific issues identified during Phase II. These procedures are intended to evaluate transfers involving the Debtor's spouse, family members, trusts, and affiliated entities, including transactions that may bear on the completeness and accuracy of the Debtor's financial reporting or disclosures.

15. In furtherance of these investigative procedures, the Examiner is authorized to obtain documents and information related to the Investigation through formal discovery mechanisms, including the issuance of subpoenas pursuant to Bankruptcy Rule 9016 and examinations under Bankruptcy Rule 2004. The Examiner will confer with the Debtor prior to the use of such formal discovery tools and will seek to minimize cost, delay, and burden on the parties while obtaining information necessary to complete the Investigation.

16.     The summary schedules prepared in Phase II are expected to be preliminary in nature and may be refined, expanded, or supplemented during Phase III, as additional information and investigative findings are developed.

### D.  Phase IV: Preparation of Examiner's Report

17.     The Examiner expects to complete and submit a report to the Court in September 2026, based on the current scope of the Investigation and the information presently understood to be available. The report is expected to provide a comprehensive summary of the Debtor's financial condition, transactional history, and the results of the Investigation, including identified gaps or limitations in the available financial history and reporting. If material issues arise affecting timing or scope, the Examiner will promptly advise the Court and, if necessary, seek appropriate adjustments to the schedule.

18.     At the conclusion of Phase IV, the Examiner will (i) prepare and file a written report with the Court summarizing the scope, procedures performed, and findings of the Investigation, and (ii) prepare supporting schedules and exhibits necessary to present the Examiner's findings in a clear and organized manner.

### E.  Anticipated Timeline

19.     The Examiner currently anticipates that Phase I will occur primarily in June 2026, Phase II will occur in July 2026, Phase III will occur in July and August 2026, and Phase IV, including report preparation and finalization, will conclude in September 2026. If material gaps in production, additional entities, or previously unidentified transactions significantly affect the

scope or timing of the Investigation, the Examiner will promptly advise the Court and, if necessary, seek appropriate adjustments to the schedule.

20.      Certain phases of the Investigation may overlap in practice, as information obtained during later stages of Phase I may be analyzed concurrently with Phase II procedures, and findings from Phase II may inform ongoing Phase III investigative work.

### F.  Estimated Fees and Expenses

21.      At this nascent stage of the Investigation, the Examiner has not fully reviewed, mapped, or otherwise documented the available financial information and relationships between the numerous entities for which information has been provided. Based on the information currently available, the Examiner estimates total professional fees of approximately $310,000, reflecting approximately 1,000 hours of anticipated time by the Examiner and the Examiner's team, consistent with the preliminary phase-based Budget attached hereto as **Exhibit A**. The preliminary schedule of timing to complete the four phases of the Investigation is provided on **Exhibit B.** Please note that this budget does not include professional fees to be incurred by Counsel to the Examiner (who is currently in the process of being engaged).

22.      In the event that additional entities, financial accounts, or material transactions are identified during the Investigation that significantly expand the scope of work, the Examiner will advise the Court and, if necessary, seek approval for revisions to the Preliminary Work Plan and corresponding Budget.

**G. Reservation of Rights**

23.     The Examiner's Preliminary Work Plan is based on the information currently available and assumes cooperation from the Debtor and other relevant parties. At this time, it is difficult to precisely estimate the time and fees required to review and analyze the available documents and complete work sufficient to assist the Court. As the Investigation progresses, the Preliminary Work Plan may require modification based on additional information, identified transactions, or issues affecting scope. In that event, the Examiner will promptly notify the Court of any material revisions to the Preliminary Work Plan.

Date:_____June 9, 2026_____          By: /s/ *William G. Krieger*

William G. Krieger
wkrieger@gleasonexperts.com
One Gateway Center
Suite 525
Pittsburgh, Pennsylvania 15222
Phone - (412) 391-5404

*Examiner*

**Exhibit A**

**United States Bankruptcy Court Southern District of Ohio Western Division at Cincinnati**
**Case No. 1:25-bk-12607**
**Work Plan and Budget - Examiner**

| | Weeks | VP / MD W. Krieger $ 450 | | Senior Manager $ 325 | | Manager $ 300 | | Senior (s) $ 275 | | Paraprofessional $ 175 | | Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Work Statement - Rate** | | $ 450 | | $ 325 | | $ 300 | | $ 275 | | $ 175 | | | |
| **Work Statement - Hours** | **Weeks** | | | | | | | | | | | | |
| **Engagement Phase** | | | | | | | | | | | | | |
| *Phase 1* | | | | | | | | | | | | | |
| Preparation, Meetings and Engagement Planning | 1-2 | 8 | $ 3,600 | 4 | $ 1,300 | 4 | $ 1,200 | 4 | $ 1,100 | 4 | $ 700 | 24 | **$ 7,900** |
| Initial Document Review, Analysis and Indexing | 1-2 | 16 | 7,200 | 16 | 5,200 | 24 | 7,200 | 32 | 8,800 | 8 | 1,400 | 96 | **29,800** |
| In-person meetings with Debtor and Personnel | 2-3 | 16 | 7,200 | 16 | 5,200 | 0 | - | 0 | - | 0 | - | 32 | **12,400** |
| Entity and Data Mapping/Review | 2-4 | 4 | 1,800 | 4 | 1,300 | 25 | 7,500 | 24 | 6,600 | 0 | - | 57 | **17,200** |
| **Phase 1** | | **44** | **$ 19,800** | **40** | **$ 13,000** | **53** | **$ 15,900** | **60** | **$ 16,500** | **12** | **$ 2,100** | **209** | **$ 67,300** |
| *Phase 2* | | | | | | | | | | | | | |
| Cash Flow/Bank Tracing/Transaction Analysis | 3-7 | 16 | 7,200 | 16 | 5,200 | 36 | 10,800 | 40 | 11,000 | 16 | 2,800 | 124 | **37,000** |
| Income / Reporting Reconciliation - Tax Analysis | 3-7 | 16 | 7,200 | 16 | 5,200 | 36 | 10,800 | 40 | 11,000 | 4 | 700 | 112 | **34,900** |
| Meeting with Debtor and Huntington | 4-7 | 4 | 1,800 | 4 | 1,300 | 0 | - | 0 | - | 0 | - | 8 | **3,100** |
| Develop Summary Schedules of Debtor's Finances | 6-7 | 8 | 3,600 | 16 | 5,200 | 16 | 4,800 | 40 | 11,000 | 0 | - | 80 | **24,600** |
| **Phase 2** | | **44** | **$ 19,800** | **52** | **$ 16,900** | **88** | **$ 26,400** | **120** | **$ 33,000** | **20** | **$ 3,500** | **324** | **$ 99,600** |
| *Phase 3* | | | | | | | | | | | | | |
| Analysis of Related Party Transactions | 7-9 | 8 | 3,600 | 16 | 5,200 | 24 | 7,200 | 32 | 8,800 | 4 | 700 | 84 | **25,500** |
| Loans, Transfers, and Missing Disclosure Analysis | 7-9 | 16 | 7,200 | 24 | 7,800 | 24 | 7,200 | 32 | 8,800 | 4 | 700 | 100 | **31,700** |
| Meeting with Debtor and Huntington | 7-10 | 4 | 1,800 | 4 | 1,300 | 0 | - | 0 | - | 0 | - | 8 | **3,100** |
| Prepare Summary Schedules of Debtor's Transfers | 8-10 | 8 | 3,600 | 16 | 5,200 | 16 | 4,800 | 16 | 4,400 | 0 | - | 56 | **18,000** |
| **Phase 3** | | **36** | **$ 16,200** | **60** | **$ 19,500** | **64** | **$ 19,200** | **80** | **$ 22,000** | **8** | **$ 1,400** | **248** | **$ 78,300** |
| *Phase 4* | | | | | | | | | | | | | |
| Report Writing, Review, and Revisions | 10-12 | 32 | 14,400 | 16 | 5,200 | 16 | 4,800 | 16 | 4,400 | 8 | 1,400 | 88 | **30,200** |
| Findings Consolidation and Q&A | 11-12 | 12 | 5,400 | 8 | 2,600 | 8 | 2,400 | 16 | 4,400 | 4 | 700 | 48 | **15,500** |
| Final Review | 12-13 | 16 | 7,200 | 8 | 2,600 | 8 | 2,400 | 8 | 2,200 | 40 | 7,000 | 80 | **21,400** |
| **Phase 4** | | **60** | **$ 27,000** | **32** | **$ 10,400** | **32** | **$ 9,600** | **40** | **$ 11,000** | **52** | **$ 9,100** | **216** | **$ 67,100** |
| **Total Fees** | | **184** | **$ 82,800** | **184** | **$ 59,800** | **237** | **$ 71,100** | **300** | **$ 82,500** | **92** | **$ 16,100** | **997** | **$ 312,300** |

Consistent with the Court's Order (Doc 165), we will investigate the Debtor's financial affairs broadly, including but not limited to, the areas described above, and will expand the scope of procedures as necessary to address additional issues identified during the investigation.

**Exhibit B**

**United States Bankruptcy Court Southern District of Ohio Western Division at Cincinnati**
**Case No. 1:25-bk-12607**
**Work Plan Gant Chart**

| Phase | Activity | Week of: 6/22/25 1 | 6/29/25 2 | 7/6/25 3 | 7/13/25 4 | 7/20/25 5 | 7/27/25 6 | 8/3/25 7 | 8/10/25 8 | 8/17/25 9 | 8/24/25 10 | 8/31/25 11 | 9/7/25 12 | 9/14/25 13 | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Preparation, Meetings and Engagement Planning | 12.0 | 12.0 | | | | | | | | | | | | 24.0 |
| 1 | Document Review and Index | 48.0 | 48.0 | | | | | | | | | | | | 96.0 |
| 1 | In-person meetings with Debtor and Personnel | | 32.0 | | | | | | | | | | | | 32.0 |
| 1 | Entity and Data Mapping/Review | | 19.0 | 19.0 | 19.0 | | | | | | | | | | 57.0 |
| 2 | Cash Flow/Bank Tracing/Transaction Analysis | | | 24.8 | 24.8 | 24.8 | 24.8 | 24.8 | | | | | | | 124.0 |
| 2 | Income / reporting reconciliation - tax analysis | | | 22.4 | 22.4 | 22.4 | 22.4 | 22.4 | | | | | | | 112.0 |
| 2 | Meeting with Debtor and Huntington | | | | 2.0 | 2.0 | 2.0 | 2.0 | | | | | | | 8.0 |
| 2 | Preparing summary schedules of Debtor's finances | | | | | | 40.0 | 40.0 | | | | | | | 80.0 |
| 3 | Analysis of related party transactions | | | | | | | 16.0 | 40.0 | 28.0 | | | | | 84.0 |
| 3 | Loans, transfers, and missing disclosure analysis | | | | | | | 16.0 | 40.0 | 44.0 | | | | | 100.0 |
| 3 | Meeting with Debtor and Huntington | | | | | | | 2.0 | 2.0 | 2.0 | 2.0 | | | | 8.0 |
| 3 | Preparing summary schedules of Debtor's finances | | | | | | | | 18.7 | 18.7 | 18.7 | | | | 56.0 |
| 4 | Report Writing, Review, and Revisions | | | | | | | | | | 29.3 | 29.3 | 29.3 | | 88.0 |
| 4 | Findings Consolidation and Q&A | | | | | | | | | | | 24.0 | 24.0 | | 48.0 |
| 4 | Final review | | | | | | | | | | | | 40.0 | 40.0 | 80.0 |
| | **Total Hours** | **60.0** | **111.0** | **66.2** | **68.2** | **49.2** | **89.2** | **123.2** | **100.7** | **92.7** | **50.0** | **53.3** | **93.3** | **40.0** | **997.0** |

*Note: Some work in Phase 1 has been completed as of the date of this work plan.*