UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | Chapter 11 |
| IN RE: RAYMOND JOSEPH SCHNEIDER, | ) | Case No. 25-12607-BAB |
| | ) | Judge Beth A. Buchanan |
| Debtor. | ) | |
| | ) | |
| _____ | | |

**JOINT OBJECTION TO MOTION OF THE HUNTINGTON
NATIONAL BANK FOR AUTHORIZATION TO CONDUCT
<u>RULE 2004 DISCOVERY WITH RESPECT TO THIRD PARTY BANKS</u>**

First Merchants Bank, Civista Bank, Heritage Bank and General Electric Credit Union
(collectively, the "Third Party Banks"), each by counsel, files this joint objection to the *Motion of
The Huntington National Bank for Authorization to Conduct Rule 2004 Discovery With Respect to
Third Party Banks* [Doc. No. 204] filed by The Huntington National Bank ("Huntington") on June
30, 2026 (the "Motion") and state the following in support:

## I.      FACTUAL BACKGROUND

### A.      <u>Claims and Accounts of Third Party Banks</u>

#### i.      **First Merchants Bank**

1.      First Merchants Bank ("FMB") and Circle Storage Operating Company I, LLC
("Circle Storage") – an entity indirectly owned and controlled by the Debtor, Raymond Joseph
Schneider (the "Debtor") – entered into the following loan agreements: (i) a Construction Loan
and Permanent Financing Agreement dated April 13, 2022; (ii) a Construction Loan and Permanent
Financing Agreement dated May 27, 2021, as amended by a First Amendment to Construction
Loan and Permanent Financing Agreement dated July 1, 2021; and (iii) a Refinancing and
Renovation Loans and Permanent Financing Agreement dated December 20, 2019, as amended by

27109205.v4

that certain Amendment to Loan Documents by and among FMB, Circle Storage and the Debtor effective June 10, 2025 (collectively, the "FMB Loan Agreements"). *See* Proof of Claim No. 8 filed by FMB on December 9, 2025 (the "FMB Claim").

2. Pursuant to the FMB Loan Agreements, Circle Storage and the Debtor executed and are indebted to FMB under the terms of an Amended and Restated Promissory Note in the original principal amount of $38,243,735.47 effective June 10, 2025 (the "FMB Note"). *See* FMB Claim, Exhibit A. The obligations due and owing to FMB under the FMB Loan Agreements and FMB Note are secured by, among other things, various security agreements, mortgages and guaranties. *See* FMB Claim.

3. As of December 8, 2025, the amount due by Circle Storage and the Debtor to FMB totals not less than $37,725,186.13. *See* FMB Claim.

4. The documentation involved in evidencing, securing and administering the FMB Claim is voluminous.

5. In addition, Circle Storage maintains a deposit account with FMB for its operations.

**ii.    Heritage Bank**

6. Heritage Bank ("Heritage Bank") loaned funds to Madison Warehouse, LLC ("Madison Warehouse") – an entity owned and controlled by the Debtor – in the original principal amount of $2,152,500 on April 14, 2021. *See* Proof of Claim No. 2 filed by Heritage Bank on October 28, 2025 (the "Heritage Bank Claim").

7. The obligations due and owing to Heritage Bank by Madison Warehouse are secured by a security agreement and mortgage. In addition, the Debtor executed a Commercial Guaranty dated April 14, 2021 (the "Heritage Bank Guaranty"). *See* Heritage Bank Claim.

2

27109205.v4

8.    As of October 28, 2025, the amount due by Madison Warehouse to Heritage Bank totals not less than $1,899,926.42.  *See* Heritage Bank Claim.

### iii.    General Electric Credit Union

9.    General Electric Credit Union ("GECU") loaned funds to Hyde Park Circle, LLC ("Hyde Park") – an entity owned and controlled by the Debtor – in the original principal amount of $4,320,000 on December 16, 2016 (the "GECU Debt").  *See* Proof of Claim No. 23 filed by GECU on December 23, 2025 (the "GECU Claim").

10.    The obligations due and owing to GECU by Hyde Park on the GECU Debt are secured by a mortgage. In addition, the Debtor executed a Guaranty Agreement on the GECU Debt dated December 16, 2016 (the "GECU Guaranty").  A Copy of the GECU Guaranty is attached to the GECU Claim.  The only current deposit accounts that that are in any way related to Debtor with GECU are: Acct. No. ending 87000 (Savings) for Hyde Park with a balance of $5.00 and Acct. No. ending 307000 (Savings) for Debtor with a balance of $5.00. The $5.00 in each respective account was required as a minimum deposit at that time to qualify for membership in the credit union. There are no other accounts nor operating accounts associated with the Debtor, Hyde Park or any other entity related to Debtor at GECU.

11.    As of December 8, 2025, the amount due by Hyde Park to GECU totals not less than $3,389,027.89.  *See* GECU Claim.

### iv.    Civista Bank

12.    Civista Bank made the following loans relevant to this matter:

a.    <u>Blue Development and The Debtor</u>.

i. loans to The Blue Development Company, LLC (f/k/a 9617 Kenwood Road Development, LLC) and the Debtor individually, jointly and severally, in the

3

27109205.v4

original principal amount of $2,024,400.00 on 1/21/2020 and $927,000.00 on 4/28/2021 (the "Blue Development Loans"). *See* Proof of Claim No. 15 filed by Civista Bank on December 18, 2025.

ii. The Blue Development Company, LLC is owned by the Raymond Schneider 2019 Gift Trust and controlled by the Debtor's spouse as Trustee.

iii. The obligations due and owing to Civista Bank in connection with the Blue Development Loans are secured by a mortgage on property owned by The Blue Development Company.

iv.    As of October 17, 2025, the total balance owed on the Blue Development Loans was $2,897,295.90. *See* Proof of Claim No. 15.

b.    Mason Rd LLC/Mason Red Dog Pet Resort & Spa LLC

i. loan to Mason Rd LLC and Mason Red Dog Pet Resort & Spa LLC, jointly and severally, in the original principal sum of $2,500,000.00 on 5/8/2019 (the "Mason Road Loan"). *See* Proof of Claim No. 14 filed by Civista Bank on December 18, 2025.

ii.    The Debtor owns 100% of the interests in Mason Rd LLC and controls it. KPT7 Holding Company, LLC, in which the Debtor owns 0.5%, owns 100% of the interests in Mason Red Dog Pet Resort & Spa LLC.  The Debtor executed a personal guaranty in connection with the Mason Road Loan. *See* Proof of Claim No. 14.

iii. The obligations due and owing to Civista Bank in connection with the Mason Road loan are secured by a mortgage on property owned by Mason Rd LLC.

27109205.v4

iv. As of October 17, 2025, the total balance owed on the Mason Road Loan was $2,128,837.66. *See* Proof of Claim No. 14.

c.  <u>Northern Kentucky Assisted Living, LLC/Northern Kentucky Retirement Community, LLC and The Debtor.</u>

i.  Loan to Northern Kentucky Assisted Living, LLC/Northern Kentucky Retirement Community, LLC and the Debtor, jointly and severally, in the original principal sum of $3,331,000.00 on 4/28/2022 (the "Northern Kentucky Loan").  *See* proof of claim 17 filed by Civista Bank on December 18, 2025.

ii.  The Debtor owns 85% of the interests in Northern Kentucky Assisted Living, LLC and 100% of the interests in Northern Kentucky Retirement Community, LLC, and controls both of them.

iii.  The obligations due and owing to Civista Bank in connection with the Northern Kentucky Loan are secured by a mortgage on property owned by Northern Kentucky Assisted Living, LLC.

iv.  As of October 17, 2025, the total balance owed on the Northern Kentucky Loan was $3,104,364.20. *See* Proof of Claim No. 17.

d.  <u>The Red Corner, LLC</u>

i.  Loan to The Red Corner, LLC in the original principal sum of $7,208,000.00 on 2/16/2021 (the "Red Corner Loan").  *See* proof of claim 16 filed by Civista Bank on December 18, 2025.

ii.  The Debtor owns 100% of the interests in The Red Corner, LLC, and controls it. The Debtor executed a personal guaranty in connection with the Red Corner Loan. *See* Proof of Claim No. 16.

27109205.v4

iii.     The obligations due and owing to Civista Bank in connection with the Red Corner Loan are secured by a mortgage on property owned by The Red Corner, LLC.

iv.     As of October 17, 2025, the total balance owed on the Red Corner Loan was $6,723,850.61. *See* Proof of Claim No. 16.

e.     Techwoods Circle Road

i.     Loan to Techwoods Circle Rd, LLC, in the original principal sum of $4,095,000.00 on 2/7/2025 (the "Techwoods Circle Loan").  *See* proof of claim 13 filed by Civista Bank on December 18, 2025.

ii.     KPT7 Holding Company, LLC, in which the Debtor owns 0.5%, owns 100% of the interests in Techwoods Circle Rd, LLC.  The Debtor executed a personal guaranty in connection with the Techwoods Circle Loan. *See* Proof of Claim No. 13.

iii.     The obligations due and owing to Civista Bank in connection with the Techwoods Circle are secured by a mortgage on property owned by Northern Techwoods Circle Rd, LLC.

iv.     As of October 17, 2025, the total balance owed on the Northern Kentucky Loan was $3,104,364.20. See Proof of Claim No. 13.

**B.     Appointment of Examiner**

13.     Pursuant to the *Agreed Order Directing the Appointment of Examiner* (the "Agreed Order") filed on April 23, 2026, and approved on May 18, 2026, this Court ordered the United States Trustee to appoint William Krieger, CPA, CFE (the "Examiner") as the examiner in this matter [Doc Nos. 165, 178, 179, 191].  The Examiner was ordered to:

27109205.v4

(a) Investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses and the desirability of the continuance of such businesses, and any other matter relevant to the case or to the formulation of a plan;

(b) Investigate any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor, or to a cause of action available to the estate; and

(c) File a report summarizing the investigation.

*Agreed Order*, ¶2. Furthermore, the scope of the Examiner's work will cover the following topics:

(x) The Debtor's assets, liabilities, and financial affairs;

(y) Transactions involving the Debtor, his family, all trusts associated with the Debtor or his family, the Debtor's businesses owned in whole or in part, directly or through a trust, now or after January 1, 2018, by the Debtor, and any transaction with any other party which may materially impact this bankruptcy case; and

(z) The Debtor's tax returns and financial statements (including any personal financial statements and other financial information sent by the Debtor to any of his lenders).

*Agreed Order*, ¶3.

14. On June 9, 2026, a *Notice of Preliminary Work Plan* was filed by the Examiner [Doc No. 198] (the "Examiner Work Plan"). Pursuant to the Examiner Work Plan, the Examiner estimates that his work will be completed and his report will be filed by September, 2026. *Examiner Work Plan*, ¶19.

15. Essentially, all substantive matters in this case have been continued to a date after the Examiner completes his work and files his report. See, e.g., *Amended Order Scheduling Evidentiary Hearing* [Doc 215] (evidentiary hearing on the *Motion of The Huntington National Bank for Authorization to Prosecute Derivative Actions* continued to October 5, 2026); *Order Granting Debtor's Motion to (1) Extend Exclusive Period to Solicit Acceptances for Chapter 11 Plan; (2) Schedule Disclosure Statement Hearing After Submission of Examiner Report (Doc 193)*.

7

27109205.v4

**C.**      **The Motion's Request for Rule 2004 Discovery**

16.      In the Motion, Huntington seeks authority to serve a subpoena on the Third Party Banks and several other lending institutions requiring them to produce, within fourteen (14) days of service: (a) essentially every document in their file related to loans make to the Debtor and his businesses and (b) every account statement, each from January 1, 2018 to the present.  Specifically the proposed subpoena includes the following document requests:

- All account statements of the Debtor and his businesses;

- All loans made to the Debtor and his businesses;

- All documents submitted by the Debtor and his businesses to obtain the loans;

- All tax returns for the Debtor and his businesses;

- All communications to and from the Debtor, his businesses, and any representative or agent; and

-  All collateral documents of the Debtor and his businesses.

*Motion*, Exhibit A.

17.      The explanation provided as to why this level of discovery is required at this stage of the case is that "[f]ull information is needed from the Banks to analyze Debtor's assets, liabilities, and pre-petition transfers." *Motion*, ¶ 5.

## II.      LAW AND ARGUMENT

18.      Rule 2004 is designed "to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).  "However, ***the scope of the examination is not limitless***; the examination should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor  *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (emphasis added).

8

27109205.v4

19.     "Despite its characterization as being tantamount to a 'fishing [expedition],' a Rule 2004 examination must be both relevant and reasonable." *In re Symington*, 209 B.R. 678, 684–85 (Bankr. D. Md. 1997) (citing, *inter alia*, *Snyder v. Society Bank*, 181 B.R. 40 (S.D.Tex.1994), *aff'd*, 52 F.3d 1067 (5th Cir.1995); *In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899). As a result, when considering a Rule 2004 Motion, the Court must "balance ***the competing interests of the parties***, weighing the relevance of ***and necessity of*** the information sought by examination. That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production." *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017) (emphasis added) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

20.     Here, Huntington requests documentation that is premature, overly broad and duplicative to the investigation of the Examiner. Specifically, the information sought in the Motion covers the exact scope of the Examiner's investigation; the Examiner has not completed his investigation or filed his report to know if any gaps in information actually exist; Huntington does not yet have authority from this Court to pursue avoidance or derivative actions which appear to be the primary subject matter of the document requests in the Motion; the information requested by Huntington is entirely too vast and burdensome on certain of the Third Party Banks given their lending and account history with the Debtor and his businesses; a two-week response deadline to the discovery requests is completely unreasonable; and Huntington has not attempted to obtain the desired information consensually.

WHEREFORE, First Merchants Bank, Civista Bank, Heritage Bank and General Electric Credit Union request that the Court deny the Motion as to the Third Party Banks and grant such other and further relief as the Court deems just and proper.

27109205.v4

Respectfully submitted,

/s/ Whitney L. Mosby                .
Whitney L. Mosby (IN #23691-49)
Dentons Bingham Greenebaum LLP
2700 Market Street, Suite 2700
Indianapolis, IN  46204
Tel: 317-635-8900
Fax:  317-236-9907
Email:  whitney.mosby@dentons.com
*Counsel for First Merchants Bank*

/s/ Donald W. Mallory                .
Donald W. Mallory (OH 0070875)
Wood + Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202
Phone: 513.852.6094
Fax: 513.419.6494 Email:
DWMallory@woodlamping.com
*Counsel for General Electric Credit Union*

/s/ Jon J. Lieberman                .
Jon J. Lieberman (OH 0058394)
McCalla Raymer Leibert Pierce, LLP
312 Walnut Street Suite 2275
Cincinnati, Ohio 45202
Tel: 513-538-2252
Email:  Jon.Lieberman@mccalla.com
*Counsel for Heritage Bank*

/s/ Patricia B. Fugée                .
Patricia B. Fugée (0070698)
Fisher Broyles, LLP
6725 W. Central Ave., Suite M
PMB 386
Toledo, OH 43617
Tel: (419) 874-6859
Fax: (419) 550-1515
Email: patricia.fugee@fisherbroyles.com
*Counsel for Civista Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026 a copy of the foregoing *Objection to Motion of The Huntington National Bank for Authorization to Conduct Rule 2004 Discovery With Respect to Third Party Banks* was filed electronically.  I further certify that I served or caused to be served on July 20, 2026 a copy of the foregoing on all ECF participants registered in this case at the e-mail address registered with the Court, and upon all creditors and parties-in-interest on the attached service via the methods noted thereon:

See attached mailing matrix containing the Debtor, Office of the United States Trustee, Top 20 Unsecured Creditors, and those parties requesting notice.

/s/ Whitney L. Mosby                .
Whitney L. Mosby

27109205.v4

David T. Austin, Esq.
Office of the US Trustee
JW Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, OH 45202

Brian Green, Esq.
Shapero & Green, LLC
25101 Chagrin Boulevard
Beachwood, OH 44122

Donald W. Mallory, Esq.
Wood + Lamping, LLP 600
Vine Street, Suite 2500
Cincinnati, OH 45202

Kelly M. Neal, Esq.
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Gant Street, Suite 200
Pittsburgh, PA 15219

Paul T. Saba, Esq.
SSP Laws Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208

John J. Lieberman, Esq.
McCalla Yamer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076

Susan M. Argo, Esq.
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202

Truist Bank
1001 Semmes Ave.
Richmond, VA 23224

Austin Z. Baurichter, Esq.
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202

Christopher P. Schueller, Esq.
Buchanan Ingersoll & Rooney PC
Union Trust Building
601 Grant Street, Suite 200
Pittsburgh, PA 15219

First Federal Savings Bank
PO Box 250
Washington Court House, OH 43160

Patrick Hruby, Esq.
Brock & Scott, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103

Raymond Joseph Schneider
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

Rockland Trust Company
288 Union Street
Rockland, MA 02370

Timothy P. Palmer, Esq.
Buchanan Ingersoll & Rooney
PC Union Trust Building 501
Grant Street, Suite 200
Pittsburgh, PA 15219

Branden P. Moore, Esq.
McGuireWoods LLP 260
Forbes Ave., Suite 1800
Pittsburgh, PA 15222

David Mullen, Esq.
McGlinchey Stafford, PLLC
3401 Tuttle Rd., Ste. 200
Cleveland, OH 44122

Karolina F. Perr, Esq. Wood
+ Lamping, LLP 600 Vine
Street, Suite 2500
Cincinnati, OH 45202

Patricia B. Fugee, Esq.
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43551

Steven M. Hartmann, Esq.
Smith, Gambrell & Russell, LLP
155 North Wacker Dr., Suite 3000
Chicago, IL 60606

Robert McIntosh, Esq. Brock &
Scott, PLLC 3825 Forrestgate
Drive Winston Salem, NC 27103

Tricia Morra, Esq.
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108

11

27109205.v4