**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

**JOINDER AND OBJECTION OF JENNIFER BURRIS-WHITAKER, DENNIS PACKER AND ABIGAIL SMITH TO THE EMERGENCY MOTIONS OF THE HUNTINGTON NATIONAL BANK FOR AUTHORIZATION TO CONDUCT RULE 2004 DISCOVERY**

Jennifer Burris-Whitaker, Dennis Packer and Abigail Smith (collectively the "Affected Employees") object to the *Emergency Motions of The Huntington National Bank for Authorization to Conduct Rule 2004 Discovery With Respect to Third Parties (the "Motions")* filed on July 20, 2026 (Dkt. Nos. 220, 225,226). For the reasons stated in the Omnibus Objection of Debtor Raymond Schneider ("Debtor's Objection") (Dkt. No. 243) which is incorporated by reference and the Objections below the Affected Employees request the entry of an order prohibiting Huntington National Bank ("Huntington") from taking discovery of the Affected Employees until the Examiner has completed his work and files his report. As demonstrated below the requested discovery is duplicative of discovery previously produced by Debtor and the examination being undertaken by the Examiner and should not be allowed to proceed.

**I.      INTRODUCTION**

On July 14, 2026, Debtor served a 61-page response to Huntington's interrogatories. In answer to Interrogatory 1, he identified among others, the following employees who contributed information used in the discovery responses: Dennis Packer, general corporate counsel; Abigail Smith, Debtor's personal assistant; and Jennifer Burris-Whitaker, controller. Six days later, Huntington filed "emergency" motions seeking leave to serve the Affected Employees with a subpoena.

1

Each Subpoena demands the same nine categories of documents for Debtor and 107 scheduled entities. The time period covers eight and one-half years and Huntington demands responses in fourteen days with a deposition to follow. However, Huntington already has most of the information they seek, the Examiner has begun his investigation to address the same issues covered in the subpoenas, and the Examiner has met with each of the Affected Employees.

## II.   BACKGROUND

The discovery of Debtor undertaken to date by Huntington is summarized in Debtors Omnibus objections and will not be reiterated here.

In addition, Debtor's Objection outlined Examiners Work Plan which in Phase I provides for a "meeting with the Debtor's accounting and finance staff" and "mapping and identification of transactions." On July 16 the Examiner met with Ms. Burris-Whitaker, Ms. Smith, and Mr. Packer to explore these and other issues.

Notwithstanding that each of the Affected Employees has met with the Examiner on July 20, Huntington filed Motions and, prepared subpoenas. The Motions filed relate to the Affected Employees and are identical except for the examinee's name. The basis for the discovery requests is also identical: on information and belief, the individual possesses information "fundamental to perform a thorough analysis of the Debtor's financial affairs." Then, each proposed Subpoena commands the individual to produce, within fourteen days, for the period January 1, 2018 through the present, and for the Debtor and all 107 entities on the attached schedule: (1) all financial statements; (2) all appraisals, valuations, or opinions of value; (3) all bank account statements and other bank information; (4) all tax returns and supporting documents; (5) all governing documents and agreements; (6) all documents connected with transfers of assets among the Debtor, his family, and the entities; (7) all documents and communications related to disbursements to or for the

benefit of the Debtor, his family, or the trusts; (8) all tax returns and supporting documents (a second time, in a request identical to Request 4); and (9) the "entire accounting file" for Debtor and all 107 entities, including internal and external communications, reports, drafts, and financial reporting. A deposition is to follow the production. The requests are the same whether the recipient is a lawyer, a personal assistant, or the controller.  In addition, the majority of the information requested was previously provided by the Debtor.

Huntington also requested that the Court appoint an Examiner in this case.  The Court appointed the Examiner to conduct an investigation of Debtor's financial affairs, and the Examiner was provided with Rule 2004 examination and subpoena powers, Examiner Order at ¶¶ 3, 11, and includes protective terms so that the examination does not unnecessarily adversely the Affected Employees work in operating Debtor's businesses. Huntington agreed that the investigation would be proportional and would not inordinately interfere with Debtor's operations. *Id.* at ¶ 5. Huntington also agreed that the Examiner, a neutral party appointed by the Court, must confer with Debtor and give five business days' notice before serving any third-party subpoena, "for the purpose of avoiding cost, delay, and unnecessary burden on third parties." *Id.* at ¶ 11.[1]

Huntington claims that it is not burdened by those restraints.  The timing is also problematic. On August 12, the Court will hold an evidentiary hearing on whether the Examiner's budget of approximately $310,000 is proportional to the needs of the case. (Docs. 198, 199, 208). While that hearing is pending, Huntington proposes a parallel version of the same investigation: no work plan, no budget, no coordination, no privilege review, and no proportionality.

Finally, there is no emergency that requires discovery of the Affected Employees before the Examiner completes his work. The Examiner has not requested these examinations and the

---

[1] Huntington did not confer with the Debtor, and gave the Debtor no notice, before filing the Motions.

Examiner on July 16 had an on-site meeting with Ms. Burris-Whitaker, Ms. Smith, and Mr. Packer as part of the court-approved Phase I work that required meeting with Debtor's team. The Examiner will prepare his own informal document requests based on that meeting, and he has the power to seek formal discovery in accordance with the Examiner Order if he needs it. Simply put, it is not Huntington's job to supply the Examiner with information that Huntington believes the Examiner needs. The Examiner has been appointed to conduct his own investigation, the Examiner's Order outlines his authority, and Huntington should not be directing the Examiner's investigation.

## III.    ARGUMENT

Huntington has the burden of showing that good cause exists for these proposed examinations, and the Court must weigh the importance of the information against the cost and burden of production. *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989).

The Affected Employees are the individuals assembling Debtor's court-ordered production. They are gathering the closed-account statements Huntington requested on July 22. Serving each with a subpoena demanding a fourteen-day production and a deposition would pull the finance, administrative, and legal staff of closely held operating companies off the production Huntington negotiated, and their required everyday tasks of running Debtor's businesses and the additional burdens that will be placed on them by the Examiner. There are no other employees to absorb the work. A Rule 2004 examination "should not be so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery." *Fearn*, 96 B.R. at 138; *accord Official Comm. of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). Accordingly, the Court

4

should not countenance Huntington's scorched earth approach to discovery; rather, the Court allow the Examiner to complete his investigation before it considers allowing Huntington to undertake discovery of the Affected Employees.

## V.     CONCLUSION

The Motions addressed to the Affected Employees should be denied. If these exams are permitted, they should be deferred until the Examiner completes his work and files his report.  If the Court permits any examination, it should be coordinated with the Examiner under the Examiner Order, limited to specific gaps identified in the existing production, made subject to the Protective Order, with an opportunity for Debtor and his companies to review any production for privilege before production, and this discovery should be subject to a reasonable production schedule.

Respectfully submitted,

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
T: (513) 621-2120/F: (513) 241-8259
rswayne@strausstroy.com
***Counsel for Jennifer Burris-Whitaker, Dennis Packer and Abigail Smith***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Joinder and Objection of Jennifer Burris-Whitaker, Dennis Packer and Abigail Smith to the Emergency Motions of The Huntington National Bank for Authorization to Conduct Rule 2004 Discovery with Respect to Third Parties* was served (i) electronically on the date of filing through the Court's ECF system on all ECF participants registered in this case at the email address registered with the Court.


/s/ Richard S. Wayne
Richard S. Wayne (0022390)

19625192.2

6