**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 25-12607 |
| RAYMOND JOSEPH SCHNEIDER, | ) Judge Beth A. Buchanan |
|  | ) |
| Debtor. | ) |

**OMNIBUS REPLY OF THE HUNTINGTON NATIONAL BANK IN RESPONSE TO
OBJECTIONS TO RULE 2004 DISCOVERY FILED AT ECF 243 AND 244 BY DEBTOR
AND EMPLOYEES OF DEBTOR RELATED ENTITIES**

The Huntington National Bank ("**Huntington**") respectfully submits this Omnibus Reply in Response to Objections to Rule 2004 Discovery Filed at ECF 243 and 244 by the debtor Raymond Joseph Schneider ("**Debtor**") and Employees of Debtor Related Entities ("**Employees**")[1].

**INTRODUCTION**

1.      Huntington respectfully requests that the Court overrule the objections.

2.      Huntington previously laid out the necessity and legal right of Huntington to pursue 2004 discovery while the examiner William Kreiger ("**Examiner**") pursues his investigation (ECF 241).  In sum, (i) the discovery is relevant, (ii) Huntington is not duplicating the efforts of the Examiner; (iii) Huntington has the right to pursue its own discovery notwithstanding the investigation of the Examiner, (iv) the scope of discovery should be resolved by the discovery parties through the normal meet and confer process, and (v) the burden does not outweigh the importance of the discovery.  (ECF 241)

---

[1] The Employees are (i) current employees Jennifer Burris-Whitaker, Dennis Packer and Abigail Smith ("Current Employees") and former employees Matthew J. Hay,  David C. Kennedy, Gregg Lund, John Murley and Kathleen Tanner  ("**Former Employees**").

3.      On July 10, 2026, the Debtor served responses to interrogatory responses and designated the Employees as the parties who handled the Debtor's financial transactions.  It should be no surprise that Huntington immediately filed Rule 2004 motions with respect to these witnesses.

4.      The Former Employees have not filed any objection to the 2004 discovery and so 2004 orders should be issued with respect to the Former Employees.  The Debtor and Current Employees have no standing to object to discovery on the Former Employees.  "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio Mar. 1, 2002); *also Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-87, 2009 U.S. Dist. LEXIS 15128, 2009 WL 330314 , *1 (S.D. Ohio Feb. 6, 2009)

5.      Debtor and Current Employees (collectively, the "**Objectors**") make five arguments against the 2004 discovery: (i) the discovery is duplicative of past discovery requests to the Debtor and the investigation of the Examiner, (ii)  cost, (iii) the discovery is "abusive" and could cause employees to resign, (iv) the discovery is an "end run" around current discovery agreements, and (v) some of Dennis Packer's discovery is protected from discovery by the attorney-client privilege.  All these arguments are addressed below.

## ARGUMENT

### Huntington Does Not Seek Duplicative Discovery

6.      Huntington tried to make this easy.  Huntington served the same discovery demands on the Employees that it served on the Debtor.   Huntington never intended for the Debtor to produce the same documents over and over.  Huntington only wants the Employees to produce responsive documents they maintain personally and outside of the Debtor's records.

7.      Huntington assumes that the Current Employees will simply say that they have no personal records and all records are being produced by the Debtor.

8.      Huntington further assumes the same will be true for the Former Employees.  In fact, two Former Employees have already contacted Huntington's counsel and advised that they have no personal records responsive to the subpoena.

9.      Moreover, Huntington is not duplicating the efforts of the Examiner because the Examiner has not served any 2004 discovery on the Employees.

10.     The Employees need to provide testimony under oath.  This needs to happen as soon as possible so that the results of the depositions can be transmitted to the Examiner before he files his final report.

11.     There is no duplication here.  But if Debtor, the Examiner or anyone else believes there to be duplication, Huntington will engage in a meet and confer process to resolve any inefficiencies, real or perceived.

**The Relevance and Necessity of the Discovery Outweighs the Burden**

12.     The relevance and necessity of the discovery is beyond dispute and will not be repeated here.  (ECF 241).

13.     Debtor complains that the discovery costs to date have been $100,000 and with the Examiner charges and further discovery the cost of discovery to the Debtor could approach $500,000.  While that could be considered high in many cases, here it is not excessive.

14.     In each monthly operating report, the Debtor claims he owns assts with a value of $66,897,683.  Obviously, in this context, $500,000 in discovery expenses is not a heavy burden.

15.     Furthermore, the Debtor by his own admissions (i) has a complicated business empire, (ii) in which there are multiple inter-company transactions, and (iii) the Debtor has never

maintained complete or regular business records.  (ECF 241)  The combination of these factors has made broader discovery a necessity.

**Huntington is not Abusing the Employees**

16.     Debtor alleges that Huntington's discovery requests are "abusive" and may cause some employees to quit.  This seems to be hyperbole and meant to evoke some type of emotional reaction from the Court.  Huntington respectfully submits that there is no evidence of "abuse" in the record.  Of course, Huntington is willing to work cooperatively with Debtor's counsel to address any specific concerns.

**Huntington is Not Doing an End Run Around Discovery Agreements**

17.     Debtor argues that Huntington is doing an "end run" around existing discovery agreements.  This is a startling and the Debtor fails to give a detailed and adequate explanation of what he means.  From Huntington's perspective, Huntington has never waived the right to pursue 2004 depositions and other discovery from witnesses identified during the discovery process. Huntington is not aware of reneging on any discovery arrangement.

**Attorney-Client Privilege**

18.     Huntington understands and respects any attorney-client privilege which will be asserted as to communications between Debtor's in-house counsel Dennis Packer and the Debtor. However, Huntington assumes that the privilege was already being addressed in the Debtor's document production.  This should not be new or additional work.  Nevertheless, Huntington is willing to work with the Debtor and Mr. Packer on the privilege issue.

**WHEREFORE**, based on the foregoing, Huntington respectfully requests that the 2004 Motions be granted against the Employees, together with such other and further relief as is just and proper.

Dated:  August 4, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

/s/*Christopher P. Schueller*
Christopher P. Schueller (OH Id. No. 0086170)
Timothy P. Palmer (OH Id. No. 86166)
Kelly M. Neal (OH Id. No. 100889)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax:  412-562-1041
E-mail: christopher.schueller@bipc.com
E-mail: timothy.palmer@bipc.com
E-mail: kelly.neal@bipc.com

*Attorneys for The Huntington National Bank*