# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RAYMOND JOSEPH SCHNEIDER, | ) | Case No. 25-12607 |
| Debtor. | ) | Judge Beth A. Buchanan |

Before the Court is The Huntington National Bank ("Huntington") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("ML" and, collectively, the "Parties") Joint Motion for Entry of Agreed Confidentially and Protective Order (the "Motion"). The Parties agreed to this protective order ("Protective Order") and filed it simultaneously with the Motion. Based on the Parties' submissions and the record in this matter, the Court finds that disclosure and discovery activity in this action, both informal and formal, are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting matters in this bankruptcy case would be warranted. Accordingly, a protective order for such information is justified in this matter to (i) expedite the flow of information, (ii) facilitate the prompt resolution of disputes over confidentiality of informal and formal discovery materials, (iii) adequately protect information the Parties are entitled to keep confidential, (iv) ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of further proceedings in this bankruptcy case, (v) address the handling of confidential materials at the end of this bankruptcy case, and (vi) serve the ends of justice.

After careful consideration, and as a stipulated by the Parties, the Court GRANTS the Motion and ORDERS the following:

**1. Scope**

The protections conferred by this Order cover information and documents designated as confidential matter under the terms of this Order. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, records, or other media (*e.g.,* electronic, video, or audio) that include, communication, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

**2. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "For Counsel Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise. It shall include all discovery material, whether produced by a party or third-party, that the producing party in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state or local privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 1681a) (collectively, the "Acts"), or other information, the disclosure of which would, in the good faith judgment of the producing party would be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Classified Information.

**3. Qualified Persons**

"Qualified Persons" means:

a. For Counsel Only information:

i. retained counsel for the Parties in this bankruptcy case and their respective staff;

ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this bankruptcy case (which shall not include the current employees, officers, members, or agents of Parties or affiliates of Parties) who, prior to any disclosure of For Counsel Only Information to such person, have signed the "Individual Acknowledgment and Agreement to be Bound" attached as Exhibit 2 to this Order;

iii. this Court and its staff and any other tribunal, special master, trustee, examiner, or dispute resolution officer duly appointed or assigned in connection with this litigation;

iv. court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearing, and proceedings; and

v. litigation vendors and other litigation support personnel including Huntington's vendor Plante Moran, who, prior to any disclosure of For Counsel Only Information to such person, have signed the "Corporate Acknowledgment and Agreement to be Bound" attached as Exhibit 1 to this Order.

b. For Confidential information:

i. the persons identified in subparagraph 3(a) who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply;

ii. the party, if a natural person who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply;

iii. if the party is an entity, such officers or employees of the party who are actively involved or otherwise assisting in the prosecution or defense of this case who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply;

iv. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of Parties or affiliates of Parties) who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply;

v. bankruptcy and litigation consultants and their staff and others who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply;

vi. any person who was an author, addressee, or intended or authorized recipient of the Confidential information who, prior to any disclosure of Confidential Information to such person, have been provided with a copy of this Order and have agreed to comply, provided that such persons may see and use the Confidential information but not retain a copy.

vii. Bank regulators to the extent that said regulators have requested to review Confidential Information.

c. Such other person as this Court may designate after notice and an opportunity to be heard.

For purposes of subsections (a)(ii), the attorney who retains or designates such persons shall provide the individual with a copy of this Order.

**4. Designation Criteria**

a. *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified Information.

Information and documents that may be designated as Classified Information include material that falls within the definition in Fed. R. Civ. P. 26(c)(1)(G) or constitute or contain trade secret or other personal, private, and/or confidential commercial or personal information not generally available to the public through prior publication or other lawful means including confidential or proprietary financial information, operational data, business plans, and competitive analyses, policies and procedures, personnel files, customer information, personal information of non-party individuals or that is otherwise protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b. *For Counsel Only.* The designation "For Counsel Only" shall be reserved for information that is believed to be unknown to the opposing Party or Parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, policies and procedures, class member information, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

c. *Ultrasensitive Information*. At this point, the Parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that the Court orders that ultrasensitive documents or information be produced, the Parties will negotiate and ask the Court to enter an ultrasensitive information protocol in advance of production to further protect such information.

d. *Nonclassified Information.* Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**5. Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this bankruptcy case shall be used solely for the purpose of the prosecution or defense of contested matters or adversary proceedings in this bankruptcy case. Under no circumstances shall Confidential or For Counsel Only matter be used for any other reason and shall not be disclosed except in accordance with the terms of this Order.

**6. Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "For Counsel Only," if practicable, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated matter, or as otherwise set forth herein. The designation should be made in a fashion or form that is conspicuous yet allows the Classified Information to remain legible. A party that makes original matter available for inspection need not designate it as Confidential or For Counsel Only until after the inspecting party has indicated which matter it would like copied and produced. During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered For Counsel Only.

Any party may designate as Confidential or For Counsel Only matter produced by a non-party if there is a good-faith basis for believing that the non-party has an obligation to maintain such material as confidential, by providing written notice to all parties of the relevant Bates number or other identification within twenty (20) days after receiving such matter.

Inadvertent production of or failure to designate any matter as Confidential or For Counsel Only shall not be deemed a waiver of the claim of confidentiality as to such matter, and the matter may be designated as Confidential or For Counsel Only within twenty (20) days of the discovery of the inadvertent production or failure to designate. If a receiving party has disclosed any newly-designated Confidential information or For Counsel Only information to an unauthorized person, the party shall make all reasonable efforts to seek the immediate return and/or destruction of such Confidential information or For Counsel information from each unauthorized person who received such information.

**7. Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days after receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**8. Disclosure during Settlement Discussions and at Mediation**

The Parties may exchange information and documents for or in conjunction with informal settlement discussions, mediation or other alternative dispute resolution proceedings. Neither providing such information nor anything in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Bankruptcy and Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. No party shall make any use of such information or documents for any purpose other than for settlement, the mediation or other alternative dispute resolution for which the information or documents were provided. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

**9. Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. If a disclosure is compelled by law or court order and/or is sought through a court or government agency subpoena, the receiving party shall notify the producing party as promptly as practicable (if at all possible, before making such disclosure) and provide a copy of the order or subpoena. The receiving party shall also promptly inform in writing the party who caused the subpoena or order to issue that some or all of the matter covered by the subpoena or order is subject to this Order. The receiving party shall also seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

b. *Retention of Copies during This Litigation*. Copies of For Counsel Only information shall be maintained only in the offices of counsel for the receiving Party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's counsel shall maintain a record of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure (and any party can disclose its own Classified Information) or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who (i) is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information; (ii) is an employee of the Producing Party; or (iii) has previously authorized access to such Classified Information through this Protective Order.

**11. Challenging the Designation**

a. *Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this bankruptcy case disagrees at any stage of these proceedings with the designation of any information as Classified Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute is not resolved, the objecting party must provide its objection in writing to the party who designated the document or information as Classified Information, including identifying the matter that is subject to the challenge and the basis for the belief that the confidentiality designation was not proper. The designating party shall then have 21 days to reconsider the circumstances and, if no change in designation is offered, to explain, in writing, the basis for the designation. Should the parties be unable to agree on the challenged designation, the challenging party may move for judicial relief and the party designating the material as Classified Information bears the burden of persuasion for such motion. The disputed information shall remain Classified Information unless the Court orders otherwise.

b. *Qualified Persons*. In the event that any party in good faith disagrees with the treatment of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis.

If the dispute cannot be resolved, the objecting party shall have 21 days from the date they learn of the treatment or, in the event particular Classified Information is requested subsequent to learning of the treatment as a Qualified Person, 21 days from service of the request to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless the Court enters an order preserving the designation.

**12. Inadvertent Disclosure**

Any person receiving Confidential or For Counsel Only matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or For Counsel Only matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed; (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) provide the person or persons to whom unauthorized disclosures were made a copy of this Order. If a party or any of its representatives, including counsel, has actual knowledge that Confidential or For Counsel Only matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

**13. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this bankruptcy case, the party shall do one of the following after conferring with Counsel for the designating Party regarding how to treat the matter: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the Parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Classified Information at a hearing or trial and the status of Classified Information resulting from any such use will be determined by the Court.

In the event that a party seeks to use Classified Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Classified Information through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The receiving party may use such Classified Information only after taking such steps as agreed to by the Parties or as the Court, upon

motion of the producing party, shall deem necessary to preserve the confidentiality of such Classified Information.

**14. Filing Under Seal**

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the Court.

**15. Ongoing Obligation and Return of Documents**

All provisions of this Order restricting the communication or use of Classified Information shall continue to be binding after the conclusion of this bankruptcy case (including any appellate review), unless a designating party agrees otherwise in writing or a court order expressly directs otherwise. Not later than 60 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Counsel is permitted to retain any notes, summaries, or descriptions of Classified Information that constitutes work product and Classified Information which have been filed with the Court.

**16. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of For Counsel Only Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any For Counsel Only Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17. Duty to Ensure Compliance**

Any party treating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation. In addition, seeking and receiving this stipulated confidentiality and protective order is intended to facilitate settlement

discussions and does not provide a basis to deem the right to compel arbitration, if any, waived as to debtors as well as the putative class members.

**19. Remedies for Breach.**

The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Order by any Party and agree that under such circumstances the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

**20. Modification and Exceptions**

The Parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

**SO ORDERED.**

Copies to: Service List

# EXHIBIT 1

# CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ____________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States Bankruptcy Court for the Southern District of Ohio on ______________, 2026, in the action captioned *In Re: Raymond Joseph Schneider,* Case No. 1:25-bk-25-12607 (S.D. Bk. Ohio) (the "Litigation"). I declare that I am an authorized representative of ______________________________ (the "Company"), and have the authority to bind the Company to the terms of the Order.

On behalf of the Company, I declare that the Company agrees to be bound by the terms of the Order, and I understand and acknowledge that the Company's failure to so comply could expose the Company to sanctions and punishment in the nature of contempt. I solemnly promise that the Company will not disclose in any manner any matter or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

For the purpose of enforcing the terms of the Order, I further agree that the Company submits to the jurisdiction of the United States Bankruptcy Court for the Southern District of Ohio, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: ____________________________________________

Corporate Address: ____________________________________________

City and State Where
Sworn and Signed: ____________________________________________

Printed Name: ____________________________________________

Signature: ____________________________________________