**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Raymond Joseph Schneider | ) | Case No. 25-12607 |
| Debtor. | ) | Judge Beth A. Buchanan |

# MOTION FOR AN ORDER AUTHORIZING EXAMINER TO UTILIZE MONTHLY COMPENSATION PROCEDURES

William G. Krieger, in his capacity as the examiner ("Examiner") appointed in the above-captioned Chapter 11 case (the "Bankruptcy Case"), files this motion (the "Motion ") for an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (a) extending the procedures for compensation of professionals (the "Compensation Procedures") set forth in the *Order Granting Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis* (Doc. 93) (the "Compensation Procedures Order") to Examiner; (b) providing that, notwithstanding anything to the contrary in the Compensation Procedures Order, for purposes of paragraph 1(b) of the Compensation Procedures Order, the first interim application for compensation required to be filed by Examiner is for the period of May 8, 2026 though through October 31, 2026, with such application being due on or before November 30, 2026; and (c) granting such other relief as the Court deems appropriate.

In support of this Motion, Examiner respectfully states as follows:

## Jurisdiction and Background Information

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District. Venue of this proceeding is proper

pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On October 17, 2025 (the "Petition Date"), Debtor Raymond Joseph Schneider (the "Debtor") filed his petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating this Bankruptcy Case.

3. On December 12, 2025, the Debtor filed the *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis* (Doc. 73) (the "Compensation Procedures Motion"), requesting that the Court adopt the Compensation Procedures to provide a mechanism for the Debtor's professionals to be paid 90% of their fees and 100% of their expenses on a monthly basis, with such fees and expenses remaining subject to Court approval upon interim and final applications for compensation. The Court entered the Compensation Procedures Order adopting the proposed Compensation Procedures on January 13, 2026.

4. On February 27, 2026, Huntington National Bank, as Administrative Agent ("HNB"), filed the *Motion of the Huntington National Bank for the Appointment of an Examiner Pursuant to 11 U.S.C. §1104* (Doc. 115) (the "Examiner Motion"). The Court granted the Examiner Motion by the *Agreed Order Directing the Appointment of Examiner* (Doc. 165) (the ("Examiner Order"), entered on April 23, 2026.

5. On May 8, 2026, the United States Trustee (the "UST") filed the *Notice of Appointment of Examiner* (Doc. 178), appointing William G. Krieger as Examiner in this Bankruptcy Case. Upon application (Doc. 179) of the UST, the Court approved the Examiner's appointment by order entered on May 19, 2026. *See* Doc. 191.

6. By and through this Motion, Examiner seeks an order extending the Compensation Procedures to him so he may receive payment of compensation and reimbursement of expenses on a monthly basis, consistent with the policies applicable to other estate professionals.

**The Compensation Procedures**

7. In summary, the Compensation Procedures (a) permit each of the Debtor's professionals to deliver to the Debtor, the Debtor's counsel, and the Office of the United States Trustee, on a monthly basis, a statement of fees for services provided and expenses incurred; (b) require the Debtor to pay the 90% of the fees and 100% of the expenses set forth on each statement within ten days of receipt, provided sufficient funds are available and the Debtor does not object to the fees or expenses; and (c) requires each professional to file with the Court an interim application for approval of all fees and expenses provisionally paid approximately every 120 days. Under the Compensation Procedures Order, the Compensation Procedures applied only to professionals employed by the Debtor.[1]

8. As asserted by the Debtor in the Compensation Procedures Motion, the primary purposes of the Compensation Procedures are to (a) enable the parties to monitor professional fees and expenses incurred by the estate on a monthly basis; and (b) minimize the financial risk and burden on the professionals who would otherwise have to wait months between payments. *See* Compensation Procedures Motion at ¶11. Permitting Examiner to utilize the Compensation Procedures will only further these objectives.

---

[1] The Compensation Procedures Order makes the Compensation Procedures applicable to "Professionals," which term is defined in the Compensation Procedures Motion to be professionals employed by, or to be employed by, the Debtor. *See* Compensation Procedures Motion at ¶8. However, pursuant to the *Order Granting Application to Employ Hahn Loeser Parks, LLP as Counsel to William G. Krieger, Examiner* (Doc. 246), Examiner's counsel also now has authority to utilize the Compensation Procedures.

9. Just like the Debtor's professionals, Examiner's compensation and reimbursement of expenses will be subject to allowance or disallowance by the Court under 11 U.S.C. §§ 330 and 331, and any allowed fees and reimbursement to Examiner will be an administrative expense of the Debtor's bankruptcy estate under 11 U.S.C. § 503(b)(2). As described in the *Preliminary Work Plan of William G. Krieger, Examiner* (the "Work Plan")[2], Examiner's completion of his investigation will require a substantial amount of work, and Examiner currently estimates that his fees will exceed $300,000.00. Work Plan at 9.

10. Given the extent of the anticipated fees, allowing Examiner to utilize the Compensation Procedures is particularly warranted. It will help minimize any financial burden to Examiner, permits the Debtor and other parties to monitor the fees and the progress with respect to the examination, and allows the Debtor to spread out his payment obligations to Examiner over several months, as opposed to the Debtor being burdened with a lump-sum payment after the Court's approval of a fee application. Accordingly, Examiner submits that his request to apply the Compensation Procedures to his fees and expenses should be approved.

11. In addition, to be eligible to receive monthly payments under the Compensation Procedures, each professional must file an interim application for compensation every four months. *See* Compensation Procedures Order at ¶1(b). The prior four-month compensation period ended on June 30, 2026. Although Examiner performed compensable work during the prior compensation period, given that Examiner's appointment was effective for only 53 days of such period[3], Examiner's fees were relatively inconsequential for the prior period. Thus, the preparation of an interim fee application for the compensation period ending June 30, 2026 would be an

---

[2] The Work Plan is attached as Exhibit 1 to the *Notice of Preliminary Work Plan of William G. Krieger, Examiner* (Doc. 198).

[3] The Examiner was appointed on May 8, 2026. *See* Doc. 178. May 8, 2026 through the end of the prior compensation period on June 30, 2026 is 53 days.

unnecessary use of resources, and Examiner requests that any order granting this Motion provide that, for purposes of paragraph 1(b) of the Compensation Procedures Order, the first interim application for compensation required to be filed by Examiner is for the period of May 8, 2026 though through October 31, 2026, with such application being due on or before November 30, 2026.

## Conclusion

For the foregoing reasons, Examiner respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (a) extending the Compensation Procedures set forth in the Compensation Procedures Order to Examiner; (b) providing that, notwithstanding anything to the contrary in the Compensation Procedures Order, for purposes of paragraph 1(b) of the Compensation Procedures Order, the first interim application for compensation required to be filed by Examiner is for the period of May 8, 2026 though through October 31, 2026, with such application being due on or before November 30, 2026; and (c) granting such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Philip K. Stovall*

Philip K. Stovall (0090916)
**HAHN LOESER & PARKS LLP**
65 E. State Street, Suite 2500
Columbus, Ohio 43215
Phone: (614) 221-0240
Fax: (614) 221-5909
Email: pstovall@hahnlaw.com
*Counsel to William G. Krieger, Examiner*

**NOTICE OF FILING OF MOTION / APPLICATION**

Notice is hereby given that William G. Krieger, Examiner, has filed the *Motion for an Order Authorizing Examiner to Utilize Monthly Compensation Procedures.*

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/application, then on or before **twenty-one (21) days from the date set forth in the Certificate of Service for the motion/application**, you must file with the court a response explaining your position by mailing your response by ordinary U.S. Mail to the U.S. Bankruptcy Court, Southern District of Ohio, Atrium Two, Suite 800, 221 E. Fourth St., Cincinnati, OH 45202, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) ordinary U.S. Mail to Philip K. Stovall, Hahn Loeser & Parks, LLP, 65 E. State St., Ste. 2500, Columbus, OH 43215.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing *Motion for an Order Authorizing Examiner to Utilize Monthly Compensation Procedures* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on September 1, 2026, addressed to:

All parties on the attached mailing list.

*/s/ Philip K. Stovall*
Philip K. Stovall (0090916)

**Transamerica Life Insurance Company**
**c/o Aegon USA Realty Advisory Services LLC**
**Attn: Mortgage Loan Department**
**Cedar Rapids, IA 54299-5443**

**The Huntington National Bank**
**7 Easton Oval (EA4W67)**
**Columbus, OH 43219**

**First Merchants Bank**
**10333 North Meridian Street #350**
**Indianapolis, IN 46290**

**Civista Bank**
**100 East Water Street**
**PO Box 5016**
**Sandusky, OH 44870**

**Rockland Trust Company**
**288 Union Street**
**Rockland, MA 02370**

**General Electric Credit Union**
**10485 Reading Road**
**Cincinnati, OH 45241**

**Minnesota Life Insurance**
**400 Robert Street North**
**Saint Paul, MN 55101**

**Stock Yards Bank & Trust Company**
**1040 East Main Street**
**Louisville, KY 40206**

**Heritage Bank, Inc.**
**1818 Florence Pike**
**Burlington, KY 41005**

**First Federal Savings Bank**
**PO Box 260**
**Washington Court House, OH 43160**

**James Cummins**
**Cummins Law LLC**
**312 Walnut Street #1530**
**Cincinnati, OH 45202**

**Emmett Robinson**
**Robinson Law Firm, LLC**
**6600 Lorain Ave. #731**
**Cleveland, OH 44102**

**Rebekah Smith**
**GBQ Consulting LLC**
**230 West Street, Suite 700**
**Columbus, OH 43215**

# <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Raymond Joseph Schneider | ) | Case No. 25-12607 |
| Debtor. | ) | Judge Beth A. Buchanan |

**ORDER GRANTING MOTION FOR AN ORDER AUTHORIZING EXAMINER TO UTILIZE MONTHLY COMPENSATION PROCEDURES**
**(Related to Doc. __)**

This matter is before the Court upon the *Motion for an Order Authorizing Examiner to Utilize Monthly Compensation Procedures* (Doc. __) (the "Motion")[1], filed by William G. Krieger, in his capacity as the examiner (the "Examiner") appointed in the Bankruptcy Case, on September 1, 2026. Upon review of the Motion and the record in this Bankruptcy Case, the Court finds that the Motion was properly served, that no objections have been filed, and that the Examiner's request

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Application.

to utilize the Compensation Procedures is well taken. Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1. The Motion is GRANTED.

2. The Compensation Procedures set forth in the Compensation Procedures Order are hereby extended to Examiner, and Examiner is permitted to utilize such Compensation Procedures for purposes of obtaining the provisional payment of compensation and reimbursement of expenses on a monthly basis.

3. Notwithstanding anything to the contrary in the Compensation Procedures Order, for purposes of paragraph 1(b) of the Compensation Procedures Order, the first interim application for compensation required to be filed by Examiner is for the period of May 8, 2026 though through October 31, 2026, with such application being due on or before November 30, 2026.

**IT IS SO ORDERED.**

Copies to:

Default List plus Top 20.