# "EXHIBIT H"

# INSTRUCTIONS FOR UST FORM 11-MOR: MONTHLY OPERATING REPORT AND SUPPORTING DOCUMENTATION

## TABLE OF CONTENTS


GENERAL INSTRUCTIONS AND FAQs ..... 1

LINE BY LINE INSTRUCTIONS FOR COMPLETING THE MOR ..... 4

SUPPORTING DOCUMENTATION ..... 11

PREPARING THE MOR FOR FILING ..... 13


## GENERAL INSTRUCTIONS AND FAQs

This document provides instructions for completing the monthly operating report, *UST Form 11-MOR* ("MOR"), required to be filed in certain chapter 11 bankruptcy cases. **It is recommended that these instructions be viewed online, as they contain helpful hyperlinks.**

Use the Guide for Opening the MOR/PCR Forms for instructions on how to download the MOR form from the Chapter 11 Operating Reports webpage on the U.S. Trustee Program's website at https://www.justice.gov/ust.

**Before beginning, users should ensure they are using the latest version of the form available on the U.S. Trustee's webpage.** To receive notification of updates related to periodic reporting, an e-mail subscription service is available on the U.S. Trustee Program's website.

The MOR is a data-enabled "smart form," meaning the properly completed and filed reports are data-embedded, i.e., form data is available for extraction and searching, which facilitates reporting, analysis, and public access to chapter 11 financial information.

This form contains a watermark that remains on the document unless and until the "Generate PDF for Court Filing and Remove Watermark" process described here is completed. This process will remove the watermark and automatically embed data on the MOR using standard barcode technology. The MOR should not be filed with the Court unless and until the watermark has been removed and barcodes have been added to the end of the MOR.

These instructions are intended to assist with the preparation of the MOR and are not a substitute for legal advice. The form and the instructions should both be thoroughly reviewed before preparing the MOR. The debtor in possession ("debtor"[1]) or trustee, if appointed in the case, is ultimately responsible for the information reported on the MOR.

**What is the MOR and who must complete it?** A chapter 11 debtor who does not qualify as a "small business debtor" under 11 U.S.C. § 101(51D) or a subchapter V debtor, as defined in 11. U.S.C. § 1182, or trustee, if appointed in the case, must complete a report of the debtor's financial condition and status of operations for each calendar month using *UST Form 11-MOR* together with any required supporting documentation. Any required supporting documentation must be filed with the court as separate attachments to the MOR.

- Use *Official Form 425C*, not UST Form 11-MOR, in a small business or subchapter V bankruptcy case in which a plan has not yet been confirmed. This form can be downloaded from the U.S. Courts' website.
- Use *UST Form 11-PCR* ("PCR"), not UST Form 11-MOR, in a non-small business or non-subchapter V bankruptcy case with a confirmed plan that is effective. This form can be downloaded from the Chapter 11 Operating Reports webpage on the U.S. Trustee Program's website.
- Consult the U.S. Trustee in the district in which the case is pending regarding which form to use once a plan has been confirmed in a small business or subchapter V bankruptcy case.

**When must the MOR be filed?** The MOR must be filed with the court no later than the 21st day of the month immediately following the reporting period covered by the

[1] For purposes of these instructions the term "debtor" may refer to individual joint debtors or substantively consolidated debtors.

MOR, unless otherwise provided by the local rules of the court where the case is pending. For example, the MOR for the calendar month of June must be filed no later than July 21.

**<u>For how long must the MOR be filed?</u>** The MOR, together with any required supporting documentation filed as separate attachments, must be filed each calendar month until one of the following occurs: (1) the effective date of a confirmed plan of reorganization; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case. In a case that does not have an effective plan, if an order has been entered on the docket that vacates the above orders or reopens it for a reason other than that which is purely administrative (e.g., the court is making a correction on the docket) the debtor or trustee, if appointed in the case, must resume the filing of MORs.

**<u>What are the signature requirements for the MOR?</u>** Two signatures are required on the MOR:

1. The cover page must be signed by the individual responsible for *filing* the MOR with the court. This is typically the debtor's or trustee's attorney, or the debtor, if a pro se individual, i.e., not represented by an attorney.

2. The last page of the MOR must be signed by the individual who is authorized under applicable law and is responsible for certifying under penalty of perjury that the information contained in the MOR and its supporting documentation is true and correct on behalf of the debtor, or trustee, if appointed.

> Failure to sign the MOR as indicated will render the MOR incomplete and may result in an enforcement action by the U.S. Trustee.

To preserve the data-embedded features, the MOR must be electronically filed with the court and signed by entering "/s/" followed by the printed name of the appropriate responsible party on the designated signature lines of both the cover page and last page of the MOR. The drop-down calendar must be used to enter the date signed.

**<u>Who files the MOR and how is it filed</u>**? If represented by an attorney, the debtor's or trustee's attorney files the MOR. The MOR is filed electronically with the court using the United States Bankruptcy Courts' Case Management/Electronic Case Filing System ("CM/ECF").
Prior to filing the MOR with the court, refer to <u>Preparing the MOR for Filing</u> for important information on how to activate the data-embedded features of the MOR. Supporting documentation must be filed as separate attachments to the MOR.

A pro se individual debtor who does not have access to the CM/ECF system or cannot file the MOR electronically should consult the bankruptcy court where the case is pending to obtain information on how to properly file the MOR.

**NOTE: Filers must comply with Federal Rule of Bankruptcy Procedure 9037 regarding redaction of information.**

**<u>Who should receive a copy of the MOR once it is filed?</u>** When the MOR is filed with the court, copies should be provided to the U.S. Trustee in the district in which the case is pending, any official committee appointed under 11 U.S.C. § 1102, any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, and any requesting party in interest. Consult the local rules of the court where the case is pending to ensure that all copies of the MOR are properly provided to those who should receive a copy.

**<u>Who should retain a copy of the MOR once it is filed?</u>** The debtor's or trustee's attorney must maintain possession of the MOR with original holographic signatures for five years, unless otherwise provided by local rule. A pro se debtor must submit the MOR with original holographic signatures to the Office of the U.S. Trustee in the district in which the bankruptcy case is pending.

**<u>Whose financial information should be included in the MOR?</u>** The financial information reported in the MOR is limited to that of the debtor. If the debtor holds a business interest in a separate legal entity (e.g., corporation, limited liability company, or partnership), report only the income or distributions the debtor received from the separate entity and do not report the business operations of that separate entity in the MOR; however, the debtor, or trustee, if appointed, may be required to prepare semi-annual periodic reports pursuant to Bankruptcy Rule 2015.3 for the separate entity using *<u>Official Form 426</u>*.

**<u>How are MORs prepared and filed in jointly administered cases?</u>** In jointly administered cases, unless otherwise required by the U.S. Trustee in the U.S. Trustee's discretion, each jointly administered debtor, or trustee, if appointed, is required to file a separate MOR on a non-consolidated basis. MORs may be filed in either the lead case or in the specific child case, but not both. If consolidated financial information is maintained for affiliated or related entities, for purposes of preparing the MOR, unless the court has entered an order substantively consolidating the estates of multiple cases, the debtor, or

trustee, if appointed, must deconsolidate the financial information so that only the financial information for each case is reported on the MOR. However, the U.S. Trustee in the district in which the cases are pending, may require that consolidating or consolidated information be provided as Supporting Documentation.

**<u>Must the MOR be filed if there was no financial activity in the reporting period?</u>** Yes, the MOR must be completed even if there is no activity in the reporting period.

**<u>When must MORs be filed in an involuntary case?</u>** MORs are only required to be filed in an involuntary chapter 11 case when an order for relief has been granted by the court or a chapter 11 trustee is appointed, whichever occurs first. If relief is subsequently granted, MORs for the involuntary period must be submitted retroactive to the original chapter 11 involuntary petition date no later than the 21st day of the month immediately following the reporting period in which the order for relief was entered. For example, if the involuntary chapter 11 petition was filed on March 24 and an order for relief was entered on May 18, MORs for the months of March (March 24 to March 31), April (April 1 to April 30), and May (May 1 to May 31) must be submitted by June 21. If the involuntary case was originally filed as a chapter 7 and converted to a chapter 11, MORs would be required from the date of the order for relief for the now converted chapter 11 case.

**<u>What accounting methods must be used?</u>** Generally Accepted Accounting Principles (GAAP) are required to be used when completing the MOR, except: (a) if the debtor used a different set of accounting standards prepetition; or (b) if the U.S. Trustee in the district in which the case is pending or an order of the court otherwise modifies the GAAP requirement. If the debtor uses GAAP accounting, supporting documents must comply with GAAP, for example, the Financial Accounting Standards Board Accounting Standards Codification 852, Reorganizations (ASC 852). Note, however, that some debtors may need to provide both cash and accrual information on various Parts of the MOR.

**<u>What information is included on the first MOR?</u>** The MOR must be completed for the partial period from the petition date to the last day of the calendar month in the reporting period, even if that partial period is for one day. For example, if the case was filed on April 25, then the MOR must be filed for the partial period of April 25 to April 30. Do not combine activity for a partial calendar month with the MOR for the following calendar month.

**<u>When a plan has been confirmed but is not yet effective, what report is filed?</u>** The debtor, or trustee, if appointed, should continue filing MORs until the plan becomes effective. Following the effective date of a confirmed plan, the debtor, or trustee, if appointed, should begin filing the PCR.

**<u>When a plan becomes effective, what information is included on the final MOR and the first PCR?</u>** When a plan becomes effective, a final MOR must be filed for the partial period from the first day of the calendar month up to but not including the effective date, even if that partial period is for one day. A PCR must then be filed for the partial period beginning with and including the effective date to the last day of the calendar quarter. For example, if the plan became effective on November 25, an MOR must be filed for the period of November 1 to November 24 and a PCR must be filed for the period of November 25 to December 31.

If a plan becomes effective in the last month of a calendar quarter and no payments have been made that would be reported in Part 3 of the PCR, a final MOR may alternatively be filed for that calendar month to close the quarter, and then the PCR must be filed beginning with the first day of the next full calendar quarter. For example, if the confirmed plan became effective on June 12 and no plan payments have been made in the month of June, an MOR may be filed for June that reflects activity for that full calendar month (i.e., June 1 to June 30) and then quarterly PCRs must be filed beginning with activity on July 1.

Refer to the instructions for *<u>UST Form 11-PCR</u>* for additional information on how to file an operating report in a case with a plan that is effective.

**<u>What information is included in the final MOR when the case is dismissed or converted?</u>** An MOR must be completed for the partial period from the first day of the calendar month through the date the court enters on the docket an order dismissing or converting the case, even if that partial period is for one day. For example, if an order dismissing the case is entered on October 3, then a final MOR must be filed for the partial period of October 1 to October 3. Do not combine activity for a partial calendar month with the MOR for the preceding calendar month.

**<u>What Parts of the MOR must an individual debtor complete?</u>** In a bankruptcy case where the debtor is an individual, all parts of the MOR must be completed, including Part 8. Every question in each Part must be answered even if it does not apply. When a field within a Part requiring a numerical answer does not apply, enter zero in the space provided. Parts 2 and 4 generally do not apply to individual debtors (e.g., an individual debtor who is not self-employed may not have accounts receivable or inventory so zero would be entered on lines (a), (b), and (c) of Part 2). At the discretion of the U.S. Trustee in the

district in which the case is pending, supporting documentation may also be required to be filed with the court.

**<u>If a Part in the MOR does not apply, how should that Part be completed?</u>** Every question in each Part must be answered even if it does not apply. When a field within a Part requiring a numerical answer does not apply enter zero in the space provided. For more detailed information on how to respond to a non-numerical question that may not apply, refer to the line by line instructions below.

**<u>What if the MOR needs to be amended?</u>** To amend an MOR, use the drop-down list under report type to select "Amended Monthly Operating Report," and then prepare and file an updated MOR for the period that needs to be corrected.

**<u>Further Questions?</u>** Contact the U.S. Trustee's Office in the district in which the case is pending.

# LINE BY LINE INSTRUCTIONS FOR COMPLETING THE MOR

## General

- Do not alter the form. Changes made to the form itself may affect the data-embedded features.
- Shaded fields are automatically populated or calculated.
- Figures must be rounded to the nearest whole dollar. **NOTE: If the documentation used to complete the MOR uses a dollar convention other than actual ("thousands," "millions," etc.), those figures must be converted to actual dollars when inputting them into the MOR.**
- Every question in each Part must be answered even if it does not apply. When a field requiring a numerical answer does not apply, enter zero in the space provided (zeros are automatically generated when clicking on or tabbing through fields). For more detailed information on how to respond to a non-numerical question that may not apply, refer to the line by line instructions.
- Unless otherwise indicated, all figures must reflect the amounts as of the end of the reporting period.
- Fields marked "Cumulative" cover the petition filing date through the end of the reporting period. Helpful hints have been embedded in the electronic version of the MOR that can be revealed by hovering over certain fields.

## Clear All Fields Button




Once this button has been selected it cannot be undone and any information previously entered into the MOR will be permanently deleted.

Use the "Clear All Fields" button in the righthand corner of the form to remove all data from the completed form and reset to a blank form. If selected, the user will receive a warning prompt to confirm whether to continue to prevent the inadvertent deletion of data.

## Cover Page

**United States Bankruptcy Court.** Where indicated in the form header, input the appropriate District, State, and Division for the bankruptcy court where the chapter 11 case is pending. If there is no Division, then leave this field blank. A listing of bankruptcy courts can be found on the U.S. Courts' website.

**Debtor(s).** Enter the name of the debtor as it appears on the bankruptcy petition.

**Case No.** Enter the 7-digit bankruptcy case number in the following format: xx-xxxxx. If this is a jointly administered case, enter the child or subsidiary case number that relates to the information in the MOR.

**Jointly Administered.** If an order has been entered that jointly administers this case with another bankruptcy case(s), check this box on the form.

**Lead Case No.** If the jointly administered box above has been checked, this additional field will appear on the form. Enter the 7-digit bankruptcy case number for the lead case in the following format: xx-xxxxx. If the MOR being prepared is for the lead case, then the Case No. and Lead Case No. will be the same.

**Report Type.** Use the drop-down list to select "Monthly Operating Report" or "Amended Monthly Operating Report" if correcting an MOR previously filed.

**Reporting Period Ended.** The drop-down calendar must be used to enter the calendar month-end date for the reporting period (e.g., 06/30/2021). If this is the final MOR for a converted or dismissed case enter the date the applicable order was entered on the docket and refer to What information is included in the final MOR when the case is dismissed or converted? in the General Instructions and FAQs. If this is the final MOR in a case with a confirmed plan that has become effective refer to When a plan becomes effective, what information is included on the final MOR and the first PCR? in the General Instructions and FAQs.

**Petition Date.** The drop-down calendar must be used to enter the date on which the voluntary or involuntary petition for the chapter 11 case was filed with the court.

**Months Pending.** This is an automatically calculated field, which subtracts the reporting period ended date from the petition date and rounds up to the next full month.

**Industry Classification.** If the debtor is a non-individual, enter the North American Industry Classification System ("NAICS") 4-digit code that best describes the business conducted by the debtor. This code should match what was reported on line 7 of the bankruptcy petition. If the debtor is an individual, enter "0000" in this field.

**Reporting Method.** Select the accounting method that corresponds to how the debtor maintained its books and records prepetition. Note, however, that some debtors may need to provide both cash and accrual information on various Parts of the MOR.

**Debtor's Full-Time Employees (current).** Enter the number of full-time equivalent employees ("FTEs") on the debtor's payroll as of the end of the reporting period.

To calculate FTEs:

1. Divide total hours worked in the month by all full- and part-time employees by 173.33. If any employee worked more than 173.33 hours, reduce their hours to 173.33 hours for this calculation.
2. If the result is not a whole number, round to the next lowest whole number. If the result is less than one, round up to one FTE.

**Debtor's Full-Time Employees (as of date of order for relief).** Using the FTE calculation above, enter the number of FTEs on the debtor's payroll as of the date the order for relief was entered on the docket. Unless an involuntary petition was filed commencing the case, the date of the order for relief is the petition date.

**Supporting Documentation.** Any non-individual debtor or trustee, if appointed in the case, is required to prepare and file with the MOR a *Statement of Cash Receipts and Disbursements*, *Balance Sheet*, and a *Statement of Operations (Profit or Loss Statement)*, as specified in the Supporting Documentation section of these instructions, unless otherwise provided by the U.S. Trustee in the district in which the case is pending. Additional supporting documentation as specified in the Additional Supporting Documentation section of these instructions may also be required by the U.S. Trustee in the district in which the case is pending to be filed with the MOR. Check the applicable box for each document filed as a separate attachment to the MOR. A brief description of each document is provided in the above referenced sections of these instructions.

**Signature Requirements.** The cover page is signed by the individual responsible for *filing* the MOR with the court. This is typically the debtor's or trustee's attorney, or the debtor, if a pro se individual. Refer to What are the signature requirements for the MOR? in the General Instructions and FAQs.

## Part 1: Cash Receipts and Disbursements

The *Statement of Cash Receipts and Disbursements*, if required, typically provides the information used to complete Part 1. Report the total cash receipts and disbursements in all bank and investment accounts for both the current reporting period and cumulatively since the petition date. If the debtor has a centralized cash management system with other related entities, the MOR must reflect the cash receipts and disbursements solely for the debtor, even if the funds were not deposited or disbursed by the debtor.

If a *Statement of Cash Receipts and Disbursements* is required, it must be filed as a separate attachment to the MOR and should match the difference between lines (b) and (c), i.e., net cash flow, in Part 1. These figures may not match the bank statements due to transactions being recorded at different times (these differences are accounted for in the *Bank Reconciliation* report which may also be required).

**Line a. Cash balance beginning of month**. On the first MOR this is the total cash balance in all accounts (e.g., petty cash, checking, savings, brokerage, money market, and mutual fund accounts) on the petition date.

**NOTE for the first MOR only:** Do not enter a negative number and do not net any negative account balances against other accounts with positive balances for line (a). If any accounts were overdrawn as of the petition date, use zero as the beginning cash for those accounts, since overdrawn accounts are not *assets* of the debtor but rather *claims* against the debtor. For example, if on the petition date the debtor has three bank accounts with balances of $33,123, -$5,679, and $4,345, the debtor would enter $37,468 ($33,123 + $0 + $4,345) on line (a).
In subsequent MORs, line (a) is the same as the ending balance on line (d) of the prior month's MOR. This amount could be negative if any accounts are overdrawn postpetition.

**Line b. Total receipts (net of transfers between accounts).** Enter the total cash receipts the debtor received during the current reporting period and cumulatively since the petition date. Do not include transfers between the debtor's bank accounts or intercompany transfers between debtor affiliates, such as jointly administered debtors. Do include any income or distributions the debtor received from affiliated or related non-debtor parties.

**Line c. Total disbursements (net of transfers between accounts).** The term "disbursements" is construed broadly to mean all payments made by, or on behalf of, a debtor or estate during the chapter 11 case. On this line, enter only disbursements made by the estate fiduciary or other responsible person (e.g., debtor or trustee) during the current reporting period and cumulatively since the petition date. Do not include transfers between the debtor's bank accounts or intercompany transfers between affiliated or jointly administered debtors that occur only as a matter of cash management.

**Line d. Cash balance end of month.** This is an automatically calculated field that takes the beginning cash on line (a), adds the total receipts on line (b), and subtracts the disbursements on line (c). Other than allowances made for rounding or adjustments made to account for a consolidated or centralized accounting system (e.g., to remove transfers between jointly administered debtors), this figure should match the ending cash balance on the debtor's books.

**Line e. Disbursements made by third party for the benefit of the estate.** The term "disbursements" is construed broadly to mean all payments made by, or on behalf of, a debtor or estate during the chapter 11 case. On this line, enter only disbursements made by a third party on behalf of, or for the benefit of, a debtor or estate during the current reporting period and cumulatively since the petition date. For example, include on this line proceeds from a sale paid out of escrow or payments made by a principal of the debtor on behalf of the debtor. Do not duplicate amounts reported on Part 1 lines (c) and (e) but do include any amount reported on Part 3 line (b).

**Line f. Total disbursements for quarterly fee calculation**. This is an automatically calculated field, which is the sum of lines (c) and (e). This figure is used to calculate quarterly fees to be paid to the U.S. Trustee Program. Consult the Chapter 11 Quarterly Fee webpage on the U.S. Trustee Program's website for additional information regarding the calculation of quarterly fees.

## Part 2: Asset and Liability Status

The *Balance Sheet*, if required, typically provides the information used to complete Part 2 and must be filed as a separate attachment to the MOR. Report the total assets and liabilities for the current reporting period. Zeros must be entered in all numerical fields that do not apply. If the debtor is an individual, some of the information reported in Part 2 may be duplicative of information disclosed in Part 8.

**Line a. Accounts receivable (total net of allowance).** Enter the accounts receivable balance as of the end of the current reporting period, net of the allowance for uncollectible or doubtful accounts (include both prepetition and postpetition amounts). The *Accounts Receivable Aging*, if required, provides additional detail for this line and must be filed as a separate attachment to the MOR.

**Line b. Accounts receivable over 90 days outstanding (net of allowance).** Enter the portion (if any) of the accounts receivable balance reported on line (a) that is over 90 days outstanding, net of the allowance for uncollectible or doubtful accounts.

**Line c. Inventory.** Enter the ending inventory balance and indicate the method used to value it. If a method of valuation other than book or market is used, a written explanation must be filed as a separate attachment to the MOR. If the debtor does not have inventory, enter zero on line (c) and indicate "Other" as the valuation method (no written explanation is needed).

**Line d. Total current assets.** Current assets are assets reasonably expected to be converted into cash within one year. **NOTE: Only specific asset categories are reported on the MOR so do not calculate line (d) using the preceding fields shown on the MOR.** Accounts

receivable reported on line (a) and inventory reported on line (c) should be *included* in line (d) along with other current assets such as cash, prepaid expenses, and marketable securities, which are not separately reported in Part 2.

**Line e. Total assets.** Enter the total of all current assets reported on line (d) and the net value of all noncurrent assets, which are not separately reported in Part 2. Noncurrent assets are long-term or fixed assets that will not be converted to cash within one year such as real property, equipment, investments in other companies, and intangibles (e.g., patents, trademarks, and goodwill). The net value is the cost of the asset less any accumulated depreciation or amortization. **NOTE: Only specific asset categories are reported on the MOR so do not calculate line (e) using only the fields shown on the MOR.** If a *Balance Sheet* is required, it must be filed as a separate attachment to the MOR and line (e) should match the total asset figure on the supporting financial statement.

**Line f. Postpetition payables (excluding taxes).** Enter the total postpetition debt, excluding postpetition taxes. Include both short and long-term debts such as accounts payable, notes payable, court approved financing, and administrative or professional fees that have not yet been paid regardless of whether they have been included in Part 5.

**Line g. Postpetition payables past due (excluding taxes).** Enter the portion (if any) of postpetition payables reported on line (f) that are past due, i.e., debts owed since the bankruptcy was filed that have not yet been paid per agreed upon terms.

**Line h. Postpetition taxes payable.** Enter the total postpetition taxes payable (e.g., income, payroll, real or personal property, sales and use, excise, and occupational taxes).

**Line i. Postpetition taxes past due.** Enter the portion (if any) of postpetition taxes payable reported on line (h) that are past due.

**Line j. Total postpetition debt.** This is an automatically calculated field, which is the sum of lines (f) and (h). The *Postpetition Liabilities Aging*, if required, provides additional detail for this line and must be filed as a separate attachment to the MOR.

**Lines k. through m. Prepetition debts.** Enter the current balance of each prepetition debt category on the appropriate line. These balances should reflect the secured, priority, and general unsecured debts as disclosed on the most recently filed bankruptcy schedules less any payments made on these debts since the bankruptcy was filed (if any payments were made on prepetition debts during the reporting period, also answer “Yes” to line (a) in Part 7 of the MOR).

**Line n. Total liabilities (debt).** This is an automatically calculated field, which is the sum of lines (j) through (m), i.e., the total of the debtor’s prepetition and postpetition debts.

**Line o. Ending equity/net worth.** This is an automatically calculated field, which subtracts the total liabilities on line (n) from the total assets on line (e).

## Part 3: Assets Sold or Transferred

Enter the information for all assets sold or transferred for both the current reporting period and cumulatively since the petition date in Part 3. The *Schedule of Asset Sales*, if required, provides additional detail for Part 3 and must be filed as a separate attachment to the MOR.

**Line a. Total cash sales price for assets sold/transferred outside the ordinary course of business.** Enter the *gross* sales price.

**Line b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business.** Enter the total of all payments made by or on behalf of the debtor (e.g., payments made from escrow or the registry of the court). Also include this amount on Part 1 line (e).

**Line c. Net cash proceeds from assets sold/transferred outside the ordinary course of business.** This is an automatically calculated field, which subtracts line (b) from line (a).

## Part 4: Income Statement

The *Income Statement*, also known as a *Statement of Operations* or *Profit or Loss Statement*, if required, typically provides the information to complete Part 4 and must be filed as a separate attachment to the MOR. Report income and expense items for each of the specific categories listed on the MOR for the current reporting period and profit or loss figures for both the current reporting period and cumulatively since the petition date. Zeros must be entered in all numerical fields that do not apply. If the debtor is an individual some of the information reported in Part 4 may be duplicative of information disclosed in Part 8.

**Line a. Gross income/sales (net of returns and allowances).** Enter the total gross income and/or sales, net of returns and allowances or reductions in price by the seller.

**Line b. Cost of goods sold (inclusive of depreciation, if applicable**). Enter the total cost of goods sold, inclusive of depreciation and/or amortization, if applicable. This amount includes the cost of any material and labor, i.e., direct costs used to create any goods or products that are sold by the debtor.

**Line c. Gross profit.** This is an automatically calculated field, which subtracts line (b) from line (a).

**Lines d. through i. Expenses.** Enter the debtor's expenses for each of the specific categories listed on the MOR. Include nonbankruptcy professionals on line (e). All uncategorized expenses not reported on any other lines in this section should be reported on line (f). Do not report the same expense figures in more than one category in Part 4.

**Line j. Reorganization items.** Enter the net income or expense items resulting from the bankruptcy filing (for this entry, input a net income figure as a negative number and net expense figure as a positive number). This figure includes bankruptcy related professional fees, U.S. Trustee quarterly fees, interest income, and realized gains and losses resulting from the reorganization and restructuring of the business. Do not report these figures on any other line in Part 4.

**Line k. Profit (loss).** Enter the net profit or loss figure from the debtor's books and records for both the current reporting period and cumulatively since the petition date. **NOTE: Because not all income categories are reported on the MOR, do not calculate line (k) using only the fields shown on the MOR. Instead, use the profit or loss figure from the debtor's books and records, which may include other income and expense categories not reported in Part 4.** If a *Statement of Operations* is required, it must be filed as a separate attachment to the MOR and line (k) should match the profit or loss figure on the supporting financial statement.

## Part 5: Professional Fees and Expenses

The *Schedule of Payments to Professionals,* if required, provides additional detail for Part 5 and must be filed as a separate attachment to the MOR.

**NOTE for the final MOR only:** Enter in the "Approved Current Month" and "Paid Current Month" columns only activity from the first day of the calendar month up to but not including the effective date.

**Section a.** For each of the debtor's, or trustee's, if appointed, *bankruptcy* professionals, i.e., those retained as a result of the bankruptcy case, enter the firm name, select the role from the drop-down list, and enter the professional fees and expenses paid and any amounts approved by the court during the reporting period and cumulatively since the petition date. The *Aggregate Total* in the shaded fields are automatically calculated based on the information input. Use the Add and Delete buttons as appropriate to add or remove a professional from the MOR. The form will expand as needed to accommodate additional professionals. To ensure sequential row numbering, use only consecutive rows.

**Section b.** For each of the debtor's, or trustee's, if appointed, *nonbankruptcy* professionals, i.e., those that would have been retained absent a bankruptcy case, enter the firm name, select the role from the drop-down list, and enter the professional fees and expenses paid and any amounts approved by the court during the reporting period and cumulatively since the petition date. Include in this section payments to ordinary course professionals. The *Aggregate Total* in the shaded fields are automatically calculated based on the information input. Use the Add and Delete buttons as appropriate to add or remove a professional from the MOR. The form will expand as needed to accommodate additional professionals. To ensure sequential row numbering, use only consecutive rows.

**Section c. All professional fees and expenses (debtor and committees).** For all professionals employed in the bankruptcy case, enter the total professional fees and expenses paid and any amounts approved by the court during the reporting period and cumulatively since the petition date. Include in this total the amounts reported in Section (a), Section (b), *and other professional fees and expenses that are not separately reported in Part 5*, such as ombudsmen, examiners, and professionals employed by any official committee appointed by the U.S. Trustee in the district in which the case is pending.

## Part 6: Postpetition Taxes

Enter the appropriate tax information for both the current reporting period and cumulatively since the petition date. If the debtor is an individual, payroll taxes deducted by an employer from the debtor's wages are not

reported on lines (c) and (d) in Part 6 and must instead be reported on line (e) in Part 8.

**Lines a., c., and f. Postpetition taxes accrued.** Enter the postpetition taxes accrued, i.e., taxes assessed that have not yet been paid, on the appropriate line for the type of tax.

**Lines b., d., e., and g. Postpetition taxes paid.** Enter the postpetition taxes paid on the appropriate line for the type of tax.

## Part 7: Questionnaire

Answer each of the questions in Part 7 as indicated below. Do not leave any responses blank.

**Question a.** Answer whether any payments were made on prepetition debts, i.e., amounts owed prior to the date the bankruptcy case was filed, during the reporting period. If yes, a detailed explanation must be filed as a separate attachment to the MOR that includes the date, name of each payee, and amount of each payment.

**Question b.** Answer whether any payments were made outside the ordinary course of business, i.e., transactions that are not part of the regular business operations of the debtor, without prior court approval during the reporting period. If yes, a detailed explanation must be filed as a separate attachment to the MOR that includes the date, name of each payee, and amount of each payment.

**Question c.** Answer whether any cash or non-cash payments were made by the debtor to or on behalf of “insiders,” as defined in 11 U.S.C. § 101(31), during the reporting period. Examples of cash payments include salaries, expense reimbursements, and life insurance premium payments. Examples of non-cash payments include use of the debtor’s equipment, planes, automobiles, or real property. The *Schedule of Payment to Insiders*, if required, provides additional detail for this line and must be filed as a separate attachment to the MOR.

**Question d.** Answer whether the debtor, or trustee, if appointed, filed all required postpetition tax returns (e.g., income tax, payroll, sales, etc.) due as of the end of the reporting period. Respond “Yes” if the tax returns were not yet due.

**Question e.** Answer whether the debtor, or trustee, if appointed, paid all required postpetition estimated tax payments as of the end of the reporting period. Estimated tax payments are made on taxable income that is not subject to withholding (e.g., earned income, dividends and interest, rental income, and capital gains). Respond “Yes” if the debtor, or trustee, if appointed, is not required to make estimated tax payments, or they were not yet due.

**Question f.** Answer whether the debtor, or trustee, if appointed, remitted all trust fund taxes that were due as of the end of the reporting period. Trust fund taxes are taxes held in trust by the debtor, or trustee, if appointed, and remitted to taxing authorities (e.g., payroll and sales taxes). Respond “Yes” if the debtor, or trustee, if appointed, is not required to make such payments, or they were not yet due.

**Question g.** Answer whether the debtor, or trustee, if appointed, borrowed any funds postpetition, other than trade credit, during the reporting period (e.g., DIP financing, loans from insiders, etc.). If yes, a detailed explanation must be filed as a separate attachment to the MOR.

**Question h.** Answer whether all payments made to or on behalf of professionals, including those made to ordinary course professionals, during the reporting period were approved by the court. If the payment to an ordinary course or other professional exceeds the amount the court has approved, respond “No.” Respond “N/A” if no payments were made to any professionals during the reporting period.

**Question i.** For each type of insurance listed, answer whether the debtor, or trustee, if appointed, has that type of insurance. If the answer to whether the debtor, or trustee, if appointed, has that type of insurance is “Yes,” answer the follow up question as to whether the premiums are current as of the end of the reporting period. If the premiums are not current, a detailed explanation must be filed as a separate attachment to the MOR. If the answer to whether the debtor, or trustee, if appointed, has a particular type of insurance is “No,” then answer “N/A” to the follow up question as to whether the premiums are current. **NOTE: Risk management products such as swaps and other derivatives are not considered insurance for the purposes of the MOR.**

**Question j.** Answer whether the debtor, or trustee, if appointed, has filed a plan of reorganization with the court as of the end of the reporting period.

**Question k.** Answer whether the debtor, or trustee, if appointed, has filed a disclosure statement with the court as of the end of the reporting period.

**Question l.** Answer whether the debtor, or trustee, if appointed, has paid all U.S. Trustee quarterly fees owed as of the end of the reporting period. Respond "Yes" if the fees were not yet due.

## Part 8: Individual Chapter 11 Debtors (Only)

If the debtor is an individual, Part 8 must be completed. Some of the information reported in Part 8 may duplicate information disclosed in other parts of the MOR. If the debtor is not an individual, enter zeros in all numerical fields and indicate "No" for line (l) and "N/A" for line (m).

**Line a. Gross income (receipts) from salary and wages.** Enter the gross income received from salary and wages for the current reporting period.

**Line b. Gross income (receipts) from self-employment.** Enter the gross income received from self-employment or sole proprietorship activity for the current reporting period.

**Line c. Gross income from all other sources.** Enter the gross income from all other sources not included in line (a) or (b) for the current reporting period. This figure may include items such as social security, unemployment, domestic support payments received, interest, or distributions from a separate entity in which the debtor holds interest.

**Line d. Total income.** This is an automatically calculated field, which is the sum of lines (a) through (c).

**Line e. Payroll deductions.** Enter the total amount deducted from the debtor's gross income reported on line (a). This amount should include all federal and state withholding taxes, retirement and health care deductions, domestic support obligations, and any other deductions made by the debtor's employer.

**Line f. Self-employment related expenses.** Enter all expenses paid by or on behalf of the debtor that are related to self-employment or sole proprietorship activity for the current reporting period.

**Line g. Living expenses.** Enter the total living expenses (e.g., rent, mortgage payments, vehicle payments and related expenses, utilities, food, clothing, medical expenses, etc.) paid by or on behalf of the debtor for the current reporting period.

**Line h. All other expenses.** Enter all other expenses paid for the current reporting period not previously reported on lines (e) through (g).

**Line i. Total expenses in the reporting period.** This is an automatically calculated field, which is the sum of lines (e) through (h).

**Line j. Difference between total income and total expenses**. This is an automatically calculated field, which subtracts line (i) from line (d).

**Line k. List the total amount of all postpetition debts that are past due.** Enter the total past due postpetition liabilities, i.e., debts owed since the bankruptcy was filed that have not yet been paid per agreed upon terms.

**Lines l. and m. Domestic Support Obligations.** Indicate on line (l) whether the debtor has any domestic support obligations ("DSOs") as defined in 11 U.S.C. § 101(14A), i.e., alimony, maintenance, or child support. If the answer to line (l) is "Yes," indicate on line (m) whether the debtor is current on all *postpetition* payments. If the answer to line (l) is "No," indicate "N/A" on line (m).

## Signature Requirements

The last page of the MOR must be signed by the individual authorized under applicable law and responsible for certifying under penalty of perjury that the information contained in the MOR and its supporting documentation is true and correct on behalf of the debtor, or trustee, if appointed. Refer to What are the signature requirements for the MOR? in the General Instructions and FAQs.

# SUPPORTING DOCUMENTATION

Unless the U.S. Trustee in the district in which the case is pending provides otherwise, any non-individual debtor or trustee, if appointed in the case, must file with the court a *Statement of Cash Receipts and Disbursements*, *Balance Sheet*, and *Statement of Operations (Profit or Loss Statement)*. At the discretion of the U.S. Trustee in the district in which the case is pending, an individual debtor may also be required to file these documents with the court. Additional supporting documentation, such as those listed below, may also be required by the U.S. Trustee in the district in which the case is pending.
The debtor and the U.S. Trustee in the case in which the district is pending should confer early in the case, whether at the Initial Debtor Interview ("IDI") or some other initial meeting, to discuss the debtor's reporting capabilities and the supplemental documentation that the debtor will be required to file. This initial meeting should occur before both the first MOR due date and the Section 341 Meeting. Failure to submit required supporting documentation will render the MOR incomplete and may result in a motion to dismiss, convert, or appoint a trustee in the case.

### Privacy Protection for Filings Made with the Court

Filers must comply with Federal Rule of Bankruptcy Procedure 9037 regarding redaction of information.

### Notes to the MOR or Supporting Documentation

Notes to the MOR or supporting documentation are permissible when necessary to disclose assumptions, such as those made by accountants or other financial personnel, to provide a full understanding of the documents. "Global Notes" or notes other than those set forth in the preceding sentence, and in particular, any notes that seek to undermine or minimize the gravity of the certifications made by the signatories to the periodic reports, are not permitted.

### Presentation of Figures in Supporting Documentation

Supporting documentation may be presented in the dollar convention (e.g., "actual," "thousands," "millions," etc.) most often utilized by the debtor. Such convention must be clearly identified on the supporting documentation.

## SUPPORTING DOCUMENTATION

### Statement of Cash Receipts and Disbursements

The *Statement of Cash Receipts and Disbursements* provides additional detail for information summarized in Part 1 of the MOR. It includes a detailed reporting of the debtor's cash receipts and disbursements from all sources (e.g., petty cash, checking, savings, brokerage, money market, and mutual fund accounts) and the total amounts for specific categories of receipts and disbursements. For example, the debtor should report receipts categorized as cash sales, accounts receivable collections, loans and advances, sale of assets, lease and rental income, gifts, equity contributions, etc. The debtor should report disbursements categorized as inventory purchases, payroll, mortgage or lease payments, utilities, professional fees and expenses, capital improvements, debt service (including debt satisfied by a daily sweep of a lockbox or concentration account by a DIP lender), etc. Inter- and intra-company transfers must be separately reported.

### Balance Sheet

The *Balance Sheet* is a financial statement that reports the total debtor's assets, liabilities, and equity as of the last day of the reporting period. This statement provides the basis for the information reported in Part 2 of the MOR. The debtor should close its books and records on the date the petition was filed (or the order for relief if an involuntary petition was filed) to determine prepetition liabilities and retained earnings as of that date. Prepetition and postpetition liabilities must be reported as separate line items.

### Statement of Operations

The *Statement of Operations*, also known as an *Income Statement* or *Profit or Loss Statement*, is a financial statement that reports the debtor's profitability (income less expenses) for the reporting period. This statement provides the basis for Part 4 of the MOR.

## ADDITIONAL SUPPORTING DOCUMENTATION

### Accounts Receivable Aging

This schedule is an aged *summary* of total accounts receivable, net of allowance for uncollectible or doubtful accounts. The total of this schedule should match line (a) in Part 2 of the MOR.

### Postpetition Liabilities Aging

This schedule is an aged *summary* of postpetition liabilities segregated by major category (e.g., general payables, unpaid professional fees and expenses and unpaid taxes). The total of this schedule should match line (j) in Part 2 of the MOR.

### Statement of Capital Assets

This schedule provides detailed information for capital assets and changes in their value. For businesses, capital assets are those tangible or intangible assets with a useful life longer than a year that are not intended for sale in the regular or ordinary course of business operations (e.g., buildings, equipment, trademarks, or licenses). For individuals, capital assets are items owned for personal or investment purposes (e.g., homes, vehicles, investment properties, stocks, bonds, and artwork). For each of the debtor's capital assets the following information is required:

- Book value on the petition date;
- Book value at the beginning of the reporting period;
- Increases or decreases (including depreciation) in the assets or asset values; and
- Book value at the end of the reporting period.

### Schedule of Payments to Professionals

This schedule provides additional detail for information summarized in Part 5 of the MOR. It should include information related to all professionals employed in this bankruptcy case (including bankruptcy, nonbankruptcy, and ordinary course professionals), either by the debtor, trustee, ombudsmen, examiners, or any official committee appointed by the U.S. Trustee in the district in which the case is pending. For each professional the following information is required:

- Name of professional and role;
- Date of retention;
- Amount of any retainers (irrespective of the source) received during the reporting period and cumulatively since the petition date whether received prepetition or postpetition;
- Amount of compensation and expenses (separately stated) approved by the court during the reporting period and cumulatively since the petition date;
- Amount of retainer (if any) applied to pay the compensation and expenses (separately stated) during the reporting period and cumulatively since the petition date; and
- Amounts paid by the estate for the compensation and expenses (separately stated) over and above retainers applied during the reporting period and cumulatively since the petition date.

### Schedule of Payments to Insiders

This schedule provides additional detail for question (c) in Part 7 of the MOR. It includes all cash and non-cash payments made by or on behalf of the debtor to every insider (individual or entity) during the period covered by the MOR. The term "insiders" is defined in 11 U.S.C. § 101(31). Examples of cash payments include salaries, expense reimbursements, and life insurance premium payments. Examples of non-cash payments include use of the debtor's equipment, plane, automobiles, or real property. For each insider payment made during the reporting period the following information is required:

- Recipient;
- Date of payment or benefit provided;
- Amount of cash payment or market value of non-cash payment;
- Account used; and
- Reason for each payment made.

### Bank Statements and Bank Reconciliations

If requested by the Office of the U.S. Trustee, the debtor, or trustee, if appointed, must file account or bank statements prepared by each financial institution or investment account detailing activity in the reporting period as separate attachments to the MOR.

A *Bank Reconciliation* is a summary of banking and business activity that reconciles the balance(s) on the bank account or investment statement(s) to the debtor's books and records (as reported in Part 1 of the MOR) and outlines the deposits, withdrawals, and other activity affecting a bank or investment account for a specific period.

### Schedule of Asset Sales

This schedule provides additional detail for information summarized in Part 3 of the MOR. For each sale transition or transfer of property made during the reporting period the following information is required:

- Date of the sale or transfer;
- Description of the asset sold or transferred;
- Gross sales price;
- Payments made from the sale proceeds to or by third parties, if any; and
- Net sale proceeds received on behalf of the estate, if any.

**Statement of Cash Flows**

The *Statement of Cash Flows* is a financial statement that shows how changes in the accounts on the *Balance Sheet* and *Statement of Operations* affect cash and cash equivalents and breaks the analysis down to operating, investing, and financing activities.

**Other Documents That May Be Required**

- Registers or ledgers documenting the estate's cash disbursements during the reporting period.
- Other transactional documents, including real estate settlement documents, contracts, or loan documents for the reporting period.
- Other financial records, including but not limited to, statement of changes in equity (deficit), and statement of intercompany account balances.

## PREPARING THE MOR FOR FILING

### Save Buttons




To save an editable working copy of the MOR until it is ready for filing with the court, select any one of the "Save" buttons that appear throughout the document. Each time a "Save" button is selected, a prompt will appear for a file name. Use the same file name to overwrite a prior editable working copy. The watermark will remain on the saved MOR until the data-embedded features have been activated. To active the data-embedded features, complete the "Generate PDF for Court Filing and Remove Watermark" steps below. **Do not file the MOR with the court until the data-embedded features have been activated, the watermark has been removed, and barcodes have been added to the end of the form.**

### Generate PDF for Court Filing and Remove Watermark Button




After the MOR has been completed, thoroughly reviewed, signed with "/s/" by the responsible parties, and is ready for filing with the court, follow this procedure:

1. Select the "Generate PDF for Court Filing" button to begin the process of activating the data-embedded features. A prompt will appear to save an editable working copy of the MOR.
2. Address any error messages shown in red and repeat step 1. The watermark will remain until all errors are resolved.
3. Once all errors are resolved, a data-embedded version of the MOR is created that removes the watermark and adds barcodes at the end of the form. The barcodes contain the data. It may take a moment for this process to complete. **Note that this step does not file the MOR with the court.**
4. **A final copy of this data-embedded version must be saved before filing with the court**. Be sure to use a different file name to avoid overwriting the editable working copy.

> ⚠ Do not alter the data on the MOR after the barcodes have been generated. If changes are required, revert to an editable working copy to make the changes, and then repeat the "Generate PDF for Court Filing" process.

5. Print a hard copy of the data-embedded version of the MOR (including all barcodes), affix original holographic signatures, and provide this copy to the debtor's or trustee's attorney for retention purposes.
6. File the data-embedded version of the MOR (including all barcodes) with the court using CM/ECF with supporting documentation filed as separate attachments to the MOR. In jointly administered cases, MORs may be filed in either the lead case or in the specific child case, but not both. Refer to Who files the MOR and how is it filed? and in the General Instructions and FAQs.

## Preserving Data-Embedded Features

To ensure that the data-embedded features of the MOR are preserved:

- Supporting documentation must be filed as separate attachments or exhibits to the MOR via the CM/ECF system. The MOR and the supporting documentation must not be filed as a single PDF.
- Do not use the "Print to PDF" function.
- Do not file a scanned version of the MOR.
- Do not alter or change the form.

## Technical Questions?

If you have technical questions concerning the MOR form, please contact us by E-mail: ust.mor.help@usdoj.gov