# "EXHIBIT L"

# IRREVOCABLE TRUST AGREEMENT

**between**

**RAYMOND SCHNEIDER**
**as settlor**

**and**

**PATRICIA B. SCHNEIDER**
**as trustee**

**creating a trust which may be referred to as the**
**RAYMOND SCHNEIDER 2019 GIFT TRUST**

**Vorys, Sater, Seymour and Pease LLP**

# RAYMOND SCHNEIDER 2019 GIFT TRUST

## IRREVOCABLE TRUST AGREEMENT

I, Raymond Schneider, as settlor, am entering into this irrevocable trust agreement with Patricia B. Schneider, as trustee, creating a trust which may be referred to as the "Raymond Schneider 2019 Gift Trust." This trust agreement shall become effective as December 20, 2019. I am creating this trust agreement for the purposes and upon the terms and conditions hereinafter set forth. Accordingly, any property assigned, conveyed, devised, bequeathed or otherwise transferred to the trustee by me or any other person (all of which, together with all earnings thereon and appreciation and proceeds thereof, is collectively referred to as the "trust estate") shall be held, administered and disposed of by the trustee as hereinafter set forth.

As of the date hereof, I am married to Patricia B. Schneider, a U.S. citizen. We have three (3) children: Justin F. Schneider, Danielle R. Senzer and Eric P. Schneider.

## ARTICLE I

Irrevocable trust and gift:

1. Irrevocable trust. This trust agreement is irrevocable, and I relinquish all right to alter, amend or terminate this trust agreement in whole or in part at any time.

2. Irrevocable gift. Any gift of property to this trust shall constitute an irrevocable gift, and any right, title or reversionary interest therein, of any kind or description, which I now have or may subsequently acquire, either by operation of law or otherwise, is hereby renounced and relinquished forever. Any future gift of property to this trust, whether by me or any other person, shall likewise be irrevocable, and any right, title or reversionary interest therein, of any kind and description, which I may have or subsequently acquire, by operation of law or otherwise, shall, by the making of such gift to this trust, be renounced and relinquished forever.

## ARTICLE II

During the lifetime of my spouse, Patricia B. Schneider:

1. Disposition of trust estate. During the lifetime of my spouse, Patricia B. Schneider, the trustee shall hold, administer and dispose of the trust estate as set forth in this Article.

2. Payment of net income and principal.

a. The trustee may pay to or for the benefit of my spouse from time to time such amounts of the net income and principal of the trust estate as the trustee may determine to be appropriate for the health, education, maintenance and support of my spouse. The trustee

shall accumulate such net income of the trust estate that is not distributed, and at the end of each calendar year the accumulation shall be treated as principal.

b. Any trustee or co-trustee, or special trustee appointed under the Article entitled "Limitation of trustee's powers and special trustees," that meets the definition of an independent trustee, may pay to or for the benefit of my spouse from time to time such additional amounts of the principal of the trust estate as such independent trustee may determine to be appropriate for any purpose of my spouse, including but not limited to, the following purposes: to purchase or improve a residence; to enter into a trade or business or to participate in an investment opportunity; to undertake tax or financial planning; or for any other purpose that such independent trustee, in such independent trustee's sole discretion, deems to be in the best interests of my spouse.

c. In making any discretionary payments of net income or principal hereunder, the trustee may, but need not, take into consideration my spouse's other sources of funds that are known to the trustee.

3. Testamentary Limited Power of Appointment.

a. Upon the death of my spouse, the remaining balance of the trust estate shall be distributed to any one or more of my issue, in such shares and estates, legal or equitable, and upon such terms and conditions as my spouse may designate and appoint in her will or another written instrument delivered to the trustee by specific reference to this limited power of appointment. If multiple written instruments exist exercising such limited power of appointment, then the last dated written instrument which exercises such limited power of appointment shall supersede all prior exercises. Nothing in this paragraph shall give my spouse the power to appoint any portion of the remaining balance of the trust estate to me, herself, either of our estates, either of our creditors or the creditors of either of our estates.

b. To the extent that my spouse fails to exercise my spouse's limited power of appointment, the trustee shall hold, administer and dispose of the unappointed portion of trust estate in accordance with the provisions of Article III.

## ARTICLE III

Upon the death of my spouse, Patricia B. Schneider:

1. Disposition of trust estate. Upon the death of my spouse, Patricia B. Schneider, the trustee shall hold, administer and dispose of the trust estate as set forth in this Article.

2. Division of the trust estate into separate trusts.

a. The trustee shall divide the trust estate into equal separate shares. There shall be one (1) share for each child of mine who is living on the effective date, and one (1) share for each child of mine who has died leaving issue living on the effective date. Each

share created for a child of mine who has died leaving issue living on the effective date shall be subdivided into separate shares for said child's then living issue, per stirpes. Each share created hereunder shall be treated as a separate trust, and each such trust shall be held, administered and disposed of by the trustee in accordance with the provisions of this Article.

b. Each trust shall be maintained separately, but the trustee, in the trustee's sole discretion, is authorized to make common investments for all or any of the several trusts created hereby.

c. With respect to each separate trust, there shall be a "primary beneficiary." The primary beneficiary of each trust shall be such person who is the nearest generation to me. For example, while a child of mine is living, such child is the primary beneficiary of the trust created for such child. As another example, if a child has predeceased my spouse, leaving issue surviving such child, then each of such child's children who survive my spouse would be the primary beneficiary of each of the separate trusts so created. Upon the death of a child who survives my spouse, each of such child's children, or the children of a deceased child, would be the primary beneficiary of each of such child's separate trust, and so on.

d. For purposes of this paragraph, the term "effective date" means the date of death of my spouse.

3. <u>Payment of net income and principal.</u>

a. The trustee may pay to or for the benefit of any one or more of the primary beneficiary and the primary beneficiary's issue from time to time such amounts of the net income and/or principal of the primary beneficiary's trust as the trustee may determine to be appropriate for the health, education, maintenance and support of any of such beneficiaries.

i. It is not my intention that such principal payments be made equally to all such beneficiaries, but rather, only to such beneficiaries and in such amounts as the trustee, in the trustee's sole discretion, may determine; provided that the trustee shall consider the needs of the primary beneficiary to be superior to the needs of the primary beneficiary's issue. Any action taken by the trustee shall be conclusive upon all beneficiaries.

ii. Any discretionary distribution of principal made under this subparagraph for a beneficiary's health, education, maintenance and support shall not be considered an advancement against the trust of such beneficiary upon the division of the primary beneficiary's trust if the primary beneficiary fails to effectively exercise his or her limited power of appointment granted hereunder.

b. In addition, any trustee or co-trustee, or special trustee appointed under the Article entitled "Limitation of trustee's powers and special trustees," that meets the definition of an independent trustee, may pay to or for the benefit of any one or more of the primary beneficiary and the primary beneficiary's issue from time to time such additional amounts of the principal of the primary beneficiary's trust as such independent trustee may determine to be appropriate for any purpose of such beneficiary, including but not limited to, the

following purposes: to purchase or improve a residence; to enter into a trade or business or to participate in an investment opportunity; to undertake tax or financial planning; to marry; or for any other purpose that such independent trustee, in such independent trustee's sole discretion, deems to be in the best interests of the beneficiaries.

i. It is not my intention that such principal payments be made equally to all such beneficiaries, but rather, only to such beneficiaries and in such amounts as the trustee, in the trustee's sole discretion, may determine. Any action taken by the trustee shall be conclusive upon all beneficiaries.

ii. The independent trustee shall not make a distribution of principal to any beneficiary under this subparagraph if, in the sole opinion of the independent trustee, such distribution, when added to the amount of all prior distributions actually made to such beneficiary under this subparagraph, is apt to: exceed the distributive share of such beneficiary upon division of the trust if the primary beneficiary fails to effectively exercise his or her limited power of appointment granted hereunder; or jeopardize the capacity of the trust to provide for the health, education, maintenance and support of all of such beneficiaries.

iii. Any discretionary distribution of principal made under this subparagraph beyond such beneficiary's health, education, maintenance and support shall be considered an advancement of principal to such beneficiary and shall be charged, without interest, at the value of such advancement when made, against the trust of such beneficiary created upon the division of the trust if the primary beneficiary fails to effectively exercise his or her limited power of appointment granted hereunder. Any discretionary distribution of principal made by the independent trustee hereunder shall be final and conclusive on all persons even if it subsequently proves that such advancement resulted in other than the per stirpital distribution among the beneficiaries, and, in such event, the trustee shall not seek reimbursement from any beneficiary. The trustee shall determine, in the trustee's sole discretion, whether a distribution of principal constitutes a distribution for a beneficiary's health, education, maintenance and support (which is not to be treated as an advancement) or a distribution beyond a beneficiary's health, education, maintenance and support (which is to be treated as an advancement).

e. In making any discretionary payments of net income or principal hereunder, the trustee, co-trustee or special trustee may, but need not, take into consideration the beneficiaries other sources of funds that are known to the trustee.

4. <u>Upon the death of the primary beneficiary.</u>

a. Upon the death of a primary beneficiary, the remaining balance of the primary beneficiary's trust shall be distributed to any one or more of such primary beneficiary's issue and my issue, in such shares and estates, legal or equitable, and upon such terms and conditions as such primary beneficiary may designate and appoint in his or her will or another written instrument delivered to the trustee by specific reference to this limited power of appointment. If multiple written instruments exist exercising such limited power of appointment, then the last dated written instrument which exercises such limited power of appointment shall supersede all prior exercises.

b. i. To the extent that the primary beneficiary fails to exercise such primary beneficiary's limited power of appointment, the trustee shall divide the unappointed portion of the primary beneficiary's trust for the now deceased primary beneficiary, hereinafter referred to as the "decedent," into equal separate shares. There shall be one (1) share for each child of the decedent living at the time of the death of the decedent, and one (1) share for each child of the decedent, who has predeceased the decedent, but who is survived by issue who survive the decedent, which share shall be subdivided into separate shares for the benefit of the issue, per stirpes, of the now deceased child of the decedent. For purposes of determining the value of the principal of the trust for the primary beneficiary (now a decedent) prior to the division into separate shares, all amounts distributed to any beneficiary of the decedent's trust that was determined to be an advancement shall be deemed to be part of the principal of the decedent's trust, with the amounts so distributed valued at the date of distribution. The share created for each beneficiary shall be charged with the amounts so distributed to such beneficiary. If a trust is already being held and administered for any of such issue pursuant to this Article, then the share created hereunder for such issue shall be added to such existing trust. Each issue of the decedent for whom a separate share is created shall thereafter be known as the primary beneficiary of such share and each such share shall thereafter be held as a separate trust and trust fund. Each such trust shall be administered pursuant to this Article.

ii. If a primary beneficiary should die without leaving living issue, the remaining balance of the trust for the primary beneficiary (now a decedent) shall be reallocated by the trustee as follows:

A. First, the trustee shall identify the nearest ancestor of decedent who was at any time a primary beneficiary of a trust created pursuant to this Article and has then living issue, or if no such ancestor exists, then my living issue; and

B. Then, such remaining balance shall be allocated to or among such issue on a per stirpital basis, and each share so created shall thereafter be held as a separate trust and trust fund for the benefit of each such issue and such issue shall thereafter be known as the primary beneficiary. Each such trust shall be administered pursuant to this Article. If a trust is already being held and administered for any of such issue pursuant to this Article, then the share created hereunder for such issue shall be added to such existing trust.

5. Termination of marriage. If the marriage of a primary beneficiary or a primary beneficiary's issue is terminated by reason of divorce, dissolution, annulment, legal separation or other legal proceeding, it is my intention that the primary beneficiary's trust created herein shall constitute the separate property or a separate asset of the primary beneficiary or the primary beneficiary's issue and shall not be considered marital property or a marital asset. If any court of law should decree otherwise, then the spendthrift provision set forth herein shall become immediately applicable to such trust.

## ARTICLE IV

Powers of the trustee:

The trustee shall have and possess and may exercise at all times, not only the rights, powers and authorities conferred upon a trustee by law and those incident to the office or required in the discharge of any trust created herein, or implicitly conferred upon or vested in the trustee, but also all the rights, powers and authorities embodied in this Article which are shown by way of illustration and not by way of limitation.

1. Loans to my estate. To the extent that such actions will not require inclusion of the trust estate in my federal gross estate, the trustee is given broad, discretionary powers to loan funds to the executor of my estate, with or without security, and to purchase assets, real or personal, from my estate.

2. Payment of trust administration expenses. The trustee shall pay all taxes, assessments, costs, insurance charges and other expenses arising in connection with the administration of the trust estate or any trust created herein.

3. Retention of investments or property. The trustee may retain and continue to hold, in the trustee's sole discretion, as a part of the trust estate or any trust created herein, any investment or property.

4. Sale of trust assets; execution of instruments. The trustee may sell at public or private sale, grant options to sell, exchange, re-exchange or otherwise dispose of all or any portion of the property, real or personal, at any time belonging to the trust estate or any trust created herein, upon such terms and conditions and for such consideration as the trustee shall determine. The trustee may execute and deliver all instruments of sale or conveyance necessary or desirable therefor.

5. Investment of trust assets. The trustee may invest any money in the trust estate or any trust created herein in stocks, bonds, mutual funds, investment trusts, common trust funds and any other securities or property, real or personal, secured or unsecured, whether the obligations of individuals, corporations, trusts, associations, or governments, and, in the case of a permissible corporate trustee, any shares, obligations and other investments of the trustee's own corporation or otherwise, as the trustee shall deem advisable, without any limitation whatsoever as to the character or the diversity of the investment under any statute or rule of law now or hereafter enacted or existing regarding trust funds or investments by fiduciaries or otherwise.

6. Waiver of duty to diversify family business. Any provision of this trust agreement to the contrary notwithstanding, the trustee may retain as a proper trust investment any business interest in which any member of my family or I have materially participated, including but not limited to To Life, Ltd., an Ohio limited liability company, without regard to rules requiring diversification of investments and without liability for depreciation in value, even

though such business interest is a larger percentage of the trust assets than might otherwise be prudent.

7. Powers regarding real property. The trustee may manage, improve, protect, exchange, partition, contract to sell and sell on any reasonable terms, convey with or without covenants of warranty, dedicate for public purposes, subdivide, or vacate for subdivision, any real property which may at any time be part of the trust estate or any trust created herein, make party wall contracts and agreements, grant easements or charges of any kind, construct, remodel, alter, repair and maintain buildings upon any such real property.

8. Power to lease. The trustee may make leases for any length of time, whether longer or shorter than the duration of any trust created herein, to commence at the present time or in the future; extend any lease, grant options to lease or renew any lease. It is expressly understood that the trustee may grant or enter into ninety-nine (99) year leases, renewable forever.

9. Powers regarding business interests. The trustee may exercise all powers with respect to any business interest that I could exercise if present and acting. This shall include, but shall not be limited to, the following powers: to continue, expand, limit, alter, reconstitute, incorporate or terminate any such business interest in any way the trustee may determine to be advisable; to name and to change directors, or to act as a director and receive compensation therefor; to retain or sell any such business interest, and, if a sale or disposition thereof is made, the terms, techniques, or manner thereof shall be wholly within the discretion of the trustee, and the trustee is specifically authorized, in the trustee's sole discretion, to make such sale to any partner, officer or employee of the business interest or to any beneficiary hereunder; to take all actions necessary to fully effectuate any agreements requiring the sale of any business interest at my death; to hire and discharge officers and employees, fix their compensation and define their duties, or to act as an officer or employee and receive compensation therefor, and similarly to employ, compensate and discharge agents, attorneys, consultants, accountants and such other representatives as the trustee may deem appropriate, including the right to employ any beneficiary hereunder in any of the foregoing capacities; and to take any action required to convert any such business interest into another form of business interest.

10. Power to borrow. The trustee may borrow money from time to time, without personal liability, including from the commercial department of a trustee that is a permissible corporate trustee, or an affiliate thereof, for any purpose in the administration of any trust created herein and for the purpose of making loans to the executor of my estate; continue or renew any loans in the trustee's sole discretion; and mortgage or pledge assets of any trust created herein to secure any loan to such trust.

11. Power to loan. The trustee may loan money or other property, with or without formal evidence of indebtedness, with or without collateral security, for such periods of time and upon such terms and conditions as may be deemed appropriate to: any present or future beneficiary of any trust created herein; any person controlled by any such beneficiary; or any estate or trust of which any such beneficiary is a beneficiary; make any such loan a lien upon any

property payable or distributable to such beneficiary; and guarantee any loans of any such beneficiary, person, estate or trust.

12. Powers regarding securities. The trustee may vote by proxy or in person any stock or security comprising a part of the trust estate or any trust created herein, at any meeting, and upon any question coming before such meeting; consent to the reorganization, consolidation, readjustment of the financial structure, or sale of the assets, of any corporation or other organization, the stocks or securities of which are owned by the trustee, and take any action with reference to such stocks or securities which, in the opinion of the trustee, is necessary to obtain the benefit of any such reorganization, consolidation, readjustment or sale; exercise any conversion privilege, stock option or subscription right; accept and hold as a part of the trust estate or any trust created herein the securities or stocks resulting from any such reorganization, consolidation, readjustment, sale or exercise.

13. Title to property. The trustee may cause any property, real or personal, comprising a part of the trust estate or any trust created herein to be issued, held or registered: in the trustee's name as trustee; in the name of the trustee's nominee; in the case of a permissible corporate trustee, in the trustee's own name without disclosing the fiduciary relationship; or in such other form that title will pass by delivery.

14. Power regarding claims. The trustee may enforce, abandon, defend against or have adjudicated by legal proceedings, arbitration or by compromise, any claim or demand whatsoever arising out of or which may exist against the trust estate or any trust created herein.

15. Power to hire agents. The trustee may employ and follow the advice of legal counsel, accountants, investment counsel, and other agents and determine and pay to them reasonable compensation.

16. Powers regarding trust funding. In making any allocation to, division, funding, or apportionment of or distribution from any trust created herein, or of any portion thereof, or for any other purpose of whatsoever nature, the trustee shall not be required to convert any property, real or personal, tangible or intangible, into money, or to divide or apportion each or any item of property, but the trustee may allot all or any portion (including an undivided interest and whether pro rata or non pro rata) of any item of property, real or personal, tangible or intangible, to any fund or to any beneficiary thereof, or the trustee may convert any property, real or personal, into any other form, it being my intent and purpose to leave all such allocations, divisions, apportionments, and distributions entirely to the discretion of the trustee with the direction merely that the trustee shall constitute each fund, share, portion or part at any time created or provided for herein so that the same, in the trustee's sole discretion, shall have the value, relative or absolute, designated by this trust agreement.

17. Merger of trusts. The trustee, in the trustee's sole discretion, may merge any trust created herein with any other trust the provisions of which are substantially the same.

18. Power to terminate non-economic trust. If at any time after my death the market value of any trust created herein shall be less than the amount set forth in Section 5804.14 of the Ohio Revised Code, then the trustee may, in the trustee's sole discretion, terminate such trust as set forth therein.

19. Allocations between principal and income. With respect to the allocation between principal and income of each trust created herein:

a. The trustee shall have discretion to make any allocation between principal and income with respect to any receipt, disbursement, charge or credit, and the trustee shall exercise such discretion hereunder:

i. In accordance with what is reasonable and equitable in view of the interests of those entitled to income, the interests of those entitled to principal, and the overall tax advantages that may accrue either to the trust estate or to the beneficiaries in the aggregate;

ii. In view of the manner in which persons of ordinary prudence, discretion and judgment would act in the management of their own affairs; and

iii. In the manner necessary to preserve any federal or state estate tax charitable deduction or any S corporation election.

b. In exercising the trustee's discretionary authority granted herein, the trustee need not comply with the provisions of Chapter 5812 of the Ohio Revised Code, and I authorize the trustee to treat such provisions of the Ohio Revised Code as advisory.

20. Self-dealing provisions. The trustee may purchase any property from, sell any property to, exchange any property with, or otherwise deal with: any beneficiary of any trust created herein or with any trust or estate of which I, my spouse or any of my issue is or was a donor or beneficiary, whether created by this trust agreement or not, even though the trustee is also a fiduciary of such other trust or estate; and any other division or department of a permissible corporate trustee, or an affiliate thereof.

21. Court approval. The trustee shall not be required to but may obtain the authority or approval of any court for any act which the trustee may desire to do in the administration and disposition of the trust estate or any trust created herein.

22. Separate trusts. The trustee is authorized, in the trustee's sole discretion, to hold any property received hereunder in one or more separate trusts and to divide any trust created herein, at any time, into two or more separate trusts. Without limiting the generality of the foregoing, it is my desire (but not my direction) that the trustee use these powers so that the federal generation-skipping transfer tax inclusion ratio as defined in Section 2642(a) of the Internal Revenue Code for each trust shall be as close as possible to either zero or one. Any such division shall be effective from the date of my death or such other date as the trustee designates.

Any such separate trusts shall have the identical provisions as the original trust. If two trusts are created or if a trust is divided into separate trusts, the trustee, may, at any time prior to a combination of such trusts: make different tax elections (including the allocation of my available generation-skipping transfer tax exemption) with respect to each separate trust; distribute principal and exercise any other discretionary powers with respect to such separate trusts differently; invest such separate trusts differently; and take all other actions consistent with such trusts being separate entities. Further, the donee of any power of appointment with respect to a trust so divided may exercise such power differently with respect to the separate trusts created by the division.

23. Non-discharge of support obligation. Any provision of this trust agreement to the contrary notwithstanding, no trustee hereunder shall have at any time, or in any capacity, either directly or indirectly, the power to discharge in whole or in part the individual support obligation of said trustee with respect to any beneficiary hereunder.

24. Special provisions for S corporation stock. During my lifetime, this trust is intended to qualify as an eligible S corporation shareholder pursuant to Section 1361(c)(2)(A)(i) of the Internal Revenue Code. If at any time thereafter any trust shall no longer be an eligible S corporation shareholder, then the following provisions shall apply:

a. The trustee shall have the power to elect to treat any trust created herein as an electing small business trust pursuant to Sections 1361(e)(1)(A)(iii) and 1361(e)(3) of the Internal Revenue Code during any period in which said trust owns stock in an S corporation. To that end, the trustee shall have the power, acting alone, to amend this trust agreement for the sole purpose of enabling any trust created herein to qualify as an electing small business trust as defined by Section 1361(e) of the Internal Revenue Code.

b. Alternatively, if the trustee deems it not to be in the best interests of the beneficiaries for any trust created herein to be treated as an electing small business trust, then I intend that any trust created herein be eligible for treatment as a qualified subchapter S trust under Section 1361(d) of the Internal Revenue Code during any period in which such trust owns stock in an S corporation, and all provisions of this trust agreement shall be interpreted in accordance with such intention. To that end, the trustee shall have the power, acting alone, to amend this trust agreement for the purpose of allowing any trust created herein to qualify as a qualified subchapter S trust, including without limitation:

i. The power to divide any trust created for the benefit of multiple current income beneficiaries into separate and equal trusts for the benefit of each of such current income beneficiaries.

ii. The power to require that the trustee pay all net income of the trust to the current income beneficiary thereof (and only to such beneficiary) at least annually.

iii. The power to require that distributions of principal, if any, made from a trust during the current income beneficiary's life be made to or for the benefit of such current income beneficiary (and only such beneficiary).

25. Tax elections. In addition to the authority granted elsewhere in this trust agreement, the trustee shall have the authority to make, exercise, revise, and revoke any and all other available allocations, adjustments, agreements, consents, decisions or elections (any of the foregoing being referred to as an "election") affecting or related to any tax on the trust, or any part of the trust estate, and, if there is no executor appointed for my probate estate, and to the extent otherwise authorized by law, any tax on or relating to me or my estate (as defined for federal estate tax purposes), or any property of mine or my estate, or passing or deemed to pass from me or my estate, even though not coming into the hands of the trustee, and even though any such election may be advantageous to one or more beneficiaries hereunder and disadvantageous to other beneficiaries or recipients of property passing or deemed to pass from me or my estate. The trustee shall be under no duty and shall not be required to allocate any benefits associated with any such election exclusively, primarily or at all to assets passing under this trust agreement, as opposed to other property included in my gross estate. I waive any such duty that otherwise would exist. No such allocation or election shall cause the trustee to be liable to any person or to be subject to removal or forfeiture of commissions or other compensation. The trustee shall have no obligation or duty to make any adjustments in trust accounts for the benefit of any beneficiary adversely affected, or not proportionately benefitted, by any such allocation, but, if the trustee considers it advisable to do so, the trustee may make such adjustments as the trustee deems appropriate.

26. Environmental provisions.

a. Prior to acceptance of any assets as a part of or as an addition to the trust estate or any trust created herein, the trustee, in the trustee's sole discretion, shall have the right to take the following actions at the expense of the trust estate or any trust created herein:

i. To enter and inspect (including but not limited to sampling of soil, ground water, air, vapors or other environmental media) any existing or proposed asset for the purpose of investigating any past, present or threatened release of any hazardous substance or pollutant; and

ii. To review records of the currently acting trustee (or my records as settlor or the records of any person in which the trust holds an interest) for the purpose of determining compliance with environmental laws.

Any acts performed by any person hereunder shall not constitute acceptance of any trust created herein, or constitute control, ownership or operation of any real or personal property. If an asset of the trust estate or any trust created herein is discovered upon investigation by the trustee to contain any hazardous substance or pollutant or otherwise not be in compliance with any environmental law, the trustee may decline to act as trustee solely as to such asset, and accept the trusteeship as to all other assets of the trust estate or any trust created herein. Any

court having jurisdiction may appoint a receiver or contingent trustee to hold and manage the rejected asset, pending its final disposition. Any currently acting trustee shall have the right to reject any asset proposed to be transferred to the trustee.

b. If the trust estate or any trust created herein holds one or more assets, the nature, condition, or operation of which is likely to give rise to liability under, or is an actual or threatened violation of any environmental law, the trustee may, in the trustee's sole discretion, take one or more of the following actions, if the trustee, in the trustee's sole discretion, determines that such action is reasonable and in the best interests of such trust and its beneficiaries:

i. Modification of trust provisions, granting the trustee such additional powers as are required to protect such trust and its beneficiaries from liability or damage relating to actual or threatened violation of any environmental law;

ii. Bifurcation of such trust;

iii. Appointment of a contingent trustee to administer any trust property or business interest which fails, or threatens to fail, to comply with any environmental law; or

iv. Abandonment of such property or business.

It is my intent that the trustee shall have the widest discretion in identification of and response to administration issues connected to potential environmental law liability to the trust estate, or any trust created herein, and the trustee, in order to protect the interests of such trust, the trustee, and its beneficiaries.

c. The trustee shall have the power to take any action the trustee reasonably deems necessary to prevent, address or otherwise remedy any actual or threatened violation of any environmental law, or any condition which may reasonably give rise to liability under any environmental law, including but not limited to, acts of "response" as defined in 42 U.S.C. § 9601(25), relating to any asset, which is or has been held by the trustee as part of the trust estate or any trust created herein.

d. The trustee is hereby indemnified and reimbursed from the trust estate or any trust created herein for any environmental expenses.

i. This right to indemnification or reimbursement shall extend to environmental expenses relating to any real property or business interest, which is or has been at any time owned or operated by:

A. The trustee as part of the trust estate or any trust created herein; and

B. A business interest in which the trustee holds or has held at any time an ownership or management interest as part of the trust estate or any trust created herein.

ii. The trustee shall have the right to reimbursement for incurred environmental expenses without the prior requirement of expenditure of the trustee's own funds in payment of such environmental expenses, and the right to pay environmental expenses directly from the trust estate or any trust created herein. Further, the trustee shall have a primary lien against assets of the trust estate or any trust created herein for reimbursement of environmental expenses, which are not paid directly from the trust estate or any trust created herein. This right of indemnification or reimbursement shall apply to all environmental expenses, except those resulting from the trustee's intentional wrongdoing, bad faith or reckless disregard of fiduciary obligation.

e. The trustee shall not be liable to any beneficiary of any trust created herein or to any other person for any good faith action or inaction, relating to any environmental law, or for the payment of any environmental expenses.

f. As used in this trust agreement:

i. The term "environmental law" means any law, governmental order, or binding agreement with any governmental authority: relating to pollution (or the investigation, remediation or cleanup thereof or other response thereto) or the protection of natural resources, endangered or threatened species, human health or safety, worker health or safety, or the environment (including indoor air, outdoor air, wetlands, soil, sediment, surface water, groundwater, or subsurface strata), noise, or odor; or concerning the presence of, exposure to, or the management, manufacture, use, handling, containment, storage, recycling, reclamation, reuse, treatment, generation, discharge, transportation, processing, production, disposal, or remediation of any hazardous substance or pollutant.

ii. The term "environmental expenses" means any liabilities, responsibilities, suits, costs (including investigation, remediation or cleanup thereof or other response thereto), assessments, liens, penalties, fines, prejudgment and post-judgment interest, and attorney's fees incurred or imposed pursuant to any order, decree, notice, injunction, judgment or similar ruling or directive from any governmental authority arising out of or in connection with any environmental law, or pursuant to any claim by any governmental authority or other person for personal injury, death, property damage, damage to natural resources or remedial work arising out of any environmental law or exposure to, or a release or migration of, hazardous substances or pollutant.

iii. The term "hazardous substance or pollutant" means any substance, whether liquid, solid, gas, mineral, fungus, naturally occurring or manmade, or any mixture thereof: which is listed, identified, or designated in any environmental law as hazardous, toxic, a pollutant, or word of similar meaning and effect; which, applying the criteria specified in any environmental law, is hazardous, toxic, a pollutant, or word of similar meaning or effect; which the use, disposal, or any manner or aspect of management or handling is regulated under

any environmental law; or any petroleum or petroleum-derived products, radon, fluorinated chemicals, radioactive materials or wastes, asbestos in any form, lead or lead-containing materials, mold, mildew, silica, urea formaldehyde insulation, polychlorinated biphenyls, or ozone-depleting substances.

ARTICLE V

Initial trustee, successor trustees and co-trustees:

1. Initial trustee and successor trustees. Patricia B. Schneider shall serve as the initial trustee. Upon the death, incompetence, or resignation of Patricia B. Schneider, the successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

a. An independent trustee designated in writing my spouse;

b. my son, Eric P. Schneider;

c. my son, Justin F. Schneider;

d. my daughter, Danielle R. Senzer.

2. Initial trustee and list of successor trustees of trusts for children. Any provision of this trust agreement to the contrary notwithstanding:

a. With respect to any trust created herein of which my son, Justin F. Schneider, is the primary beneficiary, Justin F. Schneider may become the trustee of such trust by giving notice of acceptance to serve as trustee to then serving trustee. Upon the death, incompetence or resignation of Justin F. Schneider, the successor trustee shall be the first in order of those named in the following list who shall be able and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

i. my son, Eric P. Schneider;

ii. my daughter, Danielle R. Senzer.

b. With respect to any trust created herein of which my daughter, Danielle R. Senzer, is the primary beneficiary, Danielle R. Senzer may become the trustee of such trust by giving notice of acceptance to serve as trustee to then serving trustee. Upon the death, incompetence or resignation of Danielle R. Senzer, the successor trustee shall be the first in order

of those named in the following list who shall be able and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

i. my son, Justin F. Schneider;

ii. my son, Eric P. Schneider.

c. With respect to any trust created herein of which my son, Eric P. Schneider, is the primary beneficiary, Eric P. Schneider may become the trustee of such trust by giving notice of acceptance to serve as trustee to then serving trustee. Upon the death, incompetence or resignation of Eric P. Schneider, the successor trustee shall be the first in order of those named in the following list who shall be able and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

i. my son, Justin F. Schneider;

ii. my daughter, Danielle R. Senzer.

3. Initial trustee and list of successor trustees of trusts for issue of my children. Any provision of this trust agreement to the contrary notwithstanding:

a. With respect to any trust created herein of which an issue of my son, Justin F. Schneider, is the primary beneficiary, the trustee shall be the first in order of those named in the following list who shall be able and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

i. my son, Eric P. Schneider;

ii. my daughter, Danielle R. Senzer.

b. With respect to any trust created herein of which an issue of my daughter, Danielle R. Senzer, is the primary beneficiary, the trustee shall be the first in order of those named in the following list who shall be able and who shall qualify, to serve as trustee, and if any of the following shall become the successor trustee and shall thereafter die, become incompetent, resign, or be removed, the subsequent successor trustee shall be the first in order of those named in the following list who shall be able, and who shall qualify, to serve as trustee:

i. my son, Justin F. Schneider;