# ALLEN STOVALL NEUMAN & ASHTON LLP

ATTORNEYS

**James A. Coutinho**
coutinho@asnalaw.com

December 12, 2025

Kelly M. Neal, Esq.
Via email: kelly.neal@bipc.com

Re: *In re Raymond Joseph Schneider*, Case No. 25-12607

Dear Ms. Neal –

I write in response to your letter of December 9. Your client demanded that Mr. Schneider respond by today with a confirmation that the Debtor will "seek avoidance of all transfers to family members of the Debtor and to any trusts associated with the Debtor or any of the Debtor's family members along with all other pre-petition transfers which may be avoidable pursuant to the United States Bankruptcy Code or applicable law."

Please be advised that we are in the process of evaluating potential chapter 5 and other claims in this case and will continue that evaluation as a part of our process for formulating a chapter 11 plan. Our efforts are consistent with the requirement that Mr. Schneider's eventual plan pass the best interest of creditors test under 11 U.S.C. § 1129(a)(7), any other applicable confirmation requirements, the disclosure statement requirements, and Mr. Schneider's fiduciary duties to all creditors. Our intention is to complete this analysis in due course, work through the plan requirements with Mr. Schneider, submit a confirmable plan that will pass all applicable confirmation requirements, and timely and appropriately pursue avoidance actions. Of course, if passing the best interest test requires the liquidation of any chapter 5 actions, that will be disclosed and incorporated into the plan.

Less than two months into this proceeding, we have not yet finished the analysis of chapter 5 or other claims. We have reviewed your client's pre-petition fraudulent transfer complaint, identified transactions for review that were part of the Debtor's initial case disclosures, and are working through a full analysis of all estate claims. With the Meeting of Creditors only recently behind us, we are just turning to this analysis and plan formulation within the exclusivity period.

It was not clear from your letter, but to the extent that your client's demand is that the Debtor initiate such actions *immediately*, we are not prepared to do so and do not see any basis for Huntington to demand it. The Bankruptcy Code provides a two-year statute of limitations for a reason, and while we would not intend to delay any avoidance actions, we also do not intend to prematurely begin litigation that would burden the estate with costs and distractions. If you have any authority that requires a chapter 11 debtor to begin pursuit of chapter 5 claims within 60 days of the petition date, please provide it. I am unaware of such authority.

ALLEN STOVALL NEUMAN & ASHTON LLP

ATTORNEYS

DEBTOR'S EXHIBIT 2
Page 2 of 2



To the extent that your letter is a preface to Huntington filing a motion in this case for authority to derivatively pursue avoidance actions in place of the Debtor, please be advised that we would oppose such an effort. In the first place, Huntington cannot meet the first element to obtain derivative standing—that the Debtor refuses to act in this case—because the Debtor has not refused the request. Further, for the reasons I have indicated, the Debtor is already attending to his fiduciary duties in relation to these actions and preparing an appropriate plan for this case. I am aware that in the first bankruptcy case Mr. Schneider under examination declined that he would pursue certain avoidance actions. Of course, that testimony came just a few weeks into the first case, was without the benefit of our counsel, and was a question posed to Mr. Schneider likely before he understood the full requirements of plan confirmation. In this case, we are ensuring that these evaluations are being completed in an appropriate and timely manner.

As indicated, we are still working to review all potential estate actions and will review them with our client. Nothing in this letter should be construed as an admission that any such actions exist, are valid claims, or are worthy of pursuit. We simply have not completed our review to determine the same, and certainly were not able to complete the review in the three business days you gave us to respond to your letter.

Finally, in our call on December 5, 2025, I asked if you would provide any authority on the tolling of statutes of limitation that might be applicable to any alleged fraudulent transfers here. We are independently conducting our research, including any equitable tolling that may be appropriate, but to the extent that your client has a factual or legal theory on the tolling of expired statutes of limitations, it would, of course, be made a part of our analysis.

Sincerely,

James A. Coutinho

Enclosure
cc: Client, Co-counsel