DEBTOR'S EXHIBIT 23
Page 1 of 41



**Fill in this information to identify the case:**

Debtor 1 Raymond Joseph Schneider

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Ohio

Case number 25-12607

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

The Huntington National Bank
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Name | Christopher P. Schueller, Esquire | |
| Number Street | 501 Grant St., Suite 200, Union Trust Building | |
| City / State / ZIP Code | Pittsburgh / PA / 15219 | |
| Contact phone | 412-562-8432 | |
| Contact email | christopher.schueller@bipc.com | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 11 Filed on 12/11/2025 (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

DEBTOR'S EXHIBIT 23
Page 2 of 41



**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 36,131,393.30. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached addendum

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe: ____________________

**Basis for perfection:** See attached addendum

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________

**Amount of the claim that is secured:** $ Exceeds $10,000,000

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________________ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________________ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________________ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 03/02/2026 (MM / DD / YYYY)

/s/ David Peura
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | David (First name) | (Middle name) | Peura (Last name) |
| Title | Senior Vice President | | |
| Company | The Huntington National Bank<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 7 Easton Oval (Number Street) | | |
| | Columbus (City) | OH (State) | 43219 (ZIP Code) |
| Contact phone | 614-203-4919 | Email | David.Peura@huntington.com |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| In re:<br><br>RAYMOND JOSEPH SCHNEIDER,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 25-12607<br>Judge Beth A. Buchanan |

**ADDENDUM TO FIRST AMENDED PROOF OF CLAIM OF**
**THE HUNTINGTON NATIONAL BANK**

The Huntington National Bank as administrative agent and lender ("**Huntington**") files this First Amended Proof of Claim against Raymond Joseph Schneider (the "**Debtor**") and in support thereof, states as follows:

1. On October 17, 2025, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("**Petition Date**").

2. On June 5, 2020, Huntington commenced a collection action against the Debtor in the Ohio Court of Common Pleas in Hamilton County ("**State Court**") under Index Number A2002093 ("**Collection Action**") for approximately $76 million, based on a personal guaranty ("**Guaranty**") Debtor signed in connection with certain commercial loans made by Huntington under a Credit Agreement dated November 30, 2018 (as amended or modified from time to time, the "**Credit Agreement**") by and among Huntington, as Administrative Agent and Lender, the other Lenders party thereto, and the Borrowers and Guarantors party thereto. A copy of the Guaranty is attached as **Exhibit A**.

3. On November 18, 2022, the State Court granted Huntington's motion for summary judgment in the Collection Action. On December 13, 2022, judgment was entered

against Debtor in the amount of $75,599,410 as of July 28, 2020 (the "**Judgment**"). A copy of the Judgment is attached as **Exhibit B**.

4. The Judgment authorizes accrual of interest at the *per diem* rate in effect under the loan documents as of July 28, 2020.

5. On February 15, 2023 the Judgment was amended to make it an appealable judgment ("**Amended Judgment**"). A copy of the Amended Judgment is attached as **Exhibit C**.

6. As a result of proceeds from sales of the assets of the Borrowers, after July 28, 2020, Huntington has applied approximately $55,561,440.15 to the balance of the debt giving rise to the Judgment.

7. As of March 2, 2023, the balance of the Judgment was $28,763,320.15 and was calculated as follows:

| | |
|---|---|
| **Term Loan** | |
| Term Loan principal | $ 21,597,297.90 |
| Term Loan accrued interest | $ 1,062,344.17 |
| Subtotal | $ 22,659,642.07 |
| | |
| **Line of Credit** | |
| Line of Credit principal | $ 4,973,486.88 |
| Line of Credit interest | $ 1,130,191.20 |
| Subtotal | $ 6,103,678.08 |
| | |
| **TOTAL**: | $ **28,763,320.15** |

8. Interest accrues at the judgment rate of 3%. The per diem is $2,364.56. Annual interest is $862,999.04.

9. Interest after March 2, 2023 totals **$2,262,520.52**. That makes the amount of principal and interest as of 10/17/25 **$31,025,848.67**.

10. In addition, Huntington has incurred legal fees and costs totalling $5,105,544.63 as of October 17, 2025.

11. This means that the entire balance owed as of October 17, 2025 is $36,131,393.30.

12. Prior to the Petition Date, Huntington perfected liens against the following assets owned by the Debtor (collectively, the "**Huntington Collateral**"): (i) various pledged cash management accounts at Merril Lynch, Fenner & Smith Incorporated, including, without limitation, accounts ending in -4923, -3957, -3958, -4655, -4683, -8142, -5252, as reflected by the Order of Garnishment and Answer attached hereto as **Exhibit D**, (ii) real property owned by the Debtor commonly known as 2409 Cahmonix Lane, Vail, Colorado 81657, as reflected by the filed transcript of judgment entered in the District Court of Eagle County, Colorado dated September 18, 2025, attached hereto as **Exhibit E** and (iii) real property owned by the Debtor commonly known as 3515 Tiffany Ridge Lane, Cincinnati, Ohio, as reflected by the Certificate of Judgment filed with the Hamilton County, Ohio Clerk of Courts on August 22, 2025, attached hereto as **Exhibit F.**

13. The amount of this claim that is secured remains to be determined but, upon information and belief, exceeds $10,000,000. Huntington reserves the right to amend this Proof of Claim, and to adjust the secured and unsecured portions hereto, at any time as additional information on the value of the Huntington Collateral becomes available.

14. Huntington reserves the right to claim and collect its legal fees incurred prior to the Petition Date and/or to include additional interests, fees and costs all as may be allowable pursuant to Section 506(b) of the Bankruptcy Code.

15. Interest and legal fees and costs continue to accrue after the Petition Date and are due and payable to Huntington.

16. Huntington reserves the right to amend this Proof of Claim in the future to add new and additional accruals.

17. Huntington reserves the right to amend or supplement its Proof of Claim, and/or file additional proofs of claim for additional claims or interests at any time, either before or after any date established by the Court.

18. Huntington fully preserves its right to setoff, recoupment, and all similar such rights, and nothing herein shall be construed as a waiver thereof.

19. Nothing contained in this Proof of Claim shall be construed as limiting the rights, remedies and interests of Huntington.

20. The filing of this Proof of Claim is not (i) a waiver or release of the rights of Huntington against any person, entity or property; (ii) a consent by Huntington to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Huntington; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Huntington, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Huntington; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or events of default. Huntington specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against it by the Debtor or by any trustee for the Debtor's estate.

# EXHIBIT A

Case 1:25-bk-12607 Doc 291-3 Filed 09/28/26 Entered 09/28/26 12:48:19 Desc

DEBTOR'S EXHIBIT 23
Page 9 of 41

GUARANTY OF PAYMENT OF DEBT

This Guaranty of Payment of Debt, as it may be amended, restated or otherwise modified from time to time (this "Agreement"), is executed and delivered as of this 30th day of November, 2018, by RAYMOND SCHNEIDER, an individual ("Guarantor"), to THE HUNTINGTON NATIONAL BANK ("Huntington") as administrative agent for Lenders (Huntington, in such capacity, the "Agent").

1. RECITALS.

PREMIER HEALTH CARE MANAGEMENT, INC., an Ohio corporation ("Premier"), EUCLID HEALTH CARE, INC., an Ohio corporation ("Euclid"), PLEASANT RIDGE CARE CENTER, INC., an Ohio corporation ("Pleasant Ridge Care"), KENWOOD TERRACE HEALTH CARE CENTER, INC., an Ohio corporation ("Kenwood"), SOUTHBROOK HEALTH CARE CENTER, INC., an Ohio corporation ("Southbrook"), BEECHWOOD TERRACE CARE CENTER, INC., an Ohio corporation ("Beechwood"), IVY HEALTH CARE, INC., an Ohio corporation ("Ivy Health Care"), JZB REALTY HOLDING CO., LLC, an Ohio limited liability company ("JZB"), PLEASANT RIDGE REALTY, LLC, an Ohio limited liability company ("Pleasant Ridge Realty"), IVY HEALTH REALTY LLC, an Ohio limited liability company ("Ivy Woods"), KELLER ROAD REALTY CO., LLC, an Ohio limited liability company ("Keller"), STEIGLER ROAD REALTY, LLC, an Ohio limited liability company ("Steigler"), SEMINOLE AVENUE REALTY, LLC, an Ohio limited liability company ("Seminole"), and 54 REALTY, LTD., an Ohio limited liability company ("54" and together with Premier, Euclid, Pleasant Ridge Care, Kenwood, Southbrook, Beechwood, Ivy Health Care, JZB, Pleasant Ridge Realty, Ivy Woods, Keller, Steigler, Seminole and any other person which may become a "Borrower" under the Credit Agreement (as hereinafter defined) after the date hereof, are each individually referred to herein as a "Borrower" and are collectively referred to herein as the "Borrowers"), the various institutions which are now or which hereafter become a party thereto (collectively, the "Lenders") and Agent are entering into the Credit Agreement. Guarantor desires that Agent and the Lenders grant the financial accommodations to Borrowers as described in the Credit Agreement.

Guarantor, an equityholder of certain of the Borrowers, deems it to be in the direct pecuniary and business interests of Guarantor that Borrowers obtain the financial accommodations from Agent and the Lenders provided for in the Credit Agreement and the Loan Documents (as defined in the Credit Agreement).

Guarantor understands that Agent and Lenders are willing to enter into the Credit Agreement only upon certain terms and conditions, one of which is that Guarantor guarantee the payment of the Debt (as hereinafter defined), and this Agreement is being executed and delivered in consideration of Agent and the Lenders entering into the Credit Agreement and for other valuable considerations, the receipt and sufficiency of which is hereby acknowledged.

2. DEFINITIONS. As used herein, the following terms shall have the following meanings:

2.1. "Credit Agreement" shall mean the Credit Agreement executed by and among Borrowers, the Lenders and Agent, and dated as of even date herewith, as the same may from time to time be amended, restated or otherwise modified.

2.2. "Debt" shall mean the Secured Obligations, as such term is defined in the Credit Agreement.

Except as specifically defined herein, capitalized terms used herein that are defined in the Credit Agreement shall have their respective meanings ascribed to them in the Credit Agreement.

3. GUARANTY OF DEBT. Guarantor hereby absolutely and unconditionally guarantees the prompt payment in full of all of the Debt as and when the respective parts thereof become due and payable. If the Debt or any part thereof shall not be paid in full when due and payable, Agent and the Lenders, in each case, shall have the right to proceed directly against Guarantor under this Agreement to collect the payment in full of the Debt, regardless of whether or not Agent or Lenders shall have theretofore proceeded or shall then be proceeding against any Borrower or any other Person obligated on the Debt or Collateral, if any, or any of the foregoing, it being understood that Agent and the Lenders, in their sole discretion, may proceed against any Borrower or any other Person obligated on the Debt and any Collateral, and may exercise each right, power or privilege that Agent may then have, either simultaneously or separately, and, in any event, at such time or times and as often and in such order as Agent and the Lenders, in their sole discretion, may from time to time deem expedient to collect the payment in full of the Debt.

4. PAYMENTS CONDITIONAL. Whenever Agent or any Lender shall credit any payment to the Debt or any part thereof, whatever the source or form of payment, the credit shall be conditional as to Guarantor unless and until the payment shall be final and valid as to all the world. Without limiting the generality of the foregoing, Guarantor agrees that if any check or other instrument applied to the Debt shall be dishonored by the drawer or any party thereto, or if any proceeds of Collateral or payment so applied shall thereafter be recovered by any trustee in bankruptcy or any other Person, Agent and each Lender, in each case, may reverse any entry relating thereto on its books and Guarantor shall remain liable therefor, even if Agent or such Lender may no longer have in its possession any evidence of the Debt to which the payment in question was applied.

5. GUARANTOR'S OBLIGATIONS ABSOLUTE AND UNCONDITIONAL. Regardless of the duration of time, regardless of whether Borrowers may from time to time cease to be indebted to Agent and the Lenders and irrespective of any act, omission or course of dealing whatever on the part of Agent or Lenders, Guarantor's liabilities and other obligations under this Agreement shall remain in full effect until the payment in full of the Debt (except those surviving indefinitely pursuant to Section 16 hereof). Without limiting the generality of the foregoing:

5.1. Lenders Have No Duty To Make Advances. Agent and the Lenders shall not at any time be under any duty to Guarantor to grant any financial accommodation to any Borrower, or to follow or direct the application of the proceeds of any such financial accommodation;

5.2. Guarantor's Waiver of Notice, Presentment, etc. Except as prohibited by applicable law, Guarantor waives any right to require Agent or any Lender: (a) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the Debt or of any nonpayment related to any collateral securing the Debt, or notice of any action or non-action on the part of Borrowers, Agent or any Lender, any surety, endorser, or other guarantor in connection with the Debt or in connection with the creation of new or additional loans or obligations; (b) to resort for payment or to proceed directly or at once against any person, including any Borrower or any other guarantor; (c) to proceed directly against any collateral securing the Debt, any other guarantor, or any other person; (d) to give notice of the terms, time, and place of any public or private sale of any personal property collateral, or to comply with any other applicable provisions of the Uniform Commercial Code; (e) to pursue any other remedy within Agent's power; or (f) to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever;

5.3. Lender's Rights Not Prejudiced by Action or Omission. Agent and the Lenders, in their sole discretion, may, without any prejudice to their rights under this Agreement, at any time or times, without notice to or the consent of Guarantor, (a) grant Borrowers whatever financial accommodations that Agent and the Lenders may from time to time deem advisable, even if Borrowers might be in default in any respect and even if those financial accommodations might not constitute indebtedness, the payment of which is guaranteed hereunder, (b) assent to any renewal, extension, consolidation or refinancing of the Debt, or any part thereof, (c) forbear from demanding security, if Agent shall have the right to do so, (d) release any Borrower or any other Person obligated on the Debt or Collateral or assent to any exchange of Collateral, if any, irrespective of the consideration, if any, received therefor, (e) grant any waiver or consent or forbear from exercising any right, power or privilege that Agent or Lenders may have or acquire, (f) assent to any amendment, deletion, addition, supplement or other modification in, to or of any writing evidencing or securing any Debt or pursuant to which any Debt is created, (g) grant any other indulgence to any Person obligated on the Debt, (h) accept any Collateral for the Debt, or any part thereof, (i) add any additional Person as an obligor on the Debt, and (j) fail, neglect or omit in any way to realize upon any Collateral or to protect the Debt or any part thereof or any Collateral therefor;

5.4. Liabilities Survive Guarantor's Death or Disability. Guarantor's liabilities and other obligations under this Agreement shall survive any death or disability of Guarantor; and

5.5. Liabilities Absolute and Unconditional. Guarantor's liabilities and other obligations under this Agreement shall be absolute and unconditional irrespective of any lack of validity or enforceability of the Credit Agreement, any Note, any Loan Document or any other agreement, instrument or document evidencing the Debt or related thereto, or any other defense available to Guarantor in respect of this Agreement.

6. REPRESENTATIONS AND WARRANTIES. Guarantor represents and warrants to Agent and the Lenders that (a) Guarantor has the legal capacity and right to execute and deliver this Agreement and to perform and observe the provisions hereof; (b) this Agreement, when executed, is legal and binding upon Guarantor, enforceable against Guarantor according to its terms (regardless of whether enforcement is sought in equity or at law); (c) no litigation or

proceeding is pending or, to Guarantor's knowledge, threatened against Guarantor before any court or any administrative agency; (d) the execution, delivery and performance of this Agreement will not conflict with nor result in any breach in any of the provisions of, or constitute a default under, any agreement to which Guarantor is a party; (e) Guarantor has received consideration that is the reasonable equivalent value of the obligations and liabilities that Guarantor has incurred to Agent and the Lenders; (f) Guarantor is not insolvent, as defined in any applicable state or federal statute, nor will Guarantor be rendered insolvent by the execution and delivery of this Agreement to Agent and Lenders; and (g) Guarantor does not intend to, nor does Guarantor believe that Guarantor will, incur debts beyond Guarantor's ability to pay such debts as they mature.

7. COVENANTS. Guarantor will perform and observe each of the following:

7.1. Further Assurance. Guarantor will, at Guarantor's expense, make and do all such acts and things as Agent may from time to time reasonably require for the better evidencing, protection, or validation of, or realization of the benefits of Agent's and each Lender's rights arising under or in connection with this Agreement. Without limiting the generality of the foregoing, Guarantor will, at Guarantor's expense, upon each request of Agent, execute and deliver such confirmations of Guarantor's obligations under this Agreement and other writings as Agent may from time to time require, each in form and substance reasonably satisfactory to Agent.

7.2. Guarantor Information. Guarantor will furnish to Agent and Lenders, without expense to Agent or Lenders, forthwith upon each request of Agent made upon Guarantor therefor, such information in writing regarding Guarantor's financial condition, income taxes, and properties, including without limitation any information required under section 6.1 of the Credit Agreement, in form and detail reasonably satisfactory to Agent.

7.3. Notice. Guarantor will give Agent and Lenders prompt written notice whenever Guarantor knows or has reason to know that any Default or Event of Default has occurred.

8. DISABILITY OF PERSON OBLIGATED ON THE DEBT. Without limiting the generality of any of the other provisions hereof, Guarantor specifically agrees that upon the dissolution or death of any other Person obligated on the Debt and/or the filing or other commencement of any bankruptcy or insolvency proceedings by, for or against any other Person obligated on the Debt, including without limitation, any assignment for the benefit of creditors or other proceedings intended to liquidate or rehabilitate any such Person, Agent and Lenders, in their sole discretion, may declare the unpaid principal balance of and accrued interest on the Debt to be forthwith due and payable in full without notice. Upon the occurrence of any of the events enumerated in the immediately preceding sentence, Guarantor shall, upon Agent's demand whenever made, pay to Agent, for the benefit of Lenders, an amount equal to the then unpaid amount of the Debt.

9. NO SETOFF; RIGHTS AGAINST OTHER CREDIT PARTIES AND COLLATERAL. Guarantor hereby (a) waives all now existing or hereafter arising rights to recoup or offset any obligation of Guarantor under this Agreement against any claim or right of Guarantor against Agent or any Lender, (b) waives all rights of exoneration now or hereafter arising out of or in connection with this Agreement, and (c) agrees that unless and until all of the Debt shall have been paid in full, Guarantor will not assert against any Borrower's or Subsidiary's property (including, without limitation, any Collateral) any rights (including, without limitation, contribution, indemnification, reimbursement, and subrogation) now or hereafter arising (whether by contract, operation of law, or otherwise) out of or in connection with this Agreement.

10. INDEMNITY: ADMINISTRATION AND ENFORCEMENT. Guarantor will reimburse each Lender, on each Lender's demand from time to time, and Agent, on Agent's demand from time to time for any and all fees, costs, and expenses (including, without limitation, the reasonable fees and expenses of legal counsel) incurred by Agent and the Lenders in administering this Agreement and in protecting, enforcing, or attempting to protect or enforce its rights under this Agreement, together with interest thereon, from the date of such demand, at a rate per annum equal to the Default Rate as set forth in Section 2.3(c)(1) of the Credit Agreement.

11. NOTICE. All notices, requests, demands and other communications provided for hereunder shall be made in accordance with Section 10.8 of the Credit Agreement, except that any notice to Guarantor shall be sent to Guarantor, at the address, specified on the signature pages of this Agreement.

12. [RESERVED].

13. MISCELLANEOUS. This Agreement shall bind Guarantor and Guarantor's heirs, executors, administrators, successors and assigns and shall inure to the benefit of Agent, the Lenders and their respective successors and assigns, including (without limitation) each holder of any Note evidencing any Debt. If, at any time, one or more provisions of this Agreement is or becomes invalid, illegal or unenforceable in whole or in part, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This Agreement constitutes a final written expression of all of the terms of this Agreement, is a complete and exclusive statement of those terms and supersedes all oral representations, negotiations and prior writings, if any, with respect to the subject matter hereof. The relationship between (a) Guarantor and (b) Agent with respect to this Agreement is and shall be solely that of debtor and creditor, respectively, and Agent shall have no fiduciary obligation toward Guarantor with respect to this Agreement or the transactions contemplated hereby. The captions herein are for convenience of reference only and shall be ignored in interpreting the provisions of this Agreement. Each right, power, or privilege specified or referred to in this Agreement is in addition to and not in limitation of any other rights, powers, and privileges that Agent may otherwise have or acquire by operation of law, by other contract, or otherwise. Agent shall be entitled to equitable remedies with respect to each breach or anticipatory repudiation of any provision of this Agreement, and Guarantor hereby waives any defense which might be asserted to bar any such equitable remedy. Agent shall have the right to apply payments in

Case 1:25-bk-12607 Doc 191-3 Filed 09/28/26 Entered 09/28/26 22:48:19 Desc



respect of the Debt with such allocation to the respective parts thereof and the respective due dates thereof as Agent, in its sole discretion, may from time to time deem advisable.

14 GOVERNING LAW; SUBMISSION TO JURISDICTION. The provisions of this Agreement and the respective rights and duties of Guarantor and Agent hereunder shall be governed by and construed in accordance with Ohio law, without regard to principles of conflict of laws. Guarantor hereby irrevocably submits to the non-exclusive jurisdiction of any Ohio state or federal court sitting in Cleveland, Ohio, over any action or proceeding arising out of or relating to this Agreement or any Loan Document, and Guarantor hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such Ohio state or federal court. Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection Guarantor may now or hereafter have to the laying of venue in any action or proceeding in any such court as well as any right Guarantor may now or hereafter have to remove such action or proceeding, once commenced, to another court on the grounds of FORUM NON CONVENIENS or otherwise. Guarantor agrees that a final, nonappealable judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

15. MAXIMUM LIABILITY OF GUARANTOR. Anything in this Agreement to the contrary notwithstanding, in no event shall the liability of Guarantor under this Agreement exceed the maximum amount that (after giving effect to the incurring of the obligations hereunder and to any rights to contribution of Guarantor from other Borrowers, Subsidiaries or Guarantors (as defined in the Credit Agreement)) would render the rights to payment of Agent hereunder void, voidable or avoidable under any applicable fraudulent transfer law.

16. TERMINATION. Notwithstanding anything to the contrary in this Agreement, upon the Debt having been irrevocably paid in full, the Commitments, as defined in the Credit Agreement, terminated, and the Credit Agreement terminated and not replaced by any other credit facility with Agent, this Agreement shall terminate and, upon written request of Guarantor, Agent shall promptly execute and deliver to Guarantor appropriate termination statements. The provisions of Sections 9 through 17, all inclusive, shall survive the payment in full of the Debt.

17. JURY TRIAL WAIVER. GUARANTOR ACKNOWLEDGES AND AGREES THAT THERE MAY BE A CONSTITUTIONAL RIGHT TO A JURY TRIAL IN CONNECTION WITH ANY CLAIM, DISPUTE OR LAWSUIT ARISING WITH RESPECT TO THIS AGREEMENT, BUT THAT SUCH RIGHT MAY BE WAIVED. ACCORDINGLY, GUARANTOR AGREES THAT, NOTWITHSTANDING SUCH CONSTITUTIONAL RIGHT, IN THIS COMMERCIAL MATTER GUARANTOR BELIEVES AND AGREES THAT IT SHALL BE IN GUARANTOR'S BEST INTERESTS TO WAIVE SUCH RIGHT, AND, ACCORDINGLY, HEREBY WAIVES SUCH RIGHT TO A JURY TRIAL, AND FURTHER AGREES THAT THE BEST FORUM FOR HEARING ANY CLAIM, DISPUTE, OR LAWSUIT, IF ANY, ARISING IN CONNECTION WITH THIS AGREEMENT OR THE RELATIONSHIP AMONG ANY BORROWER, AGENT, LENDERS, AND GUARANTOR, WHETHER NOW EXISTING OR HEREAFTER ARISING, OR WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, SHALL BE A COURT OF COMPETENT JURISDICTION SITTING WITHOUT A JURY.

IN WITNESS WHEREOF, the undersigned has executed this Agreement as of the date and year first written above.

Address:
10988 Deerfield Road
Cincinnati, OH 45742

RAYMOND SCHNEIDER, an individual

DEBTOR'S EXHIBIT 23
Page 16 of 41

***GUARANTY OF PAYMENT – HNB/PREMIER – RAYMOND SCHNEIDER***

# EXHIBIT B

COURT OF COMMON PLEAS
ENTERED
HON MEGAN E. SHANAHAN
THE CLERK SHALL SERVE NOTICE TO PARTIES PURSUANT TO CIVIL RULE 58 WHICH SHALL BE TAXED AS COSTS HEREIN

18

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**
**Judge Megan Shanahan**
**Case No. A2002093**

THE HUNTINGTON NATIONAL BANK,

Plaintiff,

vs.

HAROLD SOSNA, FAYE SOSNA, and RAYMOND SCHNEIDER,

Defendants.

**JUDGMENT ENTRY AGAINST DEFENDANT RAYMOND SCHNEIDER**

This matter comes before the Court upon the Motion for Summary Judgment filed herein by Plaintiff The Huntington National Bank ("Plaintiff") on August 13, 2020 ("Motion for Summary Judgment") against Defendant Raymond Schneider ("Mr. Schneider"), and the Court further GRANTS the Motion for Summary Judgment for money damages against the Defendant Mr. Schneider for good cause shown.

The Court accordingly enters judgment in favor of Plaintiff against Mr. Schneider as follows.

1. In the amount of $75,599,410 00 as of July 28, 2020, plus interest accruing thereafter, broken down as follows and at the per diem interest rates set forth below (the defined terms Term Loan and Line of Credit are as set forth in the Motion for Summary Judgment):

| | |
|---|---|
| Term Loan Principal: | $ 68,740,574.09 |
| Term Loan Interest: | $ 1,758,133.09 |
| **Total Term Loan Balance:** | **$ 70,498,708.08** |
| Line of Credit Principal: | $ 4,973,486.88 |
| Line of Credit Interest: | $ 127,214.04 |

**Total Line of Credit Balance: $ 5,100,700.92**

**Total Balance of Loans:** **$ 75,599,410.00**

Term Loan Interest: $14.661.31 *per diem*
Line of Credit Interest: $1,059.11 *per diem*

IT IS SO ORDERED.

JUDGE MEGAN SHANAHAN

APPROVED:

ENTERED
DEC 13 2022

*/s/ Christopher P. Schueller*
Christopher P Schueller (0086170)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Christopher.schueller@bipc.com
*Counsel for Plaintiff The Huntington National Bank*

OBJECTION NOTED AND OVERRULED:

*/s/ Richard S Wayne*
Richard S. Wayne (0022390)
Strauss Troy Co., LPA
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
rswayne@strausstroy.com
*Counsel for Defendant Raymond Schneider*

CONSENTED AS TO FORM:

*/s/ William B Fecher*
William B. Fecher (0039240)
Statman, Harris & Eyrich, LLC
35 E. 7th Street, Suite 315
Cincinnati, OH 45202
wbfecher@statmanharris.com
*Counsel for Defendants Harold Sosna and Faye Sosna*

SUBMITTED BY:

Dated: December 6, 2022

**BUCHANAN INGERSOLL & ROONEY PC**

*s/ Christopher P. Schueller*
Christopher P. Schueller (Ohio ID 0086170)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel· (412) 562-8800
Fax: (412) 562-1041
Christopher.schueller@bipc.com
*Counsel for Plaintif The Huntington National Bank*

# EXHIBIT C

DEBTOR'S EXHIBIT 23
Page 22 of 41



COURT OF C[illegible]MON PLEAS
ENTER
2/15/23
HON MEGAN E SHANAHAN
THE CLERK SHALL SERVE NOTICE TO PARTIES PURSUANT TO CIVIL RULE 58 WHICH SHALL BE TAXED AS COSTS HEREIN

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**
**Judge Megan Shanahan**
**Case No. A200 2093**

THE HUNTINGTON NATIONAL BANK,

Plaintiff,

vs

HAROLD SOSNA, FAYE SOSNA, and
RAYMOND SCHNEIDER,

Defendants.

**AMENDED JUDGMENT ENTRY**
**AGAINST DEFENDANT**
**RAYMOND SCHNEIDER**

D137431764

ENTERED
FEB 15 2023

This matter comes before the Court upon the Motion for Summary Judgment filed herein by Plaintiff The Huntington National Bank ("Plaintiff") on August 13, 2020 ("Motion for Summary Judgment") against Defendant Raymond Schneider ("Mr Schneider"), and the Court further GRANTS the Motion for Summary Judgment for money damages against the Defendant Mr. Schneider for good cause shown.

The Court accordingly enters judgment in favor of Plaintiff against Mr. Schneider as follows:

1 In the amount of $75.599.410.00 as of July 28, 2020, plus interest accruing thereafter, broken down as follows and at the per diem interest rates set forth below (the defined terms Term Loan and Line of Credit are as set forth in the Motion for Summary Judgment):

| | |
|---|---|
| Term Loan Principal: | $ 68,740,574 09 |
| Term Loan Interest. | $ 1,758,133.09 |
| **Total Term Loan Balance:** | **$ 70,498,708.08** |
| Line of Credit Principal: | $ 4,973,486.88 |
| Line of Credit Interest | $ 127,214.04 |

**Total Line of Credit Balance: $ 5,100,700.92**

| | |
|---|---|
| **Total Balance of Loans:** | **$ 75,599,410.00** |
| Term Loan Interest | $14,661 31 *per diem* |
| Line of Credit Interest. | $1,059 11 *per diem* |

IT IS SO ORDERED.

2/15/23
JUDGE MEGAN SHANAHAN

**NOTICE. This is a final appealable order and there is no just reason for delay. The Clerk is directed to serve upon all parties notice of this Judgment Entry and its date of entry upon the journal in accordance with Civ.R. 5(B), in the manner provided in Civ.R. 58(B).**

ENTERED
FEB 15 2023

APPROVED.

*/s/ Christopher P Schueller*
Christopher P Schueller (0086170)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Christopher schueller@bipc com
*Counsel for Plaintiff The Huntington National Bank*

OBJECTION NOTED AND OVERRULED:

*/s/ Richard S Wayne*
Richard S. Wayne (0022390)
Strauss Troy Co., LPA
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
rswayne@strausstroy.com
*Counsel for Defendant Raymond Schneider*

CONSENTED AS TO FORM

*/s/ William B. Fecher*
William B. Fecher (0039240)
Statman, Harris & Eyrich. LLC
35 E. 7th Street, Suite 315
Cincinnati, OH 45202
wbfecher@statmanharris com
*Counsel for Defendants Harold Sosna and Faye Sosna*

SUBMITTED BY

**BUCHANAN INGERSOLL & ROONEY PC**

*s/ Christopher P Schueller*
Christopher P. Schueller (Ohio ID 0086170)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel: (412) 562-8800
Fax: (412) 562-1041
Christopher.schueller@bipc.com
*Counsel for Plaintif The Huntington National Bank*

# EXHIBIT D

**HAMILTON COUNTY COMMON PLEAS COURT AFFIDAVIT & ORDER OF GARNISHMENT OF PROPERTY OTHER THAN PERSONAL EARNINGS & ANSWER OF GARNISHEE**
**Hamilton County Common Pleas Court, Civil Div., Rm. 315 1000 Main St. Cincinnati, Ohio 45202 (513) 946-5635 Web Address: www.courtclerk.org**

The Huntington National Bank — CREDITOR
Name
41 South High Street
Address
Columbus, OH 43287
City, State, Zip Code

NON-WAGE

VS.

Raymond Schneider — DEBTOR — Case No. A2002093
Name
3515 Tiffany Ridge Lane
Address
Cincinnati, OH 45241
City, State, Zip Code
(SS# Optional)

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

**State of Ohio Hamilton County**, ss: The undersigned, cautioned and sworn or affirmed according to law, says that I am attorney/creditor who heretofore recovered or certified a judgment in this court against the above named debtor. The garnishee named in Section A may have property, other than personal earnings, of the judgment debtor, such property being described as: Deposits, marketable securities, and/or similar accounts

Commonwealth of Pennsylvania - Notary Seal
Tara D. Klingensmith, Notary Public
Allegheny County
My commission expires August 31, 2028
Commission number 1194688
Member, Pennsylvania Association of Notaries

Signature: Judgment Creditor Attorney (Signature on original only)

Sworn to & subscribed before me on 9/11/2025

Notary Public (Signature on original only)

**TO GARNISHEE(S):** **SECTION A: COURT ORDER AND NOTICE OF GARNISHMENT**

#1 Merrill Lynch Wealth Management
5905 E Galbraith Rd Suite 7000
Cincinnati, OH 45236

#2

The judgment creditor in the above case has filed an affidavit satisfactory to this court stating that you may have money, property, or credits other than personal earnings in your hands or under your control, that belong to the judgment debtor. **You are therefore ordered to complete the Answer of Garnishee in Section B of this form. Return a completed and signed copy of this form to the clerk of this court, together with the amount determined in accordance with the answer of garnishee, by the answer date shown below.** Deliver one completed and signed copy of this form to the judgment debtor prior to that date and keep a completed and signed copy for your files.

1. The unpaid portion of the judgment (original judgment amount less amounts received) is: $ 28,763,320.15
2. Judgment interest at: 3.00 % per annum payable until judgment is satisfied
3. Judgment interest accrued to date: $ 2,125,376.04
4. Court Costs in the amount of: $ 0.00
5. **Total Probable Amount Now Due On Judgment is (1+3+4):** $ 30,888,696.19

ENTERED
SEP 17 2025

You are ordered to safely hold anything of value that belongs to the debtor and has to be paid to the court as determined under **Answer of Garnishee in Section B** of this form, but that is of such a nature that it cannot be so delivered until further order of the court.

Witness my hand & seal of this court this SEP 17 2025 day of , 20

Judge - Hamilton County Common Pleas Court (Judge's signature of original only)

**SECTION B: ANSWER OF GARNISHEE**

**Complete & return a signed copy of this form to the Hamilton County Common Pleas Court Rm. 315 1000 Main St. Cincinnati, Ohio 45202, and to each judgment debtor**

Now comes Merrill Lynch, Pierce, Fenner & Smith Incorporated the garnishee who says:

1. The garnishee has more than $550.00 in money, property, or credits other than personal earnings of the judgment debtor under the garnishee's control and in the garnishee's possession
Yes X No ; if yes, give amount over $550.00 $ See Attachment A
2. Description of property:
3. If the answer to line 1 is yes and the amount is less than the probable amount now due on the judgment as indicated in Section A of this form, sign and return this form and pay the amount of line 1 to the clerk of this court.
4. If the answer to line 1 is yes and the amount is greater than the probable amount now due on the judgment, as indicated in Section A of this form, sign and return this form and pay that probable amount now due to the clerk of this court.
5. If the answer to line 1 is yes but the money, property, or credits are of such a nature that they cannot be delivered to the clerk of this court, indicate that by placing an X in this space X ; do not dispose of that money, property, or credits or give them to anyone else until further order of this court.
6. If the answer to line 1 is no, sign and return this form to the clerk of this court. **I CERTIFY THAT THE STATEMENTS ABOVE ARE TRUE.**

Branden P. Moore — 10/7/2025
PRINT NAME AND TITLE OF PERSON WHO COMPLETED FORM — DATE — SIGNATURE OF PERSON COMPLETING FORM

Christopher P. Schueller — 0086170
JUDGMENT CREDITOR ATTORNEY — ATTY I D
501 Grant Street, Suite 200
ADDRESS
Pittsburgh, PA 15219 — 412-562-8432
CITY, STATE, ZIP CODE — PHONE NUMBER

HOLDING (CLERK USE ONLY)
$ ______
CASH CHECK

**ANSWER DATE** OCT 07 2025
**DEPUTY CLERK**
**FILE DATE**

DEBTOR'S EXHIBIT 23
Page 27 of 41

# Attachment A

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| The Huntington National Bank,<br><br>Creditor,<br><br>vs.<br><br>Raymond Schneider,<br><br>Debtor. | Case No. A2002093<br><br>**Garnishee Merrill Lynch, Pierce, Fenner & Smith Incorporated's Attachment A to Answer of Garnishee** |

Garnishee Merril Lynch, Pierce, Fenner & Smith Incorporated[1] ("Merrill"), for its answer to the Court Order and Notice of Garnishment issued in the above-captioned action on September 17, 2025, and served upon it on or about September 25, 2025, hereby submits this Attachment A and states as follows:

1. The Court Order and Notice of Garnishment ("Notice") seeks information regarding property belonging to Debtor Raymond Schneider ("Debtor") held by Merrill.

2. As of the time the Writ was served upon Merrill, Merrill searched its records based on the information available to it for Debtor and the social security number of Debtor provided by issuing counsel and identified accounts in the name of Debtor.

3. Merrill identified the following accounts under its custody at the time of service of the Notice:

   a. A pledged cash management account ("CMA") ending in -4923 held in the name of Raymond Schneider with an approximate total value of $26,175,858 as of September 26, 2025.

[1] The Court Order and Notice of Garnishment (the "Garnishment") incorrectly identifies Merrill as "Merrill Lynch Wealth Management."

b. A pledged CMA ending in -3597 held in the name of Ray Schneider, with an approximate total value of $3,187,302 as of September 26, 2025.

c. A CMA ending in -3598 held in the name of Ray Schneider with an approximate total value of $0.00 as of September 26, 2025.

d. A CMA ending in -4655 held in the name of Raymond Schneider with an approximate total value of $0.88 as of September 26, 2025.

e. A CMA ending in -4683 held in the name of Raymond Schneider with a reported approximate total value of $2,459,226 as of September 26, 2025. Merrill further states that a significant portion of the value reported in the account ending -4683 is a Lincoln variable life insurance contract that is not held, administered, or controlled by Merrill, rather Merrill reports the approximate value on the statements as a courtesy to the customer. Merrill exercises no control or authority over the life insurance contract.

f. A CMA ending in -8142 held in the name of Raymond Schneider with an approximate total value of $0.00 as of September 26, 2025.

g. A Roth Individual Retirement Account ("Roth IRA") ending in -9663 held in the name of Raymond Schneider with an approximate total value of $889,837 as of September 26, 2025.

h. An Individual Retirement Account ("IRA") ending in -9664 held in the name of Raymond Schneider with an approximate total value of $0.00 as of September 26, 2025.

i. A CMA ending in -5252 held in the name of the Raymond Schneider Irrevocable Trust under agreement dated December 18, 2018 with an approximate total value of $0.00 as of September 26, 2025. Merrill is a mere custodian of this account and

is not the trustee of the Trust, and therefore does not have knowledge regarding the extent of Debtor's beneficial or ownership interest, if any, in the account.

4. Merrill states that while it has restricted the identified Accounts, the Accounts are comprised of both cash and securities, whose values are subject to market fluctuations.

5. Merrill further states that the Roth IRA and IRA are retirement accounts and, as such, may be exempt from garnishment.

6. Additionally, Debtor has a Loan Management Account ending in -0072 ("LMA"), the liability of which is approximately $17,992,938.88 as of September 26, 2025, which is secured by the collateral accounts ending -4923 and -3597 (the "Pledged Accounts"). The LMA is a demand line of credit provided by Merrill's affiliate bank, Bank of America, N.A. ("BANA"), as to which the Pledged Accounts are pledged as collateral. Under the LMA Agreement ("LMA Agreement") between Debtor, Merrill, and BANA, Debtor granted BANA a first priority lien and security interest in the Pledged Accounts, which is perfected by control in accordance with the LMA Agreement and N.Y. UCC LAW §§ 9-106, 9-310, 9-314(1) such that, under the LMA Agreement, Merrill agreed, with the authorization of Debtor, to follow the instructions of BANA without the further consent of Debtor or any other person as it pertains to the Pledged Accounts. Accordingly, BANA's secured obligations must be satisfied in full prior to any turnover of assets from the Pledged Accounts. The LMA liability amount increases daily, as the LMA accrues per diem interest at a variable rate pursuant to the terms of the governing LMA Agreement (the "LMA Agreement"), until full repayment of the LMA and all outstanding interest, fees, and costs. Further, BANA's consent, as an interested and secured party, is necessary before the turnover of any portion of the assets in the Pledged Accounts while any of the LMA liability remains outstanding.

7. Merrill has further searched its records using the available information pertaining to the Debtor and has not located any other accounts in the name of Debtor, or in which Debtor has some ownership or equitable interest.

8. Merrill has no other tangible or intangible personal property of Debtor in its possession or control.

9. The foregoing represents the true status of any indebtedness due to Debtor at the time of the service of the Notice and at all times between the service of the Writ and the service of the Answer and this Attachment A.

10. Merrill does not know of any other person who may be indebted to Debtor or who may have any of the property of Debtor in its possession or control.

11. To the extent that this Court directs Merrill to turn over any of the assets that are in the form of securities, Merrill requires an order from the Court regarding the disposition of the assets, including as to what securities should be liquidated.

Dated: October 7, 2025

Respectfully submitted,

Branden P. Moore (0092716)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
(412) 667-6000
(412) 667-6050 (Facsimile)
bmoore@mcguirewoods.com

*Counsel for Garnishee Merrill Lynch, Pierce, Fenner & Smith Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon counsel of record to this action via overnight mail, to the following:

Christopher P. Schueller
Buchanan Ingersoll & Rooney PC
501 Grant Street, Suite 200
Pittsburgh, PA 15219

*Counsel for The Huntington National Bank*

Jim Coutinho
Allen Stovall Neuman & Ashton LLP
10 W. Broad Street
Suite 2400
Columbus, OH 43215

*Counsel for Raymond Schneider*

Branden P. Moore

Insert shipping

DEBTOR'S EXHIBIT 23
Page 33 of 41

FedEx®

This envelope is only for FedEx Ex...
You can help us get your package ...tion by packing your items securely. Need help? Go to ...aging for packing tips.
Check your FedEx Express shipping do...nt, the current FedEx Service Guide, or the conditions of carriage for complete terms...

4150 WEI 10/08 07:49
501 GRANT ST
15219-4406-99
PITTSBURGH,PA
PRIORITY OVERNIGHT
128-5509
ETP 6
SP-P0-100-Y

PS|Ship - FedEx Label

ORIGIN ID:BTPA (412) 667-6000
BRANDEN P. MOORE
MCGUIREWOODS LLP
260 FORBES AVE., SUITE 1800
TOWER TWO-SIXTY
PITTSBURGH, PA 15222
UNITED STATES US

SHIP DATE: 07OCT25
ACTWGT: 0.50 LB
CAD: 253863569/WSXI3600

BILL SENDER

TO CHRISTOPHER P. SCHUELLER
BUCHANAN INGERSOLL & ROONEY PC
501 GRANT ST

PITTSBURGH PA 15219
(412) 667-6040 REF: 2075420-1970
INV:
PO: DEPT:

FedEx Express
E

WED - 08 OCT 10:30A
PRIORITY OVERNIGHT

TRK# 0201 3940 0783 2048

15219
PA-US PIT

65 BTPA

10/7/25, 3:18 PM

FOLD on this line and place in shipping pouch with bar code and delivery address visible

11/01/24 16:56

# EXHIBIT E

DEBTOR'S EXHIBIT 23
Page 35 of 41



Eagle County, CO 202515918
Becky Close 09/26/2025
Pgs: 2 01:06:39 PM
REC: $43.00
DOC: $0.00

DISTRICT COURT, EAGLE COUNTY, COLORADO
Court Address:
Eagle County Justice Center
885 Chambers Avenue P.O. Box 597
Eagle, CO 81631-0597

Case Number: 23CV-030021
Div.: 4

Plaintiff: HUNTINGTON NATIONAL BANK,

Defendant: SCHNEIDER, RAYMOND,

## TRANSCRIPT OF JUDGMENT

Original Judgment Amount: $75,599,410.00 Judgment Date: December 13, 2022
Revived Judgment Amount: $.00 Judgment Date:
Judgment Status: UNSATISFIED

Additional Remarks:
PLUS INTEREST ACCRUING THEREAFTER (SEE ORDER)

Debtor(s): RAYMOND SCHNEIDER, 2409 Chamonix Lane, Vail, CO 81657

Creditor(s): HUNTINGTON NATIONAL BANK, 501 Grant St STE 200,
PITTSBURGH, PA 15219

Balance of Judgment to Date: $75,599,410.00

I hereby certify that the above is a true and complete transcript of the judgment in the above-referenced case which is retained in my office.

Malinda Hollis
Clerk of Court
DISTRICT COURT, EAGLE COUNTY

DATE: September 18, 2025 BY [signature]
Deputy Clerk

COMBINED COURT
EAGLE COUNTY, COLORADO

HALL
ESTILL
ATTORNEYS AT LAW

**7730 EAST BELLEVIEW AVENUE, SUITE A-300**
**GREENWOOD VILLAGE, COLORADO 80111**

**Thursday, September 25, 2025**

**Eagle County Clerk**
**Attn: Recording**
**P.O. Box 537**
**Eagle, CO 81631**

***Re: Request for Recording of Transcript of Judgment***

Greetings:

Please record the attached Transcript of Judgment against the real property of the judgment debtor Raymond Schneider located in Eagle County including (without limitation) the property with the following legal description:

> **Lot 19, Block A, a Resubdivision of Vail Das Schone Filing No. 1, According to the Recorded Plat Thereof, County of Eagle, State of Colorado**

Also known by its street address of: 2409 Chamonix Lane / Vail, Colorado 81657.

Please return the record-stamped transcript to us in the stamped envelope provided. If there are any issues with the recording, please do not hesitate to contact me.

Regards,

HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.

J. Kirk McGill

Dr. Joshua Kirk McGill, Esq.
Shareholder

**J. KIRK MCGILL, ESQ.**
ATTORNEY & COUNSELOR AT LAW
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Direct: (720) 512-5824 * Office: (303) 607-5450 * Fax: (918) 594-0505
Email: KMcGill@HallEstill.com * Website: www.hallestill.com/our-team/j-kirk-mcgill

# EXHIBIT F

DEBTOR'S EXHIBIT 23
Page 38 of 41

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**August 22, 2025 03:49 PM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1683143**

**THE HUNTINGTON NATIONAL BANK AS ADMINISTRATIVE AGE**
**vs.**
**HAROLD SOSNA**

**A 2002093**

**FILING TYPE: CERTIFICATE OF JUDGMENT (ON HC COMMON PLEAS CIVIL CASE)**

**PAGES FILED: 3**

EFR200

***COURT OF COMMON PLEAS***
***HAMILTON COUNTY, OHIO***

THE HUNTINGTON NATIONAL BANK

**PRAECIPE FOR CERTIFICATE OF JUDGMENT**

**Against**

HAROLD SOSNA, FAYE SOSNA AND RAYMOND SCHNEIDER

**No.** A2002093

**The clerk will please prepare a Certificate of Judgment in the above entitled cause.**

**Judgment against** RAYMOND SCHNEIDER

**Date** December 13, 2022 **Image #** ________

**Amount $** 75,599,410.00 **Plus costs of $** ________

**With interest from** July 29, 2020 at $14,661.31 per diem under the Term Loan and at $1,059.11 per diem under the Line of Credit.

**To be furnished to** Hamilton **County**

**Attorney Name** Christopher P. Schueller **Number** 0086170

**Remarks** ________

DEBTOR'S EXHIBIT 23
Page 40 of 41



COURT OF COMMON PLEAS
ENTER
HON. MEGAN E. SHANAHAN
THE CLERK SHALL SERVE NOTICE TO PARTIES PURSUANT TO CIVIL RULE 58 WHICH SHALL BE TAXED AS COSTS HEREIN

18

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**
**Judge Megan Shanahan**
**Case No. A2002093**

THE HUNTINGTON NATIONAL BANK,

Plaintiff,

vs.

HAROLD SOSNA, FAYE SOSNA, and
RAYMOND SCHNEIDER,

Defendants.

**JUDGMENT ENTRY AGAINST DEFENDANT RAYMOND SCHNEIDER**

E

ENTERED
DEC 13 2022

D136888873

This matter comes before the Court upon the Motion for Summary Judgment filed herein by Plaintiff The Huntington National Bank ("Plaintiff") on August 13, 2020 ("Motion for Summary Judgment") against Defendant Raymond Schneider ("Mr. Schneider"), and the Court further GRANTS the Motion for Summary Judgment for money damages against the Defendant Mr. Schneider for good cause shown.

The Court accordingly enters judgment in favor of Plaintiff against Mr. Schneider as follows:

1. In the amount of $75,599,410.00 as of July 28, 2020, plus interest accruing thereafter, broken down as follows and at the per diem interest rates set forth below (the defined terms Term Loan and Line of Credit are as set forth in the Motion for Summary Judgment):

| | |
|---|---|
| Term Loan Principal: | $ 68,740,574.09 |
| Term Loan Interest: | $ 1,758,133.09 |
| **Total Term Loan Balance:** | **$ 70,498,708.08** |
| Line of Credit Principal: | $ 4,973,486.88 |
| Line of Credit Interest: | $ 127,214.04 |

**Total Line of Credit Balance: $ 5,100,700.92**

**Total Balance of Loans: $ 75,599,410.00**

Term Loan Interest: $14,661.31 *per diem*
Line of Credit Interest: $1,059.11 *per diem*

IT IS SO ORDERED.

JUDGE MEGAN SHANAHAN

APPROVED:

<u>*/s/ Christopher P. Schueller*</u>
Christopher P. Schueller (0086170)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Christopher.schueller@bipc.com
*Counsel for Plaintiff The Huntington National Bank*

ENTERED
DEC 13 2022

OBJECTION NOTED AND OVERRULED:

<u>*/s/ Richard S. Wayne*</u>
Richard S. Wayne (0022390)
Strauss Troy Co., LPA
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
rswayne@strausstroy.com
*Counsel for Defendant Raymond Schneider*

CONSENTED AS TO FORM:

<u>*/s/ William B. Fecher*</u>
William B. Fecher (0039240)
Statman, Harris & Eyrich, LLC
35 E. 7th Street, Suite 315
Cincinnati, OH 45202
wbfecher@statmanharris.com
*Counsel for Defendants Harold Sosna and Faye Sosna*