**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

THE HUNTINGTON NATIONAL BANK,
For itself and as Administrative Agent
41 South High Street
Columbus, Ohio 43287

Plaintiff,

vs.

RAYMOND JOSEPH SCHNEIDER
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

PATRICIA SCHNEIDER
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

ERIC P. SCHNEIDER
274 Southampton Street
Boston, MA 02118

JUSTIN F. SCHNEIDER
3515 Tiffany Ridge Lane
Cincinnati, OH, 45241

DANIELLE R. SENZER
24 Normandie Road
Dover, MA 02030

Defendants.

Case No:

Judge:

**COMPLAINT**

Plaintiff, by its counsel, states as follows:

## I. PARTIES

1. Plaintiff, The Huntington National Bank ("**Plaintiff**") or ("**Huntington**") is a national banking association with an office at 41 South High Street, Columbus, Ohio 43287. Plaintiff files this suit on its own behalf and as Administrative Agent for First Midwest Bank, Tristate Capital Bank and First Financial Bank under the Credit Agreement (defined below).

2. Defendant Raymond Schneider is an Ohio resident with an address of 3515 Tiffany Ridge Lane, Cincinnati, Ohio 25241.

3. Defendant Patricia Schneider is an Ohio resident with an address of 3515 Tiffany Ridge Lane, Cincinnati, Ohio 25241.

4. Defendant Eric P. Schneider is a Massachusetts resident with an address of 274 Southampton Street, Boston, Massachusetts 02118.

5. Defendant Justin F. Schneider is an Ohio resident with an address of 3515 Tiffany Ridge Lane, Cincinnati, Ohio 25241. Justin F. Schneider is named as a defendant in this matter solely with regard to Counts I, II and V of this Complaint as a stated beneficiary of the subject trusts. Justin F. Schneider is not a defendant with respect to any other counts or claims asserted in this Complaint.

6. Defendant Danielle R. Senzer is a Massachusetts resident with an address of 24 Normandie Road, Dover, Massachusetts 02030. Danielle R. Senzer is named as a defendant in this matter solely with regard to Counts I, II and V of this Complaint as a stated beneficiary of the subject trusts. Danielle R. Senzer is not a defendant with respect to any other counts or claims asserted in this Complaint.

7. Patricia Schneider is Raymond Schneider's spouse and the purported settlor of one of the trusts which is the subject of this action and the purported trustee and beneficiary of another one of the trusts which is the subject of this action.

8. Eric P. Schneider, Justin F. Schneider and Danielle R. Senzer (collectively, the "**Children**") are the adult children of Raymond Schneider and purported beneficiaries of the trusts which are the subject of this action.

## II. BACKGROUND

**Schneider's Entities Obtain Loans from
Huntington and the Lenders which are Guaranteed by Schneider**

9. In 1999, while in the process of acquiring a nursing home in Columbus, Ohio, Raymond Schneider first met Harold Sosna ("**Sosna**"). The two developed a partnership with regard to certain skilled nursing facilities over the next 18 years.

10. On or about November 30, 2018, certain entities owned by Schneider and Sosna (collectively, the "**Borrowers**"), obtained commercial loans from Huntington, as administrative agent for First Midwest Bank, Tristate Capital Bank and First Financial Bank in the total amount of over $76 million (the "**Loans**") subject to the terms and conditions of a Credit Agreement dated November 30, 2018 (as amended, the "**Credit Agreement**").

11. Raymond Schneider guaranteed repayment of the Loans pursuant to a Guaranty of Payment of Debt dated November 30, 2018 (as amended, the "**Guaranty**").

**Borrowers Experience Cash Flow Crisis and
Huntington files a Collection Action and Obtains a Judgment against Schneider**

12. By fall of 2019, Borrowers began experiencing a liquidity crisis.

13. In October 2019, Huntington placed the Loans in workout.

14. In February of 2020, Huntington declared the Loans in default.

15. On June 5, 2020, Huntington commenced a collection action against Raymond Schneider in the Ohio Court of Common Pleas in Hamilton County ("**State Court**") under Index Number A2002093 ("**Collection Action**") for approximately $76 million based on the Guaranty.

16. On November 18, 2022, the State Court granted Huntington's motion for summary judgment in the Collection Action.

17. On December 13, 2022, the Trial Court issued a Judgment Entry Against Raymond Schneider in the amount of $75,599,410 as of July 28, 2020 (the "**Judgment**"). A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

18. The current balance due under the Judgment is approximately $30 million, exclusive of attorneys' fees and other recoverable costs.

19. On January 9, 2023, Schneider appealed the Judgment to the First Appellate District of Ohio.

20. On March 2, 2023, Raymond Schneider commenced a bankruptcy proceeding in the United States Bankruptcy Court for the District of Ohio at case number 1:23-bk-10337 (the "**Bankruptcy Case**").

21. On December 29, 2023, the First Appellate District of Ohio issued a ruling reversing the Judgment.

22. On February 27, 2024, the Bankruptcy Court issued a ruling dismissing Schneider's bankruptcy case at Schneider's request and over Huntington's objection.

23. On February 9, 2024, Huntington appealed to the Supreme Court of Ohio. On April 30, 2024, the Supreme Court of Ohio accepted the appeal, and on August 20, 2025, the Supreme Court of Ohio reversed the First Appellate District and reinstated the Judgment.

**Raymond Schneider's Businesses
Before Borrowers' Financial Problems**

24. Prior to Borrowers' financial problems, Raymond Schneider's core businesses fell into the following categories:

(a) a 250-unit apartment complex with three (3) restaurant spaces known as "The Red Apartments" which is owned by To Life, Ltd (the "**Apartment Company**");

(b) a pet spa business known as "Red Dog Pet Spa" with multiple locations in Ohio and Massachusetts;

(c) storage facilities which are under the Grasshopper Investments, LLC ("**Grasshopper**") umbrella; and

(d) nursing home businesses.

25. As more fully described in this complaint, before Borrowers' financial problems, Ray Schneider was either the sole owner, or controlling owner, of the Apartment Company, Red Dog Pet Spa and Grasshopper.

26. On or about July 1, 2019, Schneider provided Huntington with a personal financial statement dated as of June 1, 2019 ("**2019 PFS**") in which Raymond Schneider represented that he had a personal net worth of $77,954,300. A true and accurate copy of the 2019 PFS is attached as **Exhibit B**.

27. After Huntington commenced its Collection Action, in or around November 2021, Schneider provided Huntington with a personal financial statement dated as of September 1, 2021 ("**2021 PFS**") in which Raymond Schneider represented that he had a personal net worth of $17,725,000. A true and correct copy of the 2021 PFS is attached hereto as **Exhibit C**.

28. Huntington did not become aware of the details of the transfers which directly resulted in the decline in Raymond Schneider's personal net worth until a later date.

29. In or around 2023, Huntington learned that Raymond Schneider had undertaken a series of transfers and transactions that culminated on or about December 31, 2020 in which he transferred tens of millions of dollars in assets to members of his family.

30. Through the program, Raymond Schneider transferred the majority of his ownership in the Apartment Company, Red Dog Pet Spa and Grasshopper to Patricia Schneider, his Children and/or a self-settled trust to shield them from claims of creditors.

31. Despite the transfers, Raymond Schneider remains in control of these businesses and is, for at least two of them, the sole shareholder with voting rights.

**Schneider Transfers the Apartment Company to the Raymond Schneider Trust but Retains Control and Benefits from Trust Assets**

32. Prior to Borrowers' financial problems, the ownership of the Apartment Company was as follows:

| Owners | Class A Units (voting) | Class B Units (non-voting) |
|---|---|---|
| Raymond Schneider | 80 | 720 |
| Patricia Schneider | 5 | 45 |
| Justin Schneider | 5 | 45 |
| Eric Schneider | 5 | 45 |

33. In the 2019 PFS, Schneider represented to Huntington that the total market value of his interests in the Apartment Building was $31,500,000 as of June 1, 2019. (Ex. B, Schedule B).

34. Purportedly on December 20, 2019, Raymond Schneider established the "Raymond Schneider 2019 Gift Trust" (the "**Raymond Schneider Trust**").

35. Purportedly on December 31, 2019, Raymond Schneider transferred 720 Class B Units of the Apartment Company to the Raymond Schneider Trust, and the ownership of the Apartment Company was reallocated effective December 31, 2019 at 11:59 pm (collectively, the "**Apartment Company Transfer**") as follows:

| Owner | Class A Units (voting) | Class B Units (non-voting) |
|---|---|---|
| Raymond Schneider | 80 | - |

| Owner | Class A Units (voting) | Class B Units (non-voting) |
|---|---|---|
| Raymond Schneider Trust | - | 720 |
| Eric Schneider | 5 | 45 |
| Justin Schneider | 5 | 45 |
| Danielle Schneider | 5 | 45 |

36. Despite the Apartment Company Transfer, Raymond Schneider retained a supermajority of the Class A Units of The Apartment Company, which are the voting units. The Class B Units of The Apartment Company are not entitled to vote.

37. Raymond Schneider continues as the president of the Apartment Company after Apartment Company Transfer.

38. Despite the purported transfer of the Apartment Company to the Raymond Schneider Trust, Raymond Schneider continues to benefit from the Apartment Company.

39. For example, on July 6, 2022, the Apartment Company conveyed the property known as 5211 Madison Rd, Cincinnati, Ohio 45277 to Circle Development of Cincinnati, LLC, another entity wholly owned by Raymond Schneider, for a selling price of zero dollars according to the Hamilton County Auditor online records. About a week before the transfer, on June 28, 2022 the Apartment Company purchased this property from the American Heart Association for a selling price of $1,250,000.

**Raymond Schneider Transfers the Red Dog Spa to the Patricia Schneider Trust but Retains Control**

40. Prior to Borrowers' financial problems, Raymond Schneider was the sole owner of the Red Dog Spa business which operated through the following entities (the "**Red Dog Entities**") based on the location of the spa:

Boston Animal Hospital, LLC
Boston Red Dog Pet Resort & Spa LLC
West Chester Pet Resort & Spa LLC

Red Dog Resort & Spa, LLC
Mason Red Dog Pet Resort & Spa, LLC
North Shore Red Dog Pet Resort & Spa, LLC
Atlanta Red Dog Pet Resort & Spa, LLC
Springdale Red Dog Pet Resort & Spa, LLC

41. In the 2019 PFS, Schneider represented to Huntington that the total market value of his interests in the four (4) Red Dog entities disclosed was $28,600,000.00. (Ex. B, Schedule B).

42. On February 28, 2020, Raymond Schneider incorporated Red Dog Operations Holding Company, LLC (the "**Red Dog Holding Company**").

43. According to the Red Dog Holding Company's original Operating Agreement, Raymond Schneider contributed his membership interests in the Red Dog Entities as capital for the Red Dog Holding Company (the "**First Red Dog Holding Company Transfer**").

44. In exchange for this contribution, Raymond Schneider received eighty percent (80%) of the ownership interests of the Red Dog Holding Company, represented by one (1) voting Class A Unit and 7,999 non-voting Class B Units.

45. The other initial owner of Red Dog Holding Company was Raymond Schneider's son, Eric Schneider. Eric Schneider contributed $530.87 in exchange for twenty percent (20%) of the ownership interests, represented by two thousand (2,000) non-voting Class C Units (the "**Second Red Dog Holding Company Transfer**").

46. On November 1, 2020, Raymond Schneider transferred 6,999 non-voting Class B Units of the Red Dog Holding Company to his wife, Patricia Schneider (the "**Third Red Dog Holding Company Transfer**").

47. On December 31, 2020, Raymond Schneider gifted 1,000 non-voting Class B Units of the Red Dog Holding Company to Eric Schneider (the "**Fourth Red Dog Holding Company Transfer**").

48. Purportedly on December 28, 2020, Patricia Schneider established the "Patricia B. Schneider 2020 Gift Trust" (the "**Patricia Schneider Trust**").

49. By assignment effective as of December 31, 2020, Patricia Schneider assigned the 6,999 Class B Units of the Holding Company to the Patricia Schneider Trust (the "**Fifth Red Dog Holding Company Transfer**").

50. The current membership of the Red Dog Holding Company appears to be as follows:

| **Member** | **Class A Units (voting)** | **Class B Units (non-voting)** | **Class C Units (non-voting)** |
|---|---|---|---|
| Raymond Schneider | 1 | 0 | 0 |
| Patricia Schneider Trust | 0 | 6,999 | 0 |
| Eric P. Schneider | 0 | 1,000 | 2,000 |
| Total | 1 | 7,999 | 2,000 |

51. Accordingly, despite the transfers, Raymond Schneider retains the sole voting Class A unit of the Red Dog Holding Company and is the only owner entitled to vote.

**Raymond Schneider Transfers Grasshopper to the Patricia Schneider Trust but Retains Control**

52. Prior to Borrowers' financial problems, Raymond Schneider owned one hundred percent (100%) of Grasshopper.

53. In the 2019 PFS, Schneider represented to Huntington that the total market value of his interests in the Grasshopper entities disclosed was $27,250,000.00. (Ex. B, Schedule B).

54. By assignment effective on November 1, 2020, Schneider transferred 396 non-voting Class B units of Grasshopper to Patricia Schneider (the "**First Grasshopper Transfer**").

55. Raymond Schneider retained two (2) Class A units of Grasshopper which represent all of the units entitled to vote.

56. By an assignment effective on December 31, 2020 at 11:59 pm, Patricia Schneider transferred 396 non-voting Class B units of Grasshopper to the Patricia Schneider Trust (the "**Second Grasshopper Transfer**").

**Attributes of the Raymond Schneider Trust**

57. A copy of the document governing the Raymond Schneider Trust is attached as **Exhibit D**.

58. The Raymond Schneider Trust includes the following material terms:

| **Topic** | **Term** |
|---|---|
| Settlor/Grantor | Raymond Schneider |
| Initial Trustee | Patricia Schneider |
| Duties of the Trustee | Patricia Schneider has no material duties and any duties which are identified in the trust document are illusory. |
| Beneficiary during life of Patricia Schneider | Patricia Schneider |
| Beneficiaries following the death of Patricia Schneider | Children |
| Use of principal and income during life of Patricia Schneider | Patricia Schneider, as the trustee, may pay herself the income and principal of the trust as Patricia Schneider may determine. |

59. Notwithstanding the Apartment Company Transfer, Raymond Schneider retains the right to retrieve the transferred Apartment Company units and other property from Raymond Schneider Trust pursuant to a "substitution power" in Raymond Schneider Trust. This substitution power may be exercised "without the consent or approval of the trustee."

**Attributes of the Patricia Schneider Trust**

60. A copy of the document governing the Patricia Schneider Trust is attached as **Exhibit E**.

61. The Patricia Schneider Trust includes the following material terms:

| **Topic** | **Terms** |
|---|---|
| Settlor/Grantor | Patricia Schneider |
| Initial Trustee | Raymond Schneider |
| Duties of the Trustee | Raymond Schneider has no material duties and any duties which are identified in the trust document are illusory. |
| Beneficiary during life of Raymond Schneider | Raymond Schneider and/or the Children as determined by Raymond Schneider in his sole discretion. |
| Beneficiaries following the death of Raymond Schneider | Children |
| Use of principal and income during life of Raymond Schneider | Raymond Schneider, as trustee, may pay himself or the Children (in proportions solely determined by Raymond Schneider) the income and principal of the trust as Raymond Schneider may determine |

62. Patricia Schneider's Trust Agreement gives Raymond Schneider, as the sole trustee, the power to pay the net income and principal of the trust to Raymond Schneider or the Children as determined in Raymond Schneider's discretion. This does not mean Raymond Schneider has to treat himself and the Children equally. Patricia Schneider's Trust Agreement specifically provides for the potential for disparate treatment, providing that:

> It is not my intention that such payments be made equally to all such beneficiaries, but rather, only to such beneficiaries and in such amounts as the trustee, in [Raymond Schneider's] sole discretion, may determine. Any action taken by [Raymond Schneider] shall be conclusive upon all beneficiaries.

Ex G, Art II, § 2a.

63. In other words, Patricia Schneider's Trust Agreement gives Raymond Schneider *carte blanche* authority to take the principal and interest of the trust for himself and the Children have no cause to complain about it.

**The Raymond Schneider Trust and Patricia Schneider Trust are Disregarded under Tax Principles**

64. The Raymond Schneider Trust and Patricia Schneider Trust include provisions expressly declaring each to be "grantor trusts" for federal tax purposes. This means, for federal tax purposes, each trust is "completely ignored" because the grantor retains a sufficient degree of control over, or beneficial interest in the trust and the grantor is treated as the owner of the trust assets for federal income tax purposes. The grantor remains the party which is responsible for payment of taxes related to the assets which are held, in name only, by each trust.

**The Trusts are a Sham and Should be Disregarded**

65. The Raymond Schneider Trust, the Patricia Schneider Trust, the Apartment Company Transfer, the First Red Dog Holding Transfer, the Second Red Dog Holding Transfer, the Third Red Dog Holding Transfer, the Fourth Red Dog Holding Transfer, the Fifth Red Dog

Holding Transfer, the First Grasshopper Transfer, the Second Grasshopper Transfer and any other transfer described in this complaint (collectively, the "**Transfers**") are a sham and should be disregarded because, among other reasons, the trusts were created, and the transfers occurred: (1) with a lack of or inadequate consideration paid by the trusts and recipients; (2) the property was placed in the trusts' or recipients' names in anticipation of a lawsuit or of incurring liabilities while the transferor continued to exercise control over the property; (3) a close relationship existed between the transferor and the trustees and recipients; (4) the transfers were not publicly disclosed; (5) Raymond Schneider retained *de facto* control and possession of the property; and (6) Raymond Schneider continued to enjoy the benefits of the property.

66. The Transfers were part of an integrated series of transactions which should be considered a single transaction.

## III. CAUSES OF ACTION

**COUNT I**
**DECLARATORY JUDGMENT**
**(Raymond Schneider Trust)**

67. Plaintiff incorporates the foregoing as if fully stated herein.

68. The Raymond Schneider Trust is invalid and violates public policy and the assets of the Raymond Schneider Trust must be made available to satisfy the claims of the Plaintiff.

69. The Raymond Schneider Trust is invalid and violates public policy and should be disregarded based on the facts alleged in this complaint and the following:

a. the trustee has no material or enforceable duties to perform and any stated duties re immaterial or illusory;

b. the trustee is the only practical beneficiary during the trustee's lifetime and the trustee has the power to withdraw

all principal and interest from the trust and no obligation to make any distribution to any other stated beneficiary;

c. the trust is a sham created to perpetrate creditor fraud and thwart Plaintiff's claims without any real intent to convey the assets to the trusts and should be disregarded;

d. At all times, Raymond Schneider continues to exercise dominion and control over the property of the trust;

e. Raymond Schneider is the real, equitable and beneficial owner of the property in the trust.

70. There is an actual, present and justiciable controversy between the parties concerning the validity of the Raymond Schneider Trust as Plaintiff is seeking to recover execute upon the assets of the trusts to satisfy the Judgment.

71. Raymond Schneider has taken the position in the Bankruptcy Case that the property in the Patricia Schneider Trust is not his property and not available to satisfy the claims of creditors like the Plaintiff. Plaintiff disputes this position and seeks to satisfy the Judgment, at least in part, from the property in the Raymond Schneider Trust.

72. All persons and entities who have or claim any interest that would be affected by a declaratory judgment are parties to this action or proceeding.

WHEREFORE, the Plaintiff respectfully requests that declaratory judgment be entered declaring that the Raymond Schneider Trust is not valid and that the assets in the Raymond Schneider Trust are available for execution upon by the Plaintiff to satisfy the Judgment, together with such other and further relief as is just and proper.

**COUNT II**
**DECLARATORY JUDGMENT**
**(Patricia Schneider Trust)**

73. Plaintiff incorporates the foregoing as if fully stated herein.

74. The Patricia Schneider Trust is invalid and violates public policy and the assets of the Patricia Schneider Trust must be made available to satisfy the claims of the Plaintiff.

75. The Patricia Schneider Trust is invalid and violates public policy and should be disregarded based on the facts alleged in this complaint including:

a. the trustee has no material or enforceable duties to perform and any stated duties re immaterial or illusory;

b. the trustee has the power to treat the trustee as the only beneficiary during the trustee's lifetime and the trustee has the power to withdraw and distribute to himself all property from the trust and has no obligation to make any distribution to any beneficiary other than himself;

c. the trust is a sham created to perpetrate creditor fraud and thwart Plaintiff's claims without any real intent to convey the assets to the trusts and should be disregarded;

d. At all times, Raymond Schneider continues to exercise dominion and control over the property of the trust;

e. Raymond Schneider is the real, equitable and beneficial owner of the property in the trust.

76. There is an actual, present and justiciable controversy between the parties concerning the validity of the Patricia Schneider Trust as Plaintiff is seeking to recover execute upon the assets of the trusts to satisfy the Judgment.

77. Raymond Schneider has taken the position in the Bankruptcy Case that the property in the Patricia Schneider Trust is not his property and not available to satisfy the claims of creditors like the Plaintiff. Plaintiff disputes this position and seeks to satisfy the Judgment, at least in part, from the property in the Patricia Schneider Trust.

78. All persons and entities who have or claim any interest that would be affected by a declaratory judgment are parties to this action or proceeding.

WHEREFORE, the Plaintiff respectfully requests that declaratory judgment be entered declaring that the Patricia Schneider Trust is not valid and that the assets in the Patricia Schneider Trust are available for execution upon by the Plaintiff to satisfy the Judgment, together with such other and further relief as is just and proper.

**COUNT III**
**DISREGARD THE TRANSFERS**

79. Plaintiff incorporates the foregoing as if fully stated herein.

80. The Transfers were designed to thwart Plaintiff's recovery the debt owned by Raymond Schneider.

81. The Transfers were made in name only with the transferees acting solely as straw parties without any equitable interests in the property transferred.

82. At all times Raymond Schneider retained exclusive dominion and control over all of the property transferred in connection with the Transfers and Raymond Schneider is the real equitable owner of the property.

83. The Transfers were made while Raymond Schneider was insolvent or Raymond Schneider became insolvent as a result of the transfers.

84. The Transfers were made without Raymond Schneider receiving reasonably equivalent value in exchange for the Transfers and were made with the actual intent to hinder, delay and defraud the Plaintiff.

85. At the time of the Transfers, Raymond Schneider was engaged or was about to engage in a business or a transaction for which the remaining assets of Raymond Schneider were unreasonably small in relation to the business or transaction and Raymond Schneider intended to incur, or Raymond Schneider believed or reasonably should have believed that Raymond Schneider would incur debts beyond Raymond Schneider's ability to pay as they became due.

86. The Transfers: (a) were made to insiders of Raymond Schneider; (b) resulted in Raymond Schneider retaining possession or control of the property transferred after the transfer; (c) was not fully disclosed at applicable times; and (d) were made after Raymond Schneider was sued or threatened with suit.

87. Accordingly, the Transfers should be disregarded as a sham with no effect.

WHEREFORE, Plaintiff respectfully requests (a) the entry of a judgment determining that the Transfers were a sham with no legal effect and that Raymond Schneider retains legal and equitable ownership of the property transferred pursuant to the Transfers; (b) an injunction against further disposition by the debtor or a transferee, or both, of the assets transferred or of other property; and (c) the appointment of a receiver to take charge of the assets transferred or of other property of the transferee, together with such other and further relief as is just and proper.

**COUNT IV**
**FRAUDULENT TRANSFERS**

88. Plaintiff incorporates the foregoing as if fully stated herein.

89. At the time of the Transfers, Raymond Schneider was insolvent (as that term is defined in O.R.C. 1336.02) or Raymond Schneider became insolvent as a result of the Transfers.

90. The Transfers were made without Raymond Schneider receiving reasonably equivalent value in exchange for the Transfers and were made with the actual intent to hinder, delay and defraud the Plaintiff.

91. At the time of the Transfers, Raymond Schneider was engaged or was about to engage in a business or a transaction for which the remaining assets of Raymond Schneider were unreasonably small in relation to the business or transaction, and Raymond Schneider intended to incur, or believed or reasonably should have believed that Raymond Schneider would incur, debts beyond Raymond Schneider's ability to pay as they became due.

92. The Transfers: (a) were made to insiders of Raymond Schneider; (b) resulted in Raymond Schneider retaining possession or control of the property transferred after the transfer; (c) was not fully disclosed at applicable times; and (d) were made after Raymond Schneider was sued or threatened with suit.

93. Accordingly, the Transfers are avoidable pursuant to applicable law including the Ohio Uniform Fraudulent Transfer Act.

94. The Transfers were undertaken with actual malice through, at a minimum, a conscious disregard for the rights of creditors, including Huntington

WHEREFORE, Plaintiff respectfully requests the entry of a judgment: (a) avoiding the Transfers to the extent necessary to satisfy the claims of the Plaintiff; (b) attaching and garnishing the assets transferred or other property of the transferee; (c) an injunction against further disposition by the debtor or a transferee, or both, of the assets transferred or of other property; (d) an award of compensatory damages, legal fees, and punitive damages; and (e) the

DEBTOR'S EXHIBIT 32
Page 19 of 20

appointment of a receiver to take charge of the assets transferred or of other property of the transferee, together with such other and further relief as is just and proper.

**COUNT V**
**APPOINTMENT OF A RECEIVER**
**PURSUANT TO O.R.C 2735.01 *et seq.***

95. Plaintiff incorporates the foregoing as if fully stated herein.

96. O.R.C. Section 2735.01 et seq. authorizes the Court to appoint a receiver in an action, like this case, by a creditor to subject property or a fund to the creditor's claim.

97. The Plaintiff may be substantially harmed if Raymond Schneider and the other parties in this case are permitted to continue to transfer, dispose or otherwise take action to thwart Plaintiff's recovery of the Judgment.

WHEREFORE, Plaintiff respectfully requests the Court appoint a receiver over Raymond Schneider's property, the property of the Raymond Schneider Trust, the property of the Patricia Schneider Trust and the property which was transferred pursuant to the Transfers, and such other appropriate relief to protect Plaintiff's interests and relief which is usual or customary in connection with a receivership, together with such other and further relief as is just and proper.

**Reservation of Rights**

Plaintiff reserves the right to add additional parties to this suit who may have received, or may have assisted in orchestrating avoidable or sham transactions under applicable law and to assert claims hereunder for any additional transfers which may be discovered in the course of this proceeding.

Dated: September 29, 2025

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Attorneys for Plaintiff

By: */s/ Christopher P. Schueller*______________
Christopher P. Schueller (Ohio ID 0086170)
Kelly M. Neal (Ohio ID 100889)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel: (412) 562-8800
christopher.schueller@bipc.com
kelly.neal@bipc.com



E-FILED 09/29/2025 3:58 PM / CONFIRMATION 1701650 / A 2504784 / COMMON PLEAS DIVISION / IFO