**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RAYMOND JOSEPH SCHNEIDER, | ) | Case No. 25-12607 |
| Debtor. | ) | Judge Beth A. Buchanan |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE HUNTINGTON NATIONAL BANK TO MOTION OF DEBTOR RAYMOND JOSEPH SCHNEIDER FOR RULE 2004 EXAMINATION OF THE HUNTINGTON NATIONAL BANK**

The Huntington National Bank, as Administrative Agent ("**Huntington**"), respectfully submits this Limited Objection to the Motion of Debtor Raymond Joseph Schneider for Rule 2004 Examination of The Huntington National Bank (the "**Motion**") [Dkt No. 302] and in support thereof, states as follows:

1. Huntington does not oppose the ultimate relief sought in the Motion, but respectfully requests that the Court modify the proposed order so that Huntington and the Debtor will have had the opportunity to meet and confer regarding a proposed timeline related to and scope of the Debtor's document demands and any subsequent deposition of a Huntington corporate representative.

2. The Debtor's proposed order of operations are as follows: First, Huntington would produce the materials described in Exhibit A of the Motion within forty-five days of the order. Second, the Debtor would then examine "one or more designated representatives" after "substantial completion" of the production, at a date and with a designation of representatives and topics to be agreed among counsel. Third, the Debtor will not seek re-production of documents previously produced to him. Finally, the undersigned will meet and confer with Huntington's counsel to identify prior productions responsive to these requests and to eliminate duplication. *See*

Motion, ¶ 23. The Motion states that the Debtor will meet and confer with Huntington's counsel on scope, prior productions, and timing, as well as any objections to particular requests that may arise, but the proposed order does not provide for the timing of that meet and confer process.

4. While Huntington does not object to the Debtor seeking discovery, the timeline proposed in the Motion is incredibly vague, and doesn't provide a timeline for Huntington's input on issues relating to the timing or scope of the discovery sought. Huntington intends to work with the Debtor on mutually agreed-upon dates as well as the scope of document production, but reserves all rights with respect thereto.

**WHEREFORE**, Huntington respectfully requests that this Honorable Court condition the relief sought in the Motion upon agreement by the parties with respect to timing and scope of production in connection with the discovery sought in the Motion.

Dated: November 10, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Christopher P. Schueller*
Christopher P. Schueller (OH Id. No. 0086170)
Timothy P. Palmer (OH Id. No. 86166)
Kelly M. Neal (OH Id. No. 100889)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041
E-mail: christopher.schueller@bipc.com
E-mail: timothy.palmer@bipc.com
E-Mail: kelly.neal@bipc.com

*Attorneys for The Huntington National Bank*