**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

Beth A. Buchanan
United States Bankruptcy Judge

**Dated: November 16, 2026**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge Beth A. Buchanan |

**AGREED ORDER GRANTING MOTION OF DEBTOR RAYMOND JOSEPH SCHNEIDER FOR RULE 2004 EXAMINATION OF THE HUNTINGTON NATIONAL BANK (DOC. 302)**

This matter is before the Court on the *Motion of Debtor Raymond Joseph Schneider for Rule 2004 Examination of The Huntington National Bank* (Doc. 302) (the "Motion") filed by Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor"), and the *Limited Objection and Reservation of Rights of The Huntington National Bank to Motion of Debtor Raymond Joseph Schneider for Rule 2004 Examination of The Huntington National Bank* (Doc. 304) (the "Limited Objection") filed by The Huntington National Bank, individually and as administrative agent ("Huntington"). Through the Motion, the Debtor asks the Court to authorize an examination of Huntington under Rule 2004 of the Federal Rules of Bankruptcy Procedure, consisting of the production of the documents described in Exhibit A to the Motion and the later

examination under oath of one or more designated representatives of Huntington. Huntington does not oppose the examination. Through the Limited Objection, Huntington asks, among other things, that the order set a time for the parties to meet and confer on the scope and timing of the document production and the examination.

The Debtor and Huntington have agreed to the terms set forth below, as shown by the signatures of their counsel, and the Court finds that the Motion should be granted on those terms.

It is therefore ORDERED as follows:

1. The Motion is granted on the terms set forth in this Order, which resolves the Limited Objection. The Debtor is authorized to examine Huntington, individually and as administrative agent for the Lenders (as defined in Exhibit A to the Motion), under Bankruptcy Rule 2004 through the production of documents and the examination under oath of one or more designated representatives of Huntington.

2. On or before December 9, 2026, counsel for the Debtor and counsel for Huntington shall meet and confer and attempt in good faith to agree on the following:

   a. the documents responsive to the requests in Exhibit A to the Motion that Huntington has already produced to the Debtor so that those documents are not produced again;

   b. the scope of the requests in Exhibit A to the Motion, including any objection Huntington raises to a particular request;

   c. the schedule for Huntington’s production of documents, including the order in which categories of documents will be produced and any rolling production; and

   d. unless the parties agree to reconvene at a later date on the issue, the designation of the representative or representatives of Huntington to be examined, the topics of the examination, and the date, time, location, and manner of the examination.

3. The parties shall confirm any agreement reached under paragraph 2 in writing. An objection by Huntington to a particular request does not delay the production of documents responsive to the other requests, and the parties shall proceed under their agreement on the matters they have resolved while any remaining matter is addressed under paragraph 4.

4. If the parties have not agreed on any matter in paragraph 2 by November 20, 2026, counsel for either party may request a status conference with the Court, and the Court will address the open matters and set the schedule for the production and the examination.

5. The Debtor and Huntington reserve all rights as to the scope, relevance, privilege, cost, confidentiality, and compliance time of the document production and the examination.

6. Once begun, the examination may be adjourned and continued from time to time by agreement of counsel without further order of the Court.

SO ORDERED.

AGREED TO BY:

/s/ Christopher P. Schueller
(*per email authority on 11/11/2026*)
Christopher P. Schueller (0086170)
Timothy P. Palmer (0086166)
Kelly M. Neal (0100889)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
T: (412) 562-8800; F: (412) 562-1041
christopher.schueller@bipc.com; timothy.palmer@bipc.com
kelly.neal@bipc.com
*Counsel for The Huntington National Bank*

/s/ James A. Coutinho
Thomas R. Allen (0017513)
Richard K. Stovall (0029978)
James A. Coutinho (0082430)
Andrew D. Rebholz (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500; F: (614) 221-5988
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

Copies to: Default List plus Top 20

Additional Party:

Via CM/ECF:

- Christopher P. Schueller, Esq.